The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM SERVICES, LLC,

Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Respondent,

and

MARTIN J. WALSH, SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR,

Intervenor-Cross Petitioner.

No. 2:22-cv-01815-JCC

**SECRETARY'S MOTION TO COMPEL COMPLIANCE WITH OSHA SUBPOENAS**

**NOTED ON MOTION CALENDAR: JANUARY 20, 2023**

//

//

SECRETARY'S MOTION TO COMPEL
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**TABLE OF CONTENTS**

Preliminary Statement ........................................................................................................ 1

Background......................................................................................................................... 2

    I.     The OSH Act ................................................................................................. 2

    II.    OSHA's Subpoena to Amazon ..................................................................... 3

        A.  Ergonomic Hazard Assessments ..................................................... 3

        B.  ESI ................................................................................................... 4

            1.  Negotiations on Custodians, Search Terms, and Pace of Review ................. 4

            2.  Amazon Fails To Meet Its Commitment ........................................... 6

            3.  The Government Requests a Meet and Confer in Advance of a Motion to Compel; Amazon Files a Motion for a Protective Order .............................. 7

    III.   Status of OSHA Inspections ........................................................................ 7

Legal Standard .................................................................................................................... 8

Argument ............................................................................................................................. 9

    I.     OSHA's Subpoenas Are Proper and Should Be Enforced ......................... 9

        A.  The Subpoenas Are Within the Secretary's Authority ....................... 9

        B.  The Requested Information Is Readily Identifiable ........................... 9

        C.  The Requested Information Is Relevant ............................................ 9

        D.  The Information Sought Is Not Within the Secretary's Possession ................. 10

        E.  OSHA Complied with Required Administrative Steps ................... 11

    II.    Expedited Production Is Appropriate ....................................................... 11

Conclusion ........................................................................................................................ 12

SECRETARY'S MOTION TO COMPEL -1
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

# TABLE OF AUTHORITIES

Cases                                                                                                          Pages

*Apex Colors, Inc. v. Chemworld Int'l Ltd., Inc.*,
  2017 WL 4684608 (N.D. Ind. Oct. 19, 2017) .......................................................................... 11

*Brown v. Barnes & Noble, Inc.*,
  474 F. Supp. 3d 637 (S.D.N.Y. 2019) ................................................................................... 11

*Chevron Corp. v. Salazar*,
  2011 WL 10894974 (S.D.N.Y. Aug. 23, 2011) ...................................................................... 11

*E.E.O.C. v. Aaron Bros. Inc.*,
  620 F. Supp. 2d 1102 (C.D. Cal. 2009) ................................................................................... 8

*EEOC. v. Fed. Exp. Corp.*,
  558 F.3d 842 (9th Cir. 2009) ................................................................................................ 10

*F.D.I.C. v. Garner*,
  126 F.3d 1138 (9th Cir. 1997) ................................................................................................ 8

*Fed. Hous. Fin. Agency v. SFR Invs. Pool 1, LLC*,
  2018 WL 1524440 (D. Nev. Mar. 27, 2018) ........................................................................... 8

*Fresh & Easy Neighborhood Mkt., Inc.*,
  2012 WL 12920616 (C.D. Cal. Apr. 4, 2012) ................................................................... 9, 10

*Gutierrez v. Martinez*,
  2012 WL 13149228 (S.D. Tex. Mar. 12, 2012) .................................................................... 11

*United States v. Golden Valley Elec. Ass'n,*
  689 F.3d 1108, 1113 (9th Cir. 2012) ...................................................................................... 9

*EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*,
  719 F.2d 1426, 1428 (9th Cir. 1983). ..................................................................................... 8

*Long Island Precast v. U.S. Dept. of Labor*,
  2014 WL 3735943 (E.D.N.Y. July 29, 2014) ......................................................................... 9

*Oliva v. Infinite Energy, Inc.*,
  2013 WL 6815989 (N.D. Fla. Dec. 24, 2013) ...................................................................... 11

*People First of Ala. v. Merrill*,
  491 F. Supp. 3d 1076 (N.D. Ala. 2020) ................................................................................ 12

SECRETARY'S MOTION TO COMPEL -2
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1
2
3
4

*Vance v. Rumsfeld*,
  2007 WL 4557812 (N.D. Ill. Dec. 21, 2007) .............................................................................. 13

