The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM SERVICES, LLC,

Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Respondent,

and

MARTIN J. WALSH, SECRETARY OF THE
UNITED STATES DEPARTMENT OF LABOR,

Intervenor-Cross Petitioner.

No.  2:22-cv-01815-JCC

**DECLARATION OF DANIEL
HENNEFELD**

Pursuant to 28 U.S.C. § 1746, I, Daniel Hennefeld, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1.      I am employed as Counsel for Occupational Safety and Health at the Office of the Solicitor, Region II, United States Department of Labor ("DOL").  In this capacity, I have been working on DOL's subject investigations of Amazon Services, LLC ("Amazon").  I am fully familiar with the facts and proceedings herein.  I make this declaration in support of the Secretary of Labor's Motion to Compel Amazon to Comply with the Administrative Subpoenas (hereinafter, "Motion to Compel.") in the instant matter.

Office of the Solicitor Region II
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014
(656) 264-3688

2.     Jurisdiction of this action is conferred upon the Court by section 8(b) of the Occupational Safety and Health Act of 1970 (29 U.S.C. § 657(b)) (the "OSH Act"), and 28 U.S.C. §§ 1331 and 1345.

*OSHA Inspections*

3.     These investigations were initiated after the Occupational Safety and Health Administration ("OSHA") received referrals from the United States Attorney's Office for the Southern District of New York ("SDNY") concerning workplace hazards related, among other things, to ergonomic hazards affecting Amazon's warehouse employees, at six Amazon facilities across the country.

4.     The injury rates reported to OSHA at these six Amazon facilities in 2021 grossly exceeded those reported by the rest of the warehousing industry.  Specifically, in 2021, the DART[1] rates for five of the six facilities ranged from 13.3 to 19.8 injuries per 100-full-time workers—more than four times the DART rate of Amazon's peers, which was 3.3 per 100-full-time workers).[2]

5.     Acting on warrants for inspection under section 8(a) of the OSH Act issued by United States District Courts in the Southern District of New York, the Northern District of Illinois and the Middle District of Florida, on July 18, 2022, OSHA entered and opened inspections at three Amazon warehouses in New Windsor, New York ("DYO1"[3]); Waukegan,

---

[1] The DART Rate ("Days Away, Restricted or Transferred") refers to the number of OSHA recordable injuries that resulted in days away from work, restricted duty or transfer of duties.  It is the metric used by OSHA to track the incidence rate of injuries.

[2] The sixth site had a DART rate of 8.5, more than double Amazon's peers.

[3] These alpha numeric codes are Amazon's designations for these facilities.

Declaration of Daniel Hennefeld - 2
Case No. 2:22-cv-01815-JCC

Office of the Solicitor Region II
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014
(656) 264-3688

1    Illinois ("MDW8"); and Deltona, Florida ("MCO2").  Two weeks later, pursuant to warrants

2    issued by United States District Courts in the Northern District of New York, the District of

3    Idaho, and the District of Colorado, on August 1, 2022, OSHA entered and opened inspections

4    at three additional Amazon warehouses in Denver, Colorado ("DEN5"); Albany, New York

5    ("ALB1"); and Nampa, Idaho ("BOI2"). These inspections concern potential workplace hazards,

6    including ergonomic hazards, as well as medical mismanagement[4] and recordkeeping violations

7    at Amazon warehouses.

8           6.     In connection with these inspections, on August 2, 2022, OSHA issued six nearly

9    identical administrative subpoenas for documents.  True and correct copies of the subpoenas are

10   attached hereto as **Exhibit A** (DYO1), **Exhibit B** (MDW8), **Exhibit C** (MCO2), **Exhibit D**

11   (DEN5), **Exhibit E** (ALB1), and **Exhibit F** (BOI2).  These subpoenas were issued by five OSHA

12   area directors, and I served them on counsel for Amazon via email on August 2, 2022.  Through

13   its counsel, Amazon acknowledged and accepted service of the subpoenas.

