# UNITED STATES OF AMERICA
## UNITED STATES DEPARTMENT OF JUSTICE
### SUBPOENA

**TO:** Amazon.com, Inc.
410 Terry Ave. N.
Seattle, WA 98019

☒ **YOU ARE HEREBY COMMANDED TO PRODUCE** and permit inspection and copying of, at the place and on the date and time indicated, all documents and tangible things described in the attached Rider A, which are necessary in the performance of the responsibility of the United States Department of Justice to investigate, in contemplation of a civil proceeding under 12 U.S.C. § 1833a, a violation of, or a conspiracy to violate, sections 215, 656, 657, 1005, 1006, 1007, 1014, or 1344 of Title 18, or section 287, 1001, 1032, 1341, or 1343 of Title 18 affecting a federally insured financial institution.

**PLACE:** United States Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

**DATE AND TIME:** November 23, 2022
10:00 a.m.

The production of documents and things in response to this subpoena must be made under a sworn certification, in the form provided herewith, by the person to whom this subpoena is directed or, if not a natural person, by a person or persons having knowledge of the facts and circumstances relating to such production.

☐ **YOU ARE HEREBY COMMANDED TO APPEAR** before the official of the United States Department of Justice designated below, at the place and time designated below, to give oral testimony in connection with this matter as described in the attached Rider C.

**BEFORE:** _____
Assistant United States Attorney

**DATE AND TIME:** _____

**PLACE:** United States Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

**FAILURE TO COMPLY WITH THE REQUIREMENTS OF THIS SUBPOENA WILL RENDER YOU LIABLE TO PROCEEDINGS IN THE DISTRICT COURT OF THE UNITED STATES TO ENFORCE OBEDIENCE TO THE REQUIREMENTS OF THIS SUBPOENA, AND TO PUNISH DEFAULT OR DISOBEDIENCE.**

Issued under authority of Sec. 951 of the Financial Institutions Reform,
Recovery, and Enforcement Act of 1989, Public Law No. 101-73
(12 U.S.C. § 1833a).

*IN TESTIMONY WHEREOF*

*The undersigned official of the United States Department of Justice has hereunto set his/her hand this*

17th   day of November   , 20 22

AUSA Jeffrey Oestericher, Chief, Civil Division

# RIDER A

## DEFINITIONS

1. "Amazon" refers to Amazon.com, Inc.; Amazon.com Services LLC; Amazon, Inc.; Amazon.com Corporate LLC; Amazon.com LLC; Amazon.com.azdc LLC; Amazon.com.dedc LLC; Amazon.com.indc LLC; Amazon.com.ksdc LLC; Amazon.com.kydc LLC; Amazon.com.nvdc LLC; and Prime Now LLC, as well as to any predecessor, successor, corporate parent, subsidiary, or affiliate of any of these entities and to any officer, employee, agent, representative, or person acting or purporting to act on behalf of any such entity or on behalf of any predecessor, successor, corporate parent, subsidiary, or affiliate.

2. "AmCare" means the first-aid center or medical provider located within a Facility.

3. "And" and "or" both mean "and/or."

4. "Any" and "all" both mean "any and all."

5. "Austin" means the electronic system referred to as "Austin" that Amazon uses, among other things, to enter information concerning Worker injuries and illnesses.

6. "Bypasses" means the metric referred to as "bypasses" concerning injured Workers who receive medical care from Outside Medical Providers.

7. "Centrally-Stored Data" means information related to the Facilities that is maintained in one or more central repositories.

8. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

10. "Documents" means without limitation any item described by Federal Rule of Civil Procedure 34, and any written, printed, typed, graphic, photographed, and recorded or otherwise reproduced or stored communication or representation, including but not limited to letters, memoranda, correspondences, e-mails, and canceled checks. This term includes whatever form and by whatever means such documents may have been created or stored including, but not limited to: any handmade form, such as writing; any photographic form, such as microfilm, microfiche, prints, slides, negatives, photocopies; any mechanical form such as printing, or typing; any electrical, electronic, or magnetic form such as tape recordings, cassettes, or any information on an electronic or magnetic storage device such as floppy diskettes, hard disks, backup tapes, CD-ROMS, optical discs, printer buffers, smart cards, memory calculators, electronic dialers, hard drives, or electronic notebooks; and any printout or readout from any magnetic or solid state storage device. All documents provided in response to this subpoena are to include all marginalia and post-its, as well as any attachments referred to in or incorporated by the documents. All documents provided in response to this subpoena are to include all

versions of each responsive document, including all drafts and copies of each document.

