**U.S. Department of Labor**

Office of the Solicitor
201 Varick Street, Room 983
New York, N.Y. 10014

Reply to the Attention of:

David M. Jaklevic, Senior Trial Attorney
Tel. (646) 264-3666 (direct dial)
Fax. (646) 264-3660
Email: jaklevic.david.m@dol.gov



October 12, 2022

**VIA EMAIL**

Zainab N. Ahmad
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166
ZAhmad@gibsondunn.com

    Re:    *Amazon Response to OSHA Subpoena Request Nos. 62,63, 64, 67, and 72*

Dear Counsel:

    This letter is in reply to your September 21 letter and the October 7 cover letters that accompanied Amazon's most recent document production. Specifically, this letter addresses Amazon's response to OSHA Subpoena Request Nos. 62, 63, 64, 67, and 72, and Amazon's proposal to limit the scope of the requests to a selection of four sibling facilities identified by OSHA

    Taken together, OSHA Subpoena Request Nos. 62, 63, 64, 67, and 72 require Amazon to produce, among other documents, any ergonomic-related, MSD-related, or work-pace-related risk assessments, audits, studies, analysis, communications, or reports created by Amazon or by any third-party consultant for the six OSHA inspection facilities, any sibling facility, or any aggregate of Amazon facilities.[1] Thus far Amazon has produced a limited number of responsive documents for the six inspection facilities but has not produced any documents for the sibling facilities. Amazon claims that producing documents for all sibling facilities is not feasible in the timeline proposed by the Secretary. As a compromise, Amazon proposed that OSHA select an additional four facilities (one from each type covered by OSHA's inspections) from which Amazon will collect and produce documents and data.

    We appreciate Amazon's compromise proposal and agree in principle to the idea of selecting specific sibling facilities from which Amazon will produce responsive documents. However, identifying only four additional sibling facilities will not provide OSHA a sufficient sample set given the extent of Amazon's operations. To reach a compromise, OSHA agrees to select twelve facilities (representative of each type covered by OSHA's inspections) for this

---

[1] This description does not limit or otherwise narrow the scope of OSHA Subpoena Request Nos. 62, 63, 64, 67, and 72. The description is intended only to provide a concise summary of the general types of documents and information sought by the requests.

purpose for OSHA Subpoena Request Nos. 62, 63, 64, and 72.[2] The twelve facilities are identified below:

| |
|---|
| ABE4 (Easton, PA) |
| BOS4 (Milford, MA) |
| BOS7 (Fall River, MA) |
| CMH2 (Groveport, OH) |
| DAU7 (Round Rock, TX) |
| DNY4 (Bethpage, NY) |
| EWR5 (Woodbridge, NJ) |
| MDT1 (Carlisle, PA) |
| MDW6 (Romeoville, IL) |
| MKE2 (Oak Creek, WI) |
| STL4 (Edwardsville, IL) |
| TUL2 (Tulsa, OK) |

OSHA's agreement to limit Subpoena Request Nos. 62, 63, 64, and 72 to the twelve sibling facilities identified above does not otherwise modify Amazon's obligation to respond to the subpoena requests. Amazon must still also produce all responsive documents for the six inspection facilities and all documents that concern any assessment, audit, study, analysis, or report that was conducted or was intended to apply on a nationwide, regional, or multi-facility basis. Furthermore, nothing in this letter is intended to supersede any prior communication or agreement regarding Amazon's response to the OSHA subpoenas.

We anticipate that the compromise outlined in this letter is acceptable to Amazon and Amazon will begin producing the responsive documents promptly. If you have any concerns with our proposal, then please let us know immediately. Given the OSH Act's six-month statute of limitations, we request that you produce a revised production schedule for Subpoena Request Nos. 62, 63, 64, and 72 no later than <u>Friday October 14</u>.

Thank you for your attention to this matter. Please feel free to contact the undersigned if you have any questions.

Sincerely,

Jeffrey S. Rogoff
Regional Solicitor

By: _____
David M. Jaklevic
Senior Trial Attorney

---

[2] OSHA reserves the right to identify additional facilities at a later date.

cc: Ryan C. Stewart
      Mylan L. Denerstein