| | |
|---|---|
| **From:** | Stewart, Ryan C. |
| **To:** | Tarczynska, Dominika (USANYS); Lillywhite, Jacob (USANYS); Hennefeld, Daniel - SOL; Denerstein, Mylan L.; Ahmad, Zainab |
| **Cc:** | "Boizelle, Ashley"; Schwartz, Jason C.; Jaklevic, David M - SOL; Kim, Elizabeth (USANYS); Gemmill, Kevin (USANYS) [Contractor]; Oestericher, Jeffrey (USANYS); Gitlin, Adam (USANYS); McArthur, Nikki |
| **Subject:** | [EXTERNAL] RE: Amazon |
| **Date:** | Friday, December 16, 2022 11:27:43 PM |

Dominika:

Thanks for your email.  We are continuing to move forward with ESI review and production as expeditiously as is feasible.  Although we are not in a position—on less than 24 hours' notice—to provide a precise accounting of the exact number of "attorney hours [that] have been spent on this review since November 30," as you requested, we can confirm that a minimum of 5,300 attorney hours have been devoted to ESI review from November 30 through December 15.  That is more than 330 hours *per day* of attorney time on ESI alone (more than 440 hours per business day – although, as I noted previously, we have attorneys working weekends to move this process along as quickly as possible).  Within approximately three weeks of starting this ESI review we have first-level reviewed, second-level reviewed, quality checked, processed, and produced over 3,600 documents, amounting to nearly 14,000 pages.

Amazon is committed to continuing to devote significant resources to this effort and to presenting witnesses for depositions promptly.  Your email raises a number of logistical and process concerns.  We anticipated and flagged the likelihood of issues like these during our earlier discussions regarding ESI review and deposition scheduling.  As we made clear in our meet and confers, simultaneous ESI review, production, and depositions (of ten witnesses) is not the norm or a best or efficient practice, especially within a truncated, two-month time frame (and with other ongoing commitments to cooperate with the ongoing investigations).  The government was insistent on proceeding in that manner, and we have done everything we can to make that feasible.

You first raise a concern regarding documents for the first four custodians that have been withheld pending privilege log review.  As an initial matter—and to ensure the record is clear—your email twice attributes to us the phrase "potentially privileged" in quotes, but that phrase does not appear anywhere in our correspondence to you on this matter.  These documents have provisionally been marked privileged based on clear indicia of privilege.  To be sure, we will use the same quality control efforts we are now using to screen privileged documents from production to ensure the documents our first and second level reviewers have designated as privileged are appropriately classified.  Although we expect those efforts to result in the production of additional documents, any documents being withheld are being withheld in good faith.  Amazon has the right to protect its privileged information.

Nor do we find it particularly surprising that corporate executives would hold a large amount of privileged correspondence within their ESI.  We note, however, that your statement that 70% of responsive documents are privileged is inaccurate because our numbers include families.  Only approximately 30% of the documents reviewed because they contained the search terms were withheld on privilege.

In any event, we committed to "substantially completing" the production of "non-privileged ESI" from these custodians in advance of their depositions given the short timeframe involved.  *E.g.,* R. Stewart Nov. 30 Email; R. Stewart Dec. 7 Email; R. Stewart Dec. 9 Email.  Although we understand that the government now demands the complete production of all non-privileged ESI, a privilege log, and resolution of any privilege questions at least 7 days in advance of any deposition, that is not what we committed

to.  Nor would it have been feasible to do so on the truncated timeline anticipated for those depositions.  We will move forward expeditiously with the privilege log process (and re-direct priorities accordingly) given your request below.  To the extent any documents (or portions thereof) are deemed non-privileged after further review and diligence we will produce them promptly.  Should you wish to postpone depositions until this process is complete for each custodian, we are willing to do so.

As I stated yesterday, we are not in a position at this time to commit to a date certain for the completion of privilege logs.  As you know, privilege log review is an important process—certainly we assume that the government does not want us to produce privileged communications—and requires review and conferral with our client.  We will move forward on a custodian by custodian basis as expeditiously as feasible and update you accordingly, including on a rolling basis.  (Amazon is under no obligation to and will not provide a "metadata log" for unproduced documents.)

Your email also raises a purported concern regarding the rate of responsiveness in the ESI production.  To clarify the record, the unique hits from these custodians' ESI were approximately 14,500 documents (25,000 including families).  The larger numbers you are referencing were from the hit report provided before you agreed to minor final revisions to the search terms (after which no updated hit report was provided).

Our review has identified communications responsive to the government's document requests, and responsive communications have been produced.  To the extent documents have not been produced it is because they have been reviewed and deemed not responsive.  If you have particular concerns regarding a specific subject or category of ESI you feel has not been produced we, of course, are willing to listen to your concerns and assess accordingly.

Third, your email raises concern regarding the pace of production.  As noted above, Amazon has devoted significant resources to this effort.  The process cannot reasonably move any faster.  As with any ESI review there is a learning and efficiency curve with respect to review, processing, and production.  And, as we previously noted, that efficiency curve would have resulted in greater efficiencies if we had proceeded on a subject matter basis rather than the custodian-by-custodian basis on which you insisted.  At this time, we are not in a position to commit to any set date for completion of privilege review and privilege logs.  Amazon will continue to devote significant resources to this effort on a custodian-by-custodian basis to facilitate rolling depositions, and we will continue updating you on our progress on an iterative basis.

