| | |
|---|---|
| **From:** | Lillywhite, Jacob (USANYS) |
| **To:** | Stewart, Ryan C.; Denerstein, Mylan L.; Ahmad, Zainab; Schwartz, Jason C.; McArthur, Nikki; "Boizelle, Ashley" |
| **Cc:** | Oestericher, Jeffrey (USANYS); Tarczynska, Dominika (USANYS); Kim, Elizabeth (USANYS); Gitlin, Adam (USANYS); Gemmill, Kevin (USANYS) [Contractor]; Hennefeld, Daniel - SOL; Jaklevic, David M - SOL |
| **Subject:** | RE: Amazon |
| **Date:** | Monday, December 26, 2022 8:51:00 PM |

Counsel,

We write again to schedule a meet and confer.  On Monday, December 19, we asked that you produce certain information by that Thursday (12/22) at 5 p.m. and advise us of your availability on Friday (12/23) for a meet and confer in advance of a potential motion to enforce.  You did not respond until after 11:30 p.m. on Thursday (in tandem with your filing a motion for a protective order) to propose times on Friday.

We will be responding to your motion in connection with our FIRREA subpoena in due course; however, we still wish to meet and confer in connection with OSHA's subpoenas.  Please advise us as soon as possible, and by no later than 4 p.m. tomorrow, of your availability for a meet and confer on Wednesday (12/28) or Thursday (12/29).  At that meet and confer, we wish to discuss the issues raised in our December 19 letter except as they concern (1) ESI only responsive to the single search string that included "bank*", which was chiefly relevant to the FIRREA subpoena; and (2) the depositions for the five corporate FIRREA deponents who were not noticed for administrative statements by OSHA.  In addition, we wish to discuss the following issues related to ergonomic assessments, again in the context of OSHA's subpoenas:

- As Mr. Hennefeld advised you on December 16, during their administrative statements                               referred to certain ergonomic assessments or reports concerning MCO2 and MDW8, which are further described in Mr. Hennefeld's email.  When will those be produced?

- On November 30, you committed to producing "responsive ergonomic assessments conducted by Amazon at a nationwide level (subject to Amazon's other objections) on or before January 6."  On December 7, you expanded that commitment to "producing non-privileged assessments, analyses, and white papers identified after a reasonably diligent search of likely custodians related to potential ergonomic hazards, MSD risks, and pace of work at a national level that were created by or for 'National Staff Members' [as defined in the subpoenas] within Amazon's WHS team since August 1, 2017."  We want to confirm you will make these productions by January 6.  We also want to understand which assessments, if any, you will be withholding—whether based on claims of privilege or any other basis.  To the extent you take the position that some of these assessments were privileged, we want to know the basis for such claims.

- Relatedly, we want to better understand your privilege claim related to the BSI ergonomic assessment.  In your letter of December 22, you wrote that the "2016 project was conducted at the direction and under the supervision of Amazon's Legal Department."  (12/22 Ltr. 8.)  You also wrote that it was "initiated within months after Amazon received a Hazard Letter *from OSHA* in December 2015 . . . that specifically related to ergonomics."  (*Id.*)  However, you

don't expressly assert that this project, which we understand had a nationwide scope, was undertaken in response to OSHA's hazard alert letter concerning the Robbinsville, New Jersey warehouse.  Was it?  When did Amazon first contact BSI to discuss this project?  Who at Amazon did so?  Did communication between Amazon and BSI concerning this project always include the Legal Department?

We also would appreciate a further update with regard to Amazon's efforts to respond to our remaining highest priority requests.  In particular:

- **Documents concerning Injury Goals or Medical Goals.**  We want to confirm you will be producing responsive documents by January 6.

- **Documents concerning incentives related to Injury Goals or Medical Goals.**  We want to confirm you will be producing responsive documents by January 6.  To the extent you take the position that some of these documents are privileged, we want to confirm you will be producing a privilege log at that time.

- **Associate-level productivity data.**  In light of Friday's update, when do you expect to be able to produce this data?

- **Austin/Gensuite data.**  On December 16, you wrote you were "in receipt of the [Austin] data" and "anticipate producing it next week"—that is, by last Friday, December 23.  We have not yet received it.  When do you expect to produce the Austin data?  You also wrote in that email that you expected the Gensuite "data pull to be completed next week" (by December 23), though you had to quality check and process it before production.  What is the current status, and when do you expect to produce the Gensuite data?

- **Return to Work data.**  Please provide an update on the status and when you expect to produce this data.

- **Weight data.**  Have you identified any such information?  We understand weight information was produced to Washington L&I in December 2020 that included unit counts by weight buckets (0-5 lbs., 5-10 lbs., etc.) for BFI3.  We have also heard that Amazon operations managers, when asked about providing similar information during the OSHA inspections, said they could do so.  If you have not identified that information, we want to confirm that you have identified the data source used to produce information to L&I and that you have spoken with operations managers about whether and how this information is kept.

Sincerely,

Jake

Jacob Lillywhite
Assistant United States Attorney
Southern District of New York

86 Chambers Street, Third Floor
New York, New York 10007
(212) 637-2639

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Thursday, December 22, 2022 11:38 PM
**To:** Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; 'Boizelle, Ashley' <boizelle@amazon.com>
**Cc:** Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** [EXTERNAL] RE: Amazon

Counsel:  Please see the attached correspondence.

Thank you,
Ryan


**Ryan Stewart**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>
**Sent:** Monday, December 19, 2022 2:45 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; 'Boizelle, Ashley' <boizelle@amazon.com>
**Cc:** jeffrey.oestericher@usdoj.gov; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** RE: Amazon