| | |
|---|---|
| **From:** | Stewart, Ryan C. |
| **To:** | Gitlin, Adam (USANYS); Tarczynska, Dominika (USANYS); Lillywhite, Jacob (USANYS); Denerstein, Mylan L.; Ahmad, Zainab; Schwartz, Jason C.; McArthur, Nikki; Boizelle, Ashley |
| **Cc:** | Oestericher, Jeffrey (USANYS); Kim, Elizabeth (USANYS); Gemmill, Kevin (USANYS) [Contractor]; Hennefeld, Daniel - SOL; Jaklevic, David M - SOL |
| **Subject:** | [EXTERNAL] RE: Amazon |
| **Date:** | Thursday, January 5, 2023 12:25:02 PM |
| **Attachments:** | Amazon - Stipulation for Re-noting motion for protective order - Redline 12.5.2023.docx |

Adam:  Thank you for your email last night updating us that the U.S. Department of Labor (OSHA) will be the agency moving to compel and for identifying the issues on which it will be moving.

We disagree with your characterization of our meet and confer efforts.  And your assertion that December 19 was the "first" time the government had requested a meet and confer regarding a potential motion to compel is demonstrably untrue.  As you know, the government has threatened to move to compel several times over the past few months, notwithstanding our ongoing meet and confer efforts, that Amazon has never refused to provide responsive documents or information, and Amazon's continued commitment and dedication of substantial resources to providing documents and information as fast as it reasonably can.  We had done everything we could to avoid burdening the Court with motion practice.  Regrettably, however, the government's December correspondence cited in your email was more of the same, filled with incendiary language and baseless accusations, further demonstrating that we had reached a point where the government's demands were not feasible.

With respect to the first and third bullets of OSHA's anticipated motion, so that the record is clear, we stated during the meet and confer on Tuesday that we would provide a privilege log for any responsive, withheld nationwide ergonomic assessments by February 3 and that we would produce an initial privilege log on February 3 that included withheld documents from the first four custodians, which would be updated on a rolling basis with additional documents for those and other custodians thereafter.

With respect to the stipulation and briefing schedule, we do not object to SDNY's request for an additional extension of time for its opposition brief (originally due yesterday) to January 6.  However, in light of that requested extension and the federal holiday weekend preceding our opposition to OSHA's anticipated motion to compel, we ask that you consent to a one-day extension for our filing.  This will still result in Amazon having less time than the government will have had for its opposition brief to our motion.  This is reflected in the attached edits to the stipulation.  Please confirm your agreement.

Finally, with respect to the two other topics in your email:

*First*, to ensure the record is clear, I stated that we hoped to be in a position to provide ESI hit reports for Messrs. Bezos and Jassy this week and that we would provide an update by the end of the week if that could not occur.  I anticipate receiving an update from our vendor by the end of the day today and we can provide you an update (or a hit report, if available) tomorrow.

*Second*, we will look into the Austin data promptly and get back to you early next week.  As you know, the government first subpoenaed this data on November 17 and did not confirm which informational fields it was requesting until 5 p.m. on November 23.  We produced the data (which spanned all "Sibling Facilities" nationwide) within five weeks.

Thank you,

Ryan

**Ryan Stewart**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>
**Sent:** Wednesday, January 4, 2023 9:16 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** jeffrey.oestericher@usdoj.gov; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** RE: Amazon

**[WARNING: External Email]**

Ryan,

We believe that in the communications that we've been sending since December 19 when we first requested a meet and confer regarding a motion to compel compliance with the OSHA subpoenas, and during our meet and confer yesterday, we flagged the specific production issues that will be the subject of the motion to compel compliance with the OSHA subpoenas—certainly more clearly than what Amazon did when it filed its motion for protective order without meeting and conferring with us (despite our requests for a meet and confer).  Nevertheless, so there is no misunderstanding, we intend to move to compel faster compliance with the following items in the OSHA subpoenas:

- Completion of privilege review for the first four custodians (                                    ), and production of any documents deemed non-privileged or partially privileged and privilege logs;
- Production of all non-privileged emails and other ESI flagged by the parties' agreed-upon search protocol (except for the one search string that is targeted towards documents responsive to the FIRREA subpoena), together with a privilege log;
- Production of a privilege log for any documents withheld on the basis of privilege from Amazon's production of ergonomic hazard assessments; and
- Dates for the testimony of                              , and a date for the testimony of Mr.