The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM SERVICES, LLC,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Respondent,<br><br>and<br><br>MARTIN J. WALSH, SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR,<br><br>Intervenor-Cross Petitioner. | No. 2:22-cv-01815-JCC<br><br>**UNITED STATES DEPARTMENT OF JUSTICE'S OPPOSITION TO AMAZON'S MOTION FOR A PROTECTIVE ORDER PERTAINING TO SUBPOENAS ISSUED UNDER FIRREA** |

//

//

DEPARTMENT OF JUSTICE'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER - 1
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

The Department of Justice ("DOJ") respectfully submits this opposition to Amazon's motion for a protective order pertaining to subpoenas issued by the United States Attorney's Office for the Southern District of New York ("SDNY") pursuant to the Financial Institutions Reform Recovery and Enforcement Act of 1989, 12 U.S.C. § 1833a ("FIRREA") (the "FIRREA Subpoenas").

**PRELIMINARY STATEMENT**

Amazon's motion for a protective order has largely been rendered moot due to the recent filing of a motion to compel by the United States Department of Labor, Occupational Safety and Health Administration ("OSHA"), concerning virtually all of the same documents and testimony that are at issue in Amazon's motion (ECF No. 15). Amazon's protective order motion concerns FIRREA subpoenas issued by SDNY in connection with its investigation of whether Amazon engaged in a fraudulent scheme designed to hide the true number of injuries to Amazon workers, and whether Amazon made false representations to lenders about those injuries and its safety record to obtain credit. As Amazon highlights in its motion, the statute of limitations for SDNY's FIRREA investigation is ten years and the only relief that can be obtained in a FIRREA action is monetary. Accordingly, Amazon urges that it should not be required to provide documents and testimony responsive to the FIRREA Subpoenas in a more expedited fashion. *See* ECF No. 7 at 1-2.

However, OSHA is conducting related investigations along with the SDNY (together, the "Government"), pursuant to the Occupational Health and Safety Act (the "OSH" Act), 29 U.S.C §§ 651 *et seq.*, of Amazon's exposure of warehouse workers at six facilities around the country to significant ergonomic hazards, causing serious injuries. These investigations, which were opened in July and August 2022, are subject to a six-month statute of limitations (*see* 29 U.S.C

DEPARTMENT OF JUSTICE'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER - 2
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

§ 658(c)) and the potential relief would involve measures to protect warehouse workers from significant hazards that have caused numerous injuries. OSHA issued document subpoenas in connection with its investigations that overlap to a very large degree with the FIRREA Subpoenas, and requested testimony from five of the ten witnesses whose depositions were noticed by FIRREA Subpoenas. OSHA believes that the documents and testimony being requested in its subpoenas will provide significant evidence regarding the severity of Amazon's ergonomic hazards and its longstanding knowledge of those hazards. *See* ECF No. 15 at 1-2.

Because of the urgent and serious nature of the issues involved in OSHA's investigations, and the governing six-month statute of limitations, the Government has pressed Amazon for nearly five months to respond expeditiously to the subpoenas issued by OSHA and by SDNY. Amazon, however, has missed numerous agreed-upon production dates, completed review of far fewer documents than it promised or is reasonable, and is refusing to produce corporate-level witnesses for deposition. Accordingly, OSHA was forced to move to compel compliance with its subpoenas.

Given the exigencies at issue with respect to OSHA's investigations, the Court should decide OSHA's motion to compel prior to addressing Amazon's motion for a protective order, and the Court's ruling should govern with respect to the documents and witness testimony that are requested in both the OSHA subpoenas and SDNY's FIRREA subpoenas. With respect to the small subset of document requests and deposition notices that are contained only in the FIRREA Subpoenas (and not the OSHA subpoenas), the Government submits that Amazon's proposed production schedule is too elongated and should be revised to require more reasonable deadlines.

DEPARTMENT OF JUSTICE'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER - 3
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

# BACKGROUND[1]

## I. The Subpoenas

As detailed in OSHA's motion and the accompanying declaration of Daniel Hennefeld, OSHA and SDNY are conducting related investigations of Amazon's facilities. *See* ECF No. 15 at 3; ECF No. 16 ("Hennefeld Decl.") ¶¶ 3-5. OSHA opened inspections for workplace hazards at six Amazon facilities across the country in mid-July and early August 2022. *Id.* at 5. In connection with these inspections, OSHA issued subpoenas to Amazon for documents and witness testimony. *See* Hennefeld Decl. ¶¶ 6, 8-9. Relatedly, SDNY is conducting an investigation under FIRREA into whether Amazon engaged in a fraudulent scheme designed to hide the true number of worker injuries to Amazon workers, and whether Amazon made false representations to lenders about those injuries and its safety record to obtain credit. SDNY also issued subpoenas for documents and witness testimony in connection with its FIRREA investigation. *Id.* ¶¶ 7-9. SDNY's FIRREA subpoena includes a request that incorporates by reference all documents requested by the OSHA subpoenas. *See* Hennefeld Decl. Ex. G (RFP No. 3). SDNY and OSHA have subpoenaed five of the same corporate-level Amazon witnesses for testimony; and SDNY has also subpoenaed five additional witnesses. *See* Hennefeld Decl. ¶ 9.

