THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM SERVICES, LLC, | CASE NO. C22-1815-JCC |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE, | |
| Respondent, | |
| and | |
| MARTIN J. WALSH, SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR, | |
| Intervenor. | |

  This matter comes before the Court on Martin J. Walsh's, Secretary of the United States Department of Labor ("DOL"), motion to intervene (Dkt. No. 14). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

  Petitioner filed a petition to modify subpoenas issued by the United States Attorney's Office for the Southern District of New York ("SDNY"). (Dkt. No. 1.) These subpoenas were

issued as part of an ongoing investigation by SDNY and the United States Department of Labor Occupational Safety and Health Administration ("OSHA"). (Dkt. No. 7 at 5–6.) Petitioner asserts it has tried to diligently respond to SDNY and OSHA's subpoena requests, but that the timelines SDNY and OSHA have requested are unreasonable. (*Id.* at 6–7.) Petitioner asks the Court to issue a protective order and to set a "reasonable schedule" for it to comply with the SDNY's subpoenas. (*Id.* at 7.)

DOL requests permission to intervene under Rule 24(b)(1)(B). (Dkt. No. 14 at 3.) Petitioner consents to DOL's request to intervene. (*Id.*) Permissive intervention requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law or fact between the movant's claim or defense and the main action." *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470,473 (9th Cir. 1992) (citing *Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990)). The Court must also consider whether the intervention "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Each of these requirements is satisfied. First, the Court has independent jurisdiction to require individuals to produce evidence and provide testimony related to an ongoing investigation by DOL. 29 U.S.C. § 657(b). Here, DOL seeks to intervene to obtain an order compelling Petitioner to comply with subpoenas issued by OSHA. (Dkt. No. 14 at 4.) Second, DOL's motion is timely; it is filed only two weeks after Petitioner's motion and Petition does not object. Third, common questions of fact exist between DOL's claim and Petitioner's request for a protective order. Although the protective order Petitioner requests is related to SDNY's subpoena requests, there is substantial overlap between the records and testimony requested by SDNY and those requested by OSHA. (Dkt. No. 14 at 5.) This means any ruling this Court makes regarding Petitioner's obligation to produce certain documents and witness testimony will also impact OSHA's ongoing investigation and subpoenas.

Therefore, the Court finds that permissive intervention of DOL is appropriate, and the motion to intervene (Dkt. No. 14) is GRANTED.

ORDER
C22-1815-JCC
PAGE - 2

1   DATED this 11th day of January 2023.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE