THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

Amazon.com Services, LLC,

    *Petitioner*,

v.

United States Department of Justice,

    *Respondent*,

and

Martin J. Walsh, Secretary of the United States Department of Labor,

    *Intervenor*.

Case No. 2:22-cv-01815-JCC

**DECLARATION OF MELISSA A. BAILEY IN SUPPORT OF PETITIONER'S CROSS MOTION FOR A PROTECTIVE ORDER PERTAINING TO OSHA SUBPOENAS**

I, Melissa A. Bailey, declare and state as follows:

    1.    I am an attorney licensed to practice law in the District of Columbia and the State of Kansas. I am a Shareholder in the Washington D.C. office of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree") and counsel for Amazon.com Services, LLC ("Amazon"). I submit this Declaration in support of Amazon's Cross Motion for a Protective Order pertaining to OSHA Subpoenas. All of the information contained herein is based on my personal knowledge and experience. If called and sworn as a witness, I could and would competently testify to these facts.

2. I have been practicing law for over 28 years. For the past 25 years, my practice has focused solely on occupational safety and health law. In my decades of practice in this field, I have represented hundreds of clients—including large and small companies across various industries—in OSHA proceedings or similar state agency proceedings. This work includes representing clients in government inspections and investigations – including inspections OSHA has conducted to identify potential ergonomic hazards and recordkeeping violations – as well as agency proceedings, and state and federal court proceedings. I have also represented clients before OSHA in connection with rulemaking and policy formation and have testified before Congress regarding OSHA issues. I am the former Employer Co-Chair of the American Bar Association Occupational Safety and Health Committee.

3. In this case, OSHA opened inspections at six Amazon facilities. As part of its investigation, OSHA has served more than 525 requests for documents on Amazon, across 8 document subpoenas. OSHA's document requests in this investigation are broad in nature, generally requesting any and all documents that pertain to nearly every aspect of Amazon's business, including its operations, human resources department, and health and safety organization, at the facility, regional, and national level.

4. OSHA's document requests in this investigation also seek a significant number of documents and information that are related not just to the six facilities at which OSHA opened inspections but instead to more than 900 "Sibling Facilities" nationwide. OSHA's subpoenas define "Sibling Facilities" to include all Amazon facilities of the same type as the inspected facilities, which includes all sortation centers, fulfillment centers, delivery stations, and AMXL fulfillment centers. OSHA's expansive document requests seek, for example, documents and information regarding injury rates, turnover rates, productivity data and communications, and injuries/incidents reports at these facilities nationwide.

DECLARATION OF MELISSA BAILEY DAVIS WRIGHT TREMAINE LLP
(CASE NO. 2:22-CV-01815-JCC) 920 Fifth Ave, Suite 3300
 Seattle, WA 98104

2

5. In my 25 years of practicing in this area, I have never been involved with or heard about an investigation in which OSHA subpoenaed or otherwise sought such far-ranging documents from facilities outside of those it was inspecting. To the extent that OSHA requests documents outside of the facility level, those requests are typically limited to corporate-wide policies and procedures.

6. I understand that OSHA is also seeking in this investigation (and has now moved to compel) the expedited review and production of over 233,000 electronically stored documents ("ESI") from 12 Amazon custodians.

7. In my experience, this ESI request is unprecedented. OSHA rarely seeks ESI at all. In my decades of practice in this area, OSHA has sought the review and production of ESI only a handful of times. And, in each of those instances, OSHA most often sought the ESI during discovery in the administrative litigation that commences once OSHA has closed its inspections and issued citations (at that time, any discovery disputes are resolved by the administrative law judge assigned to the case). Moreover, in those few circumstances where OSHA has sought ESI during the administrative litigation, the request for ESI is typically limited to a small subset of readily identifiable emails or messages focused on a particular injury incident or hazard. I have never experienced an OSHA investigation in which the agency sought the large-scale review and production of ESI based on search terms and custodians.

8. Further, in this investigation OSHA has served 27 subpoenas for sworn testimony from current and former Amazon employees at the facility level, regional level, and national level. OSHA has also requested and completed unsworn interviews with hundreds of non-manager Amazon employees and many managers during the course of its on-site inspections. While sworn testimony is sought by OSHA during some inspections, I have never been involved in an investigation in which OSHA has sought this many sworn statements.

9. I have never been involved with any prior OSHA investigations that are as broad in scope, subject matter, and volume of requests as this investigation. For example, I understand that Amazon has produced over 40,000 documents to OSHA in this investigation. That is more documents than any other that I recall being produced in any other OSHA investigation I have been involved with.

10. I understand that during the course of this OSHA investigation, Assistant United States Attorneys from the U.S. Attorney's office have taken the lead on nearly all correspondence and meet-and-confer efforts with Amazon, including those related to OSHA's document subpoenas, ESI, and the 5 testimony subpoenas at issue in OSHA's motion. This is also atypical for an OSHA investigation. I have never been involved in any prior OSHA investigation in which OSHA used the U.S. Attorney's office (or any other agency) as its spokesperson/lead.

11. Amazon has committed a vast amount of attorney time to respond to OSHA's ESI demands. Indeed, approximately 24 attorneys from Ogletree have actively worked on the ESI document review necessary to respond to the subpoenas. As of January 10, 2023, these attorneys have committed over 800 attorney hours to reviewing documents that may be responsive to the broad requests in the subpoena. This work is an addition to the time that Ogletree attorneys have spent representing Amazon during OSHA's physical inspections of the worksites. This attorney team is larger and has dedicated more time to this investigation than any other OSHA investigation that I have been a part of. Moreover, I know that Amazon is also represented by Gibson Dunn & Crutcher LLP and Jackson Lewis, LLP in this matter as well.

12. Motions to compel filed by OSHA typically seek to enforce subpoenas in circumstances where an employer is refusing to comply with an OSHA subpoena (or portions thereof) altogether. In contrast, here, Amazon has and continues to produce responsive

DECLARATION OF MELISSA BAILEY
(CASE NO. 2:22-CV-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

4

documents to OSHA. Amazon simply seeks an appropriate period of time to continue to do so effectively.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 18, 2023

Washington D.C.

By: *[signature]*
Melissa A. Bailey