THE HONORABLE JOHN C. COUGHENOUR

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

Amazon.com Services, LLC,

    *Petitioner*,

       v.

United States Department of Justice,

    *Respondent,*

       and

Martin J. Walsh, Secretary of the United States Department of Labor,

    Intervenor.

**Case No. 2:22-cv-01815-JCC**

**DECLARATION OF MELANIE L. PAUL IN SUPPORT OF PETITIONER'S CROSS MOTION FOR A PROTECTIVE ORDER PERTAINING TO OSHA SUBPOENAS**

I, Melanie L. Paul, declare and state as follows:

    1.    I am an attorney licensed to practice law in the State of Georgia. I am a Principal in the Atlanta office of Jackson Lewis LLP ("Jackson Lewis") and counsel for Amazon.com Services, LLC ("Amazon"). I submit this Declaration in support of Amazon's Cross Motion for a Protective Order pertaining to OSHA Subpoenas. All the information contained herein is based on my personal knowledge and experience. If called and sworn as a witness, I could and would competently testify to these facts.

DECLARATION OF MELANIE PAUL
(CASE NO. 2:22-CV-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

2.      I have extensive experience in occupational safety and health compliance, advice, and defensive litigation with OSHA and similar state agencies before the Occupational Safety and Health Review Commission ("OSHRC"), and its state equivalents.  I currently co-lead the Workplace Safety and Health practice group at Jackson Lewis, where I have worked for nearly four years.  At Jackson Lewis, my practice focuses on occupational safety and health compliance and litigation.

3.      Prior to private practice, I worked as a trial attorney and senior trial attorney for the U.S. Department of Labor ("DOL") in the Office of the Solicitor for over 10 years.  At DOL I provided advice and counsel to OSHA on investigations and litigated and tried cases on behalf of OSHA.  I was also the Criminal OSHA Coordinator for the southeastern region and collaborated with the U.S. Department of Justice to criminally prosecute obstruction of justice cases and willful fatality cases under the Occupational Safety and Health Act ("OSH Act").

4.      In July 2022, OSHA began an investigation into workplace health and safety practices at six Amazon facilities.  As part of that investigation, OSHA has submitted over 525 requests for documents.  These requests are broad and expansive – requesting any and all documents pertaining to many different aspects of Amazon's business at the six facilities being inspected as well as all similar facilities (which OSHA refers to as "Sibling Facilities") nationwide.

5.      In my experience as a trial attorney at DOL and in private practice, the breadth and volume of document requests served upon Amazon here are atypical of an OSHA investigation.  I am not aware of any investigation in which OSHA has issued this many document requests or in which OSHA has sought the production of such far-ranging documents from facilities not under inspection.

6.      OSHA has also subpoenaed sworn witness testimony from 25 Amazon employees as well as issued two subpoenas for corporate designee testimony.  These subpoenas demanded testimony from individuals not just at the facility level where OSHA had opened inspections but also at the regional and national level.  I know that OSHA also conducted interviews and gathered unsworn statements from hundreds of Amazon employees during its on-site inspection efforts.

7.      OSHA does subpoena sworn testimony in its investigations where appropriate but more typically relies on unsworn statements.  In those investigations where OSHA has subpoenaed sworn testimony, it is typically limited to a handful of (or fewer) witnesses.  Other than this one, I have never been involved in an OSHA investigation that subpoenaed sworn testimony from more than 10 individuals, the deposition limit set out in the Federal Rules of Civil Procedure as well as OSHRC's procedural rules.

8.      OSHA has moved to compel the expedited review and production of electronically stored information ("ESI") documents.  This ESI review and production is based on nineteen broad search term strings provided by the government.  I understand that those search terms require the review and production of more than 118,000 unique documents (more than 233,000 documents including families) across the 12 custodians from which OSHA has demanded ESI.

9.      OSHA's demand for ESI of this volume is unprecedented in my experience.  Realistically, given OSHA's six-month statute of limitations for completing an inspection and issuing citations, it would be extremely challenging for a company to conduct the search, review, and production of ESI documents, produce that ESI to OSHA and have OSHA analyze the ESI

within the statute of limitations under the OSH Act.  In my time as an attorney for DOL and in private practice, I am only aware of a few instances in which OSHA has requested ESI at all.

10.     Amazon has produced over 40,000 documents to OSHA in this investigation. That is more documents than have been produced to OSHA in any other investigation I am aware of in my time as an attorney for DOL or in private practice.

11.     As previously mentioned, in my experience, OSHA requests are typically narrower, which allows a reasonable amount of time for employers to produce documents and for OSHA to review them within OSHA's six-month statute of limitations which begins to run from the date OSHA opens the facility inspection.

12.     The administrative process under the OSH Act allows for additional discovery once citations are issued and contested.  Specifically, once OSHA issues citations an employer can informally settle them or contest them.  Once an employer files a notice of contest of an OSHA citation, OSHA submits the case to OSHRC where it is then assigned to an ALJ for administrative litigation proceedings.  There, OSHA has an opportunity to issue discovery requests just like routine discovery in any litigation.  OSHRC has its own set of procedural rules, which are often similar to the FRCP.  The OSHRC procedural rules governing discovery also specifically provide that where the OSHRC rules are silent, the FRCP apply.  *See* 29 C.F.R. 2200.52(v) ("In the absence of a specific provision, discovery procedures shall be in accordance with the Federal Rules of Civil Procedure, except that the provisions of Federal Rule of Civil Procedure 26(a) do not apply to Commission proceedings.  This exception does not preclude any prehearing disclosures (including disclosure of expert testimony and written reports) directed in a scheduling order entered under §2200.51.").  OSHA also is able to and does exercise its ability to

amend its citations under FRCP 15, if appropriate, based on additional information adduced during discovery.

13.     The resources that Amazon has devoted to this OSHA investigation from Jackson Lewis is more than any other I am familiar with during my time in private practice or otherwise. From Jackson Lewis, alone, about 30 attorneys have dedicated time to this investigation. Through January 17, 2023, these attorneys have committed over 2,100 hours to the investigation efforts, including ESI review and on-site inspections.  And that does not include efforts by co-counsel at Gibson Dunn & Crutcher LLP or Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and Gibson, Dunn & Crutcher LLP work on this investigation on behalf of Amazon.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: January 18, 2023

Atlanta, GA

By: _Melanie L. Paul_

Melanie L. Paul

DECLARATION OF MELANIE PAUL
(CASE NO. 2:22-CV-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

5