THE HONORABLE JOHN C. COUGHENOUR

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

Amazon.com Services, LLC,

    *Petitioner*,

         v.

United States Department of Justice,

    *Respondent*,

       and

Martin J. Walsh, Secretary of the United States Department of Labor,

    *Intervenor*.

**Case No. 2:22-cv-01815-JCC**

**DECLARATION OF RYAN C. STEWART IN SUPPORT OF PETITIONER'S CROSS MOTION FOR A PROTECTIVE ORDER PERTAINING TO OSHA SUBPOENAS**

I, Ryan C. Stewart, declare and state as follows:

    1.    I am an attorney licensed to practice law in Florida, Maryland, and the District of Columbia.  I am Of Counsel at the law firm Gibson, Dunn & Crutcher LLP and counsel for Petitioner Amazon.com Services, LLC ("Amazon").  I submit this Declaration in support of Amazon's Cross Motion for a Protective Order pertaining to OSHA Subpoenas.  I have personal knowledge of the following facts and, if called as a witness, could and would competently testify to these thereto.

DECLARATION OF RYAN C. STEWART
(CASE NO. 2:22-CV-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

2.     In this investigation the Occupational Safety and Health Administration ("OSHA") has served Amazon with 27 subpoenas for deposition testimony.  25 of these subpoenas call for deposition testimony from individual fact witnesses, specifically current or former Amazon employees at the facility, regional, nationwide, and worldwide levels.  The other 2 subpoenas are Rule 30(b)(6) subpoenas calling for corporate deposition testimony, each including 11 topics for testimony (not including subparts).  These depositions are in addition to hundreds of unsworn interviews that OSHA conducted of Amazon employees during its inspections.

3.     Amazon has already presented 20 of the 25 individual witnesses for deposition. As shown in the chart below, these witnesses were presented for deposition within weeks of being noticed.  The 5 individual witnesses who have not yet had their depositions taken are those that are the subject of this motion practice—the individuals jointly noticed by SDNY and for whom the government has demanded the production of ESI prior to commencing the depositions.

| Deponent | Date Subpoenaed / Identified For Deposition | Date Deposition Held |
|---|---|---|
| OSHA deponent 1 | September 23, 2022 | October 26, 2022 |
| OSHA deponent 2 | September 23, 2022 | October 28, 2022 |
| OSHA deponent 3 | September 23, 2022 | November 7, 2022 |
| OSHA deponent 4 | September 23, 2022 | November 7, 2022 |
| OSHA deponent 5 | September 23, 2022 | November 8, 2022 |
| OSHA deponent 6 | September 23, 2022 | November 8, 2022 |
| OSHA deponent 7 | September 23, 2022 | November 9, 2022 |
| OSHA deponent 8 | October 10, 2022 | November 17, 2022 |
| OSHA deponent 9 | October 10, 2022 | November 18, 2022 |
| OSHA deponent 10 | October 10, 2022 | November 21, 2022 |
| OSHA deponent 11 | October 10, 2022 | November 22, 2022 |
| OSHA deponent 12 | October 10, 2022 | November 22, 2022 |
| OSHA deponent 13 | October 12, 2022 | November 14, 2022 |
| OSHA deponent 14 | October 12, 2022 | November 17, 2022 |
| OSHA deponent 15 | October 12, 2022 | December 8, 2022 |
| OSHA deponent 16 | October 12, 2022 | January 4, 2023 |
| OSHA deponent 17 | October 28, 2022 | December 14, 2022 |

DECLARATION OF RYAN C. STEWART
(CASE NO. 2:22-CV-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

| OSHA Rule 30(b)(6) #1 | October 28, 2022 | January 6, 2023 |
|---|---|---|
| OSHA deponent 18 | November 2, 2022 | *pending ESI* |
| OSHA deponent 19 | November 2, 2022 | *pending ESI* |
| OSHA deponent 20 | November 2, 2022 | *pending ESI* |
| OSHA deponent 21 | November 2, 2022 | *pending ESI* |
| OSHA deponent 22 | November 2, 2022 | *pending ESI* |
| OSHA deponent 23 | November 3, 2022 | December 20, 2022 |
| OSHA deponent 24 | November 9, 2022 | December 13, 2022 |
| OSHA deponent 25 | November 9, 2022 | December 20, 2022 |
| OSHA Rule 30(b)(6) #2 | November 9, 2022 | withdrawn January 13, 2023 |

4.    Amazon has also presented two corporate designees in response to one of OSHA's Rule 30(b)(6) subpoenas.  OSHA withdrew its other Rule 30(b)(6) subpoena on January 13, 2023.

5.    OSHA has issued 8 document subpoenas in this investigation, containing a total of 527 document requests.  D.E. 16.1-16.6 (6 OSHA document subpoenas served August 2, 2022); Ex. 2 (1 OSHA document subpoena served November 17, 2022); Ex. 3 (1 OSHA document subpoena served August 11, 2022).  As of its document production served today, Amazon has produced 46,284 documents to OSHA during the course of this investigation, comprising 189,206 pages of documents.

6.    The United States Attorney's Office for the Southern District of New York ("SDNY") first provided proposed search terms and custodians for the review and production of electronically stored information ("ESI") on September 28, 2022.  D.D. 8, Ex. 15 at 229.  The proposal included the 12 custodians relevant here, current or former high level Amazon employees, who held Vice President or Director titles and had worldwide or nationwide responsibilities.  The total collection of all ESI from the 12 custodians at issue here was approximately 1.4 million ESI files.  Counsel engaged in a series of written and telephonic meet

and confer efforts related to the breadth of the proposed search terms to apply to these files. Ultimately, in a meet and confer call on November 17, 2022, SDNY refused to agree to any further narrowing of the search terms. *See id.* at 201-204.

7.      These final government search terms included 19 different search strings across ESI files for 12 custodians.  Approximately 118,200 unique ESI documents "hit" on at least one of these search strings.  In file size, this was 109.13 GB (or 109,130 MB) of data.  Including document "families," the full review population is approximately 233,800 ESI documents (211.1 GB or 211,100 MB of data).  12 of the 19 search strings returned more than 400 unique documents, excluding families.  The first four OSHA-noticed custodians account for approximately 15,000 of those document hits (19.32 GB), approximately 26,500 including families (28.58 GB).  The fifth OSHA-noticed custodian accounts for approximately 2,800 of those document hits (1.71 GB), approximately 6,700 including families (4.70 GB).

8.      The average page length of those ESI documents that have been imaged for production processing to date is 4.82 pages per document.

9.      In reviewing ESI documents for production to OSHA and SDNY, Amazon has implemented a multi-tiered review process.  Amazon retained a group of approximately 70 contract attorneys to conduct first-level review.  These reviewers are tasked with analyzing each ESI document that hit on at least one of the government's search strings and determine (1) if the document was potentially responsive; (2) if so, which of eight different subject matter theme topics the document fell into (e.g., "worker safety," "injuries," "productivity," or "recordkeeping"); and (3) whether the document was privileged or potentially privileged.  The contract attorneys dedicated over 8,400 hours of attorney time to first level review in six weeks.

10.     Amazon also retained a group of more than 50 attorneys from the law firms of Gibson Dunn & Crutcher LLP, Jackson Lewis LLP, and Ogletree Deakins Nash Smoak & Stewart, P.C., to conduct second-level ESI review.  To expedite review, most of the second-level review attorneys had not previously been involved in this matter as merits counsel.  Documents identified as relevant in first-level review are routed to second-level review to assess whether they had been correctly identified as responsive to the government's document requests and, if so, to analyze and specify to which of the document requests each document is responsive.  Second-level reviewers also analyze each document (and family member) for privilege.  Second-level review documents are batched by custodian, consistent with the government's express instruction in this case, and within custodian by subject matter theme as coded during first-level review.

11.     In light of the government's demands for expedited depositions, documents coded as non-privileged in first-level review were prioritized for second-level review and quality review and production.  Documents identified as privileged in first-level review (and/or second-level review) were batched separately and initially set aside pending further privilege diligence.

12.     Amazon has continued to review and produce ESI (and non-ESI) documents to OSHA since filing its motion for a protective order on December 22.  Amazon's second-level review attorneys second-level have reviewed approximately 38,000 documents since December 22.  Amazon has made at least weekly ESI productions since it started ESI productions on December 10.

13.     As of its production being served today, Amazon has produced approximately 9,700 ESI documents with at least one family member that hit on the government's search terms.

DECLARATION OF RYAN C. STEWART
(CASE NO. 2:22-CV-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

5

14.     OSHA issued recordkeeping citations for six Amazon facilities on December 15, 2022.  Amazon has filed notices of contest as to each citation.  Subsequently, OSHA held closing conferences and closed its inspections for three of the inspected facilities on January 17, 2023.  OSHA issued its final citations—including for alleged ergonomics related hazards—for these facilities on January 18, 2023.  During the closing conferences OSHA confirmed that it does not intend to issue any additional citations for those three facilities; that each inspection is now closed.

15.     Amazon has substantially completed the production of non-privileged ESI documents for the five OSHA-noticed custodians.  Amazon anticipates finalizing its privilege diligence and producing a completed privilege log for any responsive documents withheld from these custodians' productions by March 1, 2023.  Amazon is willing to make each of the five OSHA-noticed custodians available for a joint deposition (with both SDNY and OSHA) thereafter based on mutual availability.

16.      Attached hereto as **Exhibit 1** is a true and correct redacted copy of a letter dated December 31, 2022, from Christopher Belelieu to Daniel Hennefeld.

17.     Attached hereto as **Exhibit 2** is a true and correct copy of a subpoena issued by the Department of Labor to Amazon.com Inc. – DYO1 on November 17, 2022.

18.     Attached hereto as **Exhibit 3** is a true and correct copy of a subpoena issued by the Department of Labor to Amazon.com Inc. – DYO1 on August 10, 2022.

19.     Attached hereto as **Exhibit 4** is a true and correct redacted copy of an email chain dated between October 7, 2022, and January 6, 2023, between multiple United States Department of Justice attorneys, United States Department of Labor attorneys, and Gibson Dunn & Crutcher LLP attorneys.

20.     Attached hereto as **Exhibit 5** is a true and correct redacted copy of a letter dated January 9, 2023, from Jing Acosta to Christopher Belelieu.

21.     Attached hereto as **Exhibit 6** is a true and correct copy of an email dated January 13, 2023 from Chris Belelieu to Jing Acosta, responding to Ms. Acosta's January 9 letter attached hereto as Exhibit 5.

22.     Attached hereto as **Exhibit 7** is a true and correct redacted copy of an email dated January 11, 2023 from Daniel Hennefeld to various Gibson Dunn & Crutcher LLP attorneys and a response email from Ryan Stewart to Daniel Hennefeld dated January 13, 2023.

23.     Pursuant to Local Rule 26(c), counsel for Amazon has engaged in a good-faith meet and confer conference with counsel for OSHA in an effort to resolve the dispute without Court action.  Specifically, counsel for Amazon and counsel for OSHA and Respondent met and conferred on November 10, 2022, November 17, 2022, and January 3, 2023 via teleconference. The parties also have exchanged numerous detailed letters and email correspondence regarding these issues.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 18, 2023

Tampa, FL

By: _____

Ryan C. Stewart

# EXHIBIT 1

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY  10166-0193
Tel 212.351.4000
www.gibsondunn.com

Christopher D. Belelieu
Direct: +1 212.351.3801
Fax: +1 212.817.9301
CBelelieu@gibsondunn.com

**CONFIDENTIAL TREATMENT REQUESTED**

December 31, 2022

VIA E-MAIL

Daniel Hennefeld
Counsel for Occupational Safety and Health
United States Department of Labor
Office of the Solicitor
201 Varick Street
New York, New York 10014

Jing Acosta
Trial Attorney
United States Department of Labor
Office of the Solicitor
230 S Dearborn St, Room 844
Chicago, IL 60604

Re:     Production of Certain Ergonomics-Related Documents

Counsel:

We write in response to Jing Acosta's December 15, 2022 letter requesting the production of certain ergonomics-related documents and Dan Hennefeld's December 16, 2022 email containing substantially overlapping requests.

As an initial matter, and contrary to the implication in your correspondence, we note that Amazon only recently agreed to produce national-level documents in response to the OSHA subpoena requests at issue here.[1]  *See* R. Stewart Dec. 7, 2022 Email.  As we made clear in Ryan Stewart's December 7, 2022 email to the government, OSHA Request Nos. 62–64 relate to facility-specific documents.[2]  For OSHA Request Nos. 62 and 63, we have produced

---

[1]  So the record is clear, Amazon previously agreed to produce "nonprivileged, formal analyses or reports" on a nationwide basis where they related to "whether a certain Productivity Rate or pace of work contributes to, or exacerbates a risk to Workers of injury or illness" in response to OSHA Request No. 69.  Z. Ahmad Sept. 21, 2022 Ltr. at 23.

[2]  For that reason, we have not to date produced any documents that include "the human modeling conducted by                              OSHA Request No. 62 (as it relates to ALB1 and MDW8 only).  Although, as Ms. Acosta points out,                       is specifically referenced in OSHA Requests Nos. 62 and (by extension) 64 for ALB1 and MDW8, we have not identified any

**GIBSON DUNN**

Daniel Hennefeld
Jing Acosta
United States Department of Labor
December 31, 2022
Page 2

responsive documents from the six OSHA-inspected facilities.  And as you know, for OSHA Request No. 64, we agreed with OSHA to produce responsive site-level documents for an additional eight facilities.  Additionally, as to OSHA Request No. 67, we agreed to produce ergonomic assessments from the six OSHA-inspected facilities and the eight additional facilities.

Although Amazon's position regarding production for these requests has been on record for months, the government did not object to or raise any concerns regarding the scope of our approach until December 2, 2022.  *See* J. Lillywhite Dec. 2, 2022 Email.  Despite that delay, in the spirit of cooperation, we have committed to producing non-privileged assessments, analyses, and white papers identified after a reasonably diligent search of likely custodians and related to potential ergonomic hazards, MSD risks, and pace of work at a national level that were created by or for "National Staff Members" within Amazon's WHS team since August 1, 2017.  We anticipate that we can complete that production by January 6, 2023. *See* R. Stewart Dec. 7, 2022 Email.

We now address the specific categories of documents requested in your recent correspondence.

**First**, Mr. Hennefeld requested that Amazon produce "ergo assessments [that] were done for each process path at MCO2 at the time of 'launch.'"  D. Hennefeld Dec. 16, 2022 Email. Those assessments—50 in total—were already produced on November 19, 2022 (prior to                          deposition), and can be found at AMZ-MCO2-00028680–AMZ-MCO2-00028729.  We have also confirmed with                     that these documents cover all of the assessments about which she testified during her deposition.

**Second**, with respect to the remaining categories listed in Ms. Acosta's letter and Mr. Hennefeld's email, we are working on collecting those documents as part of our recent agreement to produce certain nationwide assessments and anticipate completing the production of any non-privileged, responsive documents on or before January 6, 2023.

---

responsive site-level documents that include such human modeling during the course of our reasonably diligent search.

## GIBSON DUNN

Daniel Hennefeld
Jing Acosta
United States Department of Labor
December 31, 2022
Page 3


We remain ready and willing to meet and confer further on these topics if you have additional questions.  Thank you for your time and consideration.


Sincerely,


GIBSON, DUNN & CRUTCHER LLP


*/s/ Christopher D. Belelieu*


Christopher D. Belelieu
Partner

# EXHIBIT 2

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
## OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

### SUBPOENA DUCES TECUM

**TO:**   *Amazon.com Inc. – DYO1  or Custodian of Record*
*500 Hudson Valley Avenue*
*New Windsor, New York 12553*

*Pursuant to Section 8(b) of the Occupational Safety and Health Act [29 U.S.C.§657(b)] you are hereby required to appear before Rita Young, Area Director of the OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, UNITED STATES DEPARTMENT OF LABOR, at the Albany Area OSHA office, 401 New Karner Road, Albany, NY 12205, on the 23rd day of  November, 2022 at  10 a.m., of that day, to testify regarding the working conditions maintained by:*

*Amazon.com Inc. – DYO1*
*500 Hudson Valley Avenue*
*New Windsor, New York 12553*

*and you are hereby required to bring with you and produce at said time and place the following documents, including information stored electronically:*

*See attached document requests and instructions.*

*FAIL NOT AT YOUR PERIL*



*IN TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR AT OSHA ALBANY AREA OFFICE this 17th DAY of NOVEMBER.*

*RITA YOUNG, MS*
*AREA DIRECTOR,*
*OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION,*
*UNITED STATES DEPARTMENT OF LABOR*

*RETURN OF SERVICE*

*I hereby certify that a duplicate original or the within subpoena was duly served:*
*(Indicate by check method used)*

*{ __ } in person,*
*{ __ } by leaving at principal office,*
*{ __ } or place of business,*
*to wit*

*on the person named herein on*

_____
*(Month, day, year)*

_____
*(Name of person making service)*

_____
*(Official title)*

~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~
*I certify that the person named herein was in attendance as a witness at:*

_____

*on*_____
*(Month, day or days, year)*

_____
*(Name of person certifying)*

_____
*(Official title)*

## SUBPOENA ATTACHMENT – DOCUMENTS TO BE PRODUCED

*You are hereby required to bring with you and produce at said time and place the following books, papers and documents, including information stored electronically:*

## DEFINITIONS

1.   "Amazon" refers to Amazon.com, Inc.; Amazon.com Services LLC; Amazon, Inc.; Amazon.com Corporate LLC; Amazon.com LLC; Amazon.com.azdc LLC; Amazon.com.dedc LLC; Amazon.com.indc LLC; Amazon.com.ksdc LLC; Amazon.com.kydc LLC; Amazon.com.nvdc LLC; and Prime Now LLC, as well as to any predecessor, successor, corporate parent, subsidiary, or affiliate of any of these entities and to any officer, employee, agent, representative, or person acting or purporting to act on behalf of any such entity or on behalf of any predecessor, successor, corporate parent, subsidiary, or affiliate.

2.   "AmCare" means the first-aid center or medical provider located within a Facility.

3.   "And" and "or" both mean "and/or."

4.   "Any" and "all" both mean "any and all."

5.   "Austin" means the electronic system referred to as "Austin" that Amazon uses, among other things, to enter information concerning Worker injuries and illnesses.

6.   "Bypasses" means the metric referred to as "bypasses" concerning injured Workers who receive medical care from Outside Medical Providers.

7.   "Centrally-Stored Data" means information related to the Facilities that is maintained in one or more central repositories.

8.   "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9.   "Concerning" means relating to, referring to, describing, evidencing, or constituting.

10.   "Documents" means without limitation any item described by Federal Rule of Civil Procedure 34, and any written, printed, typed, graphic, photographed, and recorded or otherwise reproduced or stored communication or representation, including but not limited to letters, memoranda, correspondences, e-mails, and canceled checks.  This term includes whatever form and by whatever means such documents may have been created or stored including, but not limited to: any handmade form, such as writing; any photographic form, such as microfilm, microfiche, prints, slides, negatives, photocopies; any mechanical form such as printing, or typing; any electrical, electronic, or magnetic form such as tape recordings, cassettes, or any information on an electronic or magnetic storage device such as floppy diskettes, hard disks, backup tapes, CD-ROMS, optical discs, printer buffers, smart cards, memory calculators, electronic dialers, hard drives, or electronic notebooks; and any printout or readout from any magnetic or solid state

storage device.  All documents provided in response to this subpoena are to include all marginalia and post-its, as well as any attachments referred to in or incorporated by the documents.  All documents provided in response to this subpoena are to include all versions of each responsive document, including all drafts and copies of each document.

11.     "Facilities" means the facilities operated by Amazon in the United States to transport products to Amazon customers, including Amazon's sortable and non-sortable fulfillment centers, sortation centers, receive centers, delivery stations, crossdocks, air hubs, Prime Now hubs, and specialty facilities.

12.     "Gensuite" means the electronic system referred to as "Gensuite" that Amazon previously used, among other things, to enter information concerning Worker injuries and illnesses.

13.     "Including" means "including, but not limited to."

14.     "Injury Goal" means a target, goal, or expectation concerning a metric reflecting the number or rate of injuries, overall or of a particular kind, in any Facility, including RIR, MSD RIR, DART, LTIR, SIR, DAFW, DJTR, TCIR, TRIR, LTI, or SLI.

15.     "Injury Rate" means a rate at which Workers in one or more Facilities become injured or ill, as calculated by Amazon, regardless of whether it has been calculated according to all injuries or illnesses, only those injuries or illnesses that require job restriction or days off work, or in some other fashion.

16.     "Manager" means a Worker who supervised, oversaw, or managed one or more other Workers.

17.     "Medical Goal" means a target, goal, or expectation concerning a metric reflecting medical treatment provided to injured Workers in any Facility, including metrics reflecting the provision of first-aid, the use of a Nurse on Demand service, referrals for injured Workers to seek medical care outside of Amazon, or Bypasses.

18.     "National Staff Members" means current and former Amazon employees or consultants whose responsibilities, at some point during the Relevant Period, concerned all Facilities across the United States.

19.     "Relevant Period" means the time period from August 1, 2012, to the present.

20.     "Regional Staff Members" means current and former Amazon employees or consultants other than National Staff Members whose responsibilities, at some point during the Relevant Period, concerned multiple Facilities.

21.     "RIR" means the recordable incidence rate as tracked by Amazon.

22.     "Worker" means anyone who worked at a Facility during the Relevant Period, whether classified by Amazon as an employee, temporary employee, independent contractor, or something else, including delivery drivers who lifted packages in a Facility and Amazon

employees assigned to a region, nationwide, or worldwide who performed work at a Facility.

23.     "You" and "your" refer to Amazon.

## **INSTRUCTIONS**

1.      Unless otherwise specified, this subpoena calls for the production of all documents responsive to the document requests below, and which are in your possession, custody, or control regardless of where such documents or information are located.  Please include all documents that relate to or used during the relevant time period even if they had been prepared or published prior.  Further, if any document requested is no longer in your possession, custody, or control, identify such document completely and provide the following information regarding the document:

   a.     Its present location and custodian;

   b.     The manner in which it was disposed, including the date of disposal, the reason of disposal, the person authorizing the disposal, and the person(s) who disposed of the document.

2.      If no documents exist that are responsive to a request below, please include, in your response to this subpoena and at the time of production, a written statement to that effect.

3.      For any document or part thereof that you decide not to produce by reason of a claim of privilege, please state the privilege being claimed, give an explanation for your claim of such privilege, and provide the following information concerning the putatively privileged document:

   a.     The type of document;

   b.     The date of the document;

   c.     The subject matter of the document;

   d.     The author of the document, including his or her address, telephone number, and role in relation to Amazon;

   e.     All recipients of the document, including their addresses, telephone numbers, and roles in relation to Amazon;

   f.     The number of pages of the document.

4.      In responding to this subpoena, all documents produced should be segregated and labeled so as to identify which request(s) such documents respond to.  Alternatively, you shall identify, by bates-numbers, the documents responsive to each request herein.

5.      In responding to this subpoena, please locate, gather, and produce documents from your

files and other sources in such a manner as to ensure that the source and location of each document may be readily determined.

6.   In responding to this subpoena, if you locate responsive documents in file folders or other containers, please produce these folders and containers, including any labels identifying such folders or containers, together with the responsive documents contained therein.

7.   In responding to this subpoena, please do not separate documents attached to each other unless you also identify such separation and provide records sufficient to permit the reconstruction of such grouping of documents.

8.   In responding to this subpoena, if you locate any document that have markings on both sides, please produce both sides of the document.

9.   In responding to this subpoena, please locate, gather, and produce documents or information stored electronically in accordance with the "Document and ESI Production Specifications," attached as Rider B to this subpoena.

10.  In identifying a former employee or contractor, please provide the date of separation as well as that employee's or contractor's last known home address, phone number, and email address.

11.  Please promptly produce responsive documents or information located at any time after your initial response to this subpoena.

12.  For all data you produce that concerns individual Workers, please identify each such Worker by Amazon's identification number for that Worker.

## DOCUMENT REQUESTS

87.  Information stored in Austin or Gensuite concerning injuries at any Facility since August 1, 2017.

88.  Information stored in one or more central databases reflecting Amazon's response to Worker requests at any Facility for job modification, reassignment, or leave as a result of injury or illness, including the database or databases containing responsive information of the sort set forth in AMZ-OSHA6-00003583.

89.  Documents or information prepared by National Staff Members or Regional Staff Members concerning Injury Goals or Medical Goals for one or more Facilities, including documents or information identifying such goals or reflecting how they were developed.[1]

90.  Documents sufficient to show any incentives provided to Facility Staff Members, Regional Staff Members, or National Staff Members based in whole or in part on a

---

[1] Documents responsive to this request are also responsive to OSHA Request Nos. 10, 13, 14, 26, 27, 53, 55, and 57 and SDNY Request Nos. 3 and 15.  As your counsel has suggested otherwise, we include this request in this supplemental subpoena to avoid any dispute.

comparison of actual performance to one or more Injury Goals or Medical Goals.[2]

91.    Documents or information sufficient to show, for each Worker identified in data produced pursuant to this subpoena or OSHA's subpoenas of August 2, 2022, each of the identifiers Amazon used to refer to that Worker in the data produced, including that Worker's name, Amazon identification number, and Amazon username.

---

[2] Documents responsive to this request are also responsive to OSHA Request Nos. 10 and 42 and SDNY Request Nos. 3 and 15.  As your counsel has suggested otherwise, we include this request in this supplemental subpoena to avoid any dispute.

**Subpoena Rider**
**Document and ESI Production Specifications**

**I. Electronically Stored Information (ESI)**

a. Electronically stored information (ESI) should be produced in accordance with these specifications. If compliance with these specifications would cause undue burden, please contact OSHA/counsel to discuss. Please do not vary from these standards without prior approval from OSHA/counsel.

b. ***All ESI must be produced both in native file format, and in electronically converted TIFF image format including extracted text and load files.***

**II. Transactional and Database Records**

a. Transactional records extracted from a database shall be produced in delimited ASCII text data format or in another easily computer-importable non-proprietary file format that does not incur a loss of data. Field headers shall be included for each column of data, and a data dictionary or other explanation of the contents of each column shall be provided.

b. Images of items associated with transactions, such as checks, shall be produced in graphic data files in a commonly readable, non-proprietary format, such as TIFF or JPEG, with the highest image quality maintained, and named in a manner that uniquely associates them with the relevant transaction record(s).

c. Where responsive ESI is contained in a complex relational or proprietary database (*e.g.*, Oracle, SAP, SQL, MySQL, QuickBooks) from which records cannot readily be exported without loss of related data, please contact OSHA/counsel to arrange a meet-and-confer. Identify the database type and version number, and provide the database dictionary and user manuals or other documentation sufficient to describe the structure and content of the database. The meet-and-confer will evaluate, for example, production of a backup of the database (*e.g.*, an .SDF file for a SQL implementation), or other alternatives, such as delimited ASCII exports of custom queries.

**III. Native File Format for ESI**

a. All documents must be provided in the original file or "native" format in which the document was created.

b. System and executable files should not be produced unless specifically requested.

c. Email files must be delivered in their native format (*e.g.*, Outlook .PST or .msg, Lotus .NSF, etc.).

d. Relevant information stored in database applications (*e.g.*, Oracle, Sybase, or MSSQL) should only be produced after first consulting with OSHA/counsel to determine method and format of delivery.

d. Files must be copied and produced in such a manner as to preserve all associated document

and file system metadata. See list of required metadata fields below.

    f.  Note: a PDF file is *not* considered a native file unless the document was initially created as a PDF.

## IV.  Electronically Converted TIFF Format for ESI

    a.  <u>In addition to the native format</u>, you must also provide an electronically-produced (*i.e.*, not a printed and scanned) TIFF image version, including extracted text and load files, and available metadata, for each document produced in native format.

    b.  The electronically converted TIFF production must comply with the TIFF Image Production and Cross Reference File Specifications set forth below.

    c.  The electronically converted TIFF production must be provided in a Concordance .dat load, together with images and the necessary image cross-reference file. *See* the Delivered Fields Specifications below.

## V.  Custodian, ESI Source Location, and Path—Naming Conventions

    a.  For each document that is produced, the custodian; the ESI source location (*e.g.*, network server, network hard drive, media); and the network or folder path, must be specified in a .dat file.

    b.  All ESI provided must be broken down in the following folder structure: by custodian, then by data category (*e.g.*, JohnDoe/Mailfiles/datafiles/desktopfiles).

## VI.  Production of Paper Records

    a.  Paper records should be produced in ASCII delimited format, as detailed below.

       <u>ASCII delimited text file (.dat) format</u>
         i.  The first line of the text file must contain the field names.
        ii.  In most instances, the StartBates should be the Image Key field unless another field has been designated the key field by the Government.
      iii.  The delimiters used should be the default values used by Concordance: comma (ASCII value 20); quote (ASCII value 254); and newline (ASCII value 174).
      iv.  Produce a page header indicator in the following format, <<**batesno**>>, on a separate line for every page of OCR.

    b.  If there will be more than one production, please confirm the database fields and structure remain consistent between data deliveries.

## VII.  Delivered Fields Specifications

The database and load file provided must contain, at minimum, the first and last Bates number for each document, and all applicable OCR text. The .dat file should contain a path to the OCR. The OCR of the documents should be on a document level.

**VIII.   TIFF Image Production and Cross Reference File Specifications**

a.   Documents should be electronically converted or, if need be, scanned (at 300 dpi) into single-page CCITT Group IV TIFF files.  TIFF file names should match the assigned Bates number of the underlying document page, should be unique, and sequentially numbered. Searchable PDF files will be accepted only after a consultation between the provider and USAO technical support staff.  Multi-page TIFF files are strongly discouraged.

b.   Bates numbers should be electronically "endorsed" onto images.   The file name assigned to the image should match the underlying document's Bates number.   Bates numbers should be alpha-numeric, with the numeric portion of the stamp being "zero-filled".  As an example, as assigned Bates numbered series of documents such as "ABC1", "ABC2", "ABC3" would be unacceptable, whereas "ABC000001", "ABC000002", "ABC000003" is preferred.

c.   Images should be placed on delivered media in a master folder named **XIMAGES**.

d.   Cross-reference File. TIFF files must be accompanied with an image cross-reference file, preferably an Opticon .opt file, otherwise an IPRO .lfp file will be acceptable. *See* below. This file must associate each Bates number with the corresponding single-page TIFF file name and indicate its location on the media provided. The file should contain one line for every page in the collection, and must contain the document Bates number and the fully qualified path to the image, beginning with the media volume.

Below is a sample for an Opticon .opt file

```
XYZCO_00663941,,D:\Company\Doe Production\AUTO0003\XYZCO_00663941.tif,Y,,,1
XYZCO_00663942,,D:\Company\Doe Production\AUTO0003\XYZCO_00663942.tif,Y,,,1
XYZCO_00663943,,D:\Company\Doe Production\AUTO0003\XYZCO_00663943.tif,Y,,,2
XYZCO_00663944,,D:\Company\Doe Production\AUTO0003\XYZCO_00663944.tif,,,,
XYZCO_00663945,,D:\Company\Doe Production\AUTO0003\XYZCO_00663945.tif,Y,,,1
XYZCO_00663946,,D:\Company\Doe Production\AUTO0003\XYZCO_00663946.tif,Y,,,2
XYZCO_00663947,,D:\Company\Doe Production\AUTO0003\XYZCO_00663947.tif,,,,
```

Below is a sample for an IPRO .lfp file:

```
IM,ABC-000001,D,0,@VOL01;IMG_0000001;ABC-000001.tif;2,0
IM,ABC-000002,,0,@VOL01;IMG_0000001;ABC-000002.tif;2,0
IM,3542-S-000001,D,0,@VOL01;IMG_0000001;3542-S-000001.tif;2,0
IM,3542-S-000002,,0,@VOL01;IMG_0000001;3542-S-000002.tif;2,0
IM,3542-S-000003,,0,@VOL01;IMG_0000001;3542-S-000003.tif;2,0
```

**IX.   Delivery Media**

a.   All data and image deliveries must be made through a file-sharing site approved by this Office (*i.e.* USAfx), thumb drive, or USB 3.0 external hard drive, depending on data volume.

## X.  Metadata Fields

The production should include the following metadata fields:

```
Prodbeg
Prodend
Prodbegattach
Prodendattach
From
To
CC
BCC
Subject
Date sent
Time Sent
Author
Date Created
Time Created
Date last Modified
Time Last Modified
File Name/Document Name
File Extension
Document Type/Record Type
MD5 Hash
Custodian
Page Count
File Size
Original Folder Path
```

# EXHIBIT 3

## UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
## OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

### SUBPOENA DUCES TECUM

**TO:**   *Eric Crouch or Custodian of Record*
*500 Hudson Valley Avenue*
*New Windsor, NY 12553*

*Pursuant to Section 8(b) of the Occupational Safety and Health Act [29 U.S.C.§657(b)] you are hereby required to appear before Rita Young, Area Director of the OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, UNITED STATES DEPARTMENT OF LABOR, at the Albany Area OSHA office, 401 New Karner Rd., on the 20th day of August, 2022 at 10:00 a.m., of that day, to testify regarding the working conditions maintained by:*

*Amazon.com Services LLC – DYO1*
*500 Hudson Valley Avenue*
*New Windsor, NY 12553*

*and you are hereby required to bring with you and produce at said time and place the following documents, including information stored electronically:*

1. *Documents applicable, during 2022, to DYO1 concerning the hazards of COVID-19, including policies, procedures, guidance and training for managers and employees concerning COVID-19*

2. *Documents concerning leave for employees while they were infected with COVID-19 at DYO1 during 2022, including but not limited to documents concerning requests for and consideration of such leave*

*FAIL NOT AT YOUR PERIL*



*IN TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR AT OSHA ALBANY AREA OFFICE this 10th DAY of August.*

*RITA YOUNG, MS*
*AREA DIRECTOR,*
*OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION,*
*UNITED STATES DEPARTMENT OF LABOR*

*RETURN OF SERVICE*

*I hereby certify that a duplicate original or the within subpoena was duly served:*
*(Indicate by check method used)*

*{ __} in person,*
*{ __} by leaving at principal office,*
*{ __} or place of business,*
*to wit*

*on the person named herein on*

_____
*(Month, day, year)*

_____
*(Name of person making service)*

_____
*(Official title)*

*~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~ ~*

*I certify that the person named herein was in attendance as a witness at:*

_____

*on*_____
*(Month, day or days, year)*

_____
*(Name of person certifying)*

_____
*(Official title)*

# EXHIBIT 4

| | |
|---|---|
| **From:** | Stewart, Ryan C. |
| **Sent:** | Friday, January 6, 2023 10:53 PM |
| **To:** | jeffrey.oestericher@usdoj.gov; Tarczynska, Dominika (USANYS); Gitlin, Adam (USANYS); Lillywhite, Jacob (USANYS); Denerstein, Mylan L.; Ahmad, Zainab; Schwartz, Jason C.; McArthur, Nikki; Boizelle, Ashley |
| **Cc:** | Kim, Elizabeth (USANYS); Gemmill, Kevin (USANYS) [Contractor]; Hennefeld, Daniel - SOL; Jaklevic, David M - SOL |
| **Subject:** | RE: Amazon |

Counsel:  I'm writing with an update regarding several items.

*First*, as discussed, we will be making a production today that substantially completes our production of responsive nationwide ergonomic assessments.  As you know, we collected and reviewed the documents on an expedited time frame in an effort to produce them by January 6.  To do so and also account for processing time, we will be advance producing responsive materials today via share file and will provide the full production files once they are processed on Monday or Tuesday next week.  Per your request during Tuesday's meet and confer call, the number of nationwide ergonomic assessments withheld pending privilege logging is approximately 450.

*Second*, we will be making another supplemental production of ESI documents tomorrow.  We can also confirm that our review team completed second-level review of another 10,000 documents this week (47,000 total since the start of our ESI review), notwithstanding the New Year's holiday.

*Third,* as discussed earlier this week, we hoped to be in a position to provide a hit report for Messr. Bezos and Jassy's ESI this week, absent processing issues.  We can confirm that our vendor has processed nearly all of the underlying ESI collected into the review database from which we will run the hit reports.  However, our vendor updated us this afternoon that processing is still in progress because a zip drive of collected Chime ESI contains unusable files that require isolation before the zip can be processed into the review platform.  Our vendor anticipates that processing will be completed by Monday, at which time we will run and produce a hit report as soon as it is available to us.

Thank you,
Ryan

**Ryan Stewart**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

**From:** Stewart, Ryan C.
**Sent:** Friday, January 6, 2023 10:36 PM
**To:** 'Oestericher, Jeffrey (USANYS)' <Jeffrey.Oestericher@usdoj.gov>; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** RE: Amazon

Thank you, Jeff.  Please see attached a revised version of the stipulation in redline.  Assuming this is acceptable to the government, you have our permission to accept all redlines, insert a /s signature on our behalf and file.  Let us know if you have further revisions.

Best,
Ryan

**Ryan Stewart**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>
**Sent:** Friday, January 6, 2023 9:37 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** RE: Amazon

[WARNING: External Email]

Ryan,

Thanks for your prompt response as well.  That is disappointing.  I think we will take you up on your proposal to just stipulate to the agreed upon schedule for the currently pending motions and then you can note your

anticipated cross motion in accordance with local rules when you file it concurrently with your opposition.  Are you in a position to revise the draft stipulation and file it or would you like us to do so?

All the best,

Jeff

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Friday, January 6, 2023 9:29 PM
**To:** Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** [EXTERNAL] RE: Amazon

Hi Jeff:  Thanks for your quick reply.  We are also interested in obtaining a prompt court-ordered resolution that sets an appropriate production schedule.  But we are not in a position to be able to file our anticipated motion within 6 days.  As I'm sure you know, we were not even aware that DOL intended to file a motion to compel (permitting grounds for us to file a motion) until after 9 pm ET on Wednesday when Mr. Gitlin sent us an updated stipulation noting that DOL, rather than DOJ, would be the movant.  And we did not have the opportunity to review DOL's motion and demands until today, after it was filed at 2:45 am ET this morning.

If you prefer to not jointly stipulate to a full schedule that includes our anticipated cross motion under Local Rule 7(k), we are okay with stipulating to the agreed upon schedule for the currently pending motions and will note our anticipated cross motion in accordance with local rules when we file concurrently with our opposition.

Thanks very much,
Ryan


**Ryan Stewart**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>
**Sent:** Friday, January 6, 2023 8:00 PM

**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** RE: Amazon

[WARNING: External Email]

Ryan,

Thanks very much for your email and for letting us know that you intend to seek a protective order in connection with OSHA's subpoenas.  Our only issue with your proposal is the fact that your cross-motion would be noted for January 27.  In light of the impending six-month statute of limitations and the importance (in our view) of OSHA's investigations concerning worker safety, we obviously would like all of the motions to be heard as soon as possible, which in this case would be on the January 20 noted date for the other motions.  Accordingly, we respectfully request that you agree to file your motion on a schedule that allows for a January 20 noted date.  We recognize that this would truncate your time to file your motion – the motion would have to be filed by January 12.  We would be willing to agree to file our opposition by January 17, rather than January 18, to provide you with additional time to prepare your reply, which under this scenario would be due on January 20.  Please let us know if this would be acceptable.

In addition, just one nit on the draft stipulation, I believe that the word "anticipated" in paragraph 4, line 1, should be deleted  before "Motion to Compel."

All the best,

Jeff

Jeffrey Oestericher
Assistant United States Attorney
U.S. Attorney's Office, SDNY
86 Chambers Street, 3rd Floor
New York, NY 10007
(212) 637-2695

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Friday, January 6, 2023 4:45 PM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** [EXTERNAL] RE: Amazon

Thank you, Dominika.  We understood that the government would file the stipulation in light of your request for an extension that renoted the date.

Further, we have updated the stipulation in the attached to include signature blocks for each Party and to reflect that DOL's motion is on file.  We've further updated the stipulation, in redline, to reflect Amazon's intention to file a cross-motion for a protective order related to DOL's attempt to enforce the OSHA subpoenas.  As I'm sure you are aware, the Court did not have subject matter jurisdiction to address such a motion until OSHA moved to compel enforcement of its subpoenas yesterday.  *E.g., Gen. Aluminum Mfg. Co. v. Walsh*, 2021 WL 4310592, at *1 (N.D. Ohio Sept. 22, 2021).  Having reviewed DOL's motion filed at 2:45 am ET last night, we have determined that we will seek a protective order.

Please confirm your agreement with the attached or provide any further comments or revisions promptly so that we can make sure a stipulation is timely filed today.

Thank you,
Ryan


**Ryan Stewart**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Friday, January 6, 2023 2:02 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** jeffrey.oestericher@usdoj.gov; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** RE: Amazon

   **[WARNING: External Email]**
Ryan,

Although we disagree with your interpretation of the rule, or the requirement to redact these names, we did so in our filings last night as a courtesy.

One issue that I wanted to follow up on is filing the Stipulation on the briefing schedule.  Given that the motion for protective order is noted for today, we think it should get docketed today.  Please let us know if there is anything we can do to assist in the filing.

Regards,

Dominika


Dominika Tarczynska
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel: (212) 637-2748
Fax: (212) 637-2686
dominika.tarczynska@usdoj.gov

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Thursday, January 5, 2023 11:12 PM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** [EXTERNAL] RE: Amazon

Thank you, Dominika.  Third-party employee names should be redacted to protect the privacy of those third parties.  Local Rule 5(g) states that parties "*must* protect sensitive information by redacting sensitive information . . . that the court does not need to consider."  Here, the Court need not consider any subpoenaed employee's name to resolve the pending or anticipated motions, so the individual's names must be redacted for their privacy.


Ryan


**Ryan Stewart**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Thursday, January 5, 2023 10:14 PM
**To:** Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Stewart, Ryan C. <RStewart@gibsondunn.com>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** jeffrey.oestericher@usdoj.gov; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** RE: Amazon

**[WARNING: External Email]**

Counsel,

In advance of filing OSHA's motion to compel, we wanted to alert you to the fact that we will be identifying the names of the subpoenaed corporate-level witnesses in our motion.  We noticed that you redacted them from exhibits submitted in support of Amazon's motion for protective order.  Although we are aware of no legal basis for such redactions, we wanted to give you advance notice of our filing.

Regards,

Dominika

Dominika Tarczynska
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel: (212) 637-2748
Fax: (212) 637-2686
dominika.tarczynska@usdoj.gov

**From:** Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>
**Sent:** Thursday, January 5, 2023 1:14 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** RE: Amazon

Ryan,

Thank you for consenting to DOL's intervention and the additional one-day extension for DOJ to file its opposition to Amazon's motion for protective order.  In addition, we agree with the proposed changes in the draft stipulation that you shared; and we consent to a one-day extension for Amazon to file its response to DOL's anticipated motion to compel.

We'll respond to the other issues raised in your email shortly.

Best,
Adam

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Thursday, January 5, 2023 12:23 PM
**To:** Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** [EXTERNAL] RE: Amazon

Adam:  Thank you for your email last night updating us that the U.S. Department of Labor (OSHA) will be the agency moving to compel and for identifying the issues on which it will be moving.

We disagree with your characterization of our meet and confer efforts.  And your assertion that December 19 was the "first" time the government had requested a meet and confer regarding a potential motion to compel is demonstrably untrue.  As you know, the government has threatened to move to compel several times over the past few months, notwithstanding our ongoing meet and confer efforts, that Amazon has never refused to provide responsive documents or information, and Amazon's continued commitment and dedication of substantial resources to providing documents and information as fast as it reasonably can.  We had done everything we could to avoid burdening the Court with motion practice.  Regrettably, however, the government's December correspondence cited in your email was more of the same, filled with incendiary language and baseless accusations, further demonstrating that we had reached a point where the government's demands were not feasible.

With respect to the first and third bullets of OSHA's anticipated motion, so that the record is clear, we stated during the meet and confer on Tuesday that we would provide a privilege log for any responsive, withheld nationwide ergonomic assessments by February 3 and that we would produce an initial privilege log on February 3 that included withheld documents from the first four custodians, which would be updated on a rolling basis with additional documents for those and other custodians thereafter.

With respect to the stipulation and briefing schedule, we do not object to SDNY's request for an additional extension of time for its opposition brief (originally due yesterday) to January 6.  However, in light of that requested extension and the federal holiday weekend preceding our opposition to OSHA's anticipated motion to compel, we ask that you consent to a one-day extension for our filing.  This will still result in Amazon having less time than the government will have had for its opposition brief to our motion.  This is reflected in the attached edits to the stipulation.  Please confirm your agreement.

Finally, with respect to the two other topics in your email:

*First*, to ensure the record is clear, I stated that we hoped to be in a position to provide ESI hit reports for Messrs. Bezos and Jassy this week and that we would provide an update by the end of the week if that could not occur.  I anticipate receiving an update from our vendor by the end of the day today and we can provide you an update (or a hit report, if available) tomorrow.

*Second*, we will look into the Austin data promptly and get back to you early next week.  As you know, the government first subpoenaed this data on November 17 and did not confirm which informational fields it was requesting until 5 p.m. on November 23.  We produced the data (which spanned all "Sibling Facilities" nationwide) within five weeks.

Thank you,

Ryan


**Ryan Stewart**


GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>
**Sent:** Wednesday, January 4, 2023 9:16 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** jeffrey.oestericher@usdoj.gov; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** RE: Amazon

[WARNING: External Email]

Ryan,

We believe that in the communications that we've been sending since December 19 when we first requested a meet and confer regarding a motion to compel compliance with the OSHA subpoenas, and during our meet and confer yesterday, we flagged the specific production issues that will be the subject of the motion to compel compliance with the OSHA subpoenas—certainly more clearly than what Amazon did when it filed its motion for protective order without meeting and conferring with us (despite our requests for a meet and confer).  Nevertheless, so there is no misunderstanding, we intend to move to compel faster compliance with the following items in the OSHA subpoenas:

- Completion of privilege review for the first four custodians (                                                and production of any documents deemed non-privileged or partially privileged and privilege logs;

- Production of all non-privileged emails and other ESI flagged by the parties' agreed-upon search protocol (except for the one search string that is targeted towards documents responsive to the FIRREA subpoena), together with a privilege log;
- Production of a privilege log for any documents withheld on the basis of privilege from Amazon's production of ergonomic hazard assessments; and
- Dates for the testimony of                        and          and a date for the testimony of

In addition, we have further edited the stipulation to reflect the fact that the DOL, not the DOJ, intends to file a motion to compel and, accordingly, the DOL intends to intervene in the action.  We also request an additional one-day extension to file DOJ's opposition to Amazon's motion to compel.  We have attached an updated version; please let us know if you consent to intervention and the further extension to file DOJ's opposition by January 6.

Lastly, please also let us know when we will hear back from you regarding the topics outlined below:
- During the meet and confer you indicated you would be providing the hit reports for Bezos and Jassy this week absent any technical issues.  Please advise if there are any issues that prevent this from being sent this week.
- As we indicated during yesterday's call, the Austin data produced last week only contain data through September 2022.  We would like Amazon to produce all data that is available, which should be through the end of 2022.

Best,
Adam

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Wednesday, January 4, 2023 2:34 PM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** [EXTERNAL] RE: Amazon

Counsel:  Apologies for the quick follow up.  Please see the attached, slightly adjusted redline of the stipulation which reflects Amazon's deadline as January 17 in light of the federal holiday on January 16.  *See* Local Rule 7(d)(5).

Thank you,
Ryan

**Ryan Stewart**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Wednesday, January 4, 2023 1:57 PM
**To:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** jeffrey.oestericher@usdoj.gov; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** RE: Amazon

Counsel:  Thank you for your time yesterday afternoon.  We write to memorialize our conversation and respond to your proposed edits to the stipulation.

*First*, with respect to nationwide ergonomic assessments, Ms. Tarczynska asked that Amazon (1) confirm on January 6 the number of nationwide ergonomic assessments that are being withheld on privilege grounds and/or because they bear indicia of privilege, and (2) commit to producing a privilege log for any withheld responsive documents by January 20.  We committed to get back to you with our position and whether that is feasible.

*Second*, we discussed the privilege log for ESI that has not been produced pending privilege log review and diligence.  You reiterated your request that Amazon provide now a "partial privilege log" of metadata for the documents that are pending privilege review based on their indicia of privilege.  We explained, as set out in our written correspondence, that Amazon is not required to produce a metadata log for those documents that are pending privilege log review.  Nor is it efficient to pull and provide such a metadata log because it will require our attorneys to take time away from actual privilege log diligence to review the metadata for potential privileged content (e.g., email subject or document title) for redaction.  As we noted, we also object to producing such a metadata log because of the government's reference to it as a "partial privilege log," when we have explained repeatedly that these documents have not yet been withheld on privilege grounds but are pending further privilege diligence by Amazon in light of clear indicia of privilege.

We did commit to providing our ESI-related privilege log on a rolling basis (i.e., it is not and has never been our position that the privilege log will be withheld until the end of the entire ESI process in June) because doing so will allow the parties to continue meet and confer efforts, if any, during the pendency of continued ESI review.  You asked that we produce the initial privilege log as soon as possible and commit to dates certain by which ESI privilege logs for each of the first four custodians will be completed.  We stated we would get back to you regarding when we anticipate beginning to produce our partial privilege logs on a rolling basis, and that at this time we are not in a position to commit to date(s) certain by which our rolling privilege log will be completed as to certain custodians.

*Third*, we discussed the pace of our ESI review.  We reiterated our commitment to continuing to review and produce responsive ESI, including during motion practice.  Ms. Tarczynska asked what levels of ESI review was intended in our November 16 email—before we began ESI review—which stated that "we estimate[d] we [could] review 3,000 to 5,000 ESI documents per week" (if we still had

to complete the government's various other investigatory demands on an expedited basis) and "estimate[d] that we [could] review at least 8,000-10,000 ESI documents a week" (if other investigatory demands, including OSHA depositions and non-ESI documents) were delayed.  We confirmed that these estimates anticipated first and second level review.  As noted in our December 31 email, we are achieving the latter rate of review (approximately 37,000 documents first and second-level reviewed in four weeks – on top of nearly 120,000 documents first-level reviewed in that same time frame) because of the significant resources Amazon is devoting to review, notwithstanding that the government refused to lessen (much less remove) any investigatory demands during that time.

*Fourth*, Mr. Hennefeld and Ms. Tarczynska asked why Amazon is not producing jointly noticed witnesses for deposition in January.  We explained, as set forth in our written correspondence and in our motion, that it is not reasonable or feasible and would be unduly burdensome to attempt to meet your demand to complete all ESI review, privilege log diligence, produce privilege logs, and resolve purported responsiveness and privilege disputes on this accelerated timeline.  Moreover, producing these witnesses twice, for obvious reasons, is not reasonable and is inconsistent with the OSH Act's requirement to limit burdens on employers to the "minimum," especially given the level of collaboration and communication between SDNY and OSHA throughout these investigations.

*Finally*, Ms. Tarczynska stated that the government anticipated filing a cross motion to compel on Thursday, in addition to its response to our pending motion for protective order.  We asked on which of the many subpoenas and requests therein you anticipated moving to compel.  You stated that the government would likely be moving on some of the OSHA subpoenas and would not be moving on SDNY's FIRREA subpoenas.

We received your proposed revisions to the stipulation to incorporate your anticipated motion to compel.  It states that SDNY will be making the cross motion.  Please confirm which subpoenas and subpoena requests for which SDNY will be moving to compel and on what basis.  As noted above, we do not know which requests you will be moving to compel or the deadlines you will be requesting based on our meet and confer yesterday afternoon.

Consistent with local practice, we have no objection to coordinating motion notice dates for our respective motions.  However, your revisions to the stipulation note your anticipated motion to compel for January 13.  Local rules state that motions to compel are third Friday motions.  LR 37(a)(2); *see also* LR 7(d)(3).  Accordingly, assuming your anticipated motion is filed on Thursday, it should be noted for January 20.  We have revised the stipulation in the attached redline accordingly.

Thank you,
Ryan


**Ryan Stewart**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Tuesday, January 3, 2023 5:41 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** jeffrey.oestericher@usdoj.gov; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** RE: Amazon

**[WARNING: External Email]**

Ryan,

As discussed, attached are our proposed edits to the stipulation reflecting our intention to file a motion to compel.

Regards,
Dominika

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Monday, January 2, 2023 10:46 AM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>
**Cc:** Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** [EXTERNAL] RE: Amazon

Dominika:  We have no objection to your requested one-day extension to file your opposition on January 5, as long as the motion is re-noticed to Friday January 13 as you note below.  It is not our understanding, however, that an agreed upon extension will automatically change the notice date.  Rather, we understand that the parties will need to enter a stipulation that sets your briefing deadline as January 5 and re-notes the motion to January 13.  We will confirm with the docketing clerks as soon as possible.

In the meantime, we've drafted the attached stipulation for your review.  Please let us know if you have any revisions.

Best,

Ryan

**Ryan Stewart**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Saturday, December 31, 2022 7:33 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>;
Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason
C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; 'Boizelle, Ashley'
<boizelle@amazon.com>
**Cc:** jeffrey.oestericher@usdoj.gov; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gitlin, Adam (USANYS)
<Adam.Gitlin@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Hennefeld, Daniel - SOL
<Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** RE: Amazon


[WARNING: External Email]


Counsel,


We are available for the meet and confer at 4:30pm on Tuesday.


The Government's opposition to Amazon's motion in the WDWA is currently due on January 4. In light of the holidays,
we are going to need a brief 1-day day extension until January 5 to file our opposition. As a practical matter, pursuant to
Local Rule 7(d)(2), we believe this will push the notice date of the motion to the following Friday.  Please let us know if
you will consent to this extension.


Thank you,

Dominika

Dominika Tarczynska

Assistant United States Attorney

Southern District of New York

86 Chambers Street, 3rd Floor

New York, NY 10007

Tel: (212) 637-2748

Fax: (212) 637-2686

dominika.tarczynska@usdoj.gov

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Saturday, December 31, 2022 3:30 PM
**To:** Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; 'Boizelle, Ashley' <boizelle@amazon.com>
**Cc:** Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** [EXTERNAL] RE: Amazon


Counsel:  We write in further response to Mr. Lillywhite's December 26 email.  With respect to your request for a meet and confer—and as detailed in our December 27 email—we provided our availability for a meet and confer on December 23 as you requested but did not receive a response.  We are also available to meet and confer next week, should the government wish to do so, on Tuesday from 4:30-5:00 or Wednesday from 9:30 to noon, 1:00-2:00, or 3:00-4:00.  We provide below a detailed response to each of the items listed in Mr. Lillywhite's email.

**Production of ESI to OSHA except for "the single search string that included 'bank*'."**  As we have reiterated many times, we have been working diligently to move forward ESI review expeditiously since our review began full-time on November 28, just four weeks ago.  As of our update last Thursday—within three weeks of initiating our ESI review—we had first-level reviewed approximately

117,000 documents, second-level reviewed approximately 26,000 documents, and completed QC review for and produced approximately 5,500 non-privileged ESI documents.

We have continued to push forward ESI review even during this holiday week.  This week we have completed first-level relevancy review of the unique documents that hit on the government's search terms.  We have completed second-level review of approximately 10,000 more documents.  And we have also completed QC review and produced last night an additional 1,850 non-privileged ESI documents.

To achieve these numbers, Amazon is dedicating significant resources to this review—as set out in our prior correspondence—and will continue to do so.  The review and production of ESI simply cannot move any faster than it is, within reason.  The volume of ESI review SDNY demanded (nearly 235,000 total documents) does not allow it.

Excluding "the single search string that included 'bank*'"—which Mr. Lillywhite's email purports to be the only search string "chiefly relevant to the FIRREA subpoena"—does not solve that issue.  Nor, for the record, is there any basis to imply that the ESI review process could reasonably be split into separate ESI reviews for SDNY and OSHA.  All of the search strings are responsive to SDNY's far-reaching FIRREA requests.  *See, e.g.*, SDNY Request No. 3 (incorporating by reference and seeking production of all documents responsive to over 500 OSHA document requests); SDNY Request Nos. 6-7, 12, 15, 16, 21, 24-25, 27, 33 (requests related to workplace hazards, injuries, or injury rates); SDNY Request No. 17-18 (requests related to AmCare procedures).  The search terms (and custodians) were all negotiated with attorneys for SDNY.  And we were directed—by SDNY—to conduct our ESI review not on a search string by search string basis but on a custodian by custodian basis.  In any event, the search string containing "bank*" yielded fewer than 4,000 unique "hits"—approximately just 3% of the total unique hits in the review protocol.  Excluding those documents from review will not materially speed up the process.

To be clear, Amazon will continue reviewing and producing this ESI expeditiously.  But even with the substantial resources Amazon is devoting to this process, completing all ESI production (including privilege log diligence and production) will take time.  As set out in our pending motion for a protective order, we anticipate completion by June 30.

Any other timeline will impair Amazon's rights (including to protect its privileged information) and impose a significant, undue burden on Amazon well beyond the "minimum burden" that OSHA is permitted to impose during its investigations.  *See* 29 U.S.C. § 657(d) ("Any information obtained by [OSHA] under this chapter shall be obtained with a minimum burden upon employers.").  Indeed, in our collective experience, we have never seen OSHA request ESI review of this type in an inspection.

**Depositions for the five jointly noticed deponents.**  Specifically, we understand you are referring to the depositions of                    (                              ),                         (



                    ),                        (                                     ),                    (

), and                                      (                                                          ), each of whom was
jointly noticed for deposition by OSHA and SDNY.

As set out in Ms. Ahmad's December 22 correspondence and our pending motion, we offered these
witnesses for depositions on an expedited basis following substantially complete productions of their
responsive, non-privileged ESI.  Those efforts were met with explicit accusations that Amazon was
being "obstructionist" and thinly veiled accusations that we were improperly withholding documents
on responsiveness or privilege grounds.

As a result—and as set out in our pending motion—we do not intend to offer these witnesses for
deposition until the complete production of ESI and privilege logs, including the opportunity to
resolve any disputes regarding privilege and responsiveness.  Amazon will not undertake the undue
burden of offering these witnesses for deposition twice.  Nor would such a demand be permitted by
the OSH Act, which expressly requires OSHA to impose the "minimum burden" possible on Amazon
including "reduc[ing] to the maximum extent feasible" the "unnecessary duplication of efforts in
obtaining information."  29 U.S.C. § 657(d).

To be clear—and notwithstanding Amazon's voluntary compliance—OSHA's investigation to date has
imposed much more than a "minimum burden."  OSHA has issued eight document subpoenas
containing more than 520 document requests, many of which demand documents not just from the
inspected facilities but also from hundreds of "Sibling Facilities" nationwide.  In addition to hundreds
of employee interviews, OSHA has issued 27 deposition subpoenas to Amazon in its investigation,
including subpoenas for 25 fact witnesses and 2 subpoenas for corporate designee testimony (each
with 11 topics, requiring multiple designees).  In five months Amazon has expended millions of dollars
to comply with these subpoenas.  Amazon has produced more than 40,000 documents and completed
19 depositions (with 2 more scheduled for next week) of national, regional, and site-level
employees.  That is a substantial—not a "minimum"—burden and significantly more than OSHA has
collected in any other investigation in our collective experience.

Further, and as we have previously articulated, OSHA's subpoenas to these individuals were clear
attempts to shoehorn SDNY priorities into an unnecessarily expedited time frame under the guise of
the OSH Act's statute of limitations.  SDNY subpoenaed these witnesses for deposition on October
11.  OSHA began serving its host of deposition subpoenas weeks earlier, on September 23.  OSHA
issued 18 deposition subpoenas between September 23 and October 28.  On October 28 we sent a
letter explaining that we did not intend to proceed with depositions noticed by SDNY until all ESI had
been produced and that producing witnesses to OSHA would take priority given the statute of
limitations.  OSHA jointly noticed these witnesses for deposition three business days later, despite
having never previously mentioned them.

**OSHA's request for certain ergonomic assessments or reports discussed during the depositions of**
**           and                      **We have separately responded to OSHA's correspondence from both
Ms. Acosta and Mr. Hennefeld regarding these documents.

Contrary to OSHA's assertions, the assessments that                testified about during her deposition were produced on November 19, 2022 (prior to her deposition).  They are Bates-stamped AMZ-MCO2-00028680—AMZ-MCO2-00028729.

With respect to the nationwide ergonomic assessments, including those that                testified about during his deposition, Amazon did not agree to produce such documents during our extensive meet and confers in September.  The government made no objection to Amazon's intended approach for months.  As noted in Mr. Lillywhite's email, we subsequently agreed on November 30 and December 7 to produce certain nationwide assessments and analyses.  Since agreeing to do so, we have worked diligently to collect and review these documents.  At this time, we anticipate producing all non-privileged assessments that                testified about on or before January 6.  A privilege log for any responsive documents withheld from production will follow.  We anticipate producing the privilege log on or before February 3.

**Nationwide ergonomic assessments.**  As you know, Amazon originally agreed to produce nationwide ergonomic assessments only to the extent they related to the impact of pace of work on injury rates.  The government did not object to Amazon's stated approach for months.  Once the government raised concerns, in the interest of compromise, Amazon agreed (on November 30 and December 7) to produce certain ergonomic assessments and analyses conducted on a national level on or before January 6.  Over the last few weeks since making that commitment—and notwithstanding that it is Amazon's peak season—Amazon has worked diligently to gather responsive documents.  We still anticipate substantially completing the production of non-privileged responsive documents on or around January 6, within just five weeks of our agreement to do so.  To the extent any documents responsive to this request (as narrowed by Amazon's objections) are withheld, we will promptly produce a privilege log.  We anticipate producing that privilege log on or before February 3.

**2016 BSI ergonomic project.**  As stated in the Request for Proposal that has been produced to you, and pursuant to which BSI was retained, the project was undertaken and conducted at the direction and request of the Amazon Legal Department.  Specifically, the project was undertaken in response to the Hazard Letter issued by OSHA to Amazon's then Senior Manager of Environmental, Health, and Safety Governance for North American Fulfillment Centers on December 30, 2015.  That letter recommended that Amazon "voluntarily take reasonable steps to address and reduce or eliminate the issue of ergonomic stressors to which your employees are exposed" and recommended that Amazon undertake "work place analysis of jobs and tasks," assess "engineering, administrative, and work practice controls," and assess its "education and training of workers and management."  The letter also noted OSHA might return to Amazon's worksite(s) to further examine ergonomic conditions, during which time OSHA could have issued citations and commenced litigation.  The 2016 ergonomic assessment was undertaken in response to this hazard letter from OSHA and at the direction of and in consultation with Amazon attorneys.

We are continuing to review documents collected related to this BSI project.  We will, of course, log any responsive communications and documents that are withheld on privilege or work product

grounds.  To the extent we ultimately determine that any specific communications or documents are not privileged or protected work product, they will be produced.

**The government's November 17 supplemental subpoena request for documents concerning "Injury Goals" or "Medical Goals."**  On November 17, both SDNY and OSHA issued supplemental subpoenas requesting these documents.  We agreed to produce certain responsive, non-privileged documents, including "CX decks," "weekly operations business reviews," and "page 0 metrics."  We have been working diligently to collect and produce these documents in the weeks since this request was issued.  To date, we have substantially completed the production of CX decks.  We also anticipate that we will produce a number of other responsive documents by January 6.  As you may know, we have also produced a number of responsive documents in our recent ESI productions.  In light of the expansive date range for these requests, we anticipate we will substantially complete production of these documents on or before January 27.

**The government's November 17 supplemental subpoena request for documents concerning incentives related to "Injury Goals" or "Medical Goals."**  At this time, and after a reasonably diligent search, including custodial interviews with employees at the national, regional, and site level, we have not identified any documents responsive to this request.  No documents are being withheld on privilege grounds.

**Associate-level productivity data.**  Per our email update on December 23, the sheer volume of data the government has demanded related to associate-level productivity (which we understand to be tens of billions of rows of data dating back multiple years at all "Sibling Facilities" nationwide) caused the custom queries exporting the data to fail during machine processing multiple times.  Amazon was forced to run a different query to export the data on a month to month basis.  That query successfully completed this week.  We are now working to export the data (nearly 400 GB in total) to separate drives for external production.  Please advise where you would like the drives delivered once that machine processing is completed.

**The government's November 17 supplemental subpoena request for information from Austin/Gensuite nationwide dating back 5 years.**  The government's supplemental subpoenas issued on November 17 seek documents and information dating back 5 years regarding injuries or incidents at Amazon "Sibling Facilities" on a nationwide basis.  Amazon has been working diligently on this request since it was first received.

Responsive information from Amazon's AUSTIN database was produced on December 28.  It is located at AMZ-OSHA6-00030792.

With respect to information from Amazon's archived Gensuite database, we are in the process of collecting the information.  Our review from our initial collection of the information demonstrated several errors, including some corrupted data fields and a lack of "crosswalks" across the various files.  The information is currently being repulled and we anticipate this processing will be complete

and the information will be available for our review mid-to-late next week.  We will review it promptly once it is available and produce it promptly, absent any further processing errors.

**The government's November 17 supplemental subpoena request for information from Amazon's Return to Work database dating back to its inception.**  The government confirmed the data fields it was requesting for this request on December 2.  On December 7 we estimated that we anticipated producing the data on January 6.  We can confirm that the data has been exported for our review this week, and we are currently reviewing for any processing errors.  Absent any such errors, we will produce the data next week, as originally anticipated, or shortly after addressing any such errors.

**Weight data.**  As discussed in our prior meet and confer calls and in our November 30 email to you, we have not identified any centrally stored system that houses the type of granular weight data that you are seeking.  In our November 30 email, we suggested you provide any more specific input on what you are seeking.  Mr. Lillywhite's December 26 email references weight data that Amazon produced to the Washington State Department of Labor & Industries in 2020.  As your email notes, however, that data was provided for a specific facility          .  We can confirm that we have investigated that data and that it was pulled from data sources at the site level, such that identifying the existence of and collecting such data would require site by site collection.


              that will be produced with the associate-level productivity data once machine processing completes.

Thank you,

Ryan


**Ryan Stewart**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com


---

**From:** Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>
**Sent:** Monday, December 26, 2022 8:51 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; 'Boizelle, Ashley' <boizelle@amazon.com>

**Cc:** jeffrey.oestericher@usdoj.gov; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** RE: Amazon


**[WARNING: External Email]**


Counsel,


We write again to schedule a meet and confer.  On Monday, December 19, we asked that you produce certain information by that Thursday (12/22) at 5 p.m. and advise us of your availability on Friday (12/23) for a meet and confer in advance of a potential motion to enforce.  You did not respond until after 11:30 p.m. on Thursday (in tandem with your filing a motion for a protective order) to propose times on Friday.


We will be responding to your motion in connection with our FIRREA subpoena in due course; however, we still wish to meet and confer in connection with OSHA's subpoenas.  Please advise us as soon as possible, and by no later than 4 p.m. tomorrow, of your availability for a meet and confer on Wednesday (12/28) or Thursday (12/29)  At that meet and confer, we wish to discuss the issues raised in our December 19 letter except as they concern (1) ESI only responsive to the single search string that included "bank*", which was chiefly relevant to the FIRREA subpoena; and (2) the depositions for the five corporate FIRREA deponents who were not noticed for administrative statements by OSHA.  In addition, we wish to discuss the following issues related to ergonomic assessments, again in the context of OSHA's subpoenas:


- As Mr. Hennefeld advised you on December 16, during their administrative statements          and          referred to certain ergonomic assessments or reports concerning MCO2 and MDW8, which are further described in Mr. Hennefeld's email.  When will those be produced?


- On November 30, you committed to producing "responsive ergonomic assessments conducted by Amazon at a nationwide level (subject to Amazon's other objections) on or before January 6."  On December 7, you expanded that commitment to "producing non-privileged assessments, analyses, and white papers identified after a reasonably diligent search of likely custodians related to potential ergonomic hazards, MSD risks, and pace of work at a national level that were created by or for 'National Staff Members' [as defined in the subpoenas] within Amazon's WHS team since August 1, 2017."  We want to confirm you will make these productions by January 6.  We also want to understand which assessments, if any, you will be withholding—whether based on claims of privilege or any other basis.  To the extent you take the position that some of these assessments were privileged, we want to know the basis for such claims.

- Relatedly, we want to better understand your privilege claim related to the BSI ergonomic assessment.  In your letter of December 22, you wrote that the "2016 project was conducted at the direction and under the supervision of Amazon's Legal Department."  (12/22 Ltr. 8.)  You also wrote that it was "initiated within months after Amazon received a Hazard Letter *from OSHA* in December 2015 . . . that specifically related to ergonomics."  (*Id.*)  However, you don't expressly assert that this project, which we understand had a nationwide scope, was undertaken in response to OSHA's hazard alert letter concerning the Robbinsville, New Jersey warehouse.  Was it?  When did Amazon first contact BSI to discuss this project?  Who at Amazon did so?  Did communication between Amazon and BSI concerning this project always include the Legal Department?

We also would appreciate a further update with regard to Amazon's efforts to respond to our remaining highest priority requests.  In particular:

- **Documents concerning Injury Goals or Medical Goals.**  We want to confirm you will be producing responsive documents by January 6.

- **Documents concerning incentives related to Injury Goals or Medical Goals.**  We want to confirm you will be producing responsive documents by January 6.  To the extent you take the position that some of these documents are privileged, we want to confirm you will be producing a privilege log at that time.

- **Associate-level productivity data.**  In light of Friday's update, when do you expect to be able to produce this data?

- **Austin/Gensuite data.**  On December 16, you wrote you were "in receipt of the [Austin] data" and "anticipate producing it next week"—that is, by last Friday, December 23.  We have not yet received it.  When do you expect to produce the Austin data?  You also wrote in that email that you expected the Gensuite "data pull to be completed next week" (by December 23), though you had to quality check and process it before production.  What is the current status, and when do you expect to produce the Gensuite data?

- **Return to Work data.**  Please provide an update on the status and when you expect to produce this data.

- **Weight data.**  Have you identified any such information?  We understand weight information was produced to Washington L&I in December 2020 that included unit counts by weight buckets (0-5 lbs., 5-10 lbs., etc.) for
      We have also heard that Amazon operations managers, when asked about providing similar information during the OSHA inspections, said they could do so.  If you have not identified that information, we want to confirm that you have identified the data source used to produce information to L&I and that you have spoken with operations managers about whether and how this information is kept.

Sincerely,


Jake


Jacob Lillywhite

Assistant United States Attorney

Southern District of New York

86 Chambers Street, Third Floor

New York, New York 10007

(212) 637-2639

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Thursday, December 22, 2022 11:38 PM
**To:** Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; 'Boizelle, Ashley' <boizelle@amazon.com>
**Cc:** Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** [EXTERNAL] RE: Amazon


Counsel:  Please see the attached correspondence.


Thank you,

Ryan



**Ryan Stewart**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>
**Sent:** Monday, December 19, 2022 2:45 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; 'Boizelle, Ashley' <boizelle@amazon.com>
**Cc:** jeffrey.oestericher@usdoj.gov; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** RE: Amazon

[WARNING: External Email]

Counsel,

Please see the attached correspondence.

Sincerely,

Jake

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Friday, December 16, 2022 11:26 PM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** 'Boizelle, Ashley' <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** [EXTERNAL] RE: Amazon

Dominika:

Thanks for your email.  We are continuing to move forward with ESI review and production as expeditiously as is feasible.  Although we are not in a position—on less than 24 hours' notice—to provide a precise accounting of the exact number of "attorney hours [that] have been spent on this review since November 30," as you requested, we can confirm that a minimum of 5,300 attorney hours have been devoted to ESI review from November 30 through December 15.  That is more than 330 hours *per day* of attorney time on ESI alone (more than 440 hours per business day – although, as I noted previously, we have attorneys working weekends to move this process along as quickly as possible).  Within approximately three weeks of starting this ESI review we have first-level reviewed, second-level reviewed, quality checked, processed, and produced over 3,600 documents, amounting to nearly 14,000 pages.

Amazon is committed to continuing to devote significant resources to this effort and to presenting witnesses for depositions promptly.  Your email raises a number of logistical and process concerns.  We anticipated and flagged the likelihood of issues like these during our earlier discussions regarding ESI review and deposition scheduling.  As we made clear in our meet and confers, simultaneous ESI review, production, and depositions (of ten witnesses) is not the norm or a best or efficient practice, especially within a truncated, two-month time frame (and with other ongoing commitments to cooperate with the ongoing investigations).  The government was insistent on proceeding in that manner, and we have done everything we can to make that feasible.

You first raise a concern regarding documents for the first four custodians that have been withheld pending privilege log review.  As an initial matter—and to ensure the record is clear—your email twice attributes to us the phrase "potentially privileged" in quotes, but that phrase does not appear anywhere in our correspondence to you on this matter.  These documents have provisionally been marked privileged based on clear indicia of privilege.  To be sure, we will use the same quality control efforts we are now using to screen privileged documents from production to ensure the documents our first and second level reviewers have designated as privileged are appropriately classified.  Although we expect those efforts to result in the production of additional documents, any documents being withheld are being withheld in good faith.  Amazon has the right to protect its privileged information.

Nor do we find it particularly surprising that corporate executives would hold a large amount of privileged correspondence within their ESI.  We note, however, that your statement that 70% of responsive documents are privileged is inaccurate because our numbers include families.  Only approximately 30% of the documents reviewed because they contained the search terms were withheld on privilege.

In any event, we committed to "substantially completing" the production of "non-privileged ESI" from these custodians in advance of their depositions given the short timeframe involved.  *E.g.,* R. Stewart

Nov. 30 Email; R. Stewart Dec. 7 Email; R. Stewart Dec. 9 Email.  Although we understand that the government now demands the complete production of all non-privileged ESI, a privilege log, and resolution of any privilege questions at least 7 days in advance of any deposition, that is not what we committed to.  Nor would it have been feasible to do so on the truncated timeline anticipated for those depositions.  We will move forward expeditiously with the privilege log process (and re-direct priorities accordingly) given your request below.  To the extent any documents (or portions thereof) are deemed non-privileged after further review and diligence we will produce them promptly.  Should you wish to postpone depositions until this process is complete for each custodian, we are willing to do so.

As I stated yesterday, we are not in a position at this time to commit to a date certain for the completion of privilege logs.  As you know, privilege log review is an important process—certainly we assume that the government does not want us to produce privileged communications—and requires review and conferral with our client.  We will move forward on a custodian by custodian basis as expeditiously as feasible and update you accordingly, including on a rolling basis.  (Amazon is under no obligation to and will not provide a "metadata log" for unproduced documents.)

Your email also raises a purported concern regarding the rate of responsiveness in the ESI production.  To clarify the record, the unique hits from these custodians' ESI were approximately 14,500 documents (25,000 including families).  The larger numbers you are referencing were from the hit report provided before you agreed to minor final revisions to the search terms (after which no updated hit report was provided).

Our review has identified communications responsive to the government's document requests, and responsive communications have been produced.  To the extent documents have not been produced it is because they have been reviewed and deemed not responsive.  If you have particular concerns regarding a specific subject or category of ESI you feel has not been produced we, of course, are willing to listen to your concerns and assess accordingly.

Third, your email raises concern regarding the pace of production.  As noted above, Amazon has devoted significant resources to this effort.  The process cannot reasonably move any faster.  As with any ESI review there is a learning and efficiency curve with respect to review, processing, and production.  And, as we previously noted, that efficiency curve would have resulted in greater efficiencies if we had proceeded on a subject matter basis rather than the custodian-by-custodian basis on which you insisted.  At this time, we are not in a position to commit to any set date for completion of privilege review and privilege logs.  Amazon will continue to devote significant resources to this effort on a custodian-by-custodian basis to facilitate rolling depositions, and we will continue updating you on our progress on an iterative basis.

Finally, we note that our agreement to endeavor to meet the government's various deadlines was expressly conditioned upon the understanding that we would receive no further investigative requests.  And we relied on your representation that the government was coordinated and speaking with one voice about its priorities.  Yet in the last two weeks we have continued to receive additional

requests and time sensitive demands from OSHA that further detract from our efforts, including (i) requests for three additional site-level statements, (ii) expanded requests for documents that fall outside of what we agreed to produce in our written objections and meet and confer correspondence for the more than 550 document requests at issue in these investigations, including eight new document requests from MDW8 and two additional requests from Mr. Hennefeld, (iii) unnecessarily drawn-out depositions exceeding eight hours in length, and (iv) attendance at six closing conferences with no advance notice (indeed, at least two of the conferences were demanded within less than an hour after the initial email).  We have also continued to receive correspondence from SDNY including your December 15 email setting forth new demands, inquiries and deadlines, responses to which further detract from our efforts.  We are nonetheless continuing to do what we can, within reason, to provide the documents and information you seek.

With respect to the other items included in your email:

*First*, we are in receipt of Mr. Lillywhite's December 9 request for additional details regarding Amazon's basis for withholding information and documents related to ergonomic assessments conducted by BSI in 2016.  As you know, Amazon's RFP through which BSI was retained for the project expressly stated that the project was conducted at the direction of Amazon's Legal Department on a privileged basis.  We are gathering more information per your request and will provide it once gathered.

*Second*, with respect to search term hit reports for Mr. Jassy and Mr. Bezos, our vendor has been focusing processing efforts on ESI review for the deponents.  Once the ESI is processed we can run and provide a search term hit report for the ESI of Messrs. Jassy and Bezos promptly.

*Third*, we can confirm that                will be traveling, including internationally, for at least the first three weeks of January.  Therefore we anticipate that her deposition will need to take place in February.  We will work to identify her available dates next week.

*Fourth*, with respect to associate-level productivity data, as we have told you from the outset, querying, pulling, and reviewing associate-level data for all sibling facilities is an extraordinarily burdensome endeavor.  Nonetheless, in light of your repeated requests, Amazon agreed to undertake that burden.

After significant effort and time, Amazon has now successfully identified and isolated responsive, historical associate-level data for fulfillment center, sortation center, and delivery station "sibling facilities."  To give you a sense of scope, the data for a single facility, for a single day, can total more than 60,000 rows of data.  Multiplied across multiple years and hundreds of facilities, the total data extract will be billions of rows of data.

With the data successfully queried and isolated, we are currently in the process of exporting that data from its multiple native data sources to a central repository, where it will then be transferred and burned to media for production to your offices.  Given the sheer volume of data, we do not know

exactly how long the machine processing will take, but our current, best estimate is that machine processing to the central repository should be complete by early next week.  At that time, we will provide you a further update on the volume of data being transferred to external media.

*Fifth*, with respect to the government's request for five years' of nationwide data from Gensuite in the supplemental subpoenas, we have identified the responsive fields and Amazon is currently in the process of pulling that data.  We expect the data pull to be completed next week.  We will provide the data promptly once it is quality checked and processed.

*Sixth*, with respect to the government's request for nationwide Austin data in the supplemental subpoenas, we can confirm that we are in receipt of the data.  It is currently being processed for production and we anticipate producing it next week.  We can also confirm that we were able to pull this data with employee ID and Amazon alias "cross walks," which added some unexpected time to the data pull but which should facilitate easier review by you.

Thanks,

Ryan



**Ryan Stewart**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Thursday, December 15, 2022 7:50 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** 'Boizelle, Ashley' <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** RE: Amazon

[WARNING: External Email]

Ryan,

Thank you for your email.

We are very troubled about the percentage of documents that are being withheld from the production as "potentially" privileged.  For example, for            you are producing a total of 870 documents, while 1,900 are being held back as potentially privileged.  We find it difficult to understand how almost 70% of his responsive documents could be privileged.  Overall, across all 4 custodians, more than 50% of the documents have been withheld as potentially privileged. Given Amazon's position that we only have one opportunity to depose these witnesses, we need you to produce any documents that are deemed not privileged or only partially privileged, and to understand what types of documents are being withheld on the basis of privilege before the depositions.  In light of that, we will postpone            deposition that is currently scheduled for Monday until January.  By the end of next week, we would like Amazon to provide a privilege log for the documents withheld from the productions of            documents, as well as produce any documents that are deemed non-privileged or only partially privileged. For the documents withheld from the productions of            and            please provide a metadata log by the end of next week that includes Author, Recipients (if applicable), File type, file date, File Name or Subject (for Emails) if it is not feasible to also produce a privilege log for these custodians in this time frame.  To the extent that documents that have been withheld involve communications with attorneys at your firm in connection with the current OSHA inspections or SDNY investigation, we do not need you to log those, please simply provide us the total count of documents for each custodian that is being withheld on this basis.

Additionally, we are concerned with the low numbers of documents that are being identified as responsive, compared to the numbers that were identified as hitting on the search terms.  You previously indicated that these four custodians had a total of approximately 15,000 unique documents (more than 26,000 documents including family members), however the number of responsive documents (produced, to be produced, or held back on the basis of potential privilege) is only approximately 11,900.  That is less than 50% of the documents.  Please explain what accounts for this low production rate.

The pace of production is also problematic.  You initially committed, on November 30, to substantially completing the production for      ,      ,      and            by on or about December 9.  Then, on December 9, you advised that substantial completion of the non-privileged ESI production for            and            would be delayed until December 15.  It was not until December 13, that you advised us for the first time that you would not be producing all or substantially all non-privileged documents by that date; instead, you planned withhold documents that contained "indicia of privilege" for review on a separate track for further privilege review, to be conducted after the depositions.  It was not until this morning, after multiple inquiries on our part, that you advised how significant the volume of these withheld documents was – accounting for more than half of these custodians' documents.  Now, we understand from your email this morning that you will complete production of      and            ESI tomorrow—except for 3,000 "potentially privileged" documents—and you have not provided a date when production would be completed for            and            .

Due to these delays, we have had to reschedule two depositions.  Going forward, we need all non-privileged documents for a deponent produced at least 7 days before his or her deposition, including non-privileged documents your reviewers initially flag as "potentially" privileged.

We are also very concerned about the date by which you will complete the production of all ESI under our search protocol.  On November 27, we requested that all such ESI be produced by January 6.  On November 30, you agreed to target January 6 and commit 250 attorney hours a day to meet that target.  On December 7, you indicated that you had completed 1st level review of 41,000 documents, and 2nd level review of 7,000 documents—that is first level review of just 17% the documents captured by our search protocol.  Please advise (1) what these numbers are currently; (2) how many attorney hours have been spent on this review since November 30; and (3) by what date we can expect substantial completion of the ESI productions for all custodians.

There are some additional outstanding issues that we wanted to flag:

First, please provide a response as soon as possible to Jake's inquiry in his December 9 email regarding the basis of Amazon's instruction to BSI to redact their productions to us.  In light of the significant numbers of documents that Amazon has withheld from its own productions, we need to quickly understand the basis of this and other privilege assertions so that we can get any privilege disputes resolved in advance of the depositions.

Second, in your November 18 email you committed to provide search term hit reports for the ESI of Messrs. Jassy and Bezos, but we still have not received this.  Please advise when they will be provided.

Third, we are still waiting on a deposition date for

Fourth, on December 2 you indicated that you anticipated producing associate level productivity data by "mid-December." Will this will be included in your production tomorrow? If it won't be included in tomorrow's production, please advise when it will be produced.

Fifth, we are still waiting on an update on the Gensuite data, which you indicated in your December 7 email Amazon would be providing this week; please let us know when we can expect it.

Finally, please confirm whether you are still on track to produced Austin data by tomorrow.

Thank you,

Dominika

Dominika Tarczynska

Assistant United States Attorney

Southern District of New York

86 Chambers Street, 3rd Floor

New York, NY 10007

Tel: (212) 637-2748

Fax: (212) 637-2686

dominika.tarczynska@usdoj.gov

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Thursday, December 15, 2022 6:08 AM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** 'Boizelle, Ashley' <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** [EXTERNAL] RE: Amazon

Dominika:   Thanks for your emails.  While the exact final numbers might change in processing, we anticipate producing tomorrow approximately 675 additional ESI documents (approximately 250 from          and 425 from             ).  This production will substantially complete the production of responsive, non-privileged ESI from          and            .  We are quality reviewing approximately 2,000 more documents for             and                (the vast majority of which are for             ) for production, at which time their non-privileged ESI productions will also be substantially

complete.  In total, we will have produced approximately 5,500 documents across these four custodians.

Approximately 6,400 documents (including families) from these custodians have been withheld after second-level review for privilege logging and review because they demonstrate a clear indicia of privilege.  This includes approximately 900 documents from the ESI of                    , 1,900 from           , 2,100 from              , and 1,500 from               .

At this time we do not have a firm estimate as to when privilege review of these documents will be finalized.  While that process is underway, our primary priority has been the review and production of non-privileged ESI in an attempt to meet the expedited and accelerated deposition schedule (simultaneous with continuing ESI review) set by the government's "deadlines."  Obviously it is important that Amazon engage in all diligence necessary to ensure protection of its privileged information and communications.

If the government prefers that we also complete privilege review in advance of the depositions, we will re-direct our resources accordingly (again, we will continue to do so in order of deposition date).  If you would like to reset            deposition, he is available on January 10.  Please let us know promptly.

Thank you,

Ryan

**Ryan Stewart**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Wednesday, December 14, 2022 2:54 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>;
Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad,
Zainab <ZAhmad@gibsondunn.com>
**Cc:** 'Boizelle, Ashley' <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Jaklevic, David M -
SOL <Jaklevic.David.M@dol.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS)
[Contractor] <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; Gitlin, Adam (USANYS)
<Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** RE: Amazon

[WARNING: External Email]

Counsel,

Following up on my email below.  We have now looked at the production Amazon made last night, and it appears that
we have now received a total of approximately 620 documents for which                the custodian.  This is only a fraction
of the 3,687 documents that hit on search terms / 5,824 family members.  In addition to the overall numbers we
requested below, please advise as to the specific number of documents for                that have been held back on the
basis of privilege.  And if that does not account for the bulk of the discrepancy between the 620 and 3,687/5,824, please
explain why there is such a discrepancy between the number of documents that hit on the search terms and the size of
the production.

Please provide this information as soon as possible, so that we can make a decision whether to proceed with
deposition next week.

Thank you,

Dominika

Dominika Tarczynska

Assistant United States Attorney

Southern District of New York

33

86 Chambers Street, 3rd Floor

New York, NY 10007

Tel: (212) 637-2748

Fax: (212) 637-2686

dominika.tarczynska@usdoj.gov

---

**From:** Tarczynska, Dominika (USANYS)
**Sent:** Wednesday, December 14, 2022 12:00 AM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** 'Boizelle, Ashley' <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** RE: Amazon

Counsel,

Thank you for providing this additional information regarding your upcoming productions. We are, however, concerned about the small number of documents you anticipate producing, approximately 3,500 documents, compared to the more than 15,000 unique document hits (more than 26,000 with family documents) that you previously advised these 4 custodians had. We need to understand the number of documents that are being held back for further review and logging because of "indicia of privilege" and when any documents that are ultimately deemed non-privileged and a privilege log will be provided. Additionally, if the discrepancy between the search term hits and production numbers is not explained by the documents that have been held back due to possible privilege concerns, please explain. To the extent ESI belonging to a particular custodian is produced after their depositions, we reserve our rights to reopen those depositions.

At this point, in light of what appears to be a significant number of documents related to audits performed by people reporting to            , in addition to the ESI, that will be produced on Thursday, we would like to

reschedule
need to postpone                deposition until January. We will confirm the date once we know whether we will also
                                deposition in light of your response to the above.


Thank you,


Dominika



Dominika Tarczynska

Assistant United States Attorney

Southern District of New York

86 Chambers Street, 3rd Floor

New York, NY 10007

Tel: (212) 637-2748

Fax: (212) 637-2686

dominika.tarczynska@usdoj.gov




---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Tuesday, December 13, 2022 3:28 PM
**To:** Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>;
Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** 'Boizelle, Ashley' <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Jaklevic, David M -
SOL <Jaklevic.David.M@dol.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor]
<KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS)
<AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS)
<DTarczynska@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Amazon

Counsel:  Thank you for confirming the dates and locations for the depositions of                    ,
          , and                     .  We are not available for                     deposition on January 5 or
6.  However, we can propose January 11 (in Washington, DC).  Please confirm whether that date
works for the government.

With respect to the timing of ESI, as I am sure you recall, we originally anticipated that we would not
substantially complete the review and production of non-privileged responsive ESI for the first four
custodians until December 30.  R. Stewart Nov. 17 Email.  On November 23—and in an effort to meet
the government's uniquely accelerated schedule—Amazon agreed to devote additional resources
towards ESI review and endeavor to substantially complete production of these documents "on or
around December 9."  R. Stewart Nov. 23 Email.  We have moved forward with this review as
expeditiously as feasible, devoting hundreds of hours of attorney review time per day (including non-
business days).  The process simply cannot go any faster.  As noted in our December 9 email, we have
also prioritized the quality control and processing of ESI for those custodians whose depositions are
first in time.

Today's ESI production is currently processing for production and contains approximately 2,300
documents from                     and                .  We anticipate producing approximately 600
more documents from        and            on Thursday, which will substantially complete the
production of non-privileged ESI for        and           .  (As noted previously, responsive ESI that
contains indicia of privilege is being reviewed and logged on a separate track.  Any documents
deemed not privileged will, of course, be produced promptly upon such a determination).

Separately, we have identified additional safety audits completed by a team reporting to
        We are reviewing those audits for responsiveness.  Consistent with our prior representations
to substantially complete production of responsive documents for the facilities by December 16, we
will produce responsive safety audits (at most 3) for the six OSHA inspected facilities and the eight
additional selected facilities on Thursday.  Audits completed in 2022 are centrally stored within
        team.  As a result we are also collecting and reviewing for responsiveness approximately 100
more audits for "Sibling Facilities" and will endeavor to produce those this week as well.

We are prepared to proceed with            deposition on December 19 and           deposition on
December 20.  We understand that the turnaround time between ESI production and these
depositions is not long.  That is a byproduct of the expedited, accelerated timeline with which the
government has demanded this investigation proceed.  As we noted several times in our meet and
confers and written correspondence, simultaneous ESI review/production and depositions is not the
normal course.  Consistent with the Federal Rules of Civil Procedure, Amazon intends to offer these
witnesses for deposition once.

If you would prefer to briefly postpone the depositions scheduled for next week so that you have
more time to process and review the forthcoming productions, we are willing to do so and have
confirmed their next available dates for deposition.

- January 9 or January 19 (
- January 10 (

Please let us know how you would like to proceed promptly so that we can arrange travel plans accordingly.  Please also confirm the physical address for each of the upcoming depositions so that we can arrange travel, hotels, and commutes accordingly.

Thank you,

Ryan

**Ryan Stewart**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>
**Sent:** Sunday, December 11, 2022 8:39 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** 'Boizelle, Ashley' <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Subject:** RE: Amazon

[WARNING: External Email]

Counsel,

Please advise us as soon as possible of your best estimates of the numbers of documents for each of these four custodians you anticipate producing by Tuesday, as well as the numbers of documents for each custodian that will not be produced until Thursday.

You committed to substantially complete production for the first four custodians on or around December 9.  On December 10, we received just 600 documents, though you have advised that these four custodians had more than 15,000 unique document hits (more than 26,000 with family documents).  You write that you now anticipate substantially completing the production by Thursday, December 15.  That is one business day prior to the deposition of _____ and two business days prior to the deposition of _____  We, too, have processing times on our end, which means that there is a delay between our receipt of a production and when we can begin to review it.  If you do not produce documents for _____ or _____ until December 15, those documents may not be loaded onto our review platform prior to their depositions.  We need an estimate of the number of documents we can expect on December 13 versus December 15, so that we can determine whether we can proceed with these two depositions.

In addition can you please advise of the number of hits for ESI collected from Mr. Bezos and Mr. Jassy?

Best,

Jake

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Friday, December 9, 2022 10:29 PM
**To:** Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** 'Boizelle, Ashley' <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>
**Subject:** [EXTERNAL] [WARNING: MESSAGE ENCRYPTED]RE: Amazon

Counsel:  As promised in our December 7 email, we write with a further update regarding ESI review and productions.  We are including in our next production responsive, non-privileged documents from the ESI of _____, and _____.  Processing for that production is currently in progress and we anticipate producing it tomorrow morning.

As a further update, we have completed first and second level review of the ESI for _____. _____, and _____.  Non-privileged, responsive ESI for these custodians that is not produced in the next forthcoming production will be subject to quality control checks and review and production processing over the weekend and early next week (in doing so we will prioritize _____ and _____ ESI (in that order) given their anticipated deposition dates).  Due to processing times, we anticipate making further ESI productions on Tuesday and Thursday next week and that we will substantially complete the production of non-privileged ESI for these

custodians by Thursday (if not in the Tuesday production).  Privileged ESI will be subject to further review and logging on a privilege log as appropriate.

As requested, we also attach here an excel file identifying WHS employees on the 2020 roster previously produced that are former Amazon employees and their last known contact information, where available to Amazon.  The password will follow under separate cover.

In providing this information we emphasize (again) the important ethical constraints regarding your outreach to any of these individuals.  Specifically, state ethics rules prohibit you from communicating with these former employees in a way that violates the rights of third parties, such as Amazon, including in any way that attempts to obtain Amazon's confidential or privileged information that these individuals might possess based on their former employment.  *See*, *e.g.*, NY ST RPC Rule 4.4.  Moreover, to the extent any of these individuals inform you that they are represented by counsel with respect to any inquiries regarding their Amazon employment, you are obligated to direct any further communications or requests through counsel.

Thank you,

Ryan




**Ryan Stewart**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>
**Sent:** Friday, December 9, 2022 9:24 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** 'Boizelle, Ashley' <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Subject:** RE: Amazon

[WARNING: External Email]

Counsel,

We can confirm the dates and locations for the depositions of _____, _____, and _____.  Unfortunately, we cannot accommodate the change to the date of _____ deposition.  As we understand December 16 no longer works for her, we propose holding her deposition in ____ on January 5 or 6.

With respect to procedure, witnesses will not be subject to simultaneous questioning by multiple attorneys.  One attorney from SDNY and one attorney from SOL will be asking questions.  The first attorney will complete his or her questioning before the second attorney begins.  Please advise us promptly if you have any objections.  We believe this process is far less burdensome to the witness than separating SDNY's deposition and DOL's administrative statement and subjecting the witness to questioning on two separate days.  And yes, we will offer a dial-in or video link; at some of these depositions, one of the attorneys questioning the witness may be remote.

We understand you instructed counsel for BSI to redact their productions to us.  The RFP they produced asserts that the "project will be subject to the attorney-client privilege" and "all communications with [BSI] will be . . . covered by the attorney-client privilege," and further that any BSI work product will constitute "attorney work product."  Can you please explain on what basis you are claiming that BSI's engagement is covered by attorney-client privilege, that communications between Amazon and BSI are covered by attorney-client privilege, and what expected litigation served as the predicate for any claim of attorney work product?

We will respond to the additional points you raised in a later email.

Best,

Jake

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Wednesday, December 7, 2022 10:42 PM
**To:** Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** 'Boizelle, Ashley' <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS)

<DTarczynska@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Amazon


Counsel:  We write in response to the December 2 emails from Mr. Lillywhite and Mr. Hennefeld.  We appreciate your recognition of the significant effort Amazon is undertaking to cooperate with your investigations.

As you know, since your emails, we already provided updates regarding NACF associate-level productivity data and deposition availability on December 2.  With respect to the remaining items in Mr. Lillywhite's email:

**<u>SDNY and Jointly Noticed Depositions</u>**.  As a further follow up to my December 2 email, we can now offer the dates and times below for the following depositions:

- : January 12 (
- : January 13 (
- : January 30 (


Although we endeavored to offer                 for deposition in December, she will be out of the country for multiple weeks.  Please confirm whether these dates and locations work for the government.  We are continuing to identify mutually available dates for                 and will revert back shortly with a proposal.

Further, with apologies for any inconvenience, we need to make a slight adjustment to                 deposition date.  She can be available (in                 as previously discussed) on December 21.  Please confirm that this date works for you.

Thank you for confirming deposition dates and locations for the other witnesses.  At this time, we understand the following dates and times to be confirmed (or pending):

- December 19 (
- December 20 (
- December 21 (                 (*pending government confirmation*)
- January 12 (                 (*pending government confirmation*)
- January 13 (                 (*pending government confirmation*)
- January 18 (
- January 25 (
- January 27 (
- January 30 (

Mr. Lillywhite's December 2 email requests that Amazon commit to producing all of these witnesses on or before February 1 rather than February 15.  As shown above, Amazon has met that demand with respect to 9 out of the 10 witnesses.  While we cannot categorically commit to a February 1 deadline for            we will continue our efforts to do so.

Finally, thank you for confirming that these depositions will be recorded by video.  We would also like confirmation regarding your anticipated procedure during the jointly noticed depositions of         ,                 , and         and have some additional questions regarding the procedure for those depositions.

*First*, we anticipate that you intend to submit both OSHA and SDNY's questioning through a single questioner throughout the course of the deposition.  Please confirm promptly if you plan to proceed in a different manner.  Amazon objects to any process that would subject a witness to simultaneous or alternating questioning by multiple questioners.

*Second*, please confirm the specific address for each deposition this week so that the witnesses and attorneys can plan travel/commutes accordingly.

*Third*, please confirm—consistent with our practice in the OSHA depositions to date—that a dial-in or video line will be available for those attorneys not present at the deposition itself (including Amazon in-house counsel) to attend the deposition remotely.  Consistent with practice in the OSHA depositions to date, remote attendees on behalf of any party would be required to be announced for the record but otherwise will not speak on the record, question, or object during the deposition.

**OSHA Depositions**.  As you may know, we have continued to make good progress in scheduling deposition dates for the facility witnesses noticed by OSHA and are continuing to work with Ms. Acosta and Ms. Wu regarding those.

**ESI Productions**.  As promised in my December 2 email, we write with a status update regarding ESI review.  To date, we have completed first level review of 41,000 documents and completed second level review of over 7,000 documents.  Although we have made significant progress in our review of the first custodians' documents and anticipated making our first ESI production today, that is likely to be pushed to tomorrow or no later than Friday due to our vendor's processing turnaround. At this time, we still anticipate that we will be able to substantially complete production of non-privileged ESI for                    and        on or around December 9.  We will provide a further update regarding ESI review on December 9.

We are continuing to assess when we can expect to complete all ESI productions.  While we have made significant progress in our review, there is still a large volume of ESI pending first and second level review. We will continue to provide weekly (if not more frequent) updates regarding the status of review and our anticipated timing as the process continues.

Finally, Mr. Lillywhite's December 2 email raised further questions regarding the review universe.   As an initial matter, in an attempt to cut through the technical nature of this confusion regarding prior hit reports, we can confirm that the entire review population, excluding duplicates, is 118,259 documents (233,830 documents including families).  This is the scope of de-duplicated documents in our review platform for this exercise.

With respect to the hit reports, our vendor created multiple hit reports (at SDNY's request) for each turn of the proposed search terms.  These reports are run in slightly different ways.  The STR hit reports show every document hit based only on the primary custodian of the document, with each document only counted once.  The custodian summary hit reports show all document hits based on the "all custodians" metadata field, again with documents only counted once either by primary or first-listed custodian.

As noted above, we are including in our review set all documents that hit on the search terms for which any of the identified custodians is included in the "all custodians" metadata field.

**Nationwide Ergonomic Assessments**.  Mr. Lillywhite's December 2 email raises concerns regarding the scope of "nationwide ergonomic assessment" documents that Amazon is producing in response to OSHA Request Nos. 62-64, 67 and SDNY Request Nos. 11 and 12.

As an initial matter, OSHA Request Nos. 62-64 relate to facility specific documents.  For OSHA Request Nos. 62 and 63 we have produced responsive documents from the 6 OSHA-inspected facilities.  And for OSHA Request No. 64 we have negotiated with OSHA an additional 8 facilities from which we are producing responsive facility-level documents.

With respect to the remaining document requests, our objections regarding the expansive scope of the requests and our intended approach for production have been on record for months:

- SDNY Request No 11:  In our responses and objections served on September 19, we agreed to produce "non-privileged studies or analysis [back to August 1, 2017] identified after a reasonable search that were provided by a contractor retained by Amazon at the national level regarding a potential risk to Health and Safety created by the pace of work for any process path in a facility."  In Ms. Ahmad's September 21 letter, we also agreed to produce "Executed contracts or agreements" with any contractor who provided such analysis.  Z. Ahmad Ltr. at 29-30.


- SDNY Request No. 12:  In our responses and objections served on September 19, we agreed to produce "non-privileged studies, identified after a reasonable search, conducted at a national level since August 1, 2017, for the purpose of assessing whether associate pace of work posed a risk to associate health and safety."

- OSHA Request No. 67:  In our responses and objections served on August 23, we agreed to produce "ergonomic assessments for specific process paths, if any, that were completed by personnel at [six specified facilities]."  We also agreed to produce such ergonomic assessments completed by personnel at the 8 additional facilities.

We have also reiterated these positions in our updates regarding document productions.  *See*, *e.g.*, Z. Ahmad Nov. 7 Ltr. at 9 (reiterating scope of anticipated production for OSHA Request No. 67 and anticipated time frame for production); R. Stewart Nov. 18 Email (reiterating scope of anticipated production for SDNY Request Nos. 11 and 12).

Mr. Lillywhite's December 2 email now raises concerns that these objections and our approach to narrowing the overbroad scope of these requests is too narrow on multiple grounds (temporally, by subject matter, and by document type).  This is the first time—months later and within weeks of the government's purported deadlines—that any issue has been raised regarding these objections and our approach to narrowing the expansive scope of these requests.

At this time, given the nature of the requests and the short period to respond before your "deadline," we can commit to producing non-privileged assessments, analyses, and white papers identified after a reasonably diligent search of likely custodians related to potential ergonomic hazards, MSD risks, and pace of work at a national level that were created by or for "National Staff Members" within Amazon's WHS team since August 1, 2017.  We anticipate that we can complete that production on or before January 6 and will update you if that changes.  We are assessing the scope of producing the same non-privileged ergonomic assessments, analyses, and white papers prepared for "National Staff Members" within Amazon's WHS team by third-party consultants and executed contracts for those documents and will provide an update promptly.  (As you know, we separately agreed via email correspondence to produce non-privileged documents relating to ergonomic assessments conducted by BSI in 2016 and are in the process of collecting those.)

We also understand that you have issued subpoenas to third party vendors directly.  Please note that some of this work was conducted on a privileged basis in order to facilitate legal advice.  We ask that you identify the third parties to which you have issued subpoenas so that we can take appropriate steps to preserve Amazon's privilege and avoid the improper disclosure of privileged information to the government.

**New document/data requests**.  Thank you for confirming the data fields you are seeking with respect to the new requests for nationwide pulls of data from Austin, Gensuite, and the Return to Work database.  At this time, we anticipate producing the Austin data on or before December 16 and the Return to Work data on or before January 6, if not earlier.  We are in the process of pulling Gensuite data and are continuing to assess the anticipated timing of pulling and processing that archived data.  We will update you next week regarding anticipated timing and understand that this new request is a priority.

Lastly, in response to Mr. Hennefeld's December 2 email and to ensure that the record is clear, it has never been communicated to us (nor has it been our understanding) that ESI productions are a priority for OSHA's investigation.  To the contrary, it has been communicated to us, including during our November 8 meet and confer, that OSHA does not require the production of ESI to conduct its depositions.  Nevertheless, as noted above, Amazon is continuing to prioritize and devote significant resources to ESI review and will update you on our progress.


Best,


Ryan



**Ryan Stewart**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>
**Sent:** Tuesday, December 6, 2022 4:41 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** 'Boizelle, Ashley' <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Subject:** RE: Amazon



 [WARNING: External Email]


Counsel,


Thank you for the below.  We can confirm the dates and cities for the depositions of            and

We look forward to an update on the remaining corporate deponents, your responses to the additional points from my 12/2 email, and any update on the timing of the initial ESI production.


Best,


Jake

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Friday, December 2, 2022 9:12 PM
**To:** Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** 'Boizelle, Ashley' <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Amazon


Counsel:  Thank you for your emails today.  We will get back to you early next week with responses to the follow up questions noted below.  Early-to-mid next week we will also make our first production of ESI from the first four custodians, along with an update regarding the status of the review.

In the meantime, we write to provide an update regarding deposition availability, as promised in our November 30 email.  As you may know, we have now confirmed the following deposition dates with Ms. Acosta and Ms. Wu:

- December 14
- December 20

We can also propose the following dates/locations for four deponents:

- December 13 or 15
- December 20 or 21
- December 20 ███████████
- January 25 ███████████

Please confirm whether            and                dates and locations work for you.  We are confirming              and              dates with            We are continuing to identify dates for                and              and will revert back with a further update early next week.  We will send our update regarding productivity data shortly.

Thank you,

Ryan


**Ryan Stewart**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com


**From:** Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>
**Sent:** Friday, December 2, 2022 3:42 PM
**To:** 'Lillywhite, Jacob (USANYS)' <Jacob.Lillywhite@usdoj.gov>; Stewart, Ryan C. <RStewart@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** 'Boizelle, Ashley' <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>; 'Kim, Elizabeth (USANYS)' <Elizabeth.Kim@usdoj.gov>; 'Gemmill, Kevin (USANYS) [Contractor]' <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; 'Gitlin, Adam (USANYS)' <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; 'Tarczynska, Dominika (USANYS)' <Dominika.Tarczynska@usdoj.gov>
**Subject:** RE: Amazon


[WARNING: External Email]


I write now in response to your suggestion of a tolling agreement with OSHA. Thank you for the suggestion, but we cannot agree to enter into a tolling agreement for these inspections. Such an agreement would be unprecedented for enforcement inspections under the OSH Act, and would not be considered by DOL absent extraordinary circumstances, which are not present here. Furthermore, we believe Amazon can and should be able to complete the outstanding productions to OSHA in a timely manner. Thanks.


- Dan


Daniel Hennefeld

Counsel for Occupational Safety and Health

Office of the Solicitor, Region II

U.S. Department of Labor

New York, New York

Phone (646) 264-3688

E-mail Address:  hennefeld.daniel@dol.gov

*This message may contain information that is privileged or otherwise exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you think you received this email in error, please notify the sender immediately.*

---

**From:** Hennefeld, Daniel - SOL
**Sent:** Friday, December 2, 2022 12:53 PM
**To:** Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Stewart, Ryan C. <RStewart@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; jschwartz <jschwartz@gibsondunn.com>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Subject:** RE: Amazon

I am writing to add a few things on behalf of DOL, supplementing Jake's email below, in response to Ryan's Nov. 30 email.

First, as Jake noted, we do appreciate your efforts to make progress on the outstanding issues so that we can complete and conclude the inspections.  We hope that progress continues.

Second, please note that nearly all of the outstanding high-priority document requests discussed in the recent email exchange are responsive to OSHA's subpoenas as well as SDNY's, and are needed by OSHA for its inspections.  In particular, this includes the ESI productions, which are responsive to a number of OSHA requests.

Third, to clarify, in the event that we are unable to successfully resolve the outstanding production issues, DOL would move jointly with SDNY to enforce the relevant OSHA subpoenas in the Southern District of NY, which of course is the location of one of the inspection sites.  Again, we hope such action will be unnecessary provided we can continue the aforementioned progress toward resolution and completion.

Finally, I will respond separately today to your suggestion about tolling OSHA's statute of limitations.


Thanks.


- **Dan**




Daniel Hennefeld

Counsel for Occupational Safety and Health

Office of the Solicitor, Region II

U.S. Department of Labor

New York, New York

Phone (646) 264-3688

E-mail Address:  hennefeld.daniel@dol.gov


*This message may contain information that is privileged or otherwise exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you think you received this email in error, please notify the sender immediately.*

---

**From:** Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>
**Sent:** Friday, December 2, 2022 12:24 AM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; jschwartz <jschwartz@gibsondunn.com>; Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Subject:** RE: Amazon


**INFO ONLY: This email originated outside the Department of Labor but from a validated government source. Do not click (select) links or open attachments unless you recognize the**

**sender and know the content is safe. Report suspicious emails through the "Report Phishing" button on your email toolbar.**

Counsel,

We appreciate the movement from Amazon.  If this progress continues and we are able to reach agreement on the issues identified below, we are hopeful that we can avoid filing our motion to enforce.

- **Nationwide per-associate productivity data.**  As we have told you, this data is particularly important to us.  We look forward to hearing about timing for a production of the NACF data tomorrow.  Again, if you have not found a way to produce the full NACF data promptly, we expect to have a call very shortly connecting our respective data experts.

- **Dates for the remaining corporate deponents.**  It is important that we hold these depositions before February 1, rather than February 15.  We look forward to hearing back about the earliest available dates for those deponents tomorrow.

- **Dates for the remaining facility-specific deponents.**  We look forward to calendaring dates promptly for                              and designees for OSHA's Rule 30(b)(6) topics.

- **ESI Productions.**  We appreciate the allocation of additional resources to ESI review.  Please let us know as soon as possible, based on the rate of the review you see, whether we can expect the production of all remaining ESI under our search protocol by January 6.  If you don't believe you can make this deadline with 250 hours of associate review each day, please advise us of the rate of review.

  - We still do not understand your explanation about the ESI counts.  The by-custodian hit count for a given custodian represents all documents which that custodian is included in the "all custodian" field, whether or not they are the assigned "primary custodian," right? What do you mean when you say "duplicates [are] removed" from this count?  We expect that duplicates within a given custodian's hits would be removed from the by-custodian hit count.  However, we would expect that near duplicates (documents duplicated but for metadata) across custodians' hits—e.g., an email sent to both                              and                              and again for                              so that that the by-custodian hits accurately reflect the total number of hits for that custodian.  Is that correct?  (If not, is the system assigning near duplicates to only one of several custodians with that document in the by-custodian hits?  If none of these matching custodians are the "primary custodian"—as you say is the case for some of these hits—how is that choice made?)  If our expectation about near duplicates is right—an expectation that is a necessary consequence of accurate by-custodian hit counts—that means that near duplicates are counted multiple times when we sum the by-custodian hit counts, and therefore the total number of unique hits (removing near duplicates) is less than that sum.

- **Nationwide ergonomic assessments.**  Please confirm you will produce, in response to our high-priority request seeking "nationwide ergonomic analyses" responsive to OSHA Request Nos. 62-64, 67, SDNY Request Nos. 11, and/or 12, documents concerning potential ergonomic hazards, risk factors for MSDs, or pace of work at multiple Facilities (not in a single region), created by or for National Staff Members since August 1, 2012.  By "nationwide ergonomic analyses" we meant to capture documents related to analyses that were meant to

provide information about ergonomic hazards/MSD risks/pace of work at facilities across the country, not a single site or region.  We see in your objections that you proposed limiting this request to the last five years and only to studies conducted "for the purposes of assessing whether associate pace of work posed a risk to associate health and safety."  That is too narrow temporally, in the sorts of studies you would capture, and the responsive documents (just final reports) you would produce.  We don't believe there are many such nationwide studies since August 2012.

We can confirm the dates you offered for the depositions of                                              , and
                    We plan to conduct those depositions in person in the major cities near which these deponents are located.  We will confirm the exact locations, but we expect we will hold them in the U.S. Attorneys' Offices in
        and                   .  They will be recorded stenographically and by video.

To your question about the Austin and Gensuite exports, yes, we ask that you produce the same fields for Austin that you have produced in the Austin exports to date.  (We assume you produced all relevant text fields.)  For Gensuite, please produce corresponding fields, as well as any other relevant fields.  Similarly, for the Return to Work database, please produce the same fields, assuming you produced all relevant fields.  If you excluded text fields from any of these exports that are not obviously irrelevant, please let us know what you excluded.

With respect to venue, we have asked multiple times for Amazon to consent to our filing a consolidated motion to compel in SDNY.  We have not received such consent.  Accordingly, we expect we would proceed by separate motions to enforce in WDWA and SDNY.  We note again that we are hopeful, in light of the progress reflected below, that we can avoid filing those motions.

Best,

Jake

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Wednesday, November 30, 2022 10:29 PM
**To:** Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Amazon

Counsel:  We write in response to Mr. Lillywhite's Sunday evening email below.  As we have repeatedly made clear, Amazon is committed to cooperating with the government's respective investigations, notwithstanding their expansive nature, unreasonably compressed deadlines, and constantly shifting demands and priorities.  Amazon has been working diligently and as quickly as it can to produce documents, data, information, and witnesses to OSHA and SDNY and will continue to do so.

Mr. Lillywhite's November 21 email threatened to go to court if Amazon did not agree by November 23 to meet five priority sets of demands (on arbitrary deadlines).  In our November 23 response, Amazon committed to meeting those demands promptly, within weeks of the government's deadlines and within OSHA's six-month limitations period.

Amazon believed that its significant concessions on November 23 would resolve the government's purported concerns.  Instead of acknowledging Amazon's continued, good-faith effort to reach agreement and withdrawing the government's threat to go to court, however, Mr. Lillywhite's November 27 email sets out a different list of fifteen demands (ten of which were not included in the November 21 email), again threatening to go to court if Amazon does not commit, in a matter of days, to complying with new arbitrary deadlines for each.  (And Mr. Hennefeld wrote separately today to convey additional, apparently uncoordinated requests from OSHA.)

This is (at least) the fifth time that SDNY has threatened litigation if Amazon does not comply with demands for documents and information on an impractical timeline.  The regular issuance of these demands is neither necessary nor appropriate under the circumstances.  We have repeatedly explained that Amazon is prioritizing OSHA's requests due to OSHA's six-month statute of limitations.  We also have offered to discuss a short tolling agreement if OSHA feels it needs more time to complete its investigation.  We have not received any response to that offer.  Instead, we continue to receive additional demands, the bulk of which relate to SDNY requests (e.g., ESI and depositions not jointly noticed by OSHA).

To be clear, and as set forth below, Amazon is not refusing to respond to any of these requests or refusing to do so promptly.  Amazon can and will provide what you are seeking as expeditiously as we can.  We also remain open to working with you on narrowing these demands to help us to provide certain, higher-priority responses earlier.  Our substantive responses to your latest list of demands is below.  These anticipated dates are based on an assumption that no new requests or priorities will be added during this time.

**Depositions of**                                                             In your November 21 email you asked Amazon to commit to producing all responsive ESI (approximately 25,000 family documents) for these individuals by December 6 and to holding each of their depositions the very next week.  In response, Amazon committed to devote additional resources towards ESI, substantially complete ESI production for these individuals on or around December 9 (within days of your request), and produce the employees for deposition in December.   You have now asked for the earliest dates in December that each can be available for a deposition and where each is located.

At this time, we can offer the following dates and locations for these depositions:

- December 16:
- December 19:

Please confirm whether these dates and locations work for you.

As promised in our Thanksgiving-eve email, we will work with you promptly to confirm dates for                     and                     in December to the maximum extent feasible.  We anticipate providing an update on Friday.

**Dates for the "remaining corporate depositions."**  We assume you are referring to the noticed depositions of                                                                                , and                     None of these individuals (or their depositions) was referenced in your November 21 email.

Out of these individuals,                is the only employee who has been jointly noticed by both OSHA and SDNY.  Accordingly, Amazon will commit to producing                for deposition promptly in December or early January, pending his availability, in light of OSHA's six month statute of limitations.  We are coordinating with him regarding his availability and will provide an update this Friday.  Further, Amazon agrees to review and produce                responsive ESI before his deposition.  Pursuant to the custodian-by-custodian review process you requested, we plan to review                ESI after completing review for the first four custodians listed above.

With respect to the remaining depositions, these employees were only noticed by SDNY, so the OSH Act's statute of limitations is not an expediting factor.  Nevertheless, Amazon will commit to producing these witnesses for deposition on a rolling basis, staged with substantial production of their ESI.  We are coordinating with these witnesses to provide availability in January or, if necessary, February (but no later than February 15).  At this time, we can offer the following dates/locations:

- January 18:
- January 27:

Please confirm whether these dates and locations work for you.

We will get back to you promptly regarding dates in this time frame for                     and                     We anticipate providing an update by Friday.

**Dates For The Remaining Facility-Specific Depositions.**  As you may know, we have been in touch with the relevant OSHA attorneys, Jing Acosta and Emily Wu, regarding scheduling and logistics for these depositions.  Specifically, we have proposed:

- December 12, 13, or 14
- December 20, 21, or 22

The only remaining fact witnesses are                                    who has been out of work and
unavailable this week.  We will revert back promptly with the relevant DOL attorneys to finalize these
dates as well as appropriate dates and designees for the OSHA Rule 30(b)(6) depositions.  We are
committed to providing this testimony by early January, if at all feasible.  And, as mentioned
previously, we are open to discussing limited tolling if OSHA believes it is necessary.

**ESI Counts**.  You asked for confirmation that the STR Hit Report is not double-counting near duplicates
and not double-counting the same email across custodians.  We can confirm that is not
occurring.  The total number of unique documents across the search terms and custodians is 118,259
unique hits, 233,830 inclusive of family documents.

You asked us to explain why the "Total Docs Hit" figure in the STR Hit Reports is slightly lower than
the total sum of hits by custodian (by a few hundred documents).  To be clear, it is not because
documents are double counted across custodians in the total hit count.  When documents are
uploaded to our review platform, our vendor assigns them a "primary custodian."  ESI also contains
metadata that is pooled into an "all custodians" field (e.g., all individuals who are party to an
email).  The "Total Docs Hit" figure in the STR Hit Reports represents the sum total of all documents in
the review platform that hit on the search terms and for which one of the 12 identified custodians is
the "primary custodian."  The by custodian hit counts represent all documents for which at least one
of the 12 identified custodians is included in the "all custodian" field, even if they are not the primary
custodian, with duplicates removed.  Thus, the by custodian hit counts exceed the STR Hit Reports by
a small number of documents for which at least one of the 12 custodians is identified in the "all
custodian" metadata field but for which the "primary custodian" is not one of the 12 custodians (e.g.,
if a generic "Amazon" was set as the primary custodian upon upload).  For purposes of our ESI review,
we are reviewing all documents where at least one of the 12 custodians is included in the "all
custodian" field.  Accordingly, we will actually be reviewing more documents than what is included on
the STR Hit Report, not fewer.

**Remainder of ESI.**  Your November 21 email requested that Amazon commit to reviewing and
producing responsive ESI from the first four priority custodians by December 6.  In response, we
agreed to devote even more resources to ESI review and substantially complete production of non-
privileged, responsive ESI for those four custodians (over 25,000 documents including family) on or
around December 9.

Your latest email now asks Amazon to commit to producing *all* remaining ESI from the search protocol
by January 6.  Although Mr. Lillywhite's email states that this is approximately 120,000 documents,
that estimate does not account for the fact that we also have to review and produce responsive
family documents.  The actual review population is over 233,000 documents.

That said, we will endeavor to complete ESI review as promptly as feasible given the volume.  As
noted in our November 23 email, we have continued to direct more resources towards ESI review to
speed up review to the extent feasible.  However, at this time—barely a week into our initial review—
we are not able to commit to substantially completing production by January 6.  There are simply too

many variables, including a more concrete understanding of the average pace of review for the ESI at issue here, the rate of responsiveness (which impacts the average pace of review and the number of family documents requiring review), and privilege or other review issues.

To be clear, Amazon is not refusing to meet your January 6 deadline – we are just not yet sure whether it is feasible to do so.  In an attempt to meet your various ESI demands, Amazon has been committing substantial resources to ESI review.  We are currently committing over *250 attorney hours a day* towards review, on average, and will continue to do so over the next several weeks.  We will provide weekly updates, along with our rolling productions, regarding the status of our ESI review efforts and will be in a better position to estimate ESI completion once more review has been completed.

**Per Associate Productivity Data for NACF**.  As discussed during our meet and confer last week, we are committed to providing this data as promptly as possible.  We have been working with the relevant points of contact for this data and will provide an update regarding anticipating timing by Friday.

In the meantime, as you know, Amazon has already committed to producing the host of other productivity data that you are seeking, on a nationwide basis by mid-December, if not sooner.

**SDNY Rule 30(b)(6) Topic C Proffer**.  We are working to confirm the relevant information for this proffer.  As you know, we have committed to providing this proffer in early January.  We will follow up with you regarding more specific timing in the next two weeks.

**Dates for the Government's Remaining High Priority Items**.

| Request | Response |
| --- | --- |
| Documents ||
| 1.     Ergonomic hazard assessments, analyses, and audits of, or applicable to, the six inspected facilities and the eight selected sample facilities, including the categories of documents listed in the government's letter of 9/13/22, and any nationwide ergonomic analyses. | Amazon has already agreed to substantially complete production of responsive ergonomic assessments completed at the six inspected facilities or the eight additional sample facilities on or before December 16. |
| | As previously explained, Amazon did not agree to produce nationwide ergonomic assessments in its responses and objections (other than those related to pace of work in response to OSHA Request No. 69).  However, in a further effort to accommodate your requests and after |

| | further review of the feasibility of doing so, Amazon will produce responsive ergonomic assessments conducted by Amazon at a nationwide level (subject to Amazon's other objections) on or before January 6. |
|---|---|
| 2.      Documents or information prepared by National Staff Members or Regional Staff Members concerning Injury Goals or Medical Goals for one or more Facilities, including documents or information identifying such goals or reflecting how they were developed. | These documents were first requested in Mr. Lillywhite's November 11 email and the new subpoenas issued on November 17.  We are continuing to work with likely custodians to identify the universe of any responsive documents.  Although it is difficult to provide a firm production date at this time, we do not anticipate a problem producing responsive documents by January 6 and can provide an update on our progress. |
| 3.      Documents sufficient to show any incentives provided to Facility Staff Members, Regional Staff Members, or National Staff Members based in whole or in part on a comparison of actual performance to one or more Injury Goals or Medical Goals. | These documents were first requested in Mr. Lillywhite's November 11 email and the new subpoenas issued on November 17.  We continue to work with likely custodians to identify any responsive documents.  At this time, we have not identified any responsive documents, but will update you on our progress and endeavor to produce any responsive, non-privileged documents on or before January 6. |
| 4.      Documents responsive to OSHA Request No. 61 concerning ergonomics or pace of work.  (Again, we expect responsive documents can be identified with the assistance of the current and former Vice Presidents of Worldwide Workplace Health & Safety and manual review of their document repositories, excluding email.) | We will produce responsive, non-privileged documents identified (separate from ESI) on or before December 9. |

| | |
|---|---|
| 5.     Identify which employees identified in response to SDNY Request No. 4 are former employees and provide their dates of employment and last known contact information. | As previously discussed, providing this information requires a manual review and pull.  We will produce this information on or before December 9. |
| **Data** | |
| 1.     Nationwide exports from Austin and Gensuite for the prior five years. | Mr. Lillywhite committed to providing the relevant data fields when he first identified this new request on November 8.  Despite our follow up requests for those fields on November 10, November 14, and November 18, Mr. Lillywhite did not provide the requested fields until November 23 at 4:55 p.m.

Per our November 23 email, please confirm promptly that you are requesting production of all data fields produced in AMZ-ALB1-00003394; AMZ-BOI2-00000755; AMZ-DEN5-00000002; AMZ-DYO1-00000687; AMZ-MCO2-00004111; AMZ-MDW8-00000499 (for Austin).  Assuming that is the case, we will provide corresponding data fields, to the extent they exist, from Gensuite.

We are working diligently to pull this data, on a nationwide basis, as promptly as possible.  At this time, and subject to your confirmation regarding data fields, we anticipate we can produce the Austin data on or before December 16.  We will provide an update on our anticipated timing regarding Gensuite data no later than December 7. |

| 2.       Nationwide export from the Return to Work job restriction database for the prior five years. | This request was first identified in the new subpoenas issued on November 17.  Please confirm that you are seeking all data fields produced for the inspected facilities in AMZ-OSHA6-00003583 but across all Sibling Facilities.<br><br>Subject to your confirmation regarding data fields, we are working diligently to pull this data, on a nationwide basis, as promptly as possible.  We will provide an update on our anticipated timing no later than December 7. |
| 3.       Information reflecting weights handled in each of these facilities, at whatever level of aggregation. | As discussed in our meet and confer calls, based on a diligent search to date, we have not identified any centrally stored system that houses the type of information you are seeking.  As you know, we have produced information related to packages by size (e.g., small, medium, and large).  If the government has any more specific input on what you are seeking, we are available to discuss. |

In addition to the above, Amazon anticipates substantial completion of document production in response to all of the OSHA subpoena requests (as narrowed by Amazon's objections and our meet and confer efforts) on or around January 6.

**Venue**.  Finally, your email requests Amazon's position regarding consolidating any motion practice in SDNY.  However, Mr. Lillywhite's November 27 email does not answer the question we asked in our November 23 email:  is the government only willing to consolidate motions in SDNY?  Mr. Lillywhite's November 27 email asks Amazon to explain why WDWA is a more convenient forum.  The issue is not a matter of convenience.  FIRREA would *require* SDNY to pursue any subpoena enforcement action in WDWA, absent Amazon's consent to a different venue, and we are not aware of any authority

prohibiting OSHA from filing there.  Please confirm whether you intend to proceed by separate motions, in separate courts, if Amazon does not consent to consolidated motion practice in SDNY.  We're happy to discuss further at your convenience.

Lastly, we note that we do not understand the basis for any potential motion by OSHA given (1) that Amazon is committing above to provide all of the information OSHA has requested within the six-month statute of limitations and (2) we have offered to discuss a short tolling period as necessary to complete these requests within the time period OSHA represents it needs them to issue citations, if any, to the inspected facilities.

We trust that the above resolves any concerns.  Amazon remains committed to working with you in completing your respective investigations.

Best,

Ryan

**Ryan Stewart**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>
**Sent:** Sunday, November 27, 2022 6:24 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Subject:** RE: Amazon

[WARNING: External Email]

Counsel,

59

We disagree with many of your assertions below but as we have addressed most of them previously—multiple times, in many cases—we do not believe it would be productive to do so again.

We share your desire to avoid motion practice, if possible, but we need to ensure that the government quickly receives the critical information we have identified.  Your email reflected some limited movement from Amazon, but we need further information.  By Wednesday, November 30, please advise:

1. **First wave of corporate depositions.**  What are the earliest dates in December that           and           are each available for a deposition, and where is each located?

2. **Dates for the remaining corporate depositions.**  We had hoped to stage the corporate depositions, together with ESI review, but you have not committed to producing the initial corporate deponents the week of December 12.  Accordingly, please advise what dates in December and January each of the remaining corporate deponents is available for a deposition and where each is located.

3. **Dates for the remaining facility-specific administrative statements.**  Please propose or confirm dates for the statements of           (noticed for Dec. 6),           , and           , as well as for the 30(b)(6) statements for MDW8 (noticed for Dec. 7) and for BOI2.  Because some or all of the topics for BOI2 may be adequately covered by managers' statements, we suggest scheduling the BOI2 30(b)(6) after the completion of those statements, in late December or early January.  (The same is not true for MDW8, as OSHA is not taking sworn statements of any individual managers for that facility.)  You are welcome to communicate directly with the relevant SOL attorneys (Jing Acosta for MDW8 and Emily Wu for BOI2) regarding scheduling and related logistics for these statements.

4. **ESI Counts.**  Can you please confirm that your total hit count aggregated across custodians (in the "STR Hit Report" documents) counts near duplicates--e.g., copies of the same email collected from two custodians—only once?  On a call on 11/17, you said the aggregated hit count reflected unique documents after accounting for near duplicates, but we followed up by email that evening to note that this does not appear consistent with the hit reports you provided.  As we flagged in that 11/17 email, when we sum "Total Docs Hit" by custodian and compare it with the "Total Docs Hit" in the "STR Hit Report," the sum of hits for each custodian is actually slightly smaller than the reported total hits across all custodians.  We don't see how that can be right.

5. **Remainder of ESI.**  We need all responsive ESI from the search protocol for the remaining custodians produced by January 6.  With 120,000 documents and about six weeks, that would require the review of about 20,000 documents per week.  (If, in fact, the 120,000 figure double-counts near duplicates, the required rate may be significantly less.)  If you refuse to meet this deadline, please advise how many associate hours and how many staff attorney hours you are willing to allocate to review of these ESI hits each week (on average), as well as the hourly document review rate you expect.

6. **Per-associate productivity data for NACF.**  Unless the relevant Amazon IT experts have figured out a way to produce the per-associate productivity data for NACF, when are they available early this week to speak with our data expert to explain the technical obstacles they are reporting?

7. **Topic C proffer.**  Can you confirm that the proffer in response to this question will be in writing?  And by what date in early January will you provide it?

8. **Dates for the government's remaining high priority items.**  Please provide dates for the production of the other high priority items the government has identified:

   1. Documents

      1. Ergonomic hazard assessments, analyses, and audits of, or applicable to, the six inspected facilities and the eight selected sample facilities, including the categories of documents listed in the government's letter of 9/13/22, and any nationwide ergonomic analyses.
      2. Documents or information prepared by National Staff Members or Regional Staff Members concerning Injury Goals or Medical Goals for one or more Facilities, including documents or information identifying such goals or reflecting how they were developed.
      3. Documents sufficient to show any incentives provided to Facility Staff Members, Regional Staff Members, or National Staff Members based in whole or in part on a comparison of actual performance to one or more Injury Goals or Medical Goals.
      4. Documents responsive to OSHA Request No. 61 concerning ergonomics or pace of work.  (Again, we expect responsive documents can be identified with the assistance of the current and former Vice Presidents of Worldwide Workplace Health & Safety and manual review of their document repositories, excluding email.)
      5. Identify which employees identified in response to SDNY Request No. 4 are former employees and provide their dates of employment and last known contact information.

   2. Data (with unique employee identifiers common across datasets or a crosswalk)

      1. Nationwide exports from Austin and Gensuite for the prior five years.
      2. Nationwide export from the Return to Work job restriction database for the prior five years.
      3. Information reflecting weights handled in each of these facilities, at whatever level of aggregation.

Finally, as we have requested several times, please advise whether Amazon will consent to consolidate these motions in SDNY.  You asked whether we would be willing to consolidate these motions in WDWA instead of SDNY.  Given that the SDNY USAO is conducting the FIRREA investigation and representing OSHA in connection with its subpoenas and that one of the six OSHA-inspected facilities is located in SDNY, we believe SDNY is the most appropriate venue.  However, if you advise that Amazon refuses to consent to consolidate these motions in SDNY but would consent to consolidation in WDWA, and you can explain why WDWA would be a more convenient venue, we would consider filing a consolidated motion in WDWA if we cannot reach agreement.

Sincerely,

Jake

Jacob Lillywhite

Assistant United States Attorney

Southern District of New York

86 Chambers Street, Third Floor

New York, New York 10007

(212) 637-2639

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Wednesday, November 23, 2022 11:00 PM
**To:** Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Amazon

Counsel:

As discussed, we write in response to, and by the eve of Thanksgiving deadline set in, Mr. Lillywhite's November 21 email.

Mr. Lillywhite's email falsely claims that Amazon is moving at a "glacial" pace in an attempt to "run out the clock" on OSHA's six-month statute of limitations. That could not be further from the truth. The government has now served 45 subpoenas containing 561 document requests and calling for testimony from 34 witnesses (including 3 Rule 30(b)(6) subpoenas that would require multiple corporate designees). To date Amazon has produced more than 34,600 documents (over 140,000 pages) in response to more than 350 document requests. Amazon has presented 14 regional and site-level employees for sworn deposition testimony taken by OSHA. This is well beyond any OSHA inspection in our collective experience. Amazon has provided oral and written attorney proffers in response to SDNY's Rule 30(b)(6) FIRREA subpoena. And Amazon has facilitated hundreds of interviews with its employees during on-site OSHA inspections (two at each of the six facilities).

Mr. Lillywhite again criticizes the fact that a number of the documents Amazon has produced are injury records, incident records, and workers' compensation records from the inspected facilities (responsive to OSHA Requests No. 47). We have already explained why that criticism is not only misplaced but unfair. *See* Z. Ahmad Oct. 28 Ltr. at 6; Z. Ahmad Nov. 7 Ltr. at 14-15. OSHA is

purportedly inspecting injury reporting and hazards and specifically asked for (in subpoenas and medical access orders) records regarding injuries.  These injury-related documents were identified by OSHA as a top priority.  For that reason, we dedicated substantial resources to prioritizing the production of these voluminous records.  The documents go to the heart of OSHA's investigation into purported underreporting of injuries at these facilities.  For the government to complain that more documents have been produced in response to these requests related to associate injuries and incidents than have been produced in response to requests for policy documents related to a productivity performance review process that was in place *prior to 2020* is inconsistent with the so-called "exigencies" purportedly driving this accelerated time frame: alleged immediate, ongoing injury hazards and the OSH Act's six-month statute of limitations.

Mr. Lillywhite's email also claims that the production of those injury and incident records was "flawed" because they were not produced sequentially by employee.  That is also unfounded.  As we explained, these records were produced in chronological order because that is the form in which they are exported from their relevant repositories when exported *en masse*.  (This is not, for example, a typical OSHA investigation where OSHA requested specific injury or incident files related to a specific employee.)  The documents were produced with all metadata, which was sufficient to facilitate the government reorganizing the data in any way it sought to, including grouping records by employee or incident number.  And even though Amazon made its first production of these records in August, it was not until *November* that the government raised any concern with the way the production was organized.  *See* D. Tarczynska Nov. 4 Email.  Within four days, Amazon produced an overlay file that made the process of sorting by the metadata contained in the files easier for you.  Yet despite the purported time-sensitivity of this issue, the government did not even bother to *download* that overlay file until nearly two weeks later.  *See* K. Gemmill Nov. 17 Email to R. Stewart (requesting a new link to download the overlay file because the file had not been downloaded from the original link during its one week live period implemented for security purposes).

Mr. Lillywhite's email also criticizes Amazon for not devoting sufficient resources to the investigation.  That is also false.  Amazon has devoted enormous amounts of time and resources to complying with these investigations.  And we have never claimed that preparing and presenting witnesses for OSHA depositions "exhausted" our resources as stated in Mr. Lillywhite's email.  (To the contrary, during the course of the 14 OSHA depositions held to date we have continued to make weekly productions of documents and even committed to and began producing documents from 8 additional facilities.)  But to pretend that preparing and presenting witnesses for deposition does not have some impact on counsel's availability to attend meet and confer calls on one day's notice or does not have some impact on the speed at which ESI can be reviewed and produced is patently unreasonable and not productive.  Looking at each request in a vacuum (e.g., Mr. Lillywhite's November 17 email citing cases demonstrating pace of ESI review that did not include second-level review or production and was not being conducted simultaneously with depositions) is not a proper way to view what is being demanded here.

To be clear, Amazon has moved as quickly as it can to provide documents, data, information, and witnesses to OSHA and to SDNY.  OSHA has already sought and received far more extensive records

and information than is typically sought or produced in a pre-citation investigation.  Likewise, SDNY has conceded the pace of its FIRREA investigation is atypical for a civil fraud investigation.  In fact—for no reason other than a purported but unspecified "safety exigency" that SDNY would have no authority to address under FIRREA in any event—SDNY is attempting to cram a FIRREA investigation that would typically last years into a matter of months.  *See, e.g.*, *United States v. UBS Securities, LLC, et al.*, Case No. 1:18-cv-06369 (E.D.N.Y.) (approximately six-year investigation resulting in FIRREA claims); DOJ Press Release No. 14-884 (August 21, 2014) (announcing settlement of FIRREA claims following two-year investigation).

In an attempt to provide OSHA the information it reasonably believes it needs to close out its investigation and issue any citations (if warranted), we have asked you many times to provide a clear, global, and coordinated position regarding the government's priorities during the next two months.  We have expressed many times that it is unclear whether the "priorities" espoused by SDNY are priorities for OSHA (which alone is subject to the six-month statute of limitations) and vice-versa.  That never happened.  So we have tried to facilitate this by setting out various options for prioritization that would be reasonable on the timetable you are demanding.  In response, Mr. Lillywhite's November 17 email demanded that Amazon agree to certain "priority" demands immediately (within one day) and that Amazon would later need to reach agreement with the government on other demands, but without any clear direction as to what that agreement would require of Amazon in total during this time frame.  The same is true of Mr. Lillywhite's November 21 email, which concludes with a handful of "priority" demands but also claims that *literally every one* of the 45 subpoenas' specifications—spanning over 550+ document requests, 31 fact witness depositions, and 3 Rule 30(b)(6) depositions with 9 or more topics each—is a "priority."

\* \* \*

That said, we continue to believe that motion practice is unnecessary here.  Although, if a motion is filed, Amazon is prepared to defend itself vigorously with respect to the overbreadth and undue burden associated with the 45 subpoenas with which it has been served in this sweeping and disjointed investigation.  We are confident that a court would understand that the scope of what SDNY and OSHA are demanding is not reasonable, particularly in such a needlessly compressed time frame.  And we believe that given that our disagreements appear to be about a mere matter of days, a court would expect the parties to be able to work this out between themselves.

In that vein, we can agree to the following, which largely mirrors the demands listed at the conclusion of Mr. Lillywhite's email:

- Devote additional resources towards ESI review and substantially complete production of responsive ESI from                                                  on or around December 9 (a few days after the December 6 request in Mr. Lillywhite's email);
- Produce these four employees for deposition in December (within weeks of the request in Mr. Lillywhite's email) if feasible and work with you to confirm dates promptly;

- Provide dates for the unscheduled OSHA fact witness depositions of
  and                    in December or the first week of January;
- Produce productivity data as outlined below;
- Provide a proffer in response to SDNY Rule 30(b)(6) Topic C by early January; and
- Continue producing non-ESI documents in response to priority OSHA document requests throughout December.

We look forward to continuing to work with you to provide the priority information you are requesting.  Dan, to the extent the items and schedule we propose above do not provide OSHA what it believes it needs to complete its investigation within the timeframe of the OSH Act's statute of limitations, Amazon is open to a conversation regarding a short tolling period.  Please give us a call at your convenience if you would like to discuss tolling.

We now address each of the items in Mr. Lillywhite's email.

**ESI Review and Corporate Depositions**

Mr. Lillywhite's email states that Amazon "fail[ed] for months to identify its corporate executives with responsibility for health and safety."  The falsity of that statement is apparent from the face of the email itself, which explains that Amazon provided a written proffer (including an attorney-created organizational chart identifying over 100 employees and job descriptions) on September 23, just over a month after you served the Rule 30(b)(6) FIRREA subpoena on August 17 and two weeks after our September 7 meet and confer call regarding this topic.

The government had no follow up requests and raised no concerns regarding the sufficiency of the information provided until October 19—four weeks later.  In response to those follow-up requests, we promptly provided additional information, including more granular detail regarding the responsibilities of four employees and their direct reports (29 total employees) on November 4 and November 11.

Mr. Lillywhite's email also criticizes Amazon's preference to not conduct ESI review on a custodian by custodian basis and to not begin ESI review before the parties had substantially agreed to an overarching protocol for that review.  As we have discussed, our position is in line with best practices for ESI review.  Moreover, we did, in fact, reach substantial agreement on a comprehensive ESI protocol last week, within the "week or so" timeframe that Amazon estimated during our November 8 meet and confer call (in response to which you never raised any threat of court intervention).  The short time spent meeting and conferring over revisions to the ESI protocol to more appropriately tailor the search terms significantly reduced the review set from over 510,000 documents to 220,000 documents (more than 55%), including a significant narrowing of the review set for the first four custodians from over 61,000 documents to 25,000 documents (nearly 60%).  Notably, Mr. Lillywhite's email incorrectly states that the review population for these custodians was "only a few thousand documents" each based on the initial search terms – in reality the initial proposed search terms

returned over 40,000 unique documents and 61,000 family documents across these custodians. *See* Z. Ahmad Nov. 7 Ltr. Ex. A.

Separately, to ensure the record is clear, our November 18 statement that the four jointly noticed depositions are clear attempts to shoehorn SDNY's priorities into OSHA's shorter limitations period is supported by the record.  You are correct that we have consistently stated throughout these investigations that we intend to prioritize OSHA's requests in light of the OSH Act's six-month statute of limitations.  However, OSHA began serving deposition subpoenas on September 23 and of the 22 deposition subpoenas that it has served (excluding these 4), 18 were served before these 4 subpoenas were served on November 2.  In our October 28 letter, we explained that we did not intend to proceed with depositions noticed by SDNY until ESI had been produced, but would continue to produce witnesses in response to OSHA's deposition subpoenas.  Lo and behold, a mere 4 days later, OSHA served subpoenas for these 4 witnesses who had been on SDNY's deposition list since October 11, but had never once been mentioned by OSHA as priority witnesses.  And not once before that correspondence had SDNY and OSHA even mentioned jointly noticing depositions, nor had any depositions been jointly noticed.  Nonetheless, we have taken at face value your assertion that OSHA needs to complete these depositions within its six month statute of limitations and committed to producing the witnesses within that time frame.

Finally, as noted above, we have already demonstrated that the precedent you have provided related to pace of ESI review in other investigations is wholly inapplicable here.  Nevertheless, consistent with Amazon's significant cooperation efforts to date, we have committed above to directing even more resources to ESI review and have agreed to conduct that review on a custodian-by-custodian basis as you have requested.  We anticipate substantial completion of production of the four custodians' responsive ESI on or around December 9.

### The Government's Priorities

We do not think it necessary or productive to belabor again the history of the shifting demands imposed by the government on Amazon over the course of this investigation.  Mr. Lillywhite's email states that literally every request—spanning 45 subpoenas, over 550 document requests (not including subparts), 31 Rule 30(b)(6) topics (not including subparts), and 31 fact depositions—is a "priority," which frankly strains the definition of priority past its breaking point.

The notion that the government has "narrowed" its requests is also false.  Amazon has received at least one additional subpoena or document demand from the government *every week* since September 21.  *See* D. Jaklevic Sep. 23 Email (serving 7 deposition notices); J. Lillywhite Sep. 28 Email (providing proposed ESI protocol and search terms); D. Tarczynska Oct. 4 Email (seeking accelerated production schedule and broader productions in response to certain requests); J. Lillywhite Oct. 11 Email (serving 10 deposition notices); P. Baptiste Oct. 12 Email (serving 4 deposition notices); D. Tarczynska Oct. 19 Ltr. (seeking broader productions in response to certain requests); J. Acosta Oct. 28 Email (serving 2 deposition notices); C. Seidelman Oct. 31 Email (serving 5 deposition notices); E. Wu Nov. 10 Email (serving Rule 30(b)(6) notice); J. Lillywhite Nov. 17 Email (serving new OSHA and

SDNY document subpoenas).   Indeed, as you've conceded, the latest purported "narrowing" to "highest priorities" in Mr. Lillywhite's November 8 email required new subpoenas because it contained new requests for "nationwide" documents and data.

Worse, as we have made clear in prior correspondence (*see* Z. Ahmad Oct. 28 Ltr. at 5-6; Z. Ahmad Nov. 7 Ltr. at 3-5), the government has consistently utilized a "bait and switch" approach to imposing its shifting demands, *e.g.*, serving new requests within days (and in some cases minutes) of meet and confers regarding anticipated dates for Amazon's completion of other priority requests.

Regardless, Amazon remains committed to providing the government the priority information it needs, within reason.

## Defending OSHA Depositions

Mr. Lillywhite's email wrongfully criticizes Amazon for taking a reasonable amount of time (weeks) to prepare and present witnesses for sworn deposition testimony taken by OSHA.  As an initial matter, taking sworn statements recorded by a court reporter is not "routine" in OSHA investigations.  Most OSHA investigations utilize informal interviews, and not sworn testimony, to seek information from witnesses.   And in fact OSHA did that here, interviewing hundreds of employees informally during its on-site inspections.  (As noted in our prior correspondence, some OSHA attorneys have in fact noted that they already purportedly know the answers to the questions they are asking at these depositions).

Notwithstanding that this OSHA testimony is apparently a high priority, Mr. Lillywhite's email suggests that this sworn testimony is somehow less important and does not require typical witness preparation efforts because they are "administrative statements" not "depositions."  That is a distinction without a difference.  These "statements" involve hours of testimony, submitted under oath, and recorded into a transcript by a court reporter (presumably so that the transcript can be shared with SDNY, which has sat in on some but not all of these depositions to date).  Indeed, both SDNY and OSHA attorneys have referred to these as depositions.  *See, e.g.*, J. Lillywhite Nov. 11 and Nov. 23 Emails; E. Wu Nov. 11 Email; B. Ellis Oct. 31 Email; D. Jaklevic Oct. 20 Email.   Moreover, when each set of OSHA deposition subpoenas was issued, we suggested that the statements be taken as informal interviews instead to expedite the process.  OSHA refused.

Mr. Lillywhite's email also suggests that these OSHA depositions somehow do not require routine (if not expedited) witness preparation because there are "no documents."  That is not true.  While these deponents have not been part of any ESI review to date, OSHA has used documents produced by Amazon as exhibits during the depositions.  In any event, we assume OSHA would want the witnesses to be well-prepared for their depositions.

Finally, so that the record is clear, we disagree with your statements related to prior representations that OSHA was "reconsidering" its deposition requests.  Our earlier correspondence accurately reflects the statements that were made during our meet and confer conversations.  Moreover, we

never "rejected" an offer to cancel already scheduled OSHA depositions (much less unscheduled but noticed OSHA depositions). We simply stated that we hoped Mr. Lillywhite's suggestion that OSHA was considering withdrawing deposition demands would not mean cancelling depositions that were "imminent" because we would already have devoted resources to those depositions.

**Centrally-stored Productivity Data**

Your letter criticizes Amazon for the speed of its production with respect to nationwide productivity data. That criticism is unfounded. As an initial matter, you write that Amazon committed to producing this data on a nationwide basis "many months ago." That is false. We committed to begin working towards production of this data on October 7. R. Stewart Oct. 7 Email to D. Tarczynska.

We told you then—as we had expressed repeatedly when objecting to the undue burden of collecting the voluminous data you were requesting—that collecting and producing this data would be a significant exercise. The government is seeking five-years' worth of data for each of more than 900 "Sibling Facilities" across the country.

That means many separate points of contact and separate data queries for each data repository. In most instances these queries must be created in the first instance because Amazon does not pull the data you are requesting on this scope during the normal course of business—in fact, as we explained,

To say that Amazon has not worked diligently to provide this voluminous data – each data set spanning millions and in some cases *billions* – of rows of data is false. Mr. Lillywhite's email claims that Amazon "finally" produced per worker productivity data on November 4. But that production was entirely consistent with our anticipated time frame. *See* R. Stewart Oct. 7 Email ("For example, we anticipate it will take at least three weeks to pull
at NACF facilities, after which we will need time for attorney review and production processing."). Despite your insistence that the data requests are not burdensome because your back-of-the-envelope calculations suggest the data could fit on a thumb drive or hard drive, the fact remains that you are requesting data from multiple databases, maintained by multiple business units, across five years, spanning billions of rows of data. The complexity and burden associated with querying, exporting, reviewing, and producing these data exist regardless of the total gigabytes, even assuming your estimates were correct.

In any event, Amazon has already produced a host of extensive productivity data:

- Facility-level productivity data for the OSHA-inspected fulfillment centers;
- A sample of facility-level productivity data for all NACF "Sibling Facilities" from the FCLM database;
- Facility-level productivity data from DYO1 (the inspected delivery station);

- Facility-level productivity data from DEN5 (the inspected sortation center);
- Associate-level productivity data from ALB1 (one of the inspected fulfillment centers); and
- Associate-level productivity data from DYO1 (the inspected delivery station);

Amazon is also producing this week additional data regarding the "Sibling Facilities" that you first requested just two weeks ago to aid your experts in identifying a proposed representative sample set of "Sibling Facilities." *See* J. Lillywhite Nov. 8 Email. Specifically, we have compiled a list of each NACF facility, listing for each the process paths and hours worked in each such process path (per facility), for each calendar year from 2017 to 2022 (YTD).

As discussed during our meet and confer call today, Amazon is also working diligently to address the remaining data requests you have made, notwithstanding the burden. Amazon has already collected, or is in the process of collecting, the data that you have identified as a priority. As we explained during our call, we anticipate producing the following information by mid-December, and will endeavor to deliver it to you as soon as possible if it is available before then:

- Facility-level productivity data for all NACF "Sibling Facilities" from the FCLM database;
- Remaining associate-level productivity data for the OSHA-inspected fulfillment centers;
- Associate-level productivity data for all sortation center "Sibling Facilities"; and
- Associate-level productivity data for all delivery station "Sibling Facilities."

As also discussed today, we look forward to working with you to finalize the specifications for a production of associate-level data from the NACF "sibling facilities" given the scope of that request (billions of rows of data requiring hundreds of data queries). Finally, you said during our call today that you would defer your request for "facility-level" data for sort centers and delivery stations if that data is based upon the associate-level data we are already agreeing to produce. We will therefore prioritize production of the associate-level data for those facility types, as noted above.

## Supplemental Subpoenas

As we have discussed, Amazon is working diligently to cooperate and comply with the new OSHA and SDNY subpoenas served on November 17 (with purported return dates four business days later). To ensure that the record is clear, Mr. Lillywhite first raised these new requests during our meet and confer on November 8. Mr. Lillywhite then included them in his November 8 email identifying the government's "highest priorities." These requests are for documents and data that could have been requested at the outset of this investigation—and certainly well before November given, for example, that we produced Austin data for the inspected facilities on August 19.

Nevertheless, given your representation that this is now a "highest priority" of your investigation, we have pledged to get you the information and documents you are requesting as promptly as possible. Yet, despite the "highest priority" nature of the request, the government has still not

provided us with the information it promised to provide in order to enable Amazon to begin that process with respect to nationwide data pulls.  Mr. Lillywhite's November 8 email promised to "identify the fields [you] need from Austin" for the data export.  During our meet and confer call two days later, we agreed to identify the "potentially relevant Gensuite data fields after receiving the fields you are requesting from AUSTIN."  *See* R. Stewart Nov. 14 email.  More than two weeks have passed since you raised this "highest priority" request but you still have not provided us the data fields you are requesting (Mr. Lillywhite's November 21 email again promises to do so "promptly").   In fact—as conceded in Mr. Lillywhite's November 21 email—you issued the subpoenas on November 17 with intentionally overbroad requests for all "information" regarding injuries from those two systems rather than the specific data fields that you actually want.  As you know, your request as written calls for the production of what is likely to number in the tens of millions of documents.

In Mr. Lillywhite's email from 4:55 pm this afternoon it appears that you might be requesting all data fields that have previously been provided from Austin.  We will confer with you shortly regarding this request (after the holiday).

## Venue

As noted above, we continue to believe that motion practice is unnecessary and that the parties can work out a reasonable schedule for priority requests within the near term.  In the event that you decide to file a motion, however, you have requested Amazon's position with respect to venue.  On November 14 and November 22 we asked that you identify the subpoenas (or requests therein) that the government would be seeking to enforce so that we can confer with you on venue.  Mr. Lillywhite provided a response at 3:45 pm ET today.

We have one point of clarification we would like to confirm from Mr. Lillywhite's email.  The email states that the government "believe[s] filing a single motion to enforce before a single judge would be in the interests of judicial efficiency."  However this efficiency could be achieved by consolidation in either the Western District of Washington or the Southern District of New York.  Is the government refusing to agree to consolidation of the potential motions unless Amazon consents to consolidate in the Southern District of New York?

We will take this back, confer with our client, and will respond promptly.

Best,

Ryan


**Ryan Stewart**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>
**Sent:** Wednesday, November 23, 2022 3:44 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Subject:** RE: Amazon

[WARNING: External Email]

Counsel,

If Amazon does not significantly change its position and we need to file a motion to enforce, we expect it would cover the subpoenas and requests we have been focused on:

    a.   the six largely identical subpoenas OSHA served on August 2, the subpoena SDNY served on August 19, and the subpoenas OSHA and SDNY served on November 17, with respect to the outstanding high priority items identified in my email of November 8:

- the five document-related items,

- the four data-related items (produced either with unique employee identifiers common across these datasets or a crosswalk),

- responsive ESI for the identified corporate custodians, and

- a written proffer responding to our question under Topic C; and

    b.   the SDNY and OSHA subpoenas seeking the depositions of corporate-level employees, served on October 11 and November 2.

As we have said, given that the OSHA and SDNY subpoenas are almost entirely coextensive on these points (excepting the 30(b)(6) topic), we believe filing a single motion to enforce before a single judge would be in the interests of judicial efficiency.  Please advise if Amazon consents to SDNY as the venue for a motion to enforce these subpoenas.

Please note, with respect to the unscheduled non-corporate OSHA ad testificandum subpoenas, absent Amazon's prompt commitment to dates in December the government will move to enforce those subpoenas in the relevant local districts.

We look forward to receiving Amazon's response to our prior email later today.

Best,

Jake

Jacob Lillywhite

Assistant United States Attorney

Southern District of New York

86 Chambers Street, Third Floor

New York, New York 10007

(212) 637-2639

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Tuesday, November 22, 2022 4:35 PM
**To:** Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Amazon

Jake:  Confirming receipt of your email from last night below.  We are endeavoring to get back to you with substantive responses to your requests tomorrow before the Thanksgiving holiday on Thursday, per your email.

In the meantime, your email asks for Amazon's position on venue for potential motions to enforce.  As we stated on November 14, when you last raised the prospect of an enforcement motion, "[s]hould you insist on filing a motion" we need "to know which of the various OSHA subpoenas and FIRREA subpoenas [or requests therein] you anticipate moving to enforce" in order to meet and confer with you regarding appropriate venue.  To date Amazon has been served with more than 40 subpoenas.  Please confirm and we will get back to you promptly.


We look forward to speaking with you regarding centrally stored productivity data tomorrow morning.  As we will discuss during that call, we will be following up with additional productions shortly.


Best,

Ryan



**Ryan Stewart**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>
**Sent:** Monday, November 21, 2022 8:47 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Subject:** RE: Amazon

[WARNING: External Email]


Counsel,


We write in response to Mr. Stewart's email of November 18.  Given where we are, please respond to us by no later than November 23 regarding Amazon's position as to venue for a motion to compel.  Absent significant change in Amazon's position, we may be forced to file a motion to enforce compliance with OSHA's subpoenas in the SDNY and a motion to enforce compliance with SDNY's FIRREA subpoenas in the WDWA or, with Amazon's consent, consolidate the motions and file both in SDNY.  We renew our request for Amazon's consent, as we believe a consolidated motion before a single judge is in the interests of judicial efficiency.


In an effort to avoid wasting time and attention on irrelevancies, we have tried to overlook in the past what we believed to be numerous inaccurate statements or mischaracterizations in your correspondence.  However, we feel we must correct the record with respect to a number of statements in your November 18 email.  We do so below.


While pledging cooperation, Amazon has been producing documents at an extremely slow rate, failing to provide transparency with respect to delays in production or the resources being allocated to the effort, and, more recently, offering tradeoffs that are not acceptable in a matter of this importance and time sensitivity.  For months we have told you that, in light of the United States' concerns about the safety of hundreds of thousands of Amazon workers around the country, we needed Amazon to mobilize significant resources to respond to OSHA's and SDNY's subpoenas.  OSHA's subpoenas and SDNY's request were issued on August 2; three and a half months later, Amazon has produced only a few thousand documents—many of them duplicates produced once for each of the six inspected warehouses—in addition to a flawed production of injury records in which documents related to a single injury were not produced consecutively.  For many important requests, Amazon has produced just a handful of documents.  Amazon has missed production deadlines to which it had committed, without advising the government that a deadline would be missed.  Far from reflecting cooperation with the government's investigations and a mobilization of the resources commensurate with the needs of this important, time-sensitive matter, Amazon's glacial pace of production suggests a desire to run out the clock on OSHA's six-month statute of limitations.


**ESI Review and Corporate Depositions**


After failing for months to identify its corporate executives with responsibility for health and safety in its warehouses, Amazon produced a proffer on September 23 that identified those executives, though it failed accurately to convey their responsibilities.  Five days later, on 9/28, based on that inadequate proffer, the United States proposed ESI custodians and search terms.  It took Amazon until 10/28—a full month later—to produce a hit report.  Three days later, on 10/31, we asked you to begin the ESI review for an initial group of four deponents
            ), each of whom had a modest number of hits to be reviewed, so that we could depose them in late November and early December.  Until your email below, you refused to review documents batched by custodian (as is necessary due to the time exigencies); though you have now agreed to do that, you tell us it is "unlikely" you will produce even

these four initial deponents in December.  That is unacceptable given the governing statute of limitations and the important role that these witnesses play with regard to worker safety at Amazon facilities.

Your suggestion that Amazon's corporate employees responsible for health and safety in its warehouses are not witnesses of interest to OSHA and are merely being "shoehorned" into OSHA's investigation is absurd and unproductive.  As is your assertion that OSHA's subpoenas for these witnesses came shortly after you advised us that you would be prioritizing OSHA's requests over SDNY's; you advised us of that many months ago.  (*See, e.g.*, 9/21/22 Ahmad Ltr. ("[A]s noted below and in our prior correspondence, we have prioritized the production of documents responsive to the OSHA subpoenas over those responsive to the FIRREA subpoena . . . .").)

More fundamentally, your proposed rate of review—3,000 to 5,000 documents per week, unless the government drops all other requests and unscheduled administrative statements—demonstrates that insufficient resources are being committed to document review.  Big firms representing well-resourced clients in large and important matters routinely review documents at a pace many times that.  Amazon is represented here by Gibson Dunn, one of the country's largest law firms, as well as multiple law firms specializing in labor law.  Given the urgency, size, and importance of this matter, as well as the outside resources available to Amazon and to its counsel, Amazon's refusal to review documents more quickly is also unacceptable.

You write that we have conceded that the ESI for our first four deponents is "admittedly 'voluminous.'"  That is false.  As we told you, we selected these four deponents in large part because the number of ESI hits was so small—fewer than 3,000 documents for                    fewer than 4,000 documents for each of               and            and fewer than 5,000 documents for             You appear to be quoting from my email below, in which I referred to the protocol for searching "voluminous" ESI.  As you well know, the "voluminous" ESI referenced there is not the number of ESI hits—it's the total number of emails the searches were run against.

**The Government's Priorities**

The government's priorities in this case have been clear from the start: for Amazon promptly to respond to the 90 OSHA document requests and 30 SDNY document requests—many of which are coextensive—and to present key witnesses for administrative statements or depositions in a timely fashion.  As Amazon has been unable to produce responsive documents and information month after month, the government has narrowed its priorities in the hopes of extracting information critical to its investigations.  Six weeks after serving these requests, in mid-September, the government proposed a schedule for production covering about half of its initial requests.  The government continued to narrow its requests until, on November 8, we identified a handful of our highest outstanding priorities: five document requests, four exports from centrally-stored datasets, ESI and corporate depositions (in addition to OSHA's remaining administrative statements), and limited follow-up on two 30(b)(6) topics.  Far from "constantly changing and often conflicting priorities," the government has continued to lower its expectations; they cannot be lowered any further without damaging OSHA's and SDNY's investigations.

You write that we have "conceded that Amazon cannot comply with all of []our demands at the same time." That is untrue. We recognized that our initial demands would require a very significant effort to complete in the time available. We have long since narrowed those demands to the point where it is unreasonable for Amazon to refuse to devote the resources necessary to comply, including bringing on additional assistance as necessary.

**Defending OSHA Administrative Statements**

Nearly three months after serving OSHA's and SDNY's document requests, DOL took its first administrative statement since the inspections on October 26. DOL has now taken a dozen administrative statements from a number of low- or mid-level health and safety employees. These administrative statements are routine in OSHA matters and were handled by Amazon's labor counsel during the inspections. Were these matters adequately staffed, prepping witnesses without any documents and appearing to defend their administrative statements would not fully occupy the time of Amazon's outside counsel. However, you advise us that you are missing production deadlines because of these statements; that you are unavailable to meet and confer because all relevant attorneys are defending these statements; and that you will be unable to meet even the government's handful of highest priorities unless the few statements still be to be scheduled are abandoned. If this is true, it is because Amazon and its counsel are not devoting adequate resources to this matter. Defending 12 administrative statements over several weeks should not exhaust the resources of Amazon, Gibson Dunn, and the multiple labor firms that have appeared for Amazon in this matter, particularly with respect to document review.

Below, you claim that I told you that "DOL is reconsidering what is important to its investigation" with respect to these statements. That is incorrect. I said that, if it would significantly speed the production of the government's highest priority items, DOL might be willing to be flexible as to some of those statements. The issue isn't DOL "reconsidering" anything; the issue is that Amazon has failed to produce responsive documents and information for months, leaving us with less than 60 days before OSHA's six-month statute of limitations runs. Moreover, you rejected that offer, stating that the work had already been done to prep those witnesses and it would not be helpful to push or cut already scheduled statements.

**Centrally-Stored Data**

For more than three and a half months, we have pressed Amazon to produce centrally-stored data. Despite committing many months ago to producing this data nationwide, Amazon has not yet produced much of this data for all six warehouses that were inspected, let alone the nationwide datasets. On November 4, you finally produced a sample of per-worker productivity data (data from a single year for two of the inspected sites). You repeatedly told us that it would be extremely technically difficult to produce the full datasets because the data was so voluminous. As we advised you on November 11, the sample data suggests that this is not so—the full datasets should fit on a USB flash drive. We asked for an update at that time and repeated our offer—one we have made for months—to have our data experts speak with yours to discuss how we can overcome any obstacles to production.

We have not received an update on this or any of the other three high priority centrally-stored data requests.  On Thursday, we asked for a call.  We were told the key attorney was defending an administrative statement on Friday.  When we offered to speak early or late Friday or over the weekend, our offer was ignored.  We asked for an email update; that has not come.  You advised late Friday night that the earliest you can speak about the data is this Wednesday.  We need this data produced promptly; waiting 12 days just to get a response to our email on November 11 is unacceptable.  We are available to speak with you at 10:30 am on Wednesday, and we hope you can commit to near-term production dates for this data.

**Supplemental Subpoenas**

OSHA and SDNY issued very limited supplemental subpoenas setting out five requests—at least two of which are covered by our previous requests, and all of which were discussed with you in advance.  As we told you, we set a very near-term date for production not because we are insisting that all responsive documents be produced by that date, but because we did not want to delay the production of any items that could be produced at that point.  Likewise, the request for Austin/Gensuite data is not limited to particular fields because (a) you have not yet produced any Gensuite data, so we do not what the relevant fields are; and (b) we wanted to avoid having to issue another subpoena if there is a need for additional fields from either dataset.  We will promptly share with you the fields we want exported from Austin.

\*          \*          \*

Please respond by Wednesday with respect to venue for a motion to enforce.  To avoid potential motion practice, we would need to see a significant change in Amazon's position: e.g., agreeing to produce responsive ESI for the four initial corporate deponents by December 6 (a compromise date) and committing to do whatever it can to produce these employees for depositions the week of December 12 (or shortly thereafter) and promptly confirming dates; committing to provide December dates for the OSHA administrative statements for MDW8 and BOI2; committing to a near-term date for the production of nationwide per-worker productivity data; and committing to a date for a written proffer in response to the critical, outstanding question under Topic C (identify any analysis or other consideration of safety when setting productivity rates, expectations, or goals).

Sincerely,

Jake

Jacob Lillywhite

Assistant United States Attorney

Southern District of New York

86 Chambers Street, Third Floor

New York, New York 10007

(212) 637-2639

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Friday, November 18, 2022 11:30 PM
**To:** Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Amazon - search terms

Counsel:

We write in response to Mr. Lillywhite's November 17 email below and to memorialize our meet and confer regarding proposed search terms yesterday.

As noted below, Amazon remains committed to engaging with both OSHA and SDNY in good faith to work out a reasonable schedule for your various requests, including the prioritization of certain requests in the near term.  Please note, however, that the government's constantly changing and often conflicting priorities, confused and apparently uncoordinated communications from multiple contacts at OSHA, SOL, and SDNY, unreasonable deadlines and demands (including a barrage of requests and subpoenas, including new subpoenas just yesterday with purported return dates in four business days), and threats of premature and unwarranted motions to enforce are counterproductive.  You have conceded that Amazon cannot comply with all of your demands at the same time, but you have refused to agree to any reasonable prioritization, even when—as you requested—we took the time to present detailed options from which you could select your preferred course.  To be clear, we are not refusing to produce documents, information, or witnesses.  To the contrary, we have gone to great lengths to provide documents, information, and witnesses in response to your constantly shifting demands.  We simply ask for a more organized, reasonable, and collaborative approach from the government.

**ESI/Depositions**

*ESI Search Terms*.  As demonstrated by our prior correspondence, Amazon has worked expeditiously with SDNY to significantly narrow SDNY's initial overbroad proposed search terms, which returned over 330,000 unique hits (over 510,000 family documents).  We understand from our meet and confer yesterday that—subject to the three search term revisions noted in Mr. Lillywhite's November 17 email—SDNY considers the search terms sufficiently narrowed (except that SDNY is open to further narrowing of ESI review for                     and                at a later date, including with potential further search term revisions that Ms. Tarczynska referenced during yesterday's call).  We are running an updated hit report with these final terms, but expect the final hit count to be at least 110,000 unique documents (220,000 with families).

*ESI Review & Depositions.*  As we have stated, our strong recommendation and preference is to come to agreement on appropriate search terms on a comprehensive basis before beginning to review ESI based on those search terms.  This is the most efficient way to proceed and is consistent with well-accepted best practice.  However, as you requested, we will agree to start our ESI review now based on the current iteration of search terms in the email below.  Documents hitting on these terms will be processed in our review platform by Monday and our team will begin ESI review next week.

Further, and again notwithstanding the fact that it is inefficient and inconsistent with well-accepted best practice, we will comply with your request that we conduct our ESI review on a custodian-by-custodian basis, starting with                                                      .  This approach will allow us to complete their ESI review first and prepare and present them for deposition first as you requested.  (As we have explained, we believe that your requested custodian-by-custodian approach will significantly slow the overall pace of review and completion of ESI production across the full universe of custodians.)

However—in light of other ongoing workstreams that you have identified as priorities—including 5 OSHA depositions scheduled over the next 3 weeks, 6 unscheduled OSHA depositions, and manual collection and production of ESI in response to OSHA and SDNY's priority document requests (none of which you agreed to table in response to our November 16 email—we cannot commit (on 24 hours' notice), to reviewing and producing all of these four custodians' admittedly "voluminous ESI" (over 25,000 documents, inclusive of families) in the next fourteen days, which includes Thanksgiving.  Nor can we definitively commit to then offering all four of those custodians for deposition the very next week, as you request below.

That said, as noted above, we are agreeing with your request to move forward promptly with ESI review for these custodians and are not opposed to prioritizing their depositions, subject to completion of ESI review, witness availability, and a consensus regarding an appropriate and reasonable scope of depositions and other investigative demands.  Assuming we can table non-ESI collection and the unscheduled OSHA depositions, we anticipate substantial completion of ESI review for these four initial custodians on or around December 9.  Alternatively, if we proceed at our current pace with non-ESI collection and review and continue scheduling OSHA depositions, we anticipate

completion of ESI for these custodians on or around December 30.  In either case, it is unlikely we would be able to provide all four of these witnesses for depositions in December.

Mr. Lillywhite's email yesterday criticized the estimated proposed pace of our ESI review.  As an initial matter, during our meet and confer call on November 10, you asked us about our estimated pace of ESI review and we previewed the same estimated numbers (5,000 documents per week "if we're staying on the same schedule for manual review" and 10,000 documents per week "if we take all of that away") at that time.  You responded that you would think about those tradeoffs and did not raise any concerns with those estimates until Mr. Lillywhite's November 17 email, claiming this issue was now "must urgent[]."

The cases cited in Mr. Lillywhite's email are inapposite, for many of the same reasons we have explained before.  In the *Fort Worth* case, JP Morgan apparently agreed to review 875,000 ESI hits.  But that large volume of ESI was to be reviewed "over the course of discovery in th[e] litigation," which was scheduled to last one year.  297 F.R.D. 99, 114 (S.D.N.Y. 2013).   Likewise, Omnicare apparently agreed to review 24,000 ESI documents per week in *U.S. ex rel. Basson v. Omnicare*, 15 Civ. 4179, ECF No. 134-2.  But that pace of review did *not* include second level review or privilege review, much less production.  *Id.*  Nor was Omnicare required to conduct that ESI review simultaneously with depositions.  In fact, in the *four year* time period of that investigation, Omnicare was only asked to present ten witnesses for testimony.  *Id.*  Here, Amazon has already presented 10 witnesses for sworn testimony to OSHA over the past three weeks, and 6 more OSHA depositions are scheduled over the next two weeks.  And your November 17 email contemplates Amazon will present another 6 witnesses for depositions with OSHA (including two comprehensive Rule 30(b)(6) depositions, likely requiring multiple designees each who must be prepared as corporate representatives) and at least 4 witnesses for jointly noticed depositions with OSHA and SDNY, all simultaneous with ESI review in December.  That is not reasonable or feasible.

To be clear, Amazon is not refusing to complete review of the ESI hits in the proposed search terms (more than 220,000 documents) or refusing to redirect more resources to doing so.  In fact, we have agreed to proceed as you wish.  But, and as we have repeatedly asked over the past several weeks during our meet and confers and in writing, we need better coordination between SDNY and OSHA and better communication as to which requests are a priority for completion in the December time frame you are demanding.  Indeed, notwithstanding your commitment to coordinate requests and to centralize them through three government representatives (Messrs. Lillywhite, Hennefeld, and Jaklevic), this week we continued to receive demands for documents "by the end of the week" and for deposition dates from another Department of Labor attorney, apparently uncoordinated with your stated priorities.

Completing all of OSHA's and SDNY's various outstanding requests—manual non-ESI collection and production of hundreds of "priority" document requests, 4 OSHA fact depositions, 2 OSHA Rule 30(b)(6) depositions, the new highest priority items outlined in Mr. Lillywhite's November 8 email, ESI review of over 220,000 documents, 5 jointly noticed depositions, and 5 SDNY depositions—in that time frame is not reasonable.  We asked that you prioritize both agencies' highest priority requests,

which we believed SDNY provided to us last week.  In response, SDNY has told us several times that there is an understanding that the volume of requests (and their shifting nature) will require some tradeoffs on your part so that we can focus on these latest high priority items.  For example, during our November 8 meet and confer, Mr. Lillywhite stated SDNY and OSHA would "go back" and discuss priorities and that he understood "DOL is reconsidering what is important" to its investigation with respect to its host of noticed depositions.  And during our November 10 meet and confer, Mr. Lillywhite stated that the "only other thing [the government] is expecting is going to happen [other than the "highest priority" requests] is those scheduled [OSHA] depositions" and, again, said that if we needed some of those scheduled depositions to be taken "off the books" to accomplish the priority requests that it would be considered.  But Mr. Lillywhite's email yesterday strongly implies otherwise – that you expect Amazon must commit to completing **all** of these requests by early January and that failure to adhere to these unreasonable demands will somehow "critically harm[]" OSHA's and SDNY's investigations.

That is not true.  SDNY's investigation is under FIRREA, a civil fraud statute with a ten year statute of limitations and without any enforcement authority related to workplace safety.  The purported, but undefined, safety exigency is therefore not relevant to SDNY's case and the "needs of the case" do not require Amazon to undertake the unreasonable schedule demanded.

To the extent OSHA believes it needs certain additional information within its six-month limitations period, Amazon has already provided significantly more documents, data, information, and witnesses than is typical for an OSHA investigation.  Indeed, OSHA attorneys taking some of these ongoing depositions have stated they already know the answers to the questions they are asking.  Moreover, at least four of the unscheduled OSHA depositions (the jointly-noticed depositions of                                   ) are plainly an attempt to shoehorn SDNY priorities into the shorter timetable for OSHA's investigation, given that they were only noticed by OSHA on November 2, more than 3 weeks after they were noticed by SDNY and shortly after we made clear that our priority was to complete OSHA requests given the 6-month statute of limitations.

Nevertheless, as we have stated, we are open to prioritizing in this time frame whatever else OSHA might reasonably need.

We remain committed to cooperating in your respective investigations, within reason, and to engaging with you in good faith to work out a reasonable schedule and prioritization for all of the various demands.

*Mr. Bezos and Mr. Jassy ESI*.  Amazon will agree to review and produce responsive documents from the ESI of Mr. Bezos and Mr. Jassy.  We will provide hit reports based on the current version of the search terms once available and anticipate negotiating an appropriate scope of review specific to these two custodians.  We understand from your prior representations that other custodial ESI is your priority.

**Centrally Stored Productivity Data**.  As we explained during our call yesterday, we cannot have a call today related to productivity data because one of our team members key to this area is defending an OSHA deposition today (and was yesterday as well).  Per your request for small group meet and confers, our team members focused on productivity data can be available for an update call on Wednesday from 10:30-11:30 ET.  Let us know if that time works for you.

**Supplemental Subpoenas**.

*Service and Formal, Written Objections.*  We received the new OSHA subpoena regarding DYO1 and the new FIRREA subpoena via email yesterday.  We accept service via email, reserving all rights and objections.  These subpoenas include a return date of November 23, four business days after receipt.  This is patently unreasonable.

During our call yesterday both OSHA and SDNY agreed to extend the date for Amazon's written responses and objections, with a specific date to be confirmed via email.  Please confirm that December 19 is sufficient for written objections.  We assume you would prefer us to be devoting our time to locating and producing responsive documents.  As discussed, we understand these are "highest priority" requests and—as you know, based on the fact that we have already provided information requested about the "LIDAR database" and are providing data responsive to OSHA Request No. 91 and SDNY Request No. 35 today—the pending formal objections will not prevent us from producing responsive material.

*OSHA Request No. 87 and SDNY Request No. 31.*  You previously represented that you would seek an export of "data" and would "identify the fields [you] need from Austin" so that we could identify corresponding data fields in Gensuite.  J. Lillywhite Nov. 8 email; *see also* R. Stewart Nov. 14 email memorializing Nov. 10 meet and confer.  Contrary to those representations, the subpoenas broadly seek any "information stored in Austin or Gensuite concerning" any injury at any of Amazon's 900+ facilities over the past five years.  As written this would include not just data but also any and all incident report document files (which, as you know, are voluminous).  Please confirm the scope of this request so that we can proceed accordingly.

**Communication**. Thank you for confirming you agree to proceed with a weekly standing call (with topics circulated by you sufficiently in advance), as we proposed on November 7.  We understand your preference is to hold the calls on Tuesdays; we suggest 3:30-4:30 pm ET.  As discussed, we ask that you provide any agenda items and questions you have sufficiently in advance for us to prepare responses and hold a productive conversation.

We have no categorical objection to smaller group meet and confer conversations related to specific items where meeting outside of a weekly standing call would be helpful, subject to an understanding that we need sufficient advance notice of the agenda/questions you have for any conversations to be productive.

**High Priority Requests**

*Ergonomic Assessments By Contractors*.  We are looking into your request related to any ergonomic assessments performed by the British Standards Institution "several years ago."  To ensure the record is clear, your email refers to OSHA Request Nos. 64 and 67, but Amazon did not agree to produce third-party contractor documents in response to either of those requests.  In response to OSHA Request No. 68, Amazon agreed to produce "executed contracts or agreements with any external expert or consultant . . . who received information from Amazon concerning the manner in which Workers work in one of the six OSHA-inspected facilities" dating back one year.  Z. Ahmad Sept. 21, 2022 Ltr. at 9, 23.  In response to SDNY Request Nos. 11 and 12, Amazon agreed to produce contracts and non-privileged studies or analysis "conducted at a national level since August 1, 2017, for the purpose of assessing whether associate pace of work posed a risk to associate health and safety."  Sept. 19, 2022 Responses and Objections.

That said, we will promptly look into your specific request regarding British Standards Institution and will produce non-privileged documents responsive to the SDNY Requests (subject to our objections) back to August 1, 2012, located after a reasonably diligent search.

*Ergonomic assessments form the other eight sites*.  We have already produced hundreds of responsive documents from 5 of the 8 additional facilities.  We anticipate substantially completing our production of these documents by mid-December.

*Documents or information concerning or reflecting injury or medical goals; documents sufficient to show related incentives*.  We have been looking into these requests promptly since receiving them on November 8 and discussing them with you on November 10.  The information requested will vary by business unit, which requires multiple different custodial interviews across multiple different business units.  We are working to provide you an update as soon as possible.

*OSHA 61*.  As previously stated, we are working to produce any non-privileged responsive documents (separate from ESI) located after a reasonably diligent search by the week of November 28.

*SDNY 4*.  As we stated last week when we received this request, we anticipated it would take two weeks to complete.  We expect to receive the information next week and will provide it promptly after review.

*Return to Work Tool*.  We are in receipt of your new questions related to the Return to Work tool and will get back to you shortly with this information.

*Topic C proffer re safety*.  We are working on this and will follow up with a proposed timeline for a proffer in December.

*Crosswalk for Employee IDs*.  We will provide the requested information today.

* * *

We look forward to your confirmation regarding the timing of a weekly Tuesday call and look forward to what we hope will be productive dialogue.  Thank you.

Ryan

**Ryan Stewart**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>
**Sent:** Thursday, November 17, 2022 3:14 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Subject:** RE: Amazon - search terms

 **[WARNING: External Email]**

Counsel,

We write to address, most urgently, ESI and depositions, as well as some additional high priority items.

**ESI/Depositions**

Thank you for responding to our request to speak; we will circulate an invite for 5 pm.  We are concerned that we are not close to reaching an agreement that will (a) allow us to conduct the first four corporate depositions we've identified

in early December, with the remainder later in December or early January; and (b) ensure that responsive documents are reviewed and produced in advance of those depositions, with all such documents produced by January 6.

We are now one week from Thanksgiving.  By **tomorrow**, we need to determine if we can reach agreement at least with respect to the four initial corporate deponents.  We need you to commit to review and produce responsive emails and other voluminous ESI for these four deponents by December 2 and to make them available for depositions the week of December 5.  (If there is an unmovable conflict for any of these witnesses, please advise us promptly and provide the soonest available date.)   And before Thanksgiving, we need to reach agreement—or determine that we can't—with respect to the remaining custodians and deponents, as well as the MDW8 and BOI2 administrative statements that have not yet been scheduled.  We simply cannot wait any longer without critically harming DOL's and SDNY's investigations.

The biggest issue appears to be the pace of review.  The pace you proposed—3,000 to 5,000 documents per week unless you drop everything else, and 8,000 to 10,000 documents if you do—is not proportional to the needs of this case, the number of attorneys across multiple firms working on this matter, and the resources available to your client.  When representing large corporate clients in large, important matters, firms of your size are able to review documents far more quickly.  *See, e.g.*, *U.S. ex rel. Basson v. Omnicare*, 15 Civ. 4179 (CM)(VF), ECF No. 134-2 ¶ 9 (noting commitment to review 450,000 documents between Sept. 12, 2022, and Jan. 20, 2023, a rate of approximately 24,000 emails per week).  This is particularly true when a firm uses technology-assisted review, as you've said you do.  Indeed, in the *Fort Worth* case you've cited twice, JPMorgan committed to reviewing 875,000 ESI hits and offered to conduct a second search protocol in parallel—and that was nine years ago, when technology-assisted review was far less advanced.  *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 103-04 (S.D.N.Y. 2013).  And here, as we've discussed at length, the need for expedition is particularly great, given our concerns about the safety of hundreds of thousands of workers and OSHA's six-month statute of limitations.

We are now down to about 110,000 documents.  We expect many of these are duplicates with different metadata (e.g., multiple recipients of an email), and so the true number of unique documents should be many times smaller; tools that consolidate multiple documents reflecting a single email thread should further reduce this number.  These documents should be reviewable in the next seven weeks, assuming time off for the intervening holidays.

We also need to circle back on ESI for Mr. Bezos and Mr. Jassy.  You have not cited any authority that supports treating the review and production of the ESI of "apex executives" differently from any other custodian; we do not believe it is necessary or appropriate to do so here.  *Fort Worth*, the only case you've cited, holds that custodians are properly included if including them would be "reasonably calculated to lead to relevant evidence that might not be captured if they were excluded."  297 F.R.D. at 106.  *Fort Worth* does not suggest that senior executives should be treated any differently from any other custodians.  Here, you do not dispute that Mr. Bezos and Mr. Jassy have both made statements about injury rates in Amazon warehouses.  We have no reason to believe that their only communications on that topic were with other agreed-upon custodians—none of whom report directly to Mr. Bezos or Mr. Jassy.  Please promptly run our search terms against the ESI of these two custodians and share hit reports; if you are right, there should be few unique documents added.

Finally, see below with respect to the narrowing of search terms you proposed:

1. Rather than deleting the term "rate*" entirely, please exclude the documents flagged because they contain the term "injury rate" (i.e., use a "NOT" operator).
2. We are OK removing "transfer*" from the second search string in your email
3. We are OK removing "restrict" and "transfer" from the third search string in your email.

Below are some specific comments, notes, and questions on other high priority items.

**Centrally Stored Priority Data.**  Can we please have a brief call tomorrow with the relevant members of your team to get an update on this?

**Supplemental Subpoenas.**  We've attached a supplemental OSHA subpoena covering the four priority requests we previously discussed; we expect to send along a supplemental FIRREA subpoena with the same requests shortly.  We note that two of these requests were covered by prior subpoenas (OSHA Request Nos. 10, 13, 14, 26, 27, 42, 53, 55, and 57 and SDNY Request Nos. 3 and 15).

**Centralizing DOL/SDNY Requests.**  At your request, going forward new requests (if any) will be centralized and come from Dan, Dave, or the SDNY team.  Again, to the extent additional requests are made, if they would impact your ability to respond to our highest priority requests, please let us know.

**Communication.**  We would be happy to have a standing weekly call, with topics circulated in advance.  We propose Tuesday afternoon, if there's an hour that works for you.  We're hoping we can also begin having direct conversations among smaller groups to quickly make progress on high priority items rather than waiting a week for the scheduled call, as we've requested above.

<u>**High Priority Requests**</u>

**National ergonomic assessments.**  In response to SDNY Request Nos. 11 and 12, you have advised that you are not aware of (a) any contractor retained at the national or regional level that performed work connected to potential safety risks created by the pace of work or (b) any documents reflecting analyses at the facility level by or for Amazon concerning whether some pace of work poses a safety risk with respect to any process path.  (See 9/21 Ltr. 29-30; 10/7 FIRREA Production Cover Ltr. 1-2.)  We have recently learned that several years ago Amazon retained the British Standards Institution to conduct a nationwide ergonomics assessment that included review of the pace of work, that this assessment was completed after studying Amazon warehouses around the country, and that the results of such assessment are available to safety managers.  Can you please promptly produce responsive documents related to this retention and assessment, which are responsive to OSHA Request Nos. 64 and 67 and SDNY Request Nos. 11 and

12?  We are surprised this did not come to light in your diligence to date and want to understand why it didn't.  We also want to be sure you promptly identify and produce responsive documents related to any other such contractors and any other nationwide safety assessments that relate to pace of work; please advise when we can expect such material.

**Ergonomic assessments from the other eight sites.** Can you advise when in December we can expect the assessments from the eight additional sites?

**Documents or information concerning or reflecting Injury or Medical Goals; documents sufficient to show related incentives.** Can you please let us know what responsive documents or information you are finding?  (Is there centrally stored data on this?)  And can you please advise when we will receive it?

**OSHA 61.** Can you please provide an update on this?  Have you identified any responsive documents?  If not, can you confirm you have spoken with the present and former VPs of Worldwide Workplace Health & Safety over the Relevant Period and reviewed their files (excluding email)?  We would be surprised if there aren't responsive documents.

**SDNY 4.** Can you provide an update on when we can expect the information discussed, which will identify formers and provide their contact information?

**Return to Work Tool.** Thank you for clarifying                    reference to the LiDAR system.  Can you advise how and when Amazon uses the Return to Work tool?  Is this the only dataset other than Austin/Gensuite that would identify when workers are working with modifications/restrictions or transferred in light of an injury or illness or related restrictions?

**Topic C proffer re safety.** When can we expect to receive this proffer?

**Crosswalk for employee IDs.** When we spoke last Thursday, you said would be providing the crosswalk we requested, linking together employee names, ID numbers, employee usernames, and any other employee identifiers used in the data Amazon has or will be producing.  When can we expect that?

Thanks,

Jake

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Thursday, November 17, 2022 2:49 PM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Amazon - search terms

Thank you, Dominika.  We are happy to confer regarding the proposed search terms.  One of our team members working on this is defending one of today's OSHA depositions.  With that in mind we could plan to discuss from 5 – 530 ET today, although we are not sure whether the deposition will be completed.  Alternatively we could discuss tomorrow from 915-10 am or 2-230 pm.

Relatedly, as noted in my email below, attached are two file type reports which show the distribution of hits by file extension type in total and for each proposed search string.

Best,

Ryan

**Ryan Stewart**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Wednesday, November 16, 2022 5:21 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>

**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>
**Subject:** RE: Amazon - search terms

   **[WARNING: External Email]**

Ryan,


Thank you for providing this.  Could we set up a time to talk tomorrow with whatever group on your end is working on this? It would be more efficient to talk through this live. Other than 2-3pm tomorrow, we are flexible on our end.



Thanks,

Dominika



---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Wednesday, November 16, 2022 4:59 PM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Amazon - search terms


Counsel:  We write in response to Ms. Tarczynska's email below regarding the ESI protocol and search terms, and in follow up to our meet and confer call last Thursday.  We look forward to your responses and continuing to work together to move this forward.

## A. **ESI Protocol and Search Terms**

Thank you for providing the proposed revision to the search string in Ms. Tarczynska's email.  We have completed updated hit reports with that revision and attach them here (the SDNY Updated

Terms Custodian Report and SDNY Updated Terms STR Hit Report).  These terms result in 125,146 unique hits (242,000 including families).

As discussed, we have also prepared (and attach here) additional analysis of those search strings, which continue to yield a very large number of hits.  Specifically, we have broken down the number of hits for the five largest-volume search strings into individual terms by connectors (the High Volume Breakdown Report).  For example, a search string of (A or B) w/15 (C or D) is broken down separately into the number of hits for A w/15 C, A w/15 D, B w/15 C, and B w/15 D.  This should assist in further narrowing the number of hits by helping to identify terms with likely false positives and tailoring them accordingly.

Based on the attached, we propose the additional revisions below to your most recent search strings.  We simultaneously ran updated hit reports with these revised terms as well (the AMZ Updated Terms Custodian Report and AMZ Updated Terms STR Hit Report).  We believe these revisions materially decrease the overall hit count without materially limiting the responsive documents reviewed and produced.  For example, the inclusion of "rate" in the first search string below is returning each and every communication with the phrase "injury rate" (without any further context) when (a) it appears that the intent of the search string is to identify documents related to injuries and productivity rates, not "injury rate" generally and (b) the search string that appears intended to identify documents related to "injury rates" generally is tailored by qualifying words such as decrease, increase, reduce, etc.

- (injur* OR hurt OR sick OR illness* OR fatal* OR die* OR death OR ergo* OR MSD OR WMSD OR musculoskeletal OR faint* OR struck-by OR struck by OR heat OR exhausted OR RIR) W/15 (productivity OR UPH OR units per hour OR ~~rate*~~ OR guardrail* OR quota* OR goal* OR target* OR pace OR TOT OR time off task OR time-off task OR timeoff task OR peak OR Prime Day)
- (reduc* OR low* OR decreas* OR minim* OR down OR wors*) W/15 (incident rate* OR restrict* OR ~~transfer*~~ OR days away OR worker* comp* OR WC)
- (rising OR high* OR increas* OR maxim* OR up OR better OR improv*) W/15 (DART OR DAFW OR DJTR OR TCIR OR TRIR OR SIR OR RIR OR LTI OR SLI OR injur* OR recordable* OR OSHA 300* OR 301* OR incident rate* OR ~~restrict*~~ OR ~~transfer*~~ OR days away)

As shown in the attached hit reports, these terms still return 110,000 unique documents (221,000 including families).  We appreciate any further narrowing you can apply with this additional analysis of the search strings returning the highest volume.

Further, we agree that the search term hits for                    and                    are too large and overly burdensome.  However, we do not agree with your suggestion that Amazon should review and produce a sampling of documents from those overbroad and unduly burdensome search terms as part of the narrowing process.  Rather the additional analysis provided here should be helpful in tailoring the search terms to a reasonable volume.  Moreover, we anticipate providing shortly a

breakdown of hits by document type (e.g., email, attachment, calendar appointment, etc.) which should further assist with narrowing efforts.

Given that we are continuing to make progress on finalizing the comprehensive ESI protocol, we continue to prefer to finalize and agree upon appropriately tailored search terms that provide the full scope of Amazon's review.  We will continue to move this forward expeditiously so that we can come to a consensus regarding next steps and tradeoffs as outlined below.

Finally, as shown in the attached updated hit reports,                    ESI has been pulled, as requested.

**B.  Timing of ESI, Depositions, and Highest Priority Items in Mr. Lillywhite's November 8 Email**

As discussed during our meet and confer call on Thursday, we write to confirm our anticipated pace of ESI review and to ensure that SDNY, OSHA, and Amazon are all on the same page with respect to your investigative priorities.  As we have emphasized during our recent meet and confer calls, it is important that we understand in what order the government would like Amazon to tackle its various requests (which currently number over 40 subpoenas) over the next two months.

As you know, OSHA has completed 8 depositions of Amazon witnesses and has 8 more already scheduled over the next four weeks.  OSHA attorneys have notified Amazon of 6 additional depositions that are not yet scheduled, including 2 Rule 30(b)(6) depositions.  These 22 OSHA depositions do not include (i) the depositions listed in the November 8 "highest priorities" email (                                which were noticed first by SDNY and then by OSHA, (ii) the deposition of                  (who was also noticed both by SDNY and OSHA), or (iii) the other 5 depositions noticed by SDNY.  Further, Amazon has also been continuing to complete our manual collection and review of non-ESI documents in response to the more than 500 OSHA document requests and 30 SDNY document requests.  Finally, Mr. Lillywhite's November 8 email set out several "highest priority" items for completion over the next two months, four of which we noted during the meet and confer are new requests not covered by existing subpoenas.

As we stated during our last call, we want to ensure that the tradeoffs across these various requests are clear and that we are prioritizing completion of the requests you are most interested in during the two-month timetable you have referenced.

**Option 1**:  As we explained during the November 10 call, at the current pace of manual document collection and review, which is ongoing, we estimate we can review 3,000 to 5,000 ESI documents per week.  We anticipate this will allow us to complete the following items by December:

- Manual collection and production of non-ESI OSHA documents;
- Produce witnesses for the 8 already scheduled OSHA depositions;
- Produce witnesses for the 6 not yet scheduled OSHA depositions (those not also noticed by SDNY);

- Review approximately 16,000 ESI documents per agreement with SDNY on an ESI review protocol.

**Option 2**:  Alternatively, our pace of ESI review can increase substantially if we table the unscheduled OSHA depositions that are not cross noticed and manual document production and focus first on the items on your "highest priorities" list, including ESI and the cross-noticed SDNY/OSHA depositions.  Specifically, if we table the time-consuming and labor-intensive manual collection and review of non-ESI documents and the other 6 OSHA depositions not yet scheduled, and instead focus our efforts on completing the "highest priority" documents and data in Mr. Lillywhite's email, we estimate that we can review at least 8,000-10,000 ESI documents a week.  This will allow us (subject to witness availability) to begin producing some of the witnesses noticed by SDNY and OSHA for deposition conducted jointly by OSHA and SDNY.  Moreover, if there are specific OSHA document requests for which you would like us to continue prioritizing non-ESI production (aside from those listed in the November 8 email) we would ask that you identify those promptly and we will confer with you regarding those and let you know our anticipated timing of production and the extent to which doing so would impact our timetable for review and production of ESI to SDNY.  We anticipate this prioritization will allow us to complete the following items through December:

- Production of highest priority items identified in Mr. Lillywhite's November 8 email;
- Produce witnesses for the 8 already scheduled OSHA depositions;
- Review of 32,000 ESI documents per agreement with SDNY on an ESI review protocol;
- Begin producing some of the witnesses jointly noticed by OSHA and SDNY, pending availability; and
- Manual collection and production of non-ESI documents for certain other OSHA requests (pending discussion).

It is our understanding from SDNY's representations during our November 10 meet and confer that the November 8 email lays out the highest priority items for both OSHA and SDNY, in addition to those OSHA depositions already scheduled.  For that reason, we assume that you prefer the latter approach, and we are preparing accordingly.

Finally, we note that the above ESI review estimates are based on a custodian-by-custodian approach, as you have requested.  As we have discussed, we believe that process will be significantly less efficient when it comes to completing the total review and production of all ESI.  At the pace outlined above—and based on an estimated current hit count of 180,000 documents (the current hit count of 125,000 unique documents and estimated review of 50% of the 115,000 family documents associated with those unique documents)—we would complete review of the entire population of hits in SDNY's proposed ESI protocol in 18 weeks (at 10,000 documents per week) or 21 weeks (at a pace of 4,500 documents per week through December and 10,000 documents per week thereafter).  We estimate that machine learning, based on a search string by search string review process, will result in a faster

and more efficient overall review and allow us to complete the overall review of ESI as much as 25% faster.

Thank you,

Ryan


**Ryan Stewart**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com


---

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Monday, November 14, 2022 5:33 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>
**Subject:** RE: Amazon - search terms


**[WARNING: External Email]**

Ryan,


Thank you for providing these.  At this point, the only additional limitation that we can propose based on the information we have is to the following search string:


((reduc* OR low* OR decreas* OR minim* OR down OR wors*) W/15 (productivity OR production OR UPH OR units per hour OR rate* OR guardrail* OR quota* OR goal* OR target* OR pace)) ~~AND~~ **w/25** (injur* OR hurt OR sick OR illness* OR fatal* OR die* OR death OR WMSD OR MSD OR musculoskeletal)

To clarify, by this we mean that we would like the last string to be within 25 of either the first or last of the terms in the prior two strings, which may mean that you need to break it up into two paths: (X w/15 Y) AND ((X w/25 Z) OR (Y w/25 Z)).) Please let me know if this isn't clear and you would like to discuss.

It appears that four search strings are disproportionally pulling up the most documents in the documents of                                    so we would propose that these search strings could be narrowed for just these two custodians.  To do this we need some additional information about the types of documents in their ESI that are hitting on these terms that might be responsible for these high numbers.  We would propose that you either send us a sample of 50 or so documents that are hitting on the following terms for these two custodians, or alternatively if you are able to identify any particular type of document that is hitting on these terms in significant numbers, we can discuss further narrowing or sampling of certain types of documents.  If you can provide other analytics that could help with this narrowing, please let us know.

| | | | |
|---|---|---|---|
| ((reduc* OR low* OR decreas* OR minim* OR down OR wors*) W/15 (productivity OR production OR UPH OR units per hour OR rate* OR guardrail* OR quota* OR goal* OR target* OR pace)) AND (injur* OR hurt OR sick OR illness* OR fatal* OR die* OR death OR WMSD OR MSD OR musculoskeletal) | 12,107 | 12,702 | |
| (injur* OR hurt OR sick OR illness* OR fatal* OR die* OR death OR ergo* OR MSD OR WMSD OR musculoskeletal OR faint* OR struck-by OR struck by OR heat OR exhausted OR RIR) W/15 (productivity OR UPH OR units per hour OR rate* OR guardrail* OR quota* OR goal* OR target* OR pace OR TOT OR time off task OR time-off task OR timeoff task OR peak OR Prime Day) | 17,333 | 16,272 | |
| (reduc* OR low* OR decreas* OR minim* OR down OR wors*) W/15 (DART OR DAFW OR DJTR OR TCIR OR TRIR OR SIR OR RIR OR LTI OR SLI OR injur* OR recordable* OR OSHA 300* OR 301*) | 18,039 | 14,463 | |

| (rising OR high* OR increas* OR maxim* OR up OR better OR improv*) W/15 (DART OR DAFW OR DJTR OR TCIR OR TRIR OR SIR OR RIR OR LTI OR SLI OR injur* OR recordable* OR OSHA 300* OR 301* OR incident rate* OR restrict* OR transfer* OR days away) | 21,862 | 19,337 |

We know that you expressed a preference to reach agreement on a complete protocol prior to starting production, however we believe that we are close enough for it to make sense to get started on processing and review of the remaining terms and custodians, while we iron out these four search strings for these two custodians as that might take some time to look at the sampling of documents being pulled by these terms.  In particular, the number of documents with hits for the first four deponents are all under 5,000 (even before the additional limitation above is applied): (3,753),        (4,056),        (4,885), and          (2,763), so we would like Amazon to commit to getting started on those custodians, provide dates of completion for these custodians and provide dates in early December when they would be available for depositions.

Finally, could you let us know the status of collecting the ESI for              and the anticipated volume.

Please let me know if it would be easier to get on the phone and discuss.

Thanks,

Dominika

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Friday, November 11, 2022 6:00 PM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki

<NMcArthur@gibsondunn.com>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Amazon - search terms


Dominika:  Please see attached the hit reports in the formats requested for the revised terms provided last night.  As you can see, there are still a significant number of hits.  We are working to confirm what additional analysis we can run with respect to the proposed search strings that have a very large number of hits to inform further narrowing, but wanted to provide these reports as soon as they were available to continue this process.


Thank you,

Ryan


**Ryan Stewart**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com


---

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Thursday, November 10, 2022 10:32 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>
**Subject:** RE: Amazon - search terms


**[WARNING: External Email]**


Stewart,

Attached please find further edits to the search terms, working off of the terms in your Exhibit B. I've attached a clean version, as well as a markup showing the changes and some explanatory notes.

If you could send us an overall hit report as well as custodian specific reports that would be useful.

Also, if there are particular search strings that are still pulling up a very large number of hits, it would be useful to see some analytics on which set of terms within the string is responsible for the volume.  That would help identify any terms that are generating false positives and allow further narrowing.

If you can get us the hits reports quickly, we can do a quick turn around on additional iterations of the terms if necessary.

Thank you,

Dominika

Dominika Tarczynska

Assistant United States Attorney

Southern District of New York

86 Chambers Street, 3rd Floor

New York, NY 10007

Tel: (212) 637-2748

Fax: (212) 637-2686

dominika.tarczynska@usdoj.gov

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Wednesday, November 9, 2022 3:24 PM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Ahmad, Zainab <ZAhmad@gibsondunn.com>

Cc: Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Amazon - highest priorities

Thank you, Dominika.  We are now available from 10:00-11:30 a.m. and have adjusted the meeting invite accordingly.  We look forward to speaking with you then.

As requested, I have attached here the Exhibit A and Exhibit B hit reports in the format we had previously provided them, which were just completed.  To the extent that you are revising the terms, we ask that you please work off of the lists below, which have already been formatted in the way necessary to run them through the document system.  This will speed up the process as we will not need to reformat the terms (e.g., adding ORs within your parentheticals) for each iteration.

Thanks,

Ryan

## Exhibit A

| |
|---|
| ("not report*" OR "*not report*" OR "not record*" OR "*not record*" OR underreport*) AND injur* |
| (AmCare OR Wellness OR safety) W/40 (clinic* OR urgent care OR practice* OR provider*) W/40 ("not refer*" OR "not recommend*" OR don't reocmmend* OR can't recommend* OR discourag* OR medical OR treat) |
| (clinic* OR urgent care OR practice* OR provider* OR consult* OR ergo*) W/40 (hire* OR hiring OR bring on OR fire* OR firing OR cancel* OR stop work* OR no longer work* OR "not use" OR can't use OR won't use OR don't use) |
| (clinic* OR urgent care OR practice* OR provider* OR Sedgwick) W/40 (DART OR DAFW OR DJTR OR TCIR OR TRIR OR SIR OR RIR OR LTI OR SLI OR record* OR OSHA 300* OR 301* OR first-aid OR first aid OR firstaid OR incident rate* OR restrict* OR transfer* OR days away OR worker* comp* OR WC OR too many OR too much OR too often OR high* rate* OR OSHA-sensitive OR OSHA sensitive) |

| |
|---|
| (false OR lie* OR lying OR evil OR illegal OR unlawful OR trouble OR jail) AND (bank* OR securit* OR contract* OR agreement* OR rep OR reps OR represent* OR warrant* OR diligence OR SEC* OR Morgan OR Goldman OR Citi* OR HSBC OR Barclays OR BofA OR Bank of America OR Deutsche OR Wells OR Societe OR TD OR Toronto-Dominion OR Toronto Dominion)) |
| (false OR lie* OR lying OR evil OR illegal OR unlawful OR trouble OR jail) W/40 (injur* OR hurt OR sick OR illness* OR fatal* OR die* OR death OR ergo* OR WMSD OR MSD OR musculoskeletal OR faint* OR struck-by OR struck by OR heat OR OSHA) |
| (injur* OR hurt OR sick OR illness* OR fatal* OR die* OR death OR ergo* OR MSD OR WMSD OR musculoskeletal OR faint* OR struck-by OR struck by OR heat OR exhausted) W/40 (productivity OR quality OR UPH OR units per hour OR rate* OR ADAPT OR guardrail* OR quota* OR goal* OR target* OR pace OR process path volume OR DPMO OR SPPR OR SQPR OR 1WW OR 2WW OR TOT OR time off task OR time-off task OR timeoff task OR robot* OR peak OR Prime Day) |
| (MSD W/10 RIR) AND (RIR W/10 (40 OR forty)) |
| (reduc* OR low* OR decreas* OR minim* OR down OR wors*) W/40 (DART OR DAFW OR DJTR OR TCIR OR TRIR OR SIR OR RIR OR LTI OR SLI OR injur* OR record* OR OSHA 300* OR 301* OR first-aid OR first aid OR firstaid OR incident rate* OR restrict* OR transfer* OR days away OR worker* comp* OR WC) |
| (reduc* OR low* OR decreas* OR minim* OR down OR wors*) W/40 (productivity OR production OR UPH OR units per hour OR rate* OR guardrail* OR quota* OR goal* OR target* OR pace) |
| (rising OR high* OR increas* OR maxim* OR up OR better OR best OR improv*) W/40 (DART OR DAFW OR DJTR OR TCIR OR TRIR OR SIR OR RIR OR LTI OR SLI OR injur* OR record* OR OSHA 300* OR 301* OR first-aid OR first aid OR firstaid OR incident rate* OR restrict* OR transfer* OR days away OR worker* comp* OR WC) |
| 21-day program OR 21 day program OR twenty-one day program OR twenty-one-day program OR twenty one day program OR twenty one-day program |
| Austin W/40 (OSHA OR record* OR 300* OR 301*) |
| Austin W/40 (reduc* OR low* OR decreas* OR minim* OR down OR wors*) |
| labor supply AND (injur* OR turnover OR attrition OR retention) |

**Exhibit B**

("not report*" OR "not record*" OR underreport*) W/15 injur*

(AmCare OR Wellness OR safety) W/15 (clinic* OR urgent care OR practice* OR provider*) W/25 ("not refer*" OR "not recommend*" OR discourag* OR medical OR treat)

(clinic* OR urgent care OR practice* OR provider* OR consult* OR ergo*) W/15 (hire* OR hiring OR fire* OR firing OR stop work* OR no longer work* OR "not use")

(clinic* OR urgent care OR practice* OR provider* OR Sedgwick) W/15 (DART OR DAFW OR DJTR OR TCIR OR TRIR OR SIR OR RIR OR LTI OR SLI OR record* OR OSHA 300* OR 301* OR first-aid OR first aid OR firstaid OR incident rate* OR transfer* OR days away OR worker* comp* OR WC OR too many OR too much OR too often OR high* rate* OR OSHA-sensitive OR OSHA sensitive)

(false OR lie* OR lying OR evil OR illegal OR unlawful OR trouble OR jail) W/15 (bank* OR contract* OR agreement* OR rep OR reps OR represent* OR warrant* OR diligence OR SEC* OR Morgan OR Goldman OR Citi* OR HSBC OR Barclays OR BofA OR Bank of America OR Deutsche OR Wells OR Societe OR TD OR Toronto-Dominion OR Toronto Dominion)

(false OR lie* OR lying OR evil OR illegal OR unlawful OR trouble OR jail) W/25 (injur* OR hurt OR sick OR illness* OR fatal* OR die* OR death OR ergo* OR WMSD OR MSD OR musculoskeletal OR faint* OR struck-by OR struck by OR heat OR OSHA)

(injur* OR hurt OR sick OR illness* OR fatal* OR die* OR death OR ergo* OR MSD OR WMSD OR musculoskeletal OR faint* OR struck-by OR struck by OR heat OR exhausted) W/15 (productivity OR quality OR UPH OR units per hour OR rate* OR ADAPT OR guardrail* OR quota* OR goal* OR target* OR pace OR process path volume OR DPMO OR SPPR OR SQPR OR 1WW OR 2WW OR TOT OR time off task OR time-off task OR timeoff task OR robot* OR peak OR Prime Day)

(MSD W/10 RIR) AND (RIR W/10 (40 OR forty))

| |
|---|
| (reduc* OR low* OR decreas* OR minim* OR down OR wors*) W/15 (DART OR DAFW OR DJTR OR TCIR OR TRIR OR SIR OR RIR OR LTI OR SLI OR injur* OR record* OR OSHA 300* OR 301* OR first-aid OR first aid OR firstaid OR incident rate* OR restrict* OR transfer* OR days away OR worker* comp* OR WC) |
| (reduc* OR low* OR decreas* OR minim* OR down OR wors*) W/15 (DART OR DAFW OR DJTR OR TCIR OR TRIR OR SIR OR RIR OR LTI OR SLI OR injur* OR record* OR OSHA 300* OR 301*) |
| (reduc* OR low* OR decreas* OR minim* OR down OR wors*) W/15 (first-aid OR first aid OR firstaid OR incident rate* OR restrict* OR transfer* OR days away OR worker* comp* OR WC) |
| (rising OR high* OR increas* OR maxim* OR up OR better OR best OR improv*) W/15 (DART OR DAFW OR DJTR OR TCIR OR TRIR OR SIR OR RIR OR LTI OR SLI OR injur* OR record* OR OSHA 300* OR 301* OR first-aid OR first aid OR firstaid OR incident rate* OR restrict* OR transfer* OR days away OR worker* comp* OR WC) |
| 21-day program OR 21 day program OR twenty-one day program OR twenty-one-day program OR twenty one day program OR twenty one-day program |
| Austin W/15 (OSHA OR record* OR 300* OR 301*) |
| Austin W/15 (reduc* OR low* OR decreas* OR minim* OR down OR wors*) |
| labor supply AND (injur* OR turnover OR attrition OR retention) |

**Ryan Stewart**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Wednesday, November 9, 2022 10:02 AM
**To:** Ahmad, Zainab <ZAhmad@gibsondunn.com>; Stewart, Ryan C. <RStewart@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>
**Subject:** RE: Amazon - highest priorities


 **[WARNING: External Email]**

Ryan,


Thank you for circulating the meeting invite.  On our end we need to do an earlier start time.  Could you change it to 9:30-11:30?


Also, do you have any updates on the timing for the overall search term hit list?


Thanks,

Dominika


Dominika Tarczynska

Assistant United States Attorney

Southern District of New York

86 Chambers Street, 3rd Floor

New York, NY 10007

Tel: (212) 637-2748

Fax: (212) 637-2686

dominika.tarczynska@usdoj.gov

---

**From:** Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>
**Sent:** Tuesday, November 8, 2022 10:44 PM
**To:** Ahmad, Zainab <ZAhmad@gibsondunn.com>; Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>
**Cc:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** RE: Amazon - highest priorities

Counsel,

As we discussed at our meet and confer this afternoon, we are providing the list below of SDNY's and DOL's highest priority items over the next few weeks.  If the production of certain items we discussed previously would make it difficult to produce the below, please let us know so we can discuss whether and to what extent other items should be postponed.

We look forward to discussing these on Thursday.  (We'll get back to you in the morning with a time.)

1.  Documents

    A.  Ergonomic hazard assessments, analyses, and audits of, or applicable to, the six inspected facilities and the eight selected sample facilities, including the categories of documents listed in the government's letter of 9/13/22, and any nationwide ergonomic analyses (see OSHA Request Nos. 62, 63, 64, 67).

B. Documents from Regional Staff or National Staff concerning or reflecting metrics or targets provided to facilities or regions concerning injury rates or medical care for injured employees, including metrics or targets for RIR and bypasses.

C. Documents sufficient to show any incentives provided to facility, regional, or corporate managers based in whole or in part on RIR in supervised facilities.

D. Documents responsive to OSHA Request No. 61 concerning ergonomics or pace of work.  (We expect responsive documents can be identified with the assistance of the current and former Vice Presidents of Worldwide Workplace Health & Safety and manual review of their document repositories, excluding email.)

E. Identify which employees identified in response to SDNY Request No. 4 are former employees and provide their dates of employment and last known contact information.

2. Data

A. Sampling of nationwide associate-level productivity information.

   i. To help us select a sample, we asked earlier today that you provide from these datasets a list of each facility with its designation, address, facility type, a list of each process path/job task reflected in this dataset for that facility, and the number of hours in each such process path/job task (per facility) in each calendar year from 2018 to 2022 (YTD).  If any of those fields would slow this down, please let us know.

B. Information on weights handled in each of these facilities.  A distribution of the weights handled by year would be ideal.

C. Nationwide exports from Austin and Gensuite for the prior five years.  We can identify the fields we need from Austin, but need a sample from Gensuite to do the same.  (SDNY and DOL will be issuing supplemental subpoenas to cover this and 2(D) below.)

D. Nationwide export from the LIDAR job restriction database.

3. ESI and Depositions

A. Production of responsive emails and other ESI that cannot be reviewed manually for the first wave of four corporate-level deponents                                          in the next few weeks, with depositions scheduled shortly after.  Then moving on through the rest of those deponents.

4. 30(b)(6)

A. On Topic A, please produce a proffer analogous to what you recently provided for            and her direct reports for              and            and their direct reports.

B. On Topic C, please identify any analysis or other consideration of safety when setting productivity rates, expectations, or goals in the prior five years.  Please also produce documents reflecting such analyses or consideration (see SDNY Request No. 9).

Best,

Jake

**From:** Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Sent:** Tuesday, November 8, 2022 3:02 PM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>
**Cc:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** [EXTERNAL] RE: Amazon - correspondence


Thanks, Dominika.  We look forward to speaking at 4:15.


Zainab Ahmad

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2609 • Fax +1 212.817.9500
ZAhmad@gibsondunn.com • www.gibsondunn.com


**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Tuesday, November 8, 2022 1:55 PM
**To:** Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; jeffrey.oestericher@usdoj.gov; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** RE: Amazon - correspondence


**[WARNING: External Email]**


Zainab,


Thank you. We are available today at 4:15. Could you circulate a meeting invite?

We will also have availability on Thursday during the window you proposed, and will get back to you in a bit with exact timing.

Regards,

Dominika

---

**From:** Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Sent:** Monday, November 7, 2022 11:32 PM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>
**Cc:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** [EXTERNAL] Re: Amazon - correspondence

Thank you, Dominika.  We don't have a full 2-hour block tomorrow but can be available from 4:15-5:00 pm to address the first 7 items on your proposed agenda.  We can then also be available Thursday anytime from 930-1 ET that works for your side to discuss the remaining topics on your agenda.

Let us know if these windows work for you.  Additionally, thank you for providing these follow ups—-we will get back to you on these points very shortly.

Best,

Zainab

**Zainab Ahmad**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2609 • Fax +1 212.817.9500
ZAhmad@gibsondunn.com • www.gibsondunn.com

On Nov 7, 2022, at 6:40 PM, Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov> wrote:


**[WARNING: External Email]**

Zainab,


Thanks for your email.  That's fine. Let us know when you are available in the next few days.


In the meantime, we do have a few follow ups that we wanted to pass along in advance of our call to make our discussion more productive:


1. Could you also send us overall hit reports for the ESI searches, not just custodian specific ones.  I apologize if my earlier email was unclear, I meant to ask for the custodian specific results in addition to the type of hit reports that you sent on October 28.
2. You asked for examples of the production issue with the injury records.  The issue is present throughout the production, and so these are not isolated incidents, but here are some examples of the types of issues we are seeing:

    1. AMZ-DYO1-00000879 through AMZ-DYO100000947, these files seem to alternate documents related to two different employees                    and                    and then later in the production scattered amongst records related to other employees are some more records related to                    (AMZ-DYO1-00001212 and AMZ-DY01-00001613).
    2. AMZ-DEN5-00000308-310  and AMZ-DEN5-00000311-313: these files have no identifying information about the employee to which they relate

3. Certain spreadsheets use employee name, while others use a login to identify employees (*e.g.* AMZ-OSHA6-00003583).  Can you provide a crosswalk that correlates the Logins to employee names? Or reproduce the spreadsheets so that they include employee names? This is similar to the issue we previously flagged in our September 13 letter (p. 4) regarding employee identification numbers.


Regards,


Dominika

Dominika Tarczynska

Assistant United States Attorney

Southern District of New York

86 Chambers Street, 3rd Floor

New York, NY 10007

Tel: (212) 637-2748

Fax: (212) 637-2686

dominika.tarczynska@usdoj.gov

**From:** Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Sent:** Monday, November 7, 2022 2:45 PM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Stewart, Ryan C. <RStewart@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** [EXTERNAL] RE: Amazon - correspondence

Hi Dominka,

We understand that today's deposition began late because the court reporter retained by OSHA did not show up at the scheduled time.  And (as I'm sure you are aware since you are attending that deposition), Mr. Jaklevic has indicated that OSHA anticipates the deposition of            will not in fact be completed by 5 pm today.

Moreover, we've also learned that our colleague Mylan (who is defending the deposition) will not be able to participate in the meet and confer call from OSHA's          offices, where the deposition is ongoing, because OSHA's representatives at the deposition do not intend to attend the meet and confer and cannot permit her to stay in the space without an OSHA escort.  In light of that fact, and

because it would not be appropriate for Mylan to participate in the meet and confer call in a public place like the                          we recommend and respectfully request that we briefly continue the meet and confer call until                          This will also give you sufficient time to review our letter correspondence from today and us sufficient time to review the lengthy proposed agenda you circulated last night as well as your additions to that agenda this morning.  We can provide you tonight times that we can make ourselves available for two hours tomorrow, Wednesday, and Thursday.

Best,
Zainab

**Zainab Ahmad**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.2609 • Fax +1 212.817.9500
ZAhmad@gibsondunn.com • www.gibsondunn.com

---

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Monday, November 7, 2022 12:49 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** RE: Amazon - correspondence

**[WARNING: External Email]**

Thank you for your letter.  Please advise whether we are speaking today at 5pm.

Regards,

Dominika

Dominika Tarczynska

Assistant United States Attorney

Southern District of New York

86 Chambers Street, 3rd Floor

New York, NY 10007

Tel: (212) 637-2748

Fax: (212) 637-2686

dominika.tarczynska@usdoj.gov

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Monday, November 7, 2022 12:07 PM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** [EXTERNAL] RE: Amazon - correspondence

Counsel:  As discussed, please see the attached correspondence.

Best,

Ryan

**Ryan Stewart**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Friday, November 4, 2022 5:24 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** RE: Amazon - correspondence

[WARNING: External Email]

Ryan,

We look forward to receiving your written response on the issues raised in our letter and email, and let's plan to do the meet and confer after the OSHA deposition on Monday.

Thank you,

Dominika

Dominika Tarczynska

Assistant United States Attorney

Southern District of New York

86 Chambers Street, 3rd Floor

New York, NY 10007

Tel: (212) 637-2748

Fax: (212) 637-2686

dominika.tarczynska@usdoj.gov

---

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Thursday, November 3, 2022 8:56 PM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** [EXTERNAL] RE: Amazon - correspondence

Dominika:

Thank you for your email.  To ensure the record is clear, SDNY has not been requesting a multi-hour meet and confer "since Jake Lillywhite's October 11 email."  Mr. Lillywhite's October 11 email asked only: "ESI:  Please let us know when we can meet and confer with respect to the search terms and custodians we sent you."  As we made clear in our correspondence on October 7, October 24, and October 28, Amazon was preparing and did provide an aggregate hit report based on your proposed custodians and search terms in order to facilitate a substantive meet and confer on the scope of the proposed ESI search.  Amazon did so on October 28, and the parties have been conferring regarding ESI since that time, via written correspondence, including your October 31 email providing revised search terms.

As we stated in our November 2 email, Amazon is preparing a written response regarding the items in Mr. Lillywhite's October 27 letter and your October 31 email, which appear from your email today to be the issues you would like to discuss during the requested meet and confer.  We will provide our response promptly and will meet and confer with you if there are remaining items you would like to discuss after reviewing our written responses.  That said—and as we stated—the attorneys situated

112

to handle this meet and confer are not available during business hours on Monday, Tuesday, or Wednesday due to the ongoing OSHA depositions on those days.

Finally, we believe that any motion to enforce would be premature and that the parties' time would be better spent on constructive dialogue to resolve any concerns.  We believe a court would expect the parties to continue working together as opposed to burdening the court with whatever disagreement you believe exists.  Should you insist on filing a motion, however, it would be helpful to know which of the various OSHA subpoenas and FIRREA subpoenas you anticipate moving to enforce (to date Amazon has been served with more than 40 subpoenas).  Although we maintain a motion to enforce is unnecessary, we will be prepared to discuss our position on venue in the event you decide to file.

Thank you,

Ryan

**Ryan Stewart**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Thursday, November 3, 2022 11:59 AM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** RE: Amazon - correspondence

[WARNING: External Email]

Counsel,

We are very concerned that despite asking for a meet and confer since Jake Lillywhite's October 11 email, your first available dates are almost 4 weeks later.  If you have no availability before that, we would like to schedule the meet and confer on Monday. Given the number of attorneys handling this matter, we should be able to go forward with the meet and confer during normal working hours, while the deposition is ongoing.  Please let us know what time works for you and we will make ourselves available.

Although we believe the issues we'd like to discuss have been identified in our recent correspondence, we will send you a list of topics in advance of Monday's meet and confer.

Although we would prefer to reach agreement on the outstanding issues, during our meet and confer we also would like to discuss venue for any motion to enforce in the event we are forced to file one.  The Government could move to enforce the six OSHA subpoenas in the SDNY and the FIRREA subpoena in the Western District of Washington, or alternatively we could agree that all motions be filed in the SDNY.

Regards,

Dominika

Dominika Tarczynska

Assistant United States Attorney

Southern District of New York

86 Chambers Street, 3rd Floor

New York, NY 10007

Tel: (212) 637-2748

Fax: (212) 637-2686

dominika.tarczynska@usdoj.gov

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Wednesday, November 2, 2022 8:43 AM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** [EXTERNAL] RE: Amazon - correspondence


Dominika:  Thank you for your note.  To be clear, Amazon is not refusing to do anything; to the contrary, Amazon is working diligently to provide documents and information to OSHA and SDNY as promptly as feasible.


We will get back to you promptly in writing regarding the items in your email below and in Mr. Lillywhite's October 27 letter.  We also anticipate providing a sampling of additional productivity datasets later this week.


We are available to meet and confer if you have additional items you would like to discuss after reviewing our written responses to your various correspondence.  So that we can adequately prepare and have a more efficient meeting, please let us know what specific requests and topics you would like to discuss and what questions you have beyond those in your email and Mr. Lillywhite's October 27 letter.  To date, you have simply requested to discuss all 500+ requests for production.  A more specific agenda would be helpful.


With respect to timing, our team is traveling and is not available for a multi-hour meet and confer this week.  Next week, as you may know, we are in depositions with OSHA on Monday, Tuesday, and Wednesday.  We are happy to meet and confer on Monday, Tuesday or Wednesday after those depositions conclude or on Thursday or Friday.  In the meantime, we will continue to focus on producing the documents and information requested by OSHA and SDNY as quickly as we are able.


Best,

Ryan

**Ryan Stewart**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Monday, October 31, 2022 10:05 PM
**To:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L.
<MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Lillywhite, Jacob (USANYS)
<Jacob.Lillywhite@usdoj.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS)
[Contractor] <Kevin.Gemmill@usdoj.gov>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Gitlin, Adam
(USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** RE: Amazon - correspondence

**[WARNING: External Email]**

Counsel,

We were disappointed by your letter of 10/28.  In advance of moving to enforce the subpoenas, we reiterate our
request for a meet and confer to discuss the issues raised in our letters of 10/19 and 10/27 and, in particular, to go
request-by-request in the manner described in those letters.  Please advise when you are available for at least two hours
later this week, or confirm that Amazon is refusing to meet and confer.  In advance of that meet and confer, please
advise us of your positions on the items below.

30(b)(6) Depositions: Are we correct in our understanding that Amazon is refusing to produce witnesses to testify as to
any of the topics in the 30(b)(6) notice? As we previously explained, although we were willing to try your proposal to
provide proffers in lieu of testimony in the first instance as to Topics A and C, this agreement was conditioned on the
understanding that if we were not satisfied with the information provided in the proffers we could request witness
testimony. As we explained in our letters, the proffers have not provided adequate information on these topics and we
are now requesting that Amazon prepare witnesses.

<u>ESI & Depositions:</u>  Thank you for providing the hit report for the search terms we proposed on September 28.  In order to move forward with depositions soon, we would like Amazon to prioritize production of documents for certain custodians so that we can move forward with their depositions while production of ESI continues on a rolling basis.

Specifically, we would like to prioritize the ESI review for the following custodians and schedule their depositions accordingly.  Please produce the ESI for                              by November 11 and propose dates for their depositions on or before November 22.  Next, please produce the ESI for                              by November 18 and propose dates for their depositions on or before December 4.

Additionally, please include documents responsive to the following search terms for the additional custodians by November 30:

1. (MSD W/10 RIR) AND (RIR W/10 (40 OR forty)) **[5,009 documents]**
2. ("not report*" OR "*not report*" OR "not record*" OR "*not record*" OR underreport*) AND injur* **[8,929 documents]**
3. 21-day program OR 21 day program OR twenty-one day program OR twenty-one-day program OR twenty one day program OR twenty one-day program **[17 documents]**
4. labor supply AND (injur* OR turnover OR attrition OR retention) **[127 documents]**

Finally, in an effort to narrow the results of the ESI search, we propose the following edits to the terms.  Can you please provide a revised hit report, and provide us the results per search for each custodian so that we can continue to prioritize the deposition scheduling? Please note that in the last search, we have broken out the search string into two separate strings, one with the original "and" and the second with a "w/in 40":

1. (injur* hurt sick illness* fatal* die* death ergo* MSD WMSD musculoskeletal faint* "struck-by" "struck by" heat exhausted) ~~&~~ **w/in 40** (productivity quality UPH "units per hour" rate* ADAPT guardrail* quota* goal* target* pace "process path volume" DPMO SPPR SQPR 1WW 2WW TOT "time off task" "time-off task" "timeoff task" robot* peak "Prime Day")

2. (reduc* low* decreas* minim* down wors*) ~~&~~ **w/in 40** (productivity production UPH "units per hour" rate* guardrail* quota* goal* target* pace)

3. (reduc* low* decreas* minim* down wors*) ~~&~~ **w/in 40**  (DART DAFW DJTR TCIR TRIR SIR RIR LTI SLI injur* record* OSHA 300* 301* "first-aid" "first aid" "firstaid" "incident rate*" restrict* transfer* "days away" "worker* comp*" WC)

4. (rising high* increas* maxim* up better best improv*)~~&~~**w/in 40** (DART DAFW DJTR TCIR TRIR SIR RIR LTI SLI injur* record* OSHA 300* 301* "first-aid" "first aid" "firstaid" "incident rate*" restrict* transfer* "days away" "worker* comp*" WC)

5. (clinic* "urgent care" practice* provider* Sedgwick) ~~&~~**w/in 40** (DART DAFW DJTR TCIR TRIR SIR RIR LTI SLI record* OSHA 300* 301* "first-aid" "first aid" "firstaid" "incident rate*" restrict* transfer* "days away" "worker* comp*" WC "too many" "too much" "too often" "high* rate*" "OSHA-sensitive" "OSHA sensitive")

117

6. (clinic* "urgent care" practice* provider* consult* ergo*) **& w/in 40** (hire* hiring "bring on" fire* firing cancel* "stop work*" "no longer work*" "not use" "*n't use")

7. (AmCare Wellness safety) **& w/in 40** (clinic* "urgent care" practice* provider*) **& w/in 40** ("not refer*" "*n't refer*" "not recommend*" "*n't recommend*" discourag* "medical" treat)

8. Austin **& w/in 40** (reduc* low* decreas* minim* down wors*)

9. Austin **& w/in 40** (OSHA record* 300* 301*)

10. (false lie* lying ~~wrong~~ evil illegal unlawful trouble jail) & (~~injur* hurt sick illness* fatal* die* death ergo* WMSD MSD musculoskeletal faint* "struck-by" "struck by" heat OSHA~~ bank* securit* contract* agreement* rep reps represent* warrant* diligence SEC *Morgan Goldman Citi* HSBC Barclays BofA "Bank of America" Deutsche Wells Societe TD Toronto-Dominion "Toronto Dominion")

11. (false lie* lying ~~wrong~~ evil illegal unlawful trouble jail) **& w/in 40** (injur* hurt sick illness* fatal* die* death ergo* WMSD MSD musculoskeletal faint* "struck-by" "struck by" heat OSHA ~~bank* securit* contract* agreement* rep reps represent* warrant* diligence SEC *Morgan Goldman Citi* HSBC Barclays BofA "Bank of America" Deutsche Wells Societe TD Toronto-Dominion "Toronto Dominion")~~

<u>Injury Records</u> : We would like to discuss Amazon's production of injury documents.  It appears that the production of injury records is not organized in any readily understandable way—documents don't appear to be grouped either by injury or worker or organized chronologically, and documents related to a given injury or worker are scattered across the production rather than consecutive.  Indeed, certain documents do not appear to identify the particular worker to which they pertain.  It is difficult to imagine that Amazon maintains its worker injury records in this manner.  Can you please advise (a) how Amazon maintains these records and (b) whether Amazon can reproduce them in a manner that maintains that organization—and, in particular, can reproduce them such that documents related to a given injury or worker are produced consecutively?

Dominika Tarczynska

Assistant United States Attorney

Southern District of New York

86 Chambers Street, 3rd Floor

New York, NY 10007

Tel: (212) 637-2748

Fax: (212) 637-2686

<u>dominika.tarczynska@usdoj.gov</u>

**From:** Stewart, Ryan C. <RStewart@gibsondunn.com>
**Sent:** Friday, October 28, 2022 11:21 PM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>; Oestericher, Jeffrey (USANYS) <JOestericher@usa.doj.gov>; Gitlin, Adam (USANYS) <AGitlin@usa.doj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** [EXTERNAL] RE: Amazon - correspondence


Counsel:  Please see the attached correspondence.


Thank you,

Ryan


**Ryan Stewart**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com


**From:** Stewart, Ryan C.
**Sent:** Monday, October 24, 2022 8:12 AM
**To:** 'Tarczynska, Dominika (USANYS)' <Dominika.Tarczynska@usdoj.gov>; Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** RE: Amazon - correspondence


Counsel:

We write in response to several of the items outlined in your letter received Wednesday afternoon (October 19).  We will provide our complete written response by Friday, October 28.  In the meantime, we address several items that appear to have contemplated a response sooner.

## 30(b)(6)

1. **Topic A**.  We disagree that Amazon should undertake the time and expense of preparing multiple individuals for "short depositions" this week to testify about their primary job responsibilities and those of their direct reports.   Our written proffer in response to Topic A consists of hundreds of pages of job descriptions which accurately summarize the job responsibilities of these employees.  As we have stated previously, if you have specific questions related to the job descriptions, the roles of any particular employee, or which employee(s) hold particular responsibilities, we are happy to field those questions and provide responses directly.  In the meantime, we will provide additional information regarding the job responsibilities of those individuals identified in your letter by Monday, October 31.

2. **Topic C**.  We have scheduled a time to provide our attorney proffer regarding productivity on Tuesday.  We look forward to meeting with you then.

**Productivity Data**:  Your letter asked that we produce "by Friday," data from all centrally-stored databases with responsive information.  As noted below, requesting that documents be produced in fewer than 48 hours is demonstrably not feasible because of the time it takes even to process documents for production.  As you know, we responded to Mr. Lillywhite's September 28 email by confirming Amazon's agreement—notwithstanding the burden involved—to produce centrally-stored productivity data for all of the more than 900 "Sibling Facilities" nationwide for the requested five-year period, and we are now in the process of securing that data for production.  In response to Mr. Lillywhite's October 11 email, we are not proposing that any responsive data be "held back" from production.  Amazon is working diligently to collect, review, process, and produce responsive data from many different databases because, while it is centrally stored, this data is separately stored both by data type and by facility type.  Finally, I note that we produced on Friday additional productivity data.

**ESI**:  We were not in a position, as requested in your Wednesday letter, to meet and confer "[last] week" regarding the proposed ESI protocol you provided.  As we have explained, we have been working diligently to collect ESI from custodians on your list.  The process of collecting and processing

ESI from numerous custodians takes time, but we have now collected the ESI and are in the process of running and assessing your proposed search terms. As a result, we anticipate providing a response to your ESI by early next week.

In the meantime, we agree that SDNY depositions should not proceed until the production of ESI has been completed. (We are, as you know, moving forward with presenting witnesses for the 16 OSHA depositions that have been noticed this month.)

**Specific Document Requests**:

1. **SDNY 4.** Thank you for your feedback regarding the documents we have produced in response to this request. We were not in a position to produce additional documents "[last] week," as requested in your letter. As I am sure you understand, the processing of documents for production, alone, requires more than 48 hours. As a result, requests that we produce documents within 48 hours are not feasible. We will prioritize production of additional responsive documents, if any, this week and provide an update in our forthcoming letter.

2. **OSHA 9**. We produced documents responsive to this request on Friday.

3. **Substantial Completion Dates.** In our September 21 anticipated production schedule, we noted that we would provide an update regarding the anticipated substantial completion of documents responsive to certain requests. That update is provided below. As always, Amazon will continue to produce documents on a rolling basis.

| Request | Anticipated Substantial Completion Date |
|---------|------------------------------------------|
| OSHA 48 | Week of 11/21 |
| OSHA 51 | Week of 11/28 |
| OSHA 62 | Week of 11/28 |
| OSHA 63 | Week of 11/28 |
| OSHA 70 | Week of 11/21 |
| OSHA 80 | Week of 11/28 |
| SDNY 6 | Week of 11/28 |
| SDNY 9 | Week of 11/28 |
| SDNY 12 | Week of 11/28 |

We are continuing to prioritize responses to the requests that you and OSHA have identified, and we are continuing to move diligently and in good faith to get you the information you've requested as quickly and efficiently as practicable.

Thank you,

Ryan

**Ryan Stewart**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>
**Sent:** Wednesday, October 19, 2022 2:57 PM
**To:** Ahmad, Zainab <ZAhmad@gibsondunn.com>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Stewart, Ryan C. <RStewart@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; McArthur, Nikki <NMcArthur@gibsondunn.com>
**Subject:** Amazon - correspondence

[WARNING: External Email]

Counsel –

Please see the attached letter.

Dominika Tarczynska

122

Assistant United States Attorney

Southern District of New York

86 Chambers Street, 3rd Floor

New York, NY 10007

Tel: (212) 637-2748

Fax: (212) 637-2686

dominika.tarczynska@usdoj.gov

---

**From:** McArthur, Nikki <NMcArthur@gibsondunn.com>
**Sent:** Friday, October 7, 2022 8:02 PM
**To:** Tarczynska, Dominika (USANYS) <DTarczynska@usa.doj.gov>; Lillywhite, Jacob (USANYS) <JLillywhite@usa.doj.gov>; Kim, Elizabeth (USANYS) <EKim3@usa.doj.gov>; Gemmill, Kevin (USANYS) [Contractor] <KGemmill@usa.doj.gov>
**Cc:** Boizelle, Ashley <boizelle@amazon.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Stewart, Ryan C. <RStewart@gibsondunn.com>; Hennefeld.Daniel@dol.gov; Jaklevic.David.M@dol.gov
**Subject:** [EXTERNAL] Amazon Response to FIRREA Subpoena

All,

Please see the attached cover letter for today's production, which can be accessed at the following link: https://ftpus.consilio.com/public/file/2Q2oPYYPYkyJ0xu4HI9Hrw/SDNY001.zip.

Password to follow under separate cover.

Best,

**Nikki McArthur**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306

Tel +1 202.887.3634 • Fax +1 202.831.6015
NMcArthur@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

# EXHIBIT 5

**U.S. DEPARTMENT OF LABOR**



Office of the Solicitor
230 South Dearborn Street
Chicago, Illinois 60604

Reply to:    SOL:JZA
Telephone: 312/353-1145
Telefax:     312/353-5698

<u>Via Email Only (cbelelieu@gibsondunn.com)</u>

January 9, 2023

Christopher Belelieu
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

   Re: <u>Amazon.com Services LLC – MDW8</u>
      OSHA Inspection No. 1608898

Dear Mr. Belelieu:

  I write to follow up on the sworn administrative statement of Amazon.com Services LLC, taken on January 6, 2023. During the sworn statement, a number of documents were discussed with the Amazon representatives that OSHA is writing to request, as detailed below.

1) OSHA is requesting all agendas, meeting minutes, notes, and/or presentations for the Weekly Business Review meeting covering MDW8 for the period of January 1, 2022 through July 31, 2022. According to testimony from       these Weekly Business Review meetings are at the site/regional level.

2) OSHA is requesting all agendas, meeting minutes, notes, and/or presentations for the Monthly Business Review meeting covering MDW8 for the period of January 1, 2022 through July 31, 2022. Based on testimony      , these Monthly Business Review meetings are for the business-unit level for all AMXL facilities.

3) OSHA is requesting any meeting minutes and/or notes for MDW8's Weekly Safety Review Board meetings from August 2021 to August 2022. Amazon produced PowerPoint presentations for these meetings during this time frame (AMZ-MDW8-6866 – AMZ-MDW8-6922), but to the extent there are other meeting minutes and/or notes related to these meetings, OSHA is also requesting those documents.

4) OSHA is requesting all records of ergonomics training taken by associates and managers at the MDW8 facility for the period of July 1, 2020 through July 31, 2022, including the initial ergonomics awareness training courses, Safety Year training courses, any other training courses regarding ergonomics on KNET, and safety school training courses.

5) OSHA is requesting copies of the Monthly OSHA Recordkeeping Reconciliation reports completed for MDW8 for the period of January 1, 2021 through July 31, 2022.

6) Finally, OSHA is requesting copies of any Safety Improvement Plans (SIPs) for MDW8 and/or any SIPs for the AMXL business unit that would apply to the MDW8 facility for the period of January 1, 2021 through July 31, 2022.

      Please produce documents responsive to the above requests no later than **January 12, 2023**. If you have any questions, feel free to contact me. Thank you for your attention to this matter.

**CHRISTINE Z. HERI**
Regional Solicitor

By  s/ Jing Acosta
     **JING ACOSTA**
     Trial Attorney

cc:    Mary Otoo (via email only)
       Ryan Stewart (via email only)

# EXHIBIT 6

| From: | Belelieu, Christopher D. |
|---|---|
| Sent: | Friday, January 13, 2023 5:59 AM |
| To: | Acosta, Jing - SOL |
| Cc: | Stewart, Ryan C.; Deal, Timothy; Otoo, Mary |
| Subject: | RE: Amazon MDW8 - Documents from corporate statement |

Jing,

I write in response to your January 9 letter requesting that Amazon produce various documents by January 12. As an initial matter, as we have been clear throughout the course of this coordinated OSHA investigation, demands that the company collect, review, process, and produce documents on a 48 to 72 hour turnaround are not feasible or reasonable. That said, we are working diligently on your various document requests and can provide the below update with respect to each.

**1. Weekly Business Review records for MDW8 from January 1, 2022 through July 31, 2022.** We will produce responsive, non-privileged documents that we have identified and collected today.

**2. Monthly Business Review records for MDW8 from January 1, 2022 through July 31, 2022.** We will produce responsive, non-privileged documents that we have identified and collected by Tuesday, January 17.

**3. Monthly OSHA Recordkeeping Reconciliation reports for MDW8 from January 1, 2021 through July 31, 2022.** We will produce responsive, non-privileged documents that we have identified and collected by Tuesday, January 17.

**4. Meeting minutes and/or notes for MDW8's Safety Review Board from August 2021 to August 2022.** As noted in your letter, Amazon has already produced documents related to these meetings during this time frame. We can confirm that we have produced all responsive documents that we have identified after conducting a diligent search for such documents.

**5. All records of ergonomics training taken by associates and managers at the MDW8 facility from July 1, 2020 through July 31, 2022.** To the extent your request is related to the trainings provided to and taken by associates and managers, we have already produced substantially all responsive ergonomic trainings. Such trainings can be located at AMZ-MDW8-00007255—AMZ-MDW8-00007258; AMZ-OSHA6-00000440—AMZ-OSHA6-00000441; AMZ-OSHA6-00000454; AMZ-OSHA6-00000629—AMZ-OSHA6-00000697; AMZ-OSHA6-00001270—AMZ-OSHA6-00001329; AMZ-OSHA6-00001330—AMZ-OSHA6-00001403; AMZ-OSHA6-00001404—AMZ-OSHA6-00001471; AMZ-OSHA6-00001472—AMZ-OSHA6-00001589; AMZ-OSHA6-00001590—AMZ-OSHA6-00001683; AMZ-OSHA6-00001685—AMZ-OSHA6-00001752; AMZ-OSHA6-00001854—AMZ-OSHA6-00001922; AMZ-OSHA6-00002230—AMZ-OSHA6-00002290; AMZ-OSHA6-00002593; AMZ-OSHA6-00002594; AMZ-OSHA6-00002746—AMZ-OSHA6-00002869; AMZ-OSHA6-00002891—AMZ-OSHA6-00003014; AMZ-OSHA6-00003037—AMZ-OSHA6-00003079; AMZ-OSHA6-00003121—AMZ-OSHA6-00003153; AMZ-OSHA6-00003493—AMZ-OSHA6-00003504.

To the extent your request is related to underlying records showing which MDW8 employees completed ergonomic training courses and when, such records were responsive to OSHA's Request No. 56. On August 23, 2022, as I'm sure you are aware, Amazon served formal responses and objections in response to OSHA's initial subpoena. In response to Request No. 56, we agreed to produce only "formal training documents responsive to this Request." In the more than four months that have passed since that time, OSHA has not raised any objection or concerns related to this position. In any event, based on the request in your January 9 letter, we are assessing the feasibility of providing the underlying employee records from MDW8 and will provide an update next week.

**6. Copies of any Safety Improvement Plans for MDW8 or the AMXL business unit that would apply to MDW8 from January 1, 2021 through July 31, 2022.** We have not identified any so-called "Safety Improvement Plans," as

requested.  If you have any additional information you would like to provide so that we can inquire further, we are happy to consider it.

Thanks,

Chris

---

**From:** Acosta, Jing - SOL <Acosta.Jing@dol.gov>
**Sent:** Monday, January 9, 2023 7:34 PM
**To:** Belelieu, Christopher D. <CBelelieu@gibsondunn.com>
**Cc:** Stewart, Ryan C. <RStewart@gibsondunn.com>; Otoo, Mary <MOtoo@gibsondunn.com>
**Subject:** Amazon MDW8 - Documents from corporate statement

**[WARNING: External Email]**

Hi Chris,

Please see attached correspondence regarding documents discussed during Friday's sworn administrative statement.

Thank you.

Jing Acosta
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 S Dearborn St, Room 844
Chicago, IL 60604
Tel:  312.353.1145
Fax: 312.353.5698
acosta.jing@dol.gov

*CONFIDENTIAL - This message may contain information that is privileged or otherwise exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you think you received this e-mail in error, please notify the sender immediately.*

# EXHIBIT 7

| | |
|---|---|
| **From:** | Stewart, Ryan C. |
| **Sent:** | Friday, January 13, 2023 2:34 PM |
| **To:** | Hennefeld, Daniel - SOL; jeffrey.oestericher@usdoj.gov; Tarczynska, Dominika (USANYS); Gitlin, Adam (USANYS); Lillywhite, Jacob (USANYS); Denerstein, Mylan L.; Ahmad, Zainab; Schwartz, Jason C.; McArthur, Nikki; Boizelle, Ashley |
| **Cc:** | Kim, Elizabeth (USANYS); Gemmill, Kevin (USANYS) [Contractor]; Jaklevic, David M - SOL |
| **Subject:** | RE: withheld ergonomic assessments |

Dan:  I write in response to your January 11 email below, which demands that Amazon provide the information that would typically be contained in a privilege log by January 13 (for ergonomic assessments related to MDW8/AMXL) and January 18 (for any others).

As an initial matter, and to ensure the record is clear, we must note the moving-target nature of this demand.  We agreed just six weeks ago to substantially complete the production of non-privileged, nationwide ergonomic assessments (and we did, in fact, produce hundreds of such assessments) by January 6.  We also recently committed to expeditiously conducting privilege diligence and providing a privilege log for any withheld ergonomic assessments by February 3.  We reiterated this timing during our meet and confer call on January 3.  During that call, the government asked that we instead provide the privilege log by January 20.  We said we would move forward with privilege logging expeditiously and keep you updated.  Two days later, OSHA filed its motion to compel, changing the government's demand and asking that the Court compel a privilege log for any withheld documents by January 25.  Now, a week after filing your motion to compel and with just 48 hours' notice, you are demanding that we begin providing this information by January 13.  To be clear, we are moving forward diligently with our privilege review; but—and as we have, unfortunately, reiterated many times throughout this investigation—last minute and shifting demands and timelines are neither productive nor reasonable.

We also want to correct the record in a few additional respects.

*First*, your email again conflates the prospect of ergonomic assessments being withheld from production altogether with the fact that, having completed collection of responsive documents, we are currently conducting good-faith and expedited privilege diligence regarding assessments that bear indicia of privilege.  As we have repeatedly said, we will produce any that are deemed non-privileged as soon as practicable, and documents are not withheld until we log them.

*Second*, your email states that we have produced "none" of the ergonomic "assessments related to MDW8/AMXL about which ▮▮▮▮▮▮▮▮▮▮ testified." That is false.  We produced several of these assessments on January 6, and they can be located at AMZ-OSHA6-00039049—AMZ-OSHA6-00039062; AMZ-OSHA6-00039063; and AMZ-OSHA6-00039065—AMZ-OSHA6-00039073.  Moreover—having expeditiously completed our good faith privilege diligence with respect to these documents, as we explained we were doing—we will be advance producing today the remainder of these documents (of which there are four).

1

We will continue to undertake our privilege diligence and provide a privilege log as soon as practicable, in advance of February 3 if at all possible.  At that time, we would be happy to confer further regarding any concerns you might have.

Best,

Ryan


**Ryan Stewart**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3523 • Cell + 1 202.604.0176 • Fax +1 202.467.0539
RStewart@gibsondunn.com • www.gibsondunn.com

---

**From:** Hennefeld, Daniel - SOL <Hennefeld.Daniel@dol.gov>
**Sent:** Wednesday, January 11, 2023 3:51 PM
**To:** jeffrey.oestericher@usdoj.gov; Tarczynska, Dominika (USANYS) <Dominika.Tarczynska@usdoj.gov>; Gitlin, Adam (USANYS) <Adam.Gitlin@usdoj.gov>; Lillywhite, Jacob (USANYS) <Jacob.Lillywhite@usdoj.gov>; Denerstein, Mylan L. <MDenerstein@gibsondunn.com>; Ahmad, Zainab <ZAhmad@gibsondunn.com>; Schwartz, Jason C. <JSchwartz@gibsondunn.com>; McArthur, Nikki <NMcArthur@gibsondunn.com>; Boizelle, Ashley <boizelle@amazon.com>; Stewart, Ryan C. <RStewart@gibsondunn.com>
**Cc:** Kim, Elizabeth (USANYS) <Elizabeth.Kim@usdoj.gov>; Gemmill, Kevin (USANYS) [Contractor] <Kevin.Gemmill@usdoj.gov>; Jaklevic, David M - SOL <Jaklevic.David.M@dol.gov>
**Subject:** withheld ergonomic assessments

**[WARNING: External Email]**

Counsel:

We write regarding the additional ergonomic assessments that you produced on Jan. 6, and the approximately 450 assessments that you stated you withheld pending privilege logging, in an attempt to resolve disputes regarding such withholding.  The withheld assessments apparently include all of the assessments related to MDW8/AMXL about which ████████████ testified (none of those assessments are included in what was produced).  We are very concerned that the number of assessments withheld is nearly double the number produced.  While we have no information about Amazon's putative basis for privilege/withholding for these assessments, it strains belief that such a high proportion of the assessments are legitimately privileged.  *See United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002), *as amended on denial of reh'g* (Mar. 13, 2002) ("A party claiming the [attorney-client] privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted.") (citing *United States v. Osborn*, 561 F.2d 1334, 1339 (9th Cir.1977)); *see also Pallaske v. Island Cnty.*, No. 06-1735RSLJPD, 2007 WL 3306738, at *2 (W.D. Wash. Nov. 5, 2007), *objections overruled*, 2007 WL 4387452 (W.D. Wash. Dec. 10, 2007) ("The party asserting the work product doctrine has the burden of establishing, for each document, the rule's application.") (internal citation omitted).

To the extent you claim (as you did with respect to the previously discussed BSI assessment) that particular assessments are privileged because they were commissioned in response to issuance of a Hazard Alert Letter by OSHA, we dispute

your assertion that such an assessment was prepared in anticipation of litigation, given that a Hazard Alert Letter (unlike a citation) by its very nature does not itself result in litigation.  *See Iowa Prot. & Advoc. Servs., Inc. v. Rasmussen*, 206 F.R.D. 630, 641 (S.D. Iowa 2001) (whether a party can claim that a government agency's investigation reasonably implied pending litigation depends upon the nature of the investigation and how regularly such investigations result in litigation); *see also United States v. Microsoft Corp.*, No. C15-102RSM, 2020 WL 263577, at *3 (W.D. Wash. Jan. 17, 2020) (rejecting claim that documents were protected by work product doctrine when there was no existing legal dispute); *Johnson v. Allstate Prop. & Cas. Ins. Co.*, No. C 14-5064 KLS, 2014 WL 4293967, at *6 (W.D. Wash. Aug. 29, 2014) (the party asserting the work product doctrine must "demonstrate that the threat of litigation was impending").

Moreover, Amazon has not asserted that these ergonomic assessments would not have been created but for the prospect of litigation.  *See Thomas v. Kellogg Co.*, No. C13-5136-RBL, 2016 WL 2939099, at *2 (W.D. Wash. May 20, 2016) (rejecting claim that report prepared by an outside consulting firm with regard to efficiency and productivity issues was protected by the work product doctrine when there was no evidence that the report was commissioned "because of" litigation and the report itself did not reflect that it was prepared "because of" litigation); *Reich v. Hercules, Inc.*, 857 F. Supp. 367, 373 (D.N.J. 1994) (safety audits regularly performed by a party does not become attorney work-product simply because the party's attorney directs that future audits be provided to him for his use).

With respect to the assessments related to MDW8/AMXL about which ███████████ testified, there was nothing in his testimony suggesting any basis for privilege.  We request that by January 13, you produce those assessments, or provide your basis for withholding those assessments.

With respect to all other withheld assessments, we request that you respond by January 18 and describe each category of basis for withholding/privilege (e.g. – Assessments withheld because they were commissioned in response to a HAL).  If needed, you may limit it to each basis/category that applies to 10 or more assessments.

Thank you.

Daniel Hennefeld
Counsel for Occupational Safety and Health
Office of the Solicitor, Region II
U.S. Department of Labor
New York, New York
Phone (646) 264-3688
E-mail Address:  hennefeld.daniel@dol.gov

*This message may contain information that is privileged or otherwise exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you think you received this email in error, please notify the sender immediately.*