The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| Amazon.com Services, LLC, | Case No. 2:22-cv-01815-JCC |
| *Petitioner*, | **PETITIONER'S REPLY IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER** |
| v. | |
| United States Department of Justice, | |
| *Respondent*, | |
| and | |
| Martin J. Walsh, Secretary of the United States Department of Labor, | |
| *Intervenor*. | |

PETITIONER'S REPLY IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER
(2:22-cv-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...............................................................................................................1

ARGUMENT .....................................................................................................................3

CONCLUSION ..................................................................................................................7

PETITIONER'S REPLY IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER - i
(2:22-cv-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Apex Colors, Inc. v. Chemworld Int'l Ltd., Inc.*
  2017 WL 4684608 (N.D. Ind. Oct. 19, 2017) ............................................................................6

*Brown v. Barnes & Noble, Inc.*,
  474 F. Supp. 3d 637 (S.D.N.Y. 2019) ......................................................................................6

*Oliva v. Infinite Energy, Inc.*,
  2013 WL 6815989 (N.D. Fla. Dec. 24, 2013) ..........................................................................6

*Security Nat'l Ins. Co. v. City of Miami Beach*,
  2022 WL 16541134 (S.D. Fla. Oct. 28, 2022) .........................................................................5

**OTHER AUTHORITIES**

The Sedona Conference, *Commentary on Achieving Quality in the E-Discovery Process*, 15
  Sedona Conf. J. 265 (2014) .....................................................................................................6

PETITIONER'S REPLY IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER - ii
(2:22-cv-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

# INTRODUCTION

Amazon moved for a protective order on December 22, 2022, after SDNY, just days earlier, threatened for the sixth time to "move to compel compliance with OSHA's and SDNY's subpoenas in connection with the review and production of ESI." D.E. 8, Ex. 10 at 108. Now, in opposing Amazon's motion, SDNY concedes that there is no particular urgency to its FIRREA investigation or its receipt of the ESI that was the subject of its threatened motion to compel, and of Amazon's motion and parallel cross-motion. Instead, SDNY continues its pattern of capitalizing on OSHA's investigation and invoking OSHA's six-month statute of limitations to justify unreasonable speed, arguing that the Court should proceed out of sequence and first decide OSHA's motion to compel, filed two weeks after Amazon's motion, even though both motions concern "virtually all of the same documents and testimony." D.E. 20 at 2. But that is the wrong approach. Amazon's motion and cross-motion for a protective order, and OSHA's motion to compel, should be considered and decided together. As SDNY confirms, this is a single dispute concerning joint federal investigations that "overlap to a very large degree." *Id.* at 3. And the justification that SDNY has given for demanding that Amazon conduct its ESI review and production at an unreasonable pace—accommodating OSHA's six month statute of limitations—is no longer plausible because OSHA has already closed significant portions of its investigation and the statute of limitations has already run for three of the six inspected facilities. D.E. 28 ¶ 14.

SDNY also asks this Court to order Amazon to complete all ESI productions to SDNY one month following completion of productions to OSHA. SDNY has not previously made this request to Amazon—until now SDNY has tied its investigative demands, including ESI and depositions, with OSHA's. E.g., D.E. 8, Ex. 15 at 179-181. In principle, Amazon does not object to providing SDNY with complete ESI productions by July 31, one month after producing them to OSHA on June 30—provided that neither OSHA nor SDNY imposes new ESI demands on Amazon until after that date. But Amazon strenuously objects to a February 8 deadline for completion of ESI productions to OSHA, and the authorities OSHA and SDNY rely on for that unrealistic deadline involve situations that bear no resemblance to this unprecedented investigation. D.E. 24 at 12.

PETITIONER'S REPLY IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER - 1
(2:22-cv-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

In Amazon's motion and cross-motion for a protective order, D.E. 7, 24–27, Amazon has shown that this vast investigation involves an unprecedented demand for Amazon to conduct a massive and complicated ESI production on an unreasonable timeframe. For an OSHA investigation, the scope and complexity of information demanded appears unprecedented. D.E. 26 ¶¶ 4-5, 9; D.E. 25 ¶¶ 5, 7. The volume of ESI sought also far exceeds—**by more than 550 times**—that presumed overbroad by this Court's ESI guidance. W.D. Wash. Model Agreement re: Discovery of ESI (more than 400 documents presumed overly broad). Further complicating matters, OSHA and SDNY have subpoenaed dozens of current and former Amazon employees for depositions, and those depositions have been occurring in parallel with the ESI review and production. D.E. 28 ¶¶ 2-3. Throughout it all, SDNY, speaking for OSHA, has repeatedly invoked OSHA's six-month statute of limitations in demanding that Amazon accelerate the review and production of ESI. *See* D.E. 8, Ex. 10 at 108; D.E. 8, Ex. 15 at 202.

Amazon has agreed to produce everything the government has demanded. Amazon mobilized more than 100 attorneys and expended millions of dollars to implement a "robust" ESI review process. D.E. 27 ¶ 66-75, 84. That process adheres to standard practice, is moving at a reasonable pace, and has been endorsed by an ESI expert who formerly taught ESI courses for government attorneys. *See id.* ¶¶ 6-16, 66, 76-85. Meanwhile, the shortcuts the government demands Amazon take are "not sound" and would "represent a breach of the fiduciary and ethical duties Amazon's attorneys have to protect [Amazon's] privilege [and confidential] information." *Id.* ¶ 87. Amazon cannot review the estimated **1.15 million pages** required by the government's search terms, and produce a privilege log, by the government's preferred deadline of February 8. D.E. 24 at 4-5. That process will take until June 30. D.E. 27 ¶ 92.

For the reasons set forth in Amazon's motion and cross-motion, Amazon respectfully requests a protective order directing production of all ESI on or before June 30, 2023, and that depositions occur thereafter, no later than August 31, 2023.[1]

---

[1] On January 17, 2023, OSHA issued additional citations and formally closed its inspections for three of the inspected facilities. D.E. 28 ¶ 14. Based on OSHA's Field Manual, which generally prohibits subsequent investigation relating to any issues underlying an OSHA citation once a citation is challenged, Amazon could reasonably take the position
*(Cont'd on next page)*

PETITIONER'S REPLY IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER - 2
(2:22-cv-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

# ARGUMENT

SDNY devotes most of its brief to presenting an incomplete picture of the background of these investigations and to minimizing the burdens that forced Amazon to move for a protective order. But the record that Amazon has submitted presents a far different and fuller picture.

In the 23 weeks of this investigation, OSHA, working with SDNY, has served Amazon with 35 subpoenas, including eight document subpoenas containing more than 525 document requests. D.E. 25 ¶ 3. The subpoenas seek extensive information on injury rates, turnover rates, productivity, employee complaints, employee injuries/incidents, and more, not just from the six facilities at which OSHA opened inspections but from more than 900 so-called "Sibling Facilities" nationwide. *Id.* ¶¶ 3-4; *see also* D.E. 8, Ex. 1 at 7 n.2; D.E. 8, Ex. 15 at 186. OSHA also has served 25 deposition subpoenas to current or former Amazon employees and 2 subpoenas for Rule 30(b)(6) testimony (each covering 11 topics). D.E. 28 ¶ 2. These deposition demands are on top of *hundreds* of unsworn interviews that OSHA conducted during its on-site inspections. *Id.*

Amazon has complied with all of the government's demands, mobilizing more than 100 attorneys and expending millions of dollars to provide the government the information it seeks. D.E. 28 ¶ 9-10. After the forensic collection and processing of ESI for the 12 custodians (over 1.4 million files) and the negotiation of search terms with SDNY, Amazon's initial searches "hit" on nearly 120,000 documents (almost 10% of the custodians' entire accounts). D.E. 28 ¶ 7. When "families" (e.g., email attachments) to those "hits" were included, the review population totaled over 230,000 documents and an estimated 1.15 million pages. *Id.* Amazon implemented a "robust and proper" process for reviewing this ESI, D.E. 27 ¶ 66, and is now carrying out that process even while these motions are pending. So far, Amazon has produced nearly 50,000 documents—in addition to producing 22 witnesses for depositions. D.E. 28 ¶¶ 3-5.

Yet the government remains dissatisfied. SDNY, speaking for OSHA, has repeatedly added new demands, shifted priorities, and threatened to seek judicial relief if Amazon could not

---

it need not comply further with the current OSHA subpoenas at all and that OSHA must obtain discovery in the forthcoming litigation. *See* D.E. 24 at 3 n.3. Amazon remains willing to comply, but just needs reasonable time to do so.

PETITIONER'S REPLY IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER - 3
(2:22-cv-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

accommodate OSHA's statute of limitations. OSHA, for its part, refused even to discuss tolling. *See* D.E. 15 at 12 n.11. With no other option, Amazon was forced to seek judicial assistance.

Now, in the public light of a judicial proceeding, SDNY suggests halfheartedly that Amazon "failed to meet its commitments for completing production of ESI" for 4 corporate-level OSHA deponents. D.E. 20 at 5. But Amazon made no commitment with respect to complete productions of all ESI and privilege logs for these custodians. Rather, Amazon stated it would (1) devote additional resources towards ESI review and (2) substantially complete its production of non-privileged ESI for the first four OSHA custodians "on or around December 9, 2022," ahead of their anticipated December depositions. D.E. 8, Ex. 10 at 108, 109. Nor did Amazon agree to complete all ESI review for other custodians. Rather, Amazon was clear that it was *not* willing or able to make any further commitments because of the volume of the ESI and the many unknown factors that could complicate an ESI review, including the average length and complexity of documents and indicia of privilege. *Id.*

SDNY acknowledges that the search terms it negotiated required Amazon to review 235,000 documents, D.E. 20 at 5, but brushes aside the sheer impossibility of completing this task by the government's January 6 deadline. *See* D.E. 7 at 1. By SDNY's own estimate, this pace of ESI production was feasible only if Amazon would "review 20,000 documents per week." D.E. 8, Ex. 15 at 180. In other words, the government expected Amazon to review each document "hit" just once before production and produce all families without reviewing them. The government's approach would have required Amazon's attorneys to breach their ethical duties to protect Amazon's privileged and confidential information. D.E. 27 ¶¶ 86-87.

SDNY also suggests that Amazon "rushed to file its motion" in this Court, D.E. 20 at 5, but the record shows that Amazon repeatedly sought to accommodate SDNY. Amazon did not want to burden the Court with this dispute. Amazon was left with no other option when, in December, the government unreasonably threatened (again) to go to court if Amazon would not disregard standard industry practices and rush the review and production of hundreds of thousands of ESI documents (and depositions of corresponding ESI custodians) in a matter of weeks.

PETITIONER'S REPLY IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER - 4
(2:22-cv-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

Nor did Amazon fail to meet and confer adequately with the government before filing this motion for a protective order. D.E. 20 at 5. Quite the contrary, Amazon met and conferred with SDNY and OSHA on ESI production deadlines repeatedly, including on November 10 and 17 via telephone, as well as through detailed correspondence on a near-daily basis throughout December. *See* D.E. 8, Ex. 15. Amazon sought judicial relief only when SDNY threatened, for the sixth time, to file a Christmas Eve motion to enforce its unreasonable demand for production of hundreds of thousands of ESI documents by January 6, 2023. D.E. 8, Ex. 10 at 108. Review and production of so many documents in so short a timeframe was infeasible, and would have jeopardized Amazon's ability to protect its privilege.

With respect to the grounds for opposing Amazon's motion, SDNY raises only two narrow arguments. Neither has merit.

First, SDNY argues that, "in the interest of judicial economy," the Court should decide OSHA's second-in-time motion to compel first, before deciding the motion for a protective order Amazon filed two weeks earlier. D.E. 20 at 7. There is nothing efficient about the government's suggestion. As the government admits, Amazon's motion for a protective order and OSHA's motion to compel concern the *same dispute* regarding the ESI production timeframe. *See id.* ("The discovery at issue concerning the FIRREA Subpoenas – ESI of corporate-level employees and their testimony – is essentially the same as the discovery at issue with respect to the OSHA subpoenas."). Moreover, now that it is jurisdictionally able to do so, Amazon has cross-moved for a protective order against OSHA's subpoenas, noting its motion for January 27. Judicial economy strongly weighs in favor of deciding Amazon's motion and cross-motion and OSHA's motion at the same time, because all three motions concern the same dispute. *See, e.g.*, *Security Nat'l Ins. Co. v. City of Miami Beach*, 2022 WL 16541134, at *4 (S.D. Fla. Oct. 28, 2022) (addressing pending motions "at the same time" because "both motions present essentially the same core legal argument"); *see also* LCR 7(k) ("Even if the motion and cross motion are noted for different days, the court will typically consider them together.").

All three motions concern the reasonableness and feasibility of the ESI production

PETITIONER'S REPLY IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER - 5
(2:22-cv-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

schedule. They present the "exact same" issue. D.E. 20 at 7. And the SDNY and OSHA investigations are coordinated. SDNY has spoken for both agencies throughout the joint investigation, and SDNY admits its FIRREA subpoenas seek the same responsive documents as OSHA's subpoenas. The pending motions plainly should be decided together, not piecemeal.

Second, SDNY proposes that Amazon complete its ESI productions to SDNY within one month after Amazon completes its productions to OSHA. D.E. 20 at 8. Amazon does not object to producing ESI responsive to the FIRREA subpoenas within one month after completing its production of ESI responsive to the OSHA subpoenas, but that process will take until June 30 for the reasons set forth in Amazon's motion and cross-motion. Contrary to SDNY's suggestion that a review of "40 to 100 documents per hour" is reasonable in this case, D.E. 20 at 8 (citing D.E. 15 at 11), the authorities on which both SDNY and OSHA rely are plainly inapposite. OSHA's motion, for example, cites *Brown v. Barnes & Noble, Inc.* for the proposition that the "average rate of review is about 40-60 documents per hour," but OSHA omits that decision's important caveat that "the rate of review can vary considerably based on the complexity of the documents." 474 F. Supp. 3d 637, 645 (S.D.N.Y. 2019). Furthermore, *Brown* and the other cases OSHA cites all discuss a *single* layer review protocol. *See, e.g.*, *Oliva v. Infinite Energy, Inc.*, 2013 WL 6815989, at *8 (N.D. Fla. Dec. 24, 2013). For the kind of complex ESI productions Amazon is making, a multi-tiered quality control review process is the standard practice. *See* D.E. 24 at 15 (discussing The Sedona Conference, *Commentary on Achieving Quality in the E-Discovery Process*, 15 Sedona Conf. J. 265, 293 (2014); D.E. 27 ¶¶ 30–39, 66–75, 84). The cases OSHA cites also do not involve the same kind of review at issue here. *See, e.g.*, *Apex Colors, Inc. v. Chemworld Int'l Ltd., Inc.* 2017 WL 4684608, at *6 (N.D. Ind. Oct. 19, 2017) (discussing reasonable rate of review where the reviewer is examining his "own correspondence, and a quick glance will tell him whether the email is privileged/confidential and/or relevant").

It is telling that SDNY offers Amazon "one month" to review and produce 5,000 FIRREA-specific documents, D.E. 20 at 8, but only 20 days to review more than 225,000 OSHA-requested documents, D.E. 24 at 10. That would require daily review of 11,250 documents, or 468

PETITIONER'S REPLY IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER - 6
(2:22-cv-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

documents per hour if working 24 hours per day—far more than what OSHA or SDNY suggest is reasonable. SDNY cites no cases requiring ESI production on this scale in such a short timeframe.

## CONCLUSION

Amazon respectfully requests that the Court grant its motion for protective order holding that Amazon may complete ESI production on or by June 30, 2023, with depositions to occur thereafter and no later than August 31, 2023.

DATED: January 20, 2023    Respectfully submitted,

By: *James E. Howard*

James E. Howard, WSBA# 37259
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Tel: (206) 757-8179
Fax: (206) 757-7179
Email: jimhoward@dwt.com

GIBSON, DUNN & CRUTCHER LLP

Jason C. Schwartz (*pro hac vice*)
Ryan C. Stewart (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 955-8500
Email: jschwartz@gibsondunn.com

Zainab N. Ahmad (*pro hac vice*)
Mylan L. Denerstein (*pro hac vice*)
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
Email: zahmad@gibsondunn.com
Email: mdenerstein@gibsondunn.com

*Attorneys for Petitioner Amazon.com Services, LLC*

PETITIONER'S REPLY IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER - 7
(2:22-cv-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104