*Walsh v. R& L Carriers Shared Services*,
  2022 WL 3227666 (D.N.H. May 12, 2022) ............................................................................ 10

Statutes

12 U.S.C. § 1833a.................................................................................................................... 1
29 U.S.C. § 651 ................................................................................................................... 1, 2
29 U.S.C. § 657 .............................................................................................................. passim
29 U.S.C. § 658 ....................................................................................................................... 7

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

SECRETARY'S MOTION TO COMPEL -3
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Pursuant to Section 8(b) of the Occupational Safety & Health Act ("OSH Act"), 29 U.S.C. §§ 651, *et seq*., Martin J. Walsh, Secretary, United States Department of Labor (the "Secretary"), brings this motion to compel Amazon to comply with subpoenas issued by the United States Department of Labor ("DOL"), Occupational Safety and Health Administration ("OSHA"), by:

(1) completing production of the electronically stored information ("ESI") and providing a privilege log for the four initial custodians on or before January 25;

(2) producing other responsive ESI and a privilege log on or before February 8;

(3) producing a privilege log for withheld ergonomic hazard assessments on or before January 25; and

(4) producing the four initial corporate-level witnesses for testimony on or before February 8, and the fifth corporate-level witness on or before February 15.

## PRELIMINARY STATEMENT

OSHA and the United States Attorney's Office for the Southern District of New York ("SDNY" and together with OSHA, the "Government") are conducting related investigations concerning worker safety at Amazon warehouses around the country.[1] Under the OSH Act, OSHA is investigating exposure of Amazon's warehouse workers to significant ergonomic hazards, causing serious injuries. OSHA opened inspections at six Amazon facilities in July and August 2022. At the same time, SDNY is conducting an investigation under FIRREA into whether Amazon engaged in a fraudulent scheme designed to hide the true number of injuries to Amazon workers and whether Amazon made false representations to lenders about those injuries and its safety record to obtain credit.

Given the importance of these matters, as well as the impending six-month statute of limitations under the OSH Act, the Government has pressed Amazon for nearly five months to

---

[1] Amazon moved for a protective order, ECF No. 7, with respect to separate subpoenas issued by SDNY pursuant to the Financial Institutions Reform Recovery and Enforcement Act of 1989, 12 U.S.C. § 1833a ("FIRREA"), that also seek the records and testimony that OSHA is requesting through the subpoenas at issue in this motion. *See* Hennefeld Decl. Ex. G (RFP No. 3). Amazon has not moved for a protective order with respect to the OSHA subpoenas at issue in this motion.

SECRETARY'S MOTION TO COMPEL -1
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970


respond expeditiously to subpoenas issued by OSHA and by SDNY. Amazon, however, has missed numerous agreed-upon production dates and has completed review of far fewer documents than it promised or is reasonable. For example, although Amazon pledged to substantially complete production of ESI for four initial corporate-level witnesses so that their testimony could be taken in December and early January, it has in fact held back more than half of their responsive ESI for further review due to purported "indicia of privilege" and has now cancelled those previously scheduled depositions.

Based on review of the limited ESI that Amazon has produced to date, OSHA anticipates that the documents and testimony at issue in this motion will provide significant evidence regarding the severity of Amazon's ergonomic hazards, as well as Amazon's longstanding knowledge of those hazards. This information is directly relevant to OSHA's investigation, and must be provided in a timely manner—rather than in many months—so that OSHA can take appropriate action to protect the safety of Amazon's workers.

## BACKGROUND

I.   **The OSH Act**

Congress passed the OSH Act "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources." 29 U.S.C. § 651(b). Congress declared that this would be accomplished, among other ways, "by providing an effective enforcement program," 29 U.S.C. § 651(b)(10), and granted the Secretary subpoena authority to require the production of evidence in order to complete thorough and accurate investigations, *see* 29 U.S.C. § 657(b). Congress also granted jurisdiction to district courts to compel compliance with OSHA's subpoenas. Specifically, in the case of a "contumacy, failure, or refusal" of any person to obey an order issued by the Secretary, Section 8(b) of the OSH Act provides that any district court "within the jurisdiction of which such person is found,

SECRETARY'S MOTION TO COMPEL -2
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

or resides or transacts business, upon the application by the Secretary, shall have jurisdiction to issue to such person an order requiring such person to appear to produce evidence . . . and any failure to obey such order of the court may be punished by said court as a contempt thereof." *Id.*

## II. OSHA's Subpoenas to Amazon

On two dates—July 18 and August 1, 2022—OSHA opened inspections at six Amazon facilities in New York, Illinois, Florida, Colorado, and Idaho pursuant to judicial warrants authorizing inspections. *See* Hennefeld Decl. ¶ 5. OSHA opened these inspections based on referrals from SDNY. *Id.* ¶ 3. On August 2, OSHA issued six nearly identical subpoenas to Amazon in connection with these inspections, which called for facility specific as well as nationwide information.[2] Hennefeld Decl. Exs. A to F. Given the scale, complexity, and seriousness of the issues under investigation, OSHA's subpoenas sought extensive documents and information from Amazon. From the start, the Government advised Amazon that, in light of the Government's "significant concerns about the current safety of so many workers," as well as the six-month statute of limitations, the documents and information requested should be produced expeditiously and it expected Amazon would undertake "a significant mobilization of resources." *See* Stewart Decl.[3] Ex. 6. Since that time, in an attempt to avoid burdening the Court, the Government has repeatedly narrowed its requests and sought to compromise.

### A. Ergonomic Hazard Assessments

The OSHA subpoenas contained a number of requests calling for the production of ergonomic hazard assessments. *See* Hennefeld Decl. Exs. A-F (RFP 62-64, 67). OSHA has

---

[2] SDNY issued a FIRREA subpoena on August 19, which is largely coextensive with OSHA's subpoenas, with some information specific to potential FIRREA claims. *Compare* Hennefeld Decl. Exs A to F, *with* Ex. G. SDNY issued a supplemental FIRREA subpoena on November 17. *Id.* I.

[3] In support of its motion for protective order on the FIRREA subpoenas, Amazon has attached redacted versions of the parties' correspondence to the Declaration of Ryan Stewart, ECF No. 8 ("Stewart Decl."). Although the Government disputes the appropriateness of the redactions, in order to reduce the burden on the Court, to the extent possible the Government will cite to the exhibits to Mr. Stewart's declaration.

SECRETARY'S MOTION TO COMPEL -3
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

repeatedly stressed the importance of those requests to its inquiry. *See id.* ¶ 12 & Ex. K; Stewart Decl. Ex. 15 at 217-219. After extensive negotiations, Amazon committed to producing nationwide ergonomic assessments by January 6. *Id.* at 171-178; 162-66. On December 31, Amazon further indicated that it would provide a privilege log by February 3. *See* Hennefeld Decl. Ex. R at 3. Concerned with the number of documents withheld to date for further review based on "indicia of privilege" and the need to promptly resolve any privilege disputes as to withheld ergonomic assessments, during the Parties' January 3 meet and confer, the Government requested that Amazon identify the number of documents withheld from production at the time it made its January 6 production, and provide a privilege log by January 20. *See* Hennefeld Decl. ¶ 22. As of the date of this filing, Amazon has not agreed to this request. *Id.*

  **B.**   **ESI**

    **1.**   **Negotiations on Custodians, Search Terms and Pace of Review**

After significant efforts to obtain information about corporate- and regional-level health and safety employees to assist in identifying potential custodians for ESI searches, *see* Stewart Decl. Ex. 6, the Government proposed custodians and search terms to Amazon on September 28. Amazon then took a month to share an initial document hit report. *Id.* Ex. 15 225. Because the number of document hits for four of the key corporate-level custodians[4] was modest (fewer than 15,000 hits collectively among the four), the Government asked Amazon to begin to review and produce ESI for those custodians in late October. *Id.* at 228-30. Shortly thereafter, on November 2, OSHA issued subpoenas for the statements of five corporate-level witnesses—the four discussed above plus Amazon's Senior Manager - North America Ergonomics.[5] Amazon initially

---

[4] Amazon's Global Medical Director; Director, WHS Initiatives & Audits; Director, Global WHS Ergonomics; and Director of Recordkeeping.

[5] SDNY had previously, on October 11, issued deposition subpoenas for four of these witnesses (in addition to six other witnesses), and subpoenaed the fifth witness on November 3. *See* Hennefeld Decl. ¶ 9.

SECRETARY'S MOTION TO COMPEL -4
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

refused to begin reviewing ESI for these custodians until negotiations on search terms for all custodians were completed, and only agreed to start on November 17. *Id.* at 201-04.

With total document hits reduced to 125,000,[6] on November 16, Amazon's counsel offered two "options": under "Option 1," counsel "estimate[d] we can review 3,000 to 5,000 ESI documents per week"; under "Option 2," if Amazon were to cease production of all other documents, counsel "estimate[d] that we can review at least 8,000-10,000 ESI documents a week." *Id.* at 205-08. Under either option, the Government would not receive much of the responsive ESI until well after OSHA's six-month statute of limitations had run. Accordingly, on November 17, the Government rejected Amazon's proposals and explained that Amazon's proposed pace of review was "not proportional to the needs of this case, the number of attorneys across multiple firms working on this matter, and the resources available to your client." *Id.* at 201-04. The Government requested that Amazon commit to producing ESI for the four initial custodians by December 2, and ESI for the remaining custodians by January 6. *Id.* at 191-95.

On November 23, Amazon's counsel agreed to "[d]evote additional resources towards ESI review and substantially complete production of responsive ESI from [the four initial custodians] on or around December 9." *Id.* at 181-89. Because Amazon did not make a commitment with respect to the remainder of the ESI, on November 27, the Government asked Amazon to agree to do so by January 6, which would require review of about 20,000 document hits per week. *Id.* at 179-81. On November 30, counsel agreed to try to meet the Government's January 6 deadline and represented that, while they could not guarantee production of all remaining ESI by January 6, they were "committing *250 attorney hours a day* towards review,

---

[6] All but one of the agreed upon searches pertain to OSHA's subpoenas; the one FIRREA specific search string represents only 5,000 unique documents. *See* Hennefeld Decl. ¶ 11 & n. 8.

SECRETARY'S MOTION TO COMPEL -5  
Case No. 2:22-cv-01815-JCC

on average" and promised to "continue to do so over the next several weeks." *Id.* at 171-78. Amazon also agreed to schedule the ten outstanding corporate depositions in December or January, and on December 2 and 7 offered deposition dates for nine of those ten deponents, which the Government promptly confirmed. *Id.* at 162-67.

### 2. Amazon Fails to Meet Its Commitments

Amazon failed to live up to its commitments. While Amazon asserts that it did "substantially complete production of responsive ESI" for two of the four initial witnesses, by December 9, *id.* at 181-88, in reality Amazon's counsel is holding back the majority of responsive documents for both custodians for further review. The production of email for Amazon's Global Medical Director is illustrative: counsel had reported that there were more than 6,000 documents (including family members) requiring review based on the agreed upon search terms. They determined that more than 3,400 of those documents were unresponsive. Among the 2,750 documents that Amazon's counsel deemed responsive, they produced just 868 documents; the remaining 1,900 documents—nearly 70% of responsive documents—are being withheld on the grounds that they contain "indicia of privilege" and therefore warrant additional review. *See* Hennefeld Decl. ¶ 16; *see also* Stewart Decl. Ex. 15 at 152-53.[7] Upon learning of the extremely large percentage of documents being withheld on the basis of "indicia of privilege" only four days before the scheduled depositions of corporate-level deponents, the Government requested that Amazon produce at least partial privilege logs or metadata logs of the withheld documents so that the Government could begin to assess Amazon's privilege assertions. Amazon refused

---

[7] For the remaining three custodians for which Amazon has substantially completed production of documents, similar percentages of documents were deemed non-responsive and 50% of responsive documents are being held back for further privilege review. *See* Stewart Decl. Ex. 10; Ex. 15 at 154-55.

SECRETARY'S MOTION TO COMPEL -6
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

these requests. *See* Hennefeld Decl. ¶¶ 13, 15.[8]

### 3. The Government Requests a Meet and Confer in Advance of a Motion to Compel; Amazon Files a Motion for a Protective Order

On December 19, the Government advised Amazon that "the current state of the ESI review and production" was "deeply troubling and unacceptable," and warned that it might need to move to compel. *See* Stewart Decl. Ex. 10 at 108. The Government asked for additional information by 5:00 p.m. on December 22, and requested that Amazon propose meet and confer times on December 23. *Id.* Amazon did not respond until 11:30 p.m. on December 22, when it indicated that it had filed a motion for a protective order in this district on SDNY's FIRREA subpoenas and offered times for a meet and confer the next afternoon. *Id.* Ex. 1. After reviewing Amazon's filing, the Government responded on December 26, to renew its request for a meet and confer, this time solely in connection with the OSHA subpoenas. Hennefeld Decl. ¶ 21 Ex. P. Amazon's counsel replied that they were not available until January 3. On December 31, counsel further advised that Amazon no longer intended to offer the five corporate-level witnesses for testimony until "complete production of ESI and privilege logs" at some unspecified future date. *Id.* ¶ 21 & Ex. Q. The Government and counsel for Amazon met and conferred on January 3, in advance of filing the instant motion. *Id.* ¶ 33.

### III. Status of OSHA Inspections

As the Government has repeatedly advised Amazon, pursuant to section 9(c) of the OSH Act, 29 U.S.C. § 658(c), the Secretary has six months from the occurrence of any violation to issue any citations and notifications of penalty for any alleged violations of the Act.

On December 15, 2022, OSHA issued fourteen citations to Amazon for recordkeeping

---

[8] Although in the most recent meet and confer, Amazon's counsel agreed to perform privilege review and logging on a rolling basis, they have offered no date for completion. *Id.*¶ 23.

SECRETARY'S MOTION TO COMPEL -7
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

violations at the six facilities, including for failing to record injuries and illnesses, misclassifying injuries and illnesses, not recording injuries and illnesses within the required time, and not providing OSHA with timely injury and illness records. OSHA expressly noted that its investigations at the six Amazon locations were ongoing. *See* Hennefeld Decl. ¶ 27.

OSHA has also identified numerous worker injuries related to ergonomic hazards at the six facilities. *Id.* ¶ 28. OSHA has reason to believe that the ESI, ergonomic assessments, and testimony at issue in this motion will provide evidence of the severity of Amazon's ergonomic hazards, as well as Amazon's knowledge of those hazards. Such information is clearly relevant to potential OSHA enforcement actions. *Id.* ¶ 30.

## LEGAL STANDARD

The scope of judicial review in an administrative subpoena enforcement proceeding is "quite narrow." *EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983). "The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *Id.; see also United States v. Golden Valley Elec. Ass'n,* 689 F.3d 1108, 1113 (9th Cir. 2012).

The burden of demonstrating that an administrative subpoena is overbroad or unduly burdensome falls on the individual or entity to whom it is directed. *See F.D.I.C. v. Garner*, 126 F.3d 1138, 1146 (9th Cir. 1997). "That burden is difficult to meet." *E.E.O.C. v. Aaron Bros. Inc.*, 620 F. Supp. 2d 1102, 1106 (C.D. Cal. 2009) (citations omitted). To do so, a subpoenaed party must show that compliance "threatens to unduly disrupt or seriously hinder normal operations of a business." *Fed. Hous. Fin. Agency v. SFR Invs. Pool 1, LLC*, No. 17 Civ. 914 (GMN) (PAL), 2018 WL 1524440, at *7 (D. Nev. Mar. 27, 2018). "Merely referencing the

SECRETARY'S MOTION TO COMPEL -8
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

agency's extensive requests or asserting that compliance would be costly is not enough." *Id.*

**ARGUMENT**

**I.    OSHA's Subpoenas Are Proper and Should Be Enforced**

   **A.    The Subpoenas Are Within the Secretary's Authority**

To facilitate OSHA's enforcement program, including to carry out the purposes of the OSH Act, Section 8(a) of the OSH Act grants the Secretary broad investigatory authority to, among other things, "inspect and investigate . . . any [] place of employment and all pertinent conditions . . . and to question privately any such employer, owner, operator, agent or employee." 29 U.S.C. § 657(a)(2). Courts have long recognized that the Secretary has subpoena power pursuant to the specific grant of authority by Congress found in Section 8(b) of the OSH Act. *See, e.g.*, *Long Island Precast v. U.S. Dept. of Labor*, No. 14 Mc. 772 (JS), 2014 WL 3735943, at *2 (E.D.N.Y. July 29, 2014). The subject investigations concern potential workplace hazards, including ergonomic hazards, as well as medical mismanagement and recordkeeping violations, all of which are within the Secretary's authority. *See* Hennefeld Decl. ¶ 5.

   **B.    The Requested Information Is Readily Identifiable**

The OSHA subpoenas seek documents and information that are readily identifiable and which Amazon regularly maintains as part of its routine operations. The parties agreed upon an ESI search protocol and Amazon has collected and begun to review those document hits. The five corporate-level witnesses subpoenaed by OSHA had been identified by name.

   **C.    The Requested Information Is Relevant**

Relevance is "broadly interpreted" when enforcing an administrative subpoena and the information need only be "reasonably relevant." *NLRB. v. Fresh & Easy Neighborhood Mkt., Inc.*, No. 11 Civ. 10070, 2012 WL 12920616, at *2 (C.D. Cal. Apr. 4, 2012). Relevance is "determined in terms of the investigation rather than in terms of evidentiary relevance" and the

SECRETARY'S MOTION TO COMPEL -9
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

requirement is "not especially constraining." *EEOC. v. Fed. Exp. Corp.*, 558 F.3d 842, 854 (9th Cir. 2009). Further, courts generally defer "to the agency's appraisal of relevancy, which must be accepted so long as it is not obviously wrong." *Fresh & Easy*, 2012 WL 12920616, at *2.

Ergonomic hazard assessments conducted or commissioned by Amazon, ESI reflecting corporate level communications about such hazards, and the testimony of the subpoenaed corporate-level witnesses are relevant to the existence of ergonomic hazards and Amazon's knowledge of those hazards, Hennefeld Decl. ¶¶ 28-30, both of which are elements of a violation of the OSH Act's General Duty clause. *See N.Y. State Elec. & Gas Corp. v. Sec'y of Lab.*, 88 F.3d 98, 105 (2d Cir. 1996). In its protective order motion, Amazon argues that because OSHA has already issued recordkeeping citations and the six-month statute of limitations is quickly approaching, its obligation to comply with the OSHA subpoenas should be excused: asserting that OSHA "has apparently been able to adequately complete its work without this ESI." *See* ECF No. 7 at 2. That argument is without merit. Not only would it be perverse to reward Amazon for its delays that brought us to this juncture; it is not for Amazon to dictate what is "adequate" for OSHA to perform its work. OSHA believes that the documents and witness testimony will provide relevant evidence of the severity of Amazon's ergonomic hazards, as well as Amazon's longstanding knowledge of those hazards, and obtaining this information promptly, as opposed to half a year from now, will facilitate any enforcement action. *See* Hennefeld Decl. ¶ 28.[9]

### D. The Information Sought Is Not Within the Secretary's Possession

As the Government is moving for the production of documents and witnesses not yet

---

[9] To the extent Amazon argues that issuance of citations moots the subpoenas, this is incorrect as a matter of law. "If the documents responsive to the subpoena demonstrate additional bases for the existing citations, the Secretary may seek to amend the existing citations to include those matters or issue new citations." *See Walsh v. R& L Carriers Shared Servs,* 21 Mc.67 (SM), 2022 WL 3227666, at *5 (D.N.H. May 12, 2022) (rejecting argument that expiration of six-month statutory period moots subpoena enforcement), *adopted*, 2022 WL 3595180 (Aug. 19, 2022).

SECRETARY'S MOTION TO COMPEL -10
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

produced to it, the materials sought are not in its possession. *See Id*. ¶ 31.

### E. OSHA Complied with Required Administrative Steps

OSHA followed each of the administrative steps required to issue the subpoenas. The Secretary is authorized to issue subpoenas pursuant to statutory authority. *See* 29 U.S.C. § 657(b). The Assistant Secretary for OSHA is delegated the authority for administrating the safety and health activities of the DOL under the Act. *See* Secretary's Order 1-2012, 77 Fed. Reg. 3912 (Jan. 25, 2012). An OSHA administrative directive further re-delegates the Assistant Secretary's authority for inspection and enforcement activities, including the inspection and subpoena power under 29 U.S.C. §§ 657(a), (b), to the Regional Administrators and, as appropriate, to the Area Directors. OSHA Directive CPL 02-00-164, Field Operations Manual, at 15-1 (2020). Here, the subpoenas were issued by five area directors, served by DOL counsel by email, and service was accepted by Amazon's counsel. *See* Hennefeld Decl. ¶ 6.

## II. Expedited Production Is Appropriate

Despite claiming to have devoted 300 attorney hours per day to document review, over the course of almost six weeks of review, Amazon has only produced 6,409 ESI documents, while holding back 6,400 for privilege review. *See id.* ¶ 25. This pace of review is inadequate. Courts have recognized that the average rate of document review is about 40 to 100 documents per hour. *See Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 645 (S.D.N.Y. 2019), *aff'd*, 2020 WL 5037573 (S.D.N.Y. Aug. 26, 2020) (average review rate is 40-60 documents/hour).[10]

---

[10] *See also Apex Colors, Inc. v. Chemworld Int'l Ltd*, 14 Civ. 273, 2017 WL 4684608, at *6 (N.D. Ind. Oct. 19, 2017) (review rate of 60-100 documents/hour reasonable for an experienced document reviewer); *Oliva v. Infinite Energy, Inc.*, 11 Civ. 232, 2013 WL 6815989, at *8 (N.D. Fla. Dec. 24, 2013) ("[t]he generally accepted rule is that associate-level document review can be effectively conducted at a rate of fifty 10–page documents per hour" (citing *Sedona Conference Best Practices Comm. on the Use of Search and Info. Methods in E–Discovery*, 8 Sedona Conf. J. 189, 198 n. 13 (2007))); *see also Chevron Corp. v. Salazar*, 11 Civ. 3718, 2011 WL 10894974, at *1 (S.D.N.Y. Aug. 23, 2011) (finding purported review rate of 500 documents every 30 hours was "tardy and unpersuasive.").

SECRETARY'S MOTION TO COMPEL -11
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Amazon cannot claim that its production is "substantially complete" for a particular custodian while holding back 50% of responsive documents for further privilege review. Earlier today, Amazon's counsel indicated that Amazon would be providing an "initial privilege log" on February 3 "that included withheld documents from the first four custodians, which would be updated on a rolling basis with additional documents for those and other custodians thereafter." *See* Hennefeld Decl. Ex. S. This commitment falls short—as it does not provide an *end date* when all documents for these custodians will be reviewed, all non-privileged documents produced, and all withheld documents logged. The Court should order an immediate deadline for the completion of this process so that any privilege disputes can be timely resolved.

The critical worker safety issues at stake in this matter warrant expedited production. *Cf. People First of Ala. v. Merrill*, 491 F. Supp. 3d 1076, 1143 (N.D. Ala. 2020) (expedited discovery schedule was justified because case involved "important issues" and "unusual urgency"); *Gutierrez v. Martinez*, No. CV L-12-18, 2012 WL 13149228, at *2 (S.D. Tex. Mar. 12, 2012) (granting expedited discovery in light of approaching statute of limitations). The six inspected facilities had injury rates that by far exceed the rest of the warehousing industry—four times at five of the facilities, and double at the sixth. *See* Hennefeld Decl. ¶ 4. OSHA's inspections have identified numerous worker injuries related to ergonomic hazards. *Id.* ¶ 28. This supports the need for expeditious production of the requested information and witnesses.[11]

## CONCLUSION

For the foregoing reasons, the Court should grant the Secretary's motion to compel Amazon to comply with the OSHA subpoenas.

---

[11] Although Amazon offered to toll the statute of limitations, as the Government explained to Amazon, OSHA could not agree to enter into a tolling agreement for these inspections as such an agreement would be unprecedented for enforcement inspections under the OSH Act, and would not be considered by DOL absent extraordinary circumstances that are not present here. *See* Hennefeld Decl. ¶ 14.

SECRETARY'S MOTION TO COMPEL -12
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Respectfully submitted this 5th day of January, 2023.

        DAMIAN WILLIAMS
        United States Attorney,
        Southern District of New York

    By: /s/ Dominika Tarczynska
        JEFFERY OESTERICHER
        DOMINIKA TARCZYNSKA
        JACOB LILLYWHITE
        ELIZABETH KIM
        ADAM GITLIN
        Assistant United States Attorneys
        United States Attorney's Office
        86 Chambers Street
        New York, NY 10007
        Phone: (212) 637-2800
        Email: Dominika.tarczynska@usdoj.gov

        NICHOLAS W. BROWN
        United States Attorney, Western District of Washington

        KAYLA C. STAHMAN, CA #228931
        Assistant United States Attorney
        United States Attorney's Office
        700 Stewart Street, Suite 5220
        Seattle, Washington 98101-1271
        Phone:  206-553-7970
        Fax:      206-553-4067
        Email:  kayla.stahman@usdoj.gov

        *Attorneys for the Secretary of Labor*

SECRETARY'S MOTION TO COMPEL -13
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970