14          7.     OSHA has been conducting its investigations in coordination with SDNY.  SDNY

15   also issued information requests to Amazon on August 2, 2022, and later at Amazon's request

16   for a formal subpoena, issued a subpoena under the Financial Institutions Reform Recovery and

17   Enforcement Act of 1989, 12 U.S.C. § 1833a ("FIRREA"), on August 19, 2022.  A true and

18   correct copy of the SDNY subpoena is attached hereto as **Exhibit G**.

19          8.     Subsequent to these initial subpoenas, OSHA issued another subpoena on August

20   11 for the DYO1 facility with two document requests related to that facility's COVID-19 safety

21

22   ───────────────────
     [4] Medical mismanagement generally refers to failure by an employer to ensure that injured or
23   ill workers receive timely and appropriate treatment for work-related injuries.

Declaration of Daniel Hennefeld - 3             Office of the Solicitor Region II
Case No. 2:22-cv-01815-JCC                      U.S. Department of Labor
                                                201 Varick Street, Room 983
                                                New York, NY 10014
                                                (656) 264-3688

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

practices.  That subpoena is not the subject of this motion. On November 17, OSHA and SDNY both issued supplemental subpoenas, each with five document requests targeted towards high priority items.  As the subpoenas explained, two of these requests were already covered by the initial subpoenas, but the requests were included in the supplemental subpoenas in an abundance of caution because Amazon's counsel had suggested otherwise.  True and correct copies of those subpoenas are attached hereto as **Exhibits H and I**, respectively.

9.     In addition to the subpoenas for documents, OSHA issued subpoenas for testimony.  Between September 23 and November 22, OSHA issued 24 subpoenas for testimony of local or regional-level Amazon employees in relation to the six inspected facilities. In addition, on November 2, OSHA issued subpoenas for the testimony of five corporate-level employees: (1) Amazon's Global Medical Director; (2) Director of Recordkeeping; (3) Director, Global Worker Health & Safety ("WHS") Ergonomics; (4) Director, WHS Initiatives & Audits; and (5) Senior Manager – North America Ergonomics.  SDNY had also issued subpoenas for the depositions of the first four of these corporate-level employees on October 11, and issued a subpoena for the fifth employee on November 3, 2022.   On October 11, SDNY also issued FIRREA subpoenas for the depositions of six additional corporate level witnesses.

*Negotiations Regarding Production of ESI and Ergonomic Assessments, & Deposition Scheduling*

10.     Due to the largely coextensive nature of the OSHA and SDNY subpoenas, DOL and the SDNY (together the "Government") jointly engaged in discussions with Amazon's counsel regarding Amazon's responses to the subpoenas.  The parties engaged in extensive

Declaration of Daniel Hennefeld - 4
Case No. 2:22-cv-01815-JCC

Office of the Solicitor Region II
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014
(656) 264-3688

communications regarding the scope of the document requests.[5]  Beginning in August, shortly

after serving its subpoenas, the Government advised Amazon that, in light of the Government's

"significant concerns about the current safety of so many workers," as well as the six-month

statute of limitations governing violations of the OSH Act, the documents and information

requested should be produced expeditiously and it expected that Amazon would undertake "a

significant mobilization of resources" to make good on its promises of cooperation.[6]

11.     Between September 28, 2022 and November 17, 2022, the parties engaged in a

back and forth negotiation on search terms for ESI, and, on November 17, 2022, agreed on search

parameters.[7]  Only one search string in the search parameters, which includes the term "bank"[8]

seeks documents solely responsive to the FIRREA subpoena.  The remaining search terms seek

documents responsive to the OSHA subpoenas, as well as the FIRREA subpoenas (which in one

of the requests contained in the first FIRREA subpoena specifically requests all documents

produced in response to the OSHA subpoenas).  In a December 2, 2022 email, I expressly stressed

---

[5] I understand that Amazon has attached redacted versions of the parties' correspondence to the Declaration of Ryan Stewart ("Stewart Decl.") in support of its motion for protective order on the SDNY's FIRREA subpoena.  *See* ECF No. 8.  The Government disputes the appropriateness of the redactions, and believes there is no legal basis to redact information such as the names of the deponents and ESI custodians, or the locations of depositions.  Nevertheless, in order to reduce the burden on the Court, for the most part I have not reattached that correspondence to this declaration and will refer to the exhibits to Mr. Stewart's declaration.

[6] Stewart Decl. Ex. 6 at pdf pp. 47-49 (AUSA Lillywhite 8/11/2022 email .

[7] Stewart Decl. Ex. Stewart Decl. Ex. 13-14; Stewart Decl. Ex. 15 at pdf pp. 196-234(various emails); *See* Stewart Decl. Ex 1 pdf pp. 8 ("Amazon first received SDNY's ESI proposal on September 28."

[8] The search string "(false statement* OR misrepresent* OR lie* OR lying OR evil OR illegal OR unlawful OR trouble OR jail) W/15 (bank* OR contract* OR agreement* OR diligence OR SEC* OR Morgan OR Goldman OR Citi* OR HSBC OR Barclays OR BofA OR "Bank of America" OR Deutsche OR Wells OR Societe OR TD OR Toronto-Dominion OR Toronto Dominion)" accounts for approximately 5,000 unique documents (including both documents that hit on search terms and their family members).

Declaration of Daniel Hennefeld - 5
Case No. 2:22-cv-01815-JCC

Office of the Solicitor Region II
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014
(656) 264-3688

to Amazon's counsel that the searches for electronically stored information ("ESI") were responsive to a number of OSHA requests, and were needed by OSHA for its inspections. A true and correct copy of this email is attached hereto as **Exhibit J.**

12.     Also throughout this time, the parties engaged in a back and forth negotiation on production of ergonomic assessments of Amazon facilities conducted by Amazon, culminating in an October 12 letter from DOL attorney David Jaklevic agreeing to limit production of ergonomic-related assessments of particular Amazon facilities beyond the six inspected sites, but specifying that Amazon would still be obliged to "produce all responsive documents for the six inspection facilities and all documents that concern any assessment, audit, study, analysis, or report that was conducted or was intended to apply on a nationwide, regional, or multi-facility basis." A true and correct copy of this letter is attached as **Exhibit K**. In their response to that letter, Amazon's counsel did not object to the foregoing specification. A true and accurate copy of this email exchange is attached as **Exhibit L.**

13.     On November 8, when the Government identified a small number of high-priority items that it wanted Amazon to prioritize, the first such item was:  "Ergonomic hazard assessments, analyses, and audits of, or applicable to, the six inspected facilities and the eight selected sample facilities, including the categories of documents listed in the government's letter of 9/13/22, and any nationwide ergonomic analyses (see OSHA Request Nos. 62, 63, 64, 67)."[9]

14.     On November 30, 2022, during the course of the parties' discussions regarding the production schedule for ESI and scheduling of corporate-level depositions, Amazon's counsel offered to discuss a "short tolling period."[10]  As I explained in an email in response on

---

[9]  Stewart Decl.  Ex. 15 at pdf pp. 217-219 (AUSA Lillywhite 11/8/2022 email).

[10] Stewart Decl. Ex. 15 at pdf pp 178 (Ryan Stewart 11/30/2022 Email).

Declaration of Daniel Hennefeld - 6
Case No. 2:22-cv-01815-JCC

Office of the Solicitor Region II
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014
(656) 264-3688

December 2, 2022, OSHA could not "agree to enter into a tolling agreement for these inspections. Such an agreement would be unprecedented for enforcement inspections under the OSH Act, and would not be considered by DOL absent extraordinary circumstances, which are not present here. Furthermore, we believe Amazon can and should be able to complete the outstanding productions to OSHA in a timely manner."  A true and correct copy of this email exchange is attached hereto as **Exhibit M.**

15.     In email communications between December 2, 2022 and December 13, 2022, Amazon provided deposition dates in December and January for the five corporate-level deponents subpoenaed both by OSHA and SDNY, as well as all but one of the witnesses subpoenaed solely by the SDNY.[11]  In those communications, Amazon also represented that it would "substantially complete production of responsive ESI from" the initial four corporate-level custodians on or around December 9.[12]

16.     Amazon failed to live up to that commitment. No ESI documents were produced on December 9, and on December 10, the Government received only 600 documents.  At that point Amazon advised that it would instead substantially complete production by Thursday, December 15, which was one business day before the deposition of the first corporate-level witness and two business days before the second corporate-level witness.[13]  After the Government inquired about the volume of documents that would be produced for these custodians on December 15, counsel for Amazon for the first time advised that "responsive ESI that contains indicia of privilege is being reviewed and logged on a separate track" and that "[a]ny

---

[11] Stewart Decl. Ex. 15 at 158-167 (various emails).

[12] Stewart Decl. Ex. 15 at ECF p. 183-84 (Ryan Stewart 11/23/2022 email).

[13] Stewart Decl. Ex. 15 at ECF p. 160 (Ryan Stewart 12/9/2022 email).

Declaration of Daniel Hennefeld - 7
Case No. 2:22-cv-01815-JCC

Office of the Solicitor Region II
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014
(656) 264-3688

documents deemed not privileged [would] be produced promptly upon such a determination" but no date was provided as to when this process would be completed.[14] The Government then repeatedly inquired about the volume being held back for further review, and Amazon advised that 1,900 documents had been held back on the basis of "indicia of privilege" for the Global Medical Director, while only 870 documents had been produced—meaning that almost 70% of the responsive documents were deemed potentially privileged by Amazon's counsel and were still subject to further review.  Overall, across the first four custodians, more than 50% of the responsive documents were being held for additional review on the basis of indicia of privilege. On Thursday, December 15, the Government asked Amazon to provide a privilege log for the documents withheld from the Global Medical Director production and a metadata log that includes Author, Recipients (if applicable), file type, file date, file name or subject (for emails), by the end of the following week (December 23).[15]  On December 16, counsel for Amazon responded refusing to provide a date for production of a privilege log, and indicating that it was "under no obligation and will not provide a 'metadata log' for unproduced documents."  A true and correct copy of this email is attached hereto as **Exhibit N**.

17.    Additionally, it became apparent, including through sworn testimony of an Amazon witness, that Amazon possessed nationally applicable ergonomic assessments that it had failed to produce to the Government. Amazon ultimately agreed to produce such documents by January 6. However, Amazon has maintained that it may withhold some of those responsive

---

[14] Stewart Decl. Ex. 15 at pdf pp. 158 (Ryan Stewart 12/13/2022 email).

[15] Stewart Decl. Ex. 15 at pdf pp. 152-157 (AUSA Tarczynska 12/15/2022, Ryan Stewart 12/15/2022, AUSA Tarczynska 12/14/2022, AUSA Tarczynska 12/14/2022 emails).

Declaration of Daniel Hennefeld - 8
Case No. 2:22-cv-01815-JCC

Office of the Solicitor Region II
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014
(656) 264-3688

documents as privileged, and has stated that it would not provide a corresponding privilege log until February 3.

18.     As a result of Amazon's late productions of documents for the initial two deponents, and the significant number of documents held back for further privilege review the Government had no choice but to postpone until January the two corporate level depositions that had been scheduled for December 19 and 20.[16]

19.     Accordingly, on December 19, 2022, AUSA Jacob Lillywhite sent a letter to Amazon's counsel indicating that the Government "may need to move to compel compliance with OSHA's and SDNY's subpoenas in connection with the review and production of ESI."[17] This letter, among other things, requested that Amazon provide specific information by 5:00 p.m. on Thursday, December 22, about, *inter alia*, the "indicia of privilege" criteria that Amazon was employing in its ESI review and the categories of purportedly unresponsive documents, reiterated the request for at least a partial privilege log containing metadata fields for withheld documents and a complete privilege log for every 10th document withheld from the Global Medical Director production (for a total of 190 logged documents), and requested that counsel advise of times when they were available on Friday, December 23 to meet and confer.   Amazon's counsel did not respond by 5 p.m. on December 22.  Instead, at 11:38 p.m. EST on December 22, Amazon's counsel sent a letter[18] indicating that it was filing a motion for protective order regarding the

---

[16] Stewart Decl. Ex. 15 at pdf pp. 152 (AUSA Tarczynska 12/15/2022 email  & p. 157 (AUSA Tarczynska 12/14/2022 email).

[17] Stewart Decl. Ex. 10 at pdf pp. 108-112 (AUSA Lillywhite 12/19/2022 letter).

[18] Stewart Decl. Ex. 1 pdf pp.8-16.

Office of the Solicitor Region II
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014
(656) 264-3688

SDNY FIRREA subpoenas concurrently with its letter, and on page 7 of the letter offered times at 1:30 and 3 p.m. EST the following afternoon for a meet and confer.

20.     At 1:25 a.m. EST on Friday, December 23, 2022, Amazon's counsel emailed courtesy copies of its Motion for Protective Order to counsel for OSHA and the SDNY.  A true and correct copy of this email is attached hereto as **Exhibit O.**  In its motion, Amazon asks that with respect to the FIRREA subpoenas, it be permitted to complete its rolling productions of ESI on or before June 30, 2023 and that depositions of any and all custodians of that ESI commence after that production is complete and conclude no later than August 31, 2023.  Amazon does not request any relief in its motion as to the OSHA subpoenas.

21.     On Monday, December 26, 2022, AUSA Lillywhite sent an email to counsel for Amazon again requesting a meet and confer on the OSHA subpoenas on either December 28 or 29, as well as requesting updates regarding Amazon's efforts to produce ergonomic assessments and other highest priority requests.  A true and correct copy of this email is attached hereto as **Exhibit P.**  Counsel for Amazon responded on December 27 that they were unavailable to meet and confer during the entire week of December 26, and would first be available on January 3.  A true and correct copy of this email is attached hereto as **Exhibit Q.**

22.     In an email on the afternoon of Saturday, December 31, 2022, Amazon's counsel responded to the inquiries in AUSA Lillywhite's December 26 email and cancelled the previously scheduled depositions of the five corporate-level witnesses that had been noticed for testimony by OSHA and for depositions by SDNY.  A true and correct copy of the email is attached hereto as **Exhibit R.**

23.     On January 3, 2023, the parties met and conferred in connection with OSHA's intended motion to compel compliance with its subpoenas.  During this meet and confer,

Declaration of Daniel Hennefeld - 10
Case No. 2:22-cv-01815-JCC

Office of the Solicitor Region II
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014
(656) 264-3688

Amazon's counsel confirmed that it had completed production of all documents without "indicia of privilege" for the first four corporate-level witnesses, that its production for the fifth corporate-level witness was ongoing, and that it would perform review of the documents containing "indicia of privilege" on a rolling basis custodian by custodian. Counsel indicated that Amazon anticipated providing a privilege log on February 3 that would include some withheld documents from the ESI of the initial four custodians, but could not confirm specifically which custodians' documents would be included and did not provide a date as to when the privilege review process would be completed for these custodians. The Government requested during the meet and confer that Amazon complete this process as expeditiously as possible and that Amazon offer new dates for depositions of these five witnesses in January. Additionally, the Government requested that Amazon identify the number of documents that were withheld from the production of nationwide ergonomic assessments that Amazon committed to producing by January 6 at the time of production, and that it provide a privilege log of any withheld documents within 2 weeks of the production (by January 20).

24.    In an email sent earlier today, January 5, counsel for Amazon reiterated their position that they would provide a privilege log for any responsive, withheld nationwide ergonomic assessments by February 3. Counsel also indicated that Amazon would produce "an initial privilege log on February 3 that included withheld documents from the first four custodian, which would be updated on a rolling basis with additional documents for those and other custodian thereafter." A true and correct copy of the email is attached hereto as Exhibit **S**.

25.    To date, Amazon has only completed review and produced to the Government approximately 6,409 of the ESI documents in response to the OSHA subpoenas served in August. Amazon has determined that approximately 6,400 of ESI documents have "an indicia of

Declaration of Daniel Hennefeld - 11
Case No. 2:22-cv-01815-JCC

Office of the Solicitor Region II
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014
(656) 264-3688

privilege" and require additional review.  Amazon has refused to provide any type of privilege log and has canceled the five corporate-level depositions pending completion of its document review and the production of privilege logs for those custodians at some uncertain date.

*Status of Inspections and Ongoing Need for Requested ESI, Ergonomic Assessments, and Depositions*

26.     Pursuant to section 9(c) of the OSH Act, 29 U.S.C. § 658(c), the Secretary has six months from the occurrence of any violation to issue any citations and notifications of penalty for any alleged violations of the Act and occupational safety and health standards. OSHA's ability to complete its inspections is being prejudiced by Amazon's failure to comply with OSHA's subpoenas as described above.

27.     On December 15, 2022, OSHA issued fourteen citations to Amazon for recordkeeping violations at the six facilities, including for failing to record injuries and illnesses, misclassifying injuries and illnesses, not recording injuries and illnesses within the required time, and not providing OSHA with timely injury and illness records.  OSHA issued the recordkeeping citations on December 15 to ensure that they were issued within six months of the violations. OSHA expressly noted that its investigations at the six Amazon locations were ongoing.

28.     Although OSHA's analysis of information collected during the inspections at the six facilities is ongoing, those inspections have already identified numerous worker injuries related to ergonomic hazards.   For the three facilities where inspections were commenced on July 18, 2022—DYO1, MDW8, and MCO2—any additional citations to be issued by OSHA regarding ergonomic hazards from the July 18 inspections must be issued by January 18, 2023; and for the three facilities where inspections were commenced on August 1, 2022—DEN5, ALB1, and BOI2—any such citations must be issued by February 1, 2023.  OSHA would

Office of the Solicitor Region II
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014
(656) 264-3688

consider ESI and ergonomic assessments produced by Amazon and the testimony of the corporate-level witnesses in connection with its issuance of any additional citations and any proceedings related thereto.

29.     I understand that in its motion for a protective order on the FIRREA subpoenas Amazon has asserted that OSHA does not typically seek ESI in its investigations. *See* ECF No. 7 at 2.  In appropriate cases and when there is reason to believe that an employer may have internal emails or communications that are relevant to the employer's knowledge and recognition of hazardous conditions, OSHA has and does subpoena ESI and testimony from corporate level employees.  This matter is one such case in which OSHA deems such a request appropriate, particularly in light of the size of Amazon's nationwide operations and the fact that OSHA's investigations to date have revealed that many of Amazon's policies and practices are determined at the corporate level, and are applied to facilities nationwide—including the six facilities that are the subject of OSHA's inspections.

30.     Based on the documents produced by Amazon to date, I have reason to believe that the ESI, ergonomic assessments, and deposition testimony that is at issue in this motion will provide relevant evidence of the severity of Amazon's ergonomic hazards, as well as Amazon's longstanding knowledge of those hazards and Amazon's treatment of injured workers.  Such information is relevant to potential OSHA enforcement actions.

31.     The requested information contained in the ESI and ergonomic assessments, and that could be provided by testimony of the corporate-level deponents, is not otherwise in OSHA's possession.

Declaration of Daniel Hennefeld - 13
Case No. 2:22-cv-01815-JCC

Office of the Solicitor Region II
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014
(656) 264-3688

32.     Given the foregoing facts, an Order is necessary to enforce the OSHA administrative subpoenas in order to allow the Secretary of Labor to conduct these lawful investigations in a timely manner.

*Local Rule 37(a)(1) Certification*

33.     Pursuant to Local Rule 37(a)(1), I certify that counsel for the Secretary of Labor has in good faith conferred with counsel for Amazon in an effort to resolve this dispute without court action.  The meet and confer was held by video conference on January 3, 2023.  Counsel for the Government included myself, AUSA Dominika Tarczynska, AUSA Jeffrey Oestericher, AUSA Jacob Lillywhite, AUSA Elizabeth Kim, and AUSA Adam Gitlin.  Counsel for Amazon included Mylan Denerstein and Ryan Stewart.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 5, 2023                    By: _____

                                                  Daniel Hennefeld

//

//

Declaration of Daniel Hennefeld - 14
Case No. 2:22-cv-01815-JCC

Office of the Solicitor Region II
U.S. Department of Labor
201 Varick Street, Room 983
New York, NY 10014
(656) 264-3688