11. "Facilities" means the facilities operated by Amazon in the United States to transport products to Amazon customers, including Amazon's sortable and non-sortable fulfillment centers, sortation centers, receive centers, delivery stations, crossdocks, air hubs, Prime Now hubs, and specialty facilities.

12. "Gensuite" means the electronic system referred to as "Gensuite" that Amazon previously used, among other things, to enter information concerning Worker injuries and illnesses.

13. "Including" means "including, but not limited to."

14. "Injury Goal" means a target, goal, or expectation concerning a metric reflecting the number or rate of injuries, overall or of a particular kind, in any Facility, including RIR, MSD RIR, DART, LTIR, SIR, DAFW, DJTR, TCIR, TRIR, LTI, or SLI.

15. "Injury Rate" means a rate at which Workers in one or more Facilities become injured or ill, as calculated by Amazon, regardless of whether it has been calculated according to all injuries or illnesses, only those injuries or illnesses that require job restriction or days off work, or in some other fashion.

16. "Manager" means a Worker who supervised, oversaw, or managed one or more other Workers.

17. "Medical Goal" means a target, goal, or expectation concerning a metric reflecting medical treatment provided to injured Workers in any Facility, including metrics reflecting the provision of first-aid, the use of a Nurse on Demand service, referrals for injured Workers to seek medical care outside of Amazon, or Bypasses.

18. "National Staff Members" means current and former Amazon employees or consultants whose responsibilities, at some point during the Relevant Period, concerned all Facilities across the United States.

19. "Relevant Period" means the time period from August 1, 2012, to the present.

20. "Regional Staff Members" means current and former Amazon employees or consultants other than National Staff Members whose responsibilities, at some point during the Relevant Period, concerned multiple Facilities.

21. "RIR" means the recordable incidence rate as tracked by Amazon.

22. "Worker" means anyone who worked at a Facility during the Relevant Period, whether classified by Amazon as an employee, temporary employee, independent contractor, or something else, including delivery drivers who lifted packages in a Facility and Amazon employees assigned to a region, nationwide, or worldwide who performed work at a Facility.

23. "You" and "your" refer to Amazon.

## INSTRUCTIONS

1. Unless otherwise specified, this subpoena calls for the production of all documents responsive to the document requests below, and which are in your possession, custody, or control regardless of where such documents or information are located. Please include all documents that relate to or used during the relevant time period even if they had been prepared or published prior. Further, if any document requested is no longer in your possession, custody, or control, identify such document completely and provide the following information regarding the document:

    a. Its present location and custodian;

    b. The manner in which it was disposed, including the date of disposal, the reason of disposal, the person authorizing the disposal, and the person(s) who disposed of the document.

2. If no documents exist that are responsive to a request below, please include, in your response to this subpoena and at the time of production, a written statement to that effect.

3. For any document or part thereof that you decide not to produce by reason of a claim of privilege, please state the privilege being claimed, give an explanation for your claim of such privilege, and provide the following information concerning the putatively privileged document:

    a. The type of document;

    b. The date of the document;

    c. The subject matter of the document;

    d. The author of the document, including his or her address, telephone number, and role in relation to Amazon;

    e. All recipients of the document, including their addresses, telephone numbers, and roles in relation to Amazon;

    f. The number of pages of the document.

4. In responding to this subpoena, all documents produced should be segregated and labeled so as to identify which request(s) such documents respond to. Alternatively, you shall identify, by bates-numbers, the documents responsive to each request herein.

5. In responding to this subpoena, please locate, gather, and produce documents from your files and other sources in such a manner as to ensure that the source and location of each document may be readily determined.

6. In responding to this subpoena, if you locate responsive documents in file folders or other containers, please produce these folders and containers, including any labels identifying such folders or containers, together with the responsive documents contained therein.

7. In responding to this subpoena, please do not separate documents attached to each other unless you also identify such separation and provide records sufficient to permit the reconstruction of such grouping of documents.

8. In responding to this subpoena, if you locate any document that have markings on both sides, please produce both sides of the document.

9. In responding to this subpoena, please locate, gather, and produce documents or information stored electronically in accordance with the "Document and ESI Production Specifications," attached as Rider B to this subpoena.

10. In identifying a former employee or contractor, please provide the date of separation as well as that employee's or contractor's last known home address, phone number, and email address.

11. Please promptly produce responsive documents or information located at any time after your initial response to this subpoena.

12. For all data you produce that concerns individual Workers, please identify each such Worker by Amazon's identification number for that Worker.

## DOCUMENT REQUESTS

31. Information stored in Austin or Gensuite concerning injuries at any Facility since August 1, 2017.

32. Information stored in one or more central databases reflecting Amazon's response to Worker requests at any Facility for job modification, reassignment, or leave as a result of injury or illness, including the database or databases containing responsive information of the sort set forth in AMZ-OSHA6-00003583.

33. Documents or information prepared by National Staff Members or Regional Staff Members concerning Injury Goals or Medical Goals for one or more Facilities, including documents or information identifying such goals or reflecting how they were developed.[1]

34. Documents sufficient to show any incentives provided to Facility Staff Members, Regional Staff Members, or National Staff Members based in whole or in part on a

---

[1] Documents responsive to this request are also responsive to OSHA Request Nos. 10, 13, 14, 26, 27, 53, 55, and 57 and SDNY Request Nos. 3 and 15.  As your counsel has suggested otherwise, we include this request in this supplemental subpoena to avoid any dispute.

comparison of actual performance to one or more Injury Goals or Medical Goals.[2]

35. Documents or information sufficient to show, for each Worker identified in data produced pursuant to this subpoena or this Office's subpoena of August 19, 2022, each of the identifiers Amazon used to refer to that Worker in the data produced, including that Worker's name, Amazon identification number, and Amazon username.

---

[2] Documents responsive to this request are also responsive to OSHA Request Nos. 10 and 42 and SDNY Request Nos. 3 and 15. As your counsel has suggested otherwise, we include this request in this supplemental subpoena to avoid any dispute.

5

## RIDER B

I. **Electronically Stored Information (ESI)**

   a. Electronically stored information (ESI) should be produced in accordance with these specifications. If compliance with these specifications would cause undue burden, please contact the government attorney designated on the subpoena to discuss. Please do not vary from these standards without prior approval from a government attorney.

   b. ***All ESI must be produced both in native file format, and in electronically converted TIFF image format including extracted text and load files.***

II. **Transactional and Database Records**

   a. Transactional records extracted from a database shall be produced in delimited ASCII text data format or in another easily computer-importable non-proprietary file format that does not incur a loss of data. Field headers shall be included for each column of data, and a data dictionary or other explanation of the contents of each column shall be provided.

   b. Images of items associated with transactions, such as checks, shall be produced in graphic data files in a commonly readable, non-proprietary format, such as TIFF or JPEG, with the highest image quality maintained, and named in a manner that uniquely associates them with the relevant transaction record(s).

   c. Where responsive ESI is contained in a complex relational or proprietary database (*e.g.*, Oracle, SAP, SQL, MySQL, QuickBooks) from which records cannot readily be exported without loss of related data, please call the government attorney to arrange a meet-and-confer. Identify the database type and version number, and provide the database dictionary and user manuals or other documentation sufficient to describe the structure and content of the database. The meet-and-confer will evaluate, for example, production of a backup of the database (*e.g.*, an .SDF file for a SQL implementation), or other alternatives, such as delimited ASCII exports of custom queries.

   d. **Banks**: Please produce records of account transactions as indicated in paragraphs a. and b. above, and not simply in the form of an image or printout of a monthly statement.

III. **Native File Format for ESI**

   a. All documents must be provided in the original file or "native" format in which the document was created.

   b. System and executable files should not be produced unless specifically requested.

   c. Email files must be delivered in their native format (*e.g.*, Outlook .PST or .msg, Lotus .NSF, etc.).

   d. Relevant information stored in database applications (*e.g.*, Oracle, Sybase, or MSSQL) should only be produced after first consulting with the government attorney to determine method and format of delivery.

  e. Files must be copied and produced in such a manner as to preserve all associated document and file system metadata. See list of required metadata fields below.

  f. Note: a PDF file is *not* considered a native file unless the document was initially created as a PDF.

## IV. Electronically Converted TIFF Format for ESI

  a. <u>In addition to the native format</u>, you must also provide an electronically-produced (*i.e.*, not a printed and scanned) TIFF image version, including extracted text and load files, and available metadata, for each document produced in native format.

  b. The electronically converted TIFF production must comply with the TIFF Image Production and Cross Reference File Specifications set forth below.

  c. The electronically converted TIFF production must be provided in a Concordance .dat load, together with images and the necessary image cross-reference file. *See* the Delivered Fields Specifications below.

## V. Custodian, ESI Source Location, and Path—Naming Conventions

  a. For each document that is produced, the custodian; the ESI source location (*e.g.*, network server, network hard drive, media); and the network or folder path, must be specified in a .dat file.

  b. All ESI provided must be broken down in the following folder structure: by custodian, then by data category (*e.g.*, JohnDoe/Mailfiles/datafiles/desktopfiles).

## VI. Production of Paper Records

  a. Paper records should be produced in ASCII delimited format, as detailed below.

  <u>ASCII delimited text file (.dat) format</u>
    i. The first line of the text file must contain the field names.
    ii. In most instances, the StartBates should be the Image Key field unless another field has been designated the key field by the Government.
    iii. The delimiters used should be the default values used by Concordance: comma (ASCII value 20); quote (ASCII value 254); and newline (ASCII value 174).
    iv. Produce a page header indicator in the following format, <<**batesno**>>, on a separate line for every page of OCR.

  b. If there will be more than one production, please confirm the database fields and structure remain consistent between data deliveries.

## VII. Delivered Fields Specifications

The database and load file provided must contain, at minimum, the first and last Bates number for each document, and all applicable OCR text.  The .dat file should contain a path to the OCR.  The OCR of the documents should be on a document level.

VIII. **TIFF Image Production and Cross Reference File Specifications**

   a. Documents should be electronically converted or, if need be, scanned (at 300 dpi) into single-page CCITT Group IV TIFF files.  TIFF file names should match the assigned Bates number of the underlying document page, should be unique, and sequentially numbered.  Searchable PDF files will be accepted only after a consultation between the provider and USAO technical support staff.  Multi-page TIFF files are strongly discouraged.

   b. Bates numbers should be electronically "endorsed" onto images.  The file name assigned to the image should match the underlying document's Bates number.  Bates numbers should be alpha-numeric, with the numeric portion of the stamp being "zero-filled".  As an example, as assigned Bates numbered series of documents such as "ABC1", "ABC2", "ABC3" would be unacceptable, whereas "ABC000001", "ABC000002", "ABC000003" is preferred.

   c. Images should be placed on delivered media in a master folder named **XIMAGES**.

   d. Cross-reference File. TIFF files must be accompanied with an image cross-reference file, preferably an Opticon .opt file, otherwise an IPRO .lfp file will be acceptable. *See* below.  This file must associate each Bates number with the corresponding single-page TIFF file name and indicate its location on the media provided. The file should contain one line for every page in the collection, and must contain the document Bates number and the fully qualified path to the image, beginning with the media volume.

Below is a sample for an Opticon .opt file

```
XYZCO_00663941,,D:\Company\Doe Production\AUTO0003\XYZCO_00663941.tif,Y,,,1
XYZCO_00663942,,D:\Company\Doe Production\AUTO0003\XYZCO_00663942.tif,Y,,,1
XYZCO_00663943,,D:\Company\Doe Production\AUTO0003\XYZCO_00663943.tif,Y,,,2
XYZCO_00663944,,D:\Company\Doe Production\AUTO0003\XYZCO_00663944.tif,,,,
XYZCO_00663945,,D:\Company\Doe Production\AUTO0003\XYZCO_00663945.tif,Y,,,1
XYZCO_00663946,,D:\Company\Doe Production\AUTO0003\XYZCO_00663946.tif,Y,,,2
XYZCO_00663947,,D:\Company\Doe Production\AUTO0003\XYZCO_00663947.tif,,,,
```

Below is a sample for an IPRO .lfp file:

```
IM,ABC-000001,D,0,@VOL01;IMG_0000001;ABC-000001.tif;2,0
IM,ABC-000002,,0,@VOL01;IMG_0000001;ABC-000002.tif;2,0
IM,3542-S-000001,D,0,@VOL01;IMG_0000001;3542-S-000001.tif;2,0
IM,3542-S-000002,,0,@VOL01;IMG_0000001;3542-S-000002.tif;2,0
IM,3542-S-000003,,0,@VOL01;IMG_0000001;3542-S-000003.tif;2,0
```

IX. **Delivery Media**

   a. All data and image deliveries must be made through a file-sharing site approved by this Office (*i.e.* USAfx), thumb drive, or USB 3.0 external hard drive, depending on data volume.

## X. Metadata Fields

The production should include the following metadata fields:

```
Prodbeg
Prodend
Prodbegattach
Prodendattach
From
To
CC
BCC
Subject
Date sent
Time Sent
Author
Date Created
Time Created
Date last Modified
Time Last Modified
File Name/Document Name
File Extension
Document Type/Record Type
MD5 Hash
Custodian
Page Count
File Size
Original Folder Path
```