Finally, we note that our agreement to endeavor to meet the government's various deadlines was expressly conditioned upon the understanding that we would receive no further investigative requests.  And we relied on your representation that the government was coordinated and speaking with one voice about its priorities.  Yet in the last two weeks we have continued to receive additional requests and time sensitive demands from OSHA that further detract from our efforts, including (i) requests for three additional site-level statements, (ii) expanded requests for documents that fall outside of what we agreed to produce in our written objections and meet and confer correspondence for the more than 550 document requests at issue in these investigations, including eight new document requests from MDW8 and two additional requests from Mr. Hennefeld, (iii) unnecessarily drawn-out depositions exceeding eight hours in length, and (iv) attendance at six closing conferences with no advance notice (indeed, at least two of the conferences were demanded within less than an hour after the initial email).  We have also continued to receive correspondence from SDNY including your December 15 email setting forth new demands, inquiries and deadlines, responses to which further detract from our efforts.  We are nonetheless continuing to

do what we can, within reason, to provide the documents and information you seek.

With respect to the other items included in your email:

*First*, we are in receipt of Mr. Lillywhite's December 9 request for additional details regarding Amazon's basis for withholding information and documents related to ergonomic assessments conducted by BSI in 2016.  As you know, Amazon's RFP through which BSI was retained for the project expressly stated that the project was conducted at the direction of Amazon's Legal Department on a privileged basis.  We are gathering more information per your request and will provide it once gathered.

*Second*, with respect to search term hit reports for Mr. Jassy and Mr. Bezos, our vendor has been focusing processing efforts on ESI review for the deponents.  Once the ESI is processed we can run and provide a search term hit report for the ESI of Messrs. Jassy and Bezos promptly.

*Third*, we can confirm that                will be traveling, including internationally, for at least the first three weeks of January.  Therefore we anticipate that her deposition will need to take place in February.  We will work to identify her available dates next week.

*Fourth*, with respect to associate-level productivity data, as we have told you from the outset, querying, pulling, and reviewing associate-level data for all sibling facilities is an extraordinarily burdensome endeavor.  Nonetheless, in light of your repeated requests, Amazon agreed to undertake that burden.

After significant effort and time, Amazon has now successfully identified and isolated responsive, historical associate-level data for fulfillment center, sortation center, and delivery station "sibling facilities."  To give you a sense of scope, the data for a single facility, for a single day, can total more than 60,000 rows of data.  Multiplied across multiple years and hundreds of facilities, the total data extract will be billions of rows of data.

With the data successfully queried and isolated, we are currently in the process of exporting that data from its multiple native data sources to a central repository, where it will then be transferred and burned to media for production to your offices.  Given the sheer volume of data, we do not know exactly how long the machine processing will take, but our current, best estimate is that machine processing to the central repository should be complete by early next week.  At that time, we will provide you a further update on the volume of data being transferred to external media.

*Fifth*, with respect to the government's request for five years' of nationwide data from Gensuite in the supplemental subpoenas, we have identified the responsive fields and Amazon is currently in the process of pulling that data.  We expect the data pull to be completed next week.  We will provide the data promptly once it is quality checked and processed.

*Sixth*, with respect to the government's request for nationwide Austin data in the supplemental subpoenas, we can confirm that we are in receipt of the data.  It is currently being processed for production and we anticipate producing it next week.  We can also confirm that we were able to pull this data with employee ID and Amazon alias "cross walks," which added some unexpected time to the data pull but which should facilitate easier review by you.

Thanks,

Ryan

**Ryan Stewart**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Thursday, December 15, 2022 7:50 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** 'Boizelle, Ashley' <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** RE: Amazon

**[WARNING: External Email]**

Ryan,

Thank you for your email.

We are very troubled about the percentage of documents that are being withheld from the production as "potentially" privileged.  For example, for ▓▓▓▓, you are producing a total of 870 documents, while 1,900 are being held back as potentially privileged.  We find it difficult to understand how almost 70% of his responsive documents could be privileged.  Overall, across all 4 custodians, more than 50% of the documents have been withheld as potentially privileged. Given Amazon's position that we only have one opportunity to depose these witnesses, we need you to produce any documents that are deemed not privileged or only partially privileged, and to understand what types of documents are being withheld on the basis of privilege before the depositions.  In light of that, we will postpone ▓▓▓▓▓▓ deposition that is currently scheduled for Monday until January.  By the end of next week, we would like Amazon to provide a privilege log for the documents withheld from the productions of ▓▓▓▓▓▓ documents, as well as produce any documents that are deemed non-privileged or only partially privileged. For the documents withheld from the productions of ▓▓▓▓▓▓▓▓▓▓▓▓ please provide a metadata log by the end of next week that includes Author, Recipients (if applicable), File type, file date, File Name or Subject (for Emails) if it is not feasible to also produce a privilege log for these custodians in this time frame.  To the extent that documents that have been withheld involve communications with attorneys at your firm in connection with the current OSHA inspections or SDNY investigation, we do not need you to