The Government and Amazon negotiated an ESI search protocol which included search terms that addressed both sets of subpoenas. *Id.* ¶ 11. Only one search string in the search parameters—one that included the term "bank"[2]—sought documents solely responsive to the

---

[1] DOJ respectfully refers the Court to the Secretary's Motion to Compel, ECF No. 15, and the Hennefeld Decl., ECF No. 16, for a more complete recitation of the relevant background.
[2] "(false statement* OR misrepresent* OR lie* OR lying OR evil OR illegal OR unlawful OR trouble OR jail) W/15 (bank* OR contract* OR agreement* OR diligence OR SEC* OR Morgan

DEPARTMENT OF JUSTICE'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER - 4
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

FIRREA Subpoenas. *Id.* As Amazon's counsel explained in a recent email, "the search string containing 'bank*' yielded fewer than 4,000 unique 'hits'—approximately just 3% of the total unique hits in the review protocol." *Id.* Ex. R at 205. In comparison, the total number of "hits" in the review protocol was approximately 125,000 plus family members. *See* ECF No. 8 Ex. 15 at 205-08; *see also* ECF No. 7 (Amazon's motion noting review of a total number of 235,000 documents required).

## II.   Amazon's Motion for Protective Order

As detailed in OSHA's motion, Amazon failed to meet its commitments for completing production of ESI for corporate-level deponents whose depositions were scheduled for mid-December and early January. Thus, on December 19, the Government sent a letter to Amazon's counsel indicating that the Government may need to compel compliance with the subpoenas. *See* ECF No. 15 at 6-7; *see also* ECF No. 8 Ex. 10 at 108-112 (SDNY December 19, 2022 Letter). The Government asked for additional information by 5:00 p.m. on December 22, and requested that Amazon propose meet and confer times on December 23. ECF No. 8 Ex. 10 at 108. Amazon did not respond until 11:30 p.m. on December 22, when it indicated that it had filed a motion for a protective order in this district with respect to SDNY's FIRREA subpoenas and offered times for a meet and confer the next afternoon. *Id.* Ex. 1 at 6-16. Having rushed to file its motion in this district, Amazon failed to meet and confer in advance of moving for a protective order. Instead in its Local Rule 26(c) certification it referred back to telephonic meet and confers on November 10 and 17 held early in the parties' negotiations regarding search parameters, *see* ECF No. 8 ¶ 18.

---

OR Goldman OR Citi* OR HSBC OR Barclays OR BofA OR "Bank of America" OR Deutsche OR Wells OR Societe OR TD OR Toronto-Dominion OR Toronto Dominion)"

DEPARTMENT OF JUSTICE'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER - 5
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

In its motion for a protective order, Amazon requests that it be allowed to complete its review and production of all ESI responsive to the FIRREA Subpoenas by June 30, 2023, and that depositions of custodians of that ESI commence after the completion of Amazon's ESI production and no later than August 31, 2023. *See* ECF No. 7 at 14.

### III. FIRREA

Congress enacted FIRREA in order to "strengthen the enforcement powers of Federal regulators of depository institutions" and to "strengthen the civil sanctions and criminal penalties for defrauding or otherwise damaging depository institutions and their depositors." *Nat'l Credit Union Admin. Bd. v. RBS Sec.,* Inc., 833 F.3d 1125, 1132 (9th Cir. 2016) (internal quotation marks omitted) (citing Pub. L. No. 101–73, 103 Stat. 183 §§ 101(9)-(10)). FIRREA empowers the Attorney General to commence a civil action to recover civil penalties for enumerated criminal predicated offenses that involve certain financial institutions and government agencies. 18 U.S.C. § 1833a(a). Congress granted the Attorney General broad powers to conduct investigations under FIRREA including the authority to issue subpoenas in order to "summon witnesses and require the production of any books, papers, correspondence, memoranda, or other records *which the Attorney General deems relevant or material to the inquiry.*" *Id.* § 1833a(g)(1)(C) (emphasis added). FIRREA contains a ten-year statute of limitations. *See* 18 U.S.C. § 3293(2).

### ARGUMENT

The Court should resolve OSHA's motion to compel prior to addressing Amazon's motion for a protective order with respect to the FIRREA Subpoenas. When multiple motions are presented, the Court "has discretion to decide the order in which it [will] consider and decide them." *Hoptowit v. Spellman*, 753 F.2d 779, 782 (9th Cir. 1985); *see also Crockett v. R.J.*

DEPARTMENT OF JUSTICE'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER - 6
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

*Reynolds Tobacco Co.*, No. CIV.A. G-04-505, 2004 WL 2495441, at *1 (S.D. Tex. Nov. 3, 2004) ("federal law does not prescribe any particular order for the consideration of motions"). In determining the order in which it will consider motions, courts consider, among other things, the conservation of judicial resources. *See, e.g.*, *Channel Bell Assocs. v. W.R. Grace & Co.,* No. 91 Civ. 5485, 1992 WL 232085, at *2 (S.D.N.Y. Aug. 31, 1992) (addressing plaintiffs' alternative cross-motions for summary judgment or abstention before considering defendant's motion to transfer venue in the interest of conserving judicial resources); *Holmes v. F.D.I.C.*, No. 11 Civ. 211, 2011 WL 1498824, at *1 (E.D. Wis. Apr. 19, 2011) (determining plaintiff's motion to remand prior to defendant's motion to stay which "[made] the most sense" in terms of judicial efficiency).

The only question at issue in Amazon's motion for a protective order is the timing of production. To a very large extent, those exact same issues are presented in OSHA's urgent motion to compel. Accordingly, Amazon's motion should be denied for the reasons set forth below.

*First*, in the interest of judicial economy, the Court should exercise its discretion to resolve OSHA's motion to compel compliance with its subpoenas prior to deciding Amazon's motion for a protective order. The discovery at issue concerning the FIRREA Subpoenas – ESI of corporate-level employees and their testimony – is essentially the same as the discovery at issue with respect to the OSHA subpoenas.[3] *Compare* Amazon's Motion for a Protective Order, ECF No. 7 *with* the Secretary's Motion to Compel, ECF No. 15. Indeed, only one search string in the ESI search parameters, which includes the term "bank," seeks documents solely responsive

---

[3] SDNY issued subpoenas for the depositions of 10 corporate-level witnesses, five of whom have been cross-noticed by OSHA. *See* Declaration of Daniel Hennefeld ("Hennefeld Decl.") in Support of the Secretary's Motion to Compel, ECF No. 16, ¶ 9.

DEPARTMENT OF JUSTICE'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER - 7
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

to the FIRREA Subpoenas. *See* Hennefeld Decl. ¶ 11 & n. 8. Amazon has represented that excluding those documents from its review "[would] not materially speed up the process." *Id.* Resolution of the Secretary's motion to compel compliance with the OSHA subpoenas would therefore moot out nearly all of the ESI at issue in the FIRREA Subpoenas. Thus, judicial economy weighs in favor of this Court's resolution of the Secretary's motion to compel compliance with the OSHA subpoenas prior to Amazon's motion for a protective order.

*Second*, with respect to the approximately 5,000 documents and five witnesses unique to the FIRREA Subpoenas, the schedule that Amazon requests in its motion is unreasonably long. As detailed in OSHA's motion, courts have recognized review rates of approximately 40 to 100 documents per hour, *see* ECF No. 15 at 11, far greater than the rate proposed by Amazon; thus, Amazon should be able to complete its review of the additional documents promptly after completing its production of ESI responsive to the OSHA subpoenas, and present the additional witnesses for testimony. Accordingly, SDNY requests that the Court enter a reasonable schedule that allows Amazon one month after competition of its OSHA productions to produce the small amount of additional ESI sought in the FIRREA Subpoenas, and a further month to produce the additional witnesses for depositions.

DEPARTMENT OF JUSTICE'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER - 8
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Respectfully submitted this 6th day of January, 2023.

          DAMIAN WILLIAMS
          United States Attorney, Southern District of New York

    By: */s/ Elizabeth J. Kim*
          JEFFREY OESTERICHER
          DOMINIKA TARCZYNSKA
          JACOB LILLYWHITE
          ELIZABETH J. KIM
          ADAM GITLIN

          Assistant United States Attorneys
          United States Attorney's Office
          86 Chambers Street
          New York, NY 10007
          Phone: (212) 637-2800
          Email: Elizabeth.Kim@usdoj.gov

          NICHOLAS W. BROWN
          United States Attorney, Western District of Washington

          KAYLA C. STAHMAN, CA #228931
          Assistant United States Attorney
          United States Attorney's Office
          700 Stewart Street, Suite 5220
          Seattle, Washington 98101-1271
          Phone: 206-553-7970
          Fax: 206-553-4067
          Email: kayla.stahman@usdoj.gov

          *Attorneys for Respondent*

DEPARTMENT OF JUSTICE'S OPPOSITION TO
MOTION FOR PROTECTIVE ORDER - 9
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970