The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM SERVICES, LLC,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Respondent,<br><br>and<br><br>MARTIN J. WALSH, SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR,<br><br>Intervenor-Cross Petitioner. | No. 2:22-cv-01815-JCC<br><br>**SECRETARY'S COMBINED REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH OSHA SUBPOENAS AND OPPOSITION TO AMAZON'S CROSS-MOTION FOR PROTECTIVE ORDER**<br><br>SECRETARY'S MOTION TO COMPEL NOTED ON MOTION CALENDAR: JANUARY 20, 2023<br><br>AMAZON'S CROSS-MOTION FOR PROTECTIVE ORDER NOTED ON MOTION CALENDAR: JANUARY 27, 2023 |

SECRETARY'S COMBINED REPLY & OPPOSITION
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Martin J. Walsh, Secretary, United States Department of Labor (the "Secretary"), respectfully submits this memorandum of law in further support of his motion to compel compliance with subpoenas issued by the United States Department of Labor ("DOL"), Occupational Safety and Health Administration ("OSHA"), ECF No. 15 (Secretary's Br."), and in opposition to the cross-motion by Amazon.com Services, LLC ("Amazon") for protective order, ECF No. 24 ("Amazon Br.").

**PRELIMINARY STATEMENT**

Through this motion, the Secretary asks the Court to require Amazon to comply expeditiously with OSHA's subpoenas in a manner that provides OSHA with information relevant to its inspections of significant workplace hazards at Amazon's warehouse facilities. After the Government filed its motion, due to the expiring six-month statute of limitations, OSHA issued citations for serious violations of the Occupational Safety and Health Act ("OSH Act") at three Amazon facilities where workers are required to perform jobs that put them at serious risk for lower back and musculoskeletal injuries. Due to Amazon's delay, OSHA did not have the benefit of the discovery at issue in this motion—complete ESI production for five corporate-level deponents, complete production of nationwide ergonomic assessments, depositions of five corporate-level deponents, and complete ESI for the remaining seven ESI custodians—which the Government expects would have further demonstrated Amazon's corporate-level knowledge and evaluation of those hazards. Nevertheless, the information remains relevant and important; it can be used by OSHA to amend existing citations, issue new citations, and inform OSHA's decisions with respect to hazards for which it has sent hazard alert letters to Amazon. In addition, OSHA has until February 1 to issue any further citations for the three remaining inspections of Amazon facilities. Accordingly, the Secretary respectfully requests that the Court issue an order that

SECRETARY'S COMBINED REPLY & OPPOSITION -1
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

allows OSHA to have the benefit of the information it requested months ago.

## BACKGROUND

**A. Status of Productions Since Last Filing**

**1. ESI**

Since the Government filed its motion to compel on January 5, Amazon has made three additional productions of ESI on January 7, 13, and 18, 2023, producing a total of 3,196 ESI documents. *See* Supplemental Declaration of Daniel Hennefeld dated January 20, 2023 ("Supp. Hennefeld Decl.") ¶¶ 4,5 & 9. In total, Amazon has now produced 9,605 ESI documents, *id*. ¶ 7, out of the total of 118,200 documents (233,800 with family members) that it previously indicated hit on the agreed upon search terms, ECF No. 28 ¶ 10. The Government has no real visibility into the number of ESI documents that remain for review given Amazon's tiered review structure. However, based on Amazon's latest reports, the Government understands that Amazon had completed first level review of at least 117,000 documents (as of December 22, 2022), ECF No. 8 at 9, and second level review of 64,000 ESI documents (as of January 18), *id.* & ECF No. 28 ¶ 12 (26,000 through December 22 and an additional 38,000 through January 18).

Amazon continues to insist in its brief that it "substantially completed the production of responsive, non-privileged ESI" for the first two custodians on December 14 (this production actually occurred on December 15), and for two additional custodians on December 21 (this production actually occurred on December 23).[1] *See* Amazon Br. at 6 & n.6. However, that is misleading for a couple of reasons. First, as discussed below, Amazon has withheld for further review between 50-70% of the responsive documents of each of these custodians. In addition, in January, Amazon produced additional documents for all of these custodians: 116 documents for

---

[1] *See* Supp. Hennefeld Decl. Ex A and B (December 15 and December 23 production cover emails).

SECRETARY'S COMBINED REPLY & OPPOSITION -2
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Amazon's Global Medical Director (approximately 11% of the total production), 410 documents for the Director of WHS Initiatives & Audits (16% of the total production); 28 documents for the Director of Recordkeeping (5% of the total production), and 268 documents for the Director of Global WHS Ergonomics (22% of the total production). *See* Supp. Hennefeld Decl. ¶ 10.

On the day of the Government's filing of its motion to compel, Amazon had proposed providing an "initial privilege log" on February 3 "that included withheld documents from the first four custodians, which would be updated on a rolling basis with additional documents for those and other custodians thereafter." *See* ECF No. 16 ("Hennefeld Decl.") Ex. S. This was not actually a commitment to *complete* privilege review for even the first four custodians by any defined date. *See* Secretary's Br. at 12. In its recent filing, Amazon finally proposes a date (March 1) for completion of privilege review for the first five custodians. *See* Amazon Br. at 6-7 Nevertheless, Amazon's proposal is still unreasonable.

**2. Ergonomic Hazard Assessments**

On January 6, Amazon produced approximately 300 nationwide ergonomic assessments, and has indicated that it will provide a privilege log for "*any* withheld assessments by February 3 or sooner." *See* Amazon Br. at 6 (emphasis added). Once again, this is not substantial completion of production. Amazon conceded that it has held back approximately 450 nationwide ergonomic assessments from this production for further review due to indicia of privilege. *See* Supp. Hennefeld Decl. ¶ 6. Consistent with Amazon's pattern in connection with the ESI, this is approximately 60% of the responsive documents.

Upon learning of this, on January 11 counsel for DOL wrote to Amazon's counsel expressing concern about the number of documents withheld from the production, indicating that "it strains belief that such a high proportion of the assessments are legitimately privileged" and

SECRETARY'S COMBINED REPLY & OPPOSITION -3
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

requested that Amazon provide the basis for its withholdings. Specifically, with respect to the ergonomic assessments for the Illinois facility that had been the subject of a 30(b)(6) deposition, DOL counsel stated that "there was nothing in [the 30(b)(6)] testimony suggesting any basis for privilege" and requested that by January 13, Amazon produce those assessments or provide its basis for withholdings. For the remaining withheld assessments, the Government requested that Amazon provide the "category of basis for withholding/privilege (*e.g.* – Assessments withheld because they were commissioned in response to a HAL)." To reduce the burden on Amazon, DOL counsel added that "[i]f needed, [Amazon] may limit it to each basis/category that applies to 10 or more assessments." *See* Supp. Hennefeld Decl. Ex. E at 3-4.

On January 13, counsel for Amazon responded, refusing to expeditiously provide even this basic information about the nature of the withholdings (*i.e.,* category of basis of withholdings/privilege applicable to 10 or more assessments), and instead accused the Government of having "moving-target" demands and reiterated Amazon's position that it would provide the privilege log by February 3. *See id.* at 2. Additionally, with respect to the Chicago facility assessments, Amazon's counsel indicated that it completed its diligence with respect to those documents, and would be releasing the remaining (four) documents. *Id.*

**B. OSHA Issued Citations for Serious Violations of the OSH Act and Hazard Alert Letters for Three Amazon Facilities**

On January 18, OSHA issued citations to Amazon for *serious* violations of Section 5(a)(1) of the OSH Act at three facilities—located in New York, Illinois, and Florida—for failure to furnish a place of employment which is free from recognized hazards that are causing or likely to cause death or serious physical harm to employees. *See* Supp. Hennefeld Decl. Exs. F to H; *see also* Occupational Safety and Health Association, Release No. 23-63-NAT (2023), https://www.osha.gov/news/newsreleases/national/01182023. OSHA investigators found that

SECRETARY'S COMBINED REPLY & OPPOSITION -4
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

numerous jobs at each of the warehouses are putting Amazon workers at high risk for lower back injuries and other musculoskeletal disorders ("MSDs") related to the high frequency with which workers are required to lift packages and other items; the heavy weight of the items; awkward postures, such as twisting, bending and long reaches while lifting; and long hours required to complete assigned tasks. *See id.* Additionally, at the Florida facility, OSHA issued a citation for exposing workers to struck by hazards from falling boxes. *Id.* Ex. H. Each of the citations outlined feasible methods of abatement for Amazon to undertake, including engineering, administrative, and workplace practice controls to eliminate or materially reduce the hazards. *See, e.g.*, *id.* at 9-10.[2]

At the same time, OSHA also issued hazard alert letters to Amazon with respect to these three facilities. *See* Supp. Hennefeld Decl. Exs. I to K. These hazard alert letters identified the following additional hazards: additional job functions that are exposing workers to a high risk of serious MSDs; hazards of working in high ambient temperatures; struck-by hazards; and hazards related to Amazon's onsite first aid center ("AmCare"), including among other things, discouraging workers from seeking medical treatment resulting in the progression of many injuries. *Id.* Most of the hazard alert letters requested that Amazon provide OSHA with a report detailing the actions that Amazon has taken or plans to take to address OSHA's concerns. *Id.*

OSHA's investigations at three additional Amazon facilities in Colorado, Idaho and New York are ongoing. Any further citations arising out of those inspections, which commenced in early August, must be issued by February 1, 2023. *See* Hennefeld Decl. ¶ 28.

---

[2] Each of the ergonomic citations imposed the maximum statutory penalty under the OSH Act general duty clause. *See* 2003 Annual Adjustment to OSHA Civil Penalties, available at https://www.osha.gov/memos/2022-12-20/2023-annual-adjustments-osha-civil-penalties (last accessed Jan. 20, 2023). Amazon has 15 days to comply, request an informal conference with OSHA's area director, or contest the findings before the Occupational Safety and Health Review Commission. *See, e.g.*, Supp. Hennefeld Decl. Ex. H at 4.

SECRETARY'S COMBINED REPLY & OPPOSITION -5
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

# ARGUMENT

## I. The Secretary Has Shown That He is Entitled to an Order Requiring Amazon to Timely Comply with the OSHA Subpoenas

As an initial matter, Amazon is incorrect that the Government has cited the wrong legal standard. *See* Amazon Br. at 8-9. When deciding motions to enforce with respect to an OSHA subpoena, courts apply the same standard generally applicable to administrative subpoenas:

> The requirements for enforcement of an administrative subpoena are not onerous. In order to obtain judicial backing the agency must prove that (1) the subpoena is issued for a congressionally authorized purpose, the information sought is (2) relevant to the authorized purpose and (3) adequately described, and (4) proper procedures have been employed in issuing the subpoena. As long as the agency satisfies these modest requirements, the subpoena is per se reasonable and Fourth Amendment concerns are deemed satisfied. *These standards apply to OSHA subpoenas in exactly the same way that they apply to subpoenas issued by other agencies.*

*United States v. Sturm, Ruger & Co.*, 84 F.3d 1, 4 (1st Cir. 1996) (emphasis added) (internal citations omitted); *see also Fed. Hous. Fin. Agency v. SFR Invs. Pool 1, LLC*, No. 17 Civ. 914 (GMN) (PAL), 2018 WL 1524440, at *5 (D. Nev. Mar. 27, 2018) ("The deferential standard for judicial enforcement described in *Children's Hospital* applies to the administrative subpoenas and orders issued by most federal agencies."). Contrary to Amazon's assertion, Amazon Br. at 8-9, to avoid enforcement, the burden is on the "party being investigated [to] prove[] [the subpoena] is overbroad or unduly burdensome." *Reich v. Mont. Sulphur & Chem. Co.*, 32 F.3d 440, 448 (9th Cir. 1994); *see also Long Island Precast, Inc. v. U.S. Dep't of Labor, OSHA*, No. 14 Mc. 0772 (JS), 2014 WL 3735943, at *5 (E.D.N.Y. July 29, 2014).

As the Ninth Circuit recognized in *Reich v. Montana Sulphur & Chemical Company*, whether the burden imposed by an OSHA subpoena is reasonable is dependent on the specific circumstances and nature of OSHA's investigation. 32 F.3d at 448. There, the Circuit recognized:

> In the magistrate's finding, adopted by the district court, the magistrate conceded that the request was "burdensome" but concluded that it was nevertheless necessary

SECRETARY'S COMBINED REPLY & OPPOSITION -6
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

> for a complete investigation into a potentially very hazardous workplace. Unquestionably, OSHA's request imposed a burden. We do not believe that it did so unreasonably.

*Id.* (noting with approval that the subpoena is highly specific in its description of the documents it seeks).[3] "Reasonableness" remains the standard against which the Secretary's subpoena must be measured. *See Okla. Press Pub. Co. v. Walling*, 327 U.S. 186, 208 (1946); *Martin v. Gard*, 811 F. Supp. 616, 620 (D. Kan. 1993).

Here, as demonstrated by the citations and hazard alert letters that have already been issued, the hazards to which Amazon is subjecting its workers are significant. *See* Supp. Hennefeld Decl. Exs. F to K. The information responsive to the OSHA subpoenas that are at issue in this motion—ESI based on narrowed search terms and nationwide ergonomic assessments—is targeted and appropriate in the context of the immense size and expansive nature of Amazon's operations. As explained in the Secretary's opening brief, based on the documents produced to date, the Government has reason to believe that the ESI, the nationwide ergonomic assessments and deposition testimony at issue will provide relevant evidence of the severity of Amazon's ergonomic hazards, as well as Amazon's longstanding knowledge of those hazards. *See* Secretary's Br. at 8; Hennefeld Decl. ¶ 30. The investigation to date has revealed that many of Amazon's policies and practices are determined at the corporate level, and are applied to the facilities nationwide, including the six facilities that are the subject of OSHA's inspections. *See* Hennefeld Decl. ¶ 29. Accordingly, due to the structure and scale of Amazon's operations, it is

---

[3] Indeed, other than *Reich v. Mountain Sulphur & Chem. Co.*, no cases of which the Government is aware analyze compliance with an OSHA subpoena based on the "minimum burden" and "unnecessary duplication" language of 29 U.S.C. § 657(d), and instead look to the more general standards applicable to all administrative subpoenas discussed above. *See, e.g.*, *Perez v. Jasper Contractors*, Civil Action No. MI-0020 (WSD) (JSA), 2016 WL 11584782, at *3–4 (N.D. Ga. Apr. 12, 2016); *Reich v. Manganas,* 70 F.3d 434, 437 (6th Cir. 1995); *Reich v. National Eng'g & Contr'g Co.,* 13 F.3d 93, 98 (4th Cir. 1993); *Trinity Indus., Inc.*, 904 F.2d at 871; *Union Packing Co.*, 714 F.2d at 840.

SECRETARY'S COMBINED REPLY & OPPOSITION -7
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

appropriate for OSHA to seek corporate-level ESI[4] and depositions, and national-level ergonomic assessments.

Amazon has not met its burden of demonstrating that any of the demands are unreasonably burdensome. In particular, Amazon "fails to provide any compelling evidence that OSHA's demands will seriously disrupt or hinder its business operations." *Long Island Precast*, 2014 WL 3735943, at *5 (citing *NRLB v. Am. Med. Response, Inc.*, 438 F.3d 188, 193 n.4 (2d Cir. 2006) (noting that "courts have refused to modify investigative subpoenas unless compliance threatens to unduly disrupt or seriously hinder normal operations of a business." (internal quotation marks omitted))).[5] Nor could it, as Amazon is a multi-billion dollar worldwide operation, employing over a million workers in the United States. *See* ABOUT AMAZON, *Investing in the U.S.*, https://www.aboutamazon.com/investing-in-the-u-s (last accessed Jan. 20, 2023).

## II. Expedited Production Is Appropriate Here

As explained in the Secretary's opening brief, the serious worker safety issues at stake here justify expeditious completion of ESI production, privilege review and logging of ESI and ergonomic assessments, and scheduling of depositions. *See* Secretary's Br. at 11-12.

### a. The Court Should Order the Schedule Requested by the Secretary

As an initial matter, contrary to Amazon's assertion, completing review and production of only 30% to 50% of the responsive documents for a particular custodian does not constitute "substantial completion." Currently, there are at least 6,850 documents with indicia of privilege in limbo—with Amazon neither determining that they are privileged or agreeing to produce

---

[4] Amazon's assertion that when OSHA requests ESI it is email or messages related to a "specific incident," Amazon Br. 4, ignores the realities of the type of hazards that OSHA is investigating here. It is not a single isolated incident, but rather entire job functions that are designed in such a way that they expose Amazon's warehouse workers to a high risk of lower back injuries and other MSDs. *See* Supp. Hennefeld Decl. Exs. F to K.

[5] Amazon also selectively quotes the 29 U.S.C. § 657(d) provision, omitting the part indicating how the provision is particularly applicable to "those operating small businesses"—something that Amazon is the very opposite of.

SECRETARY'S COMBINED REPLY & OPPOSITION -8
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

them.[6] The Government is not arguing that Amazon should forego privilege review, nor is it trying to dictate how many tiers of review Amazon utilizes. Rather, the Government is simply asking that Amazon be required to complete its review process in an expeditious timeframe that is consistent with the needs of OSHA's investigation. Moreover, just because a company may have a practice of marking sensitive documents "privileged and confidential" is not a reason to delay review and potential production of those documents, nor does it render those documents protected by either the attorney-client or work product privileges. Moreover, receiving timely privilege logs is critical to allow the Government to evaluate Amazon's privilege assertions, and if necessary, promptly bring any disputes to the court's attention. *See United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002), *as amended on denial of reh'g* (Mar. 13, 2002) ("A party claiming the [attorney-client] privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted."); *see also Pallaske v. Island Cnty.*, No. 06 Civ. 1735 (RSL) (JPD), 2007 WL 3306738, at *2 (W.D. Wash. Nov. 5, 2007), *objections overruled*, 2007 WL 4387452 (W.D. Wash. Dec. 10, 2007). It is particularly important here, given the sheer volume of documents that are being held back on "indicia of privilege."[7]

Amazon has already been able to successfully delay completion of production of ESI for every single custodian until after the time frame by which OSHA was required to issue citations for the first three Amazon facilities inspected in mid-July. As a result, the Government was faced

---

[6] Amazon has not provided any information about how many documents have been withheld based on indicia of privilege from recent productions. At this time, the Government is aware of only the 6,400 ESI documents held back from the ESI production of the first four custodians as of January 5, 2023, *see* Hennefeld Decl. ¶ 25, and the approximately 450 nationwide ergonomic assessments, *see* Supp. Hennefeld Decl. ¶ 6.

[7] Amazon's assertion that "many of the demands in OSHA's motion are already complete or will be soon" (Amazon Br. at 2; *see also id.* at 8) is mistaken. Amazon has not completed its review of more than 50% of the responsive documents for the five initial corporate-level witnesses (projecting a March 1 completion date) and is requesting until June 30, 2023 to complete the review of ESI for the other seven custodians. *Id.*

SECRETARY'S COMBINED REPLY & OPPOSITION -9  
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
(206) 553-7970

with the choice of either going forward with depositions of corporate-level custodians without complete production of their ESI,[8] *or* defer the depositions and issue citations for the three facilities without the benefit of these individuals' testimony, which could include Amazon's corporate-level knowledge of the hazards facing its workers. Now, Amazon asks the Court to allow it to wait until after February 1, when OSHA needs to issue any further citations on the remaining three facilities, to complete its privilege review of 450 nationwide ergonomic assessments and ESI for the five corporate level witnesses subpoenaed by OSHA. Indeed, Amazon's motives seem apparent from the selection of February 3 (two days *after* the citations need to be issued), as the date by which it will provide the privilege log for the nationwide ergonomic assessments and provide even an initial privilege log with some documents for the first four ESI custodians. *See* Amazon Br. at 6. The Court should not countenance such gamesmanship.

Moreover, Amazon's request for a schedule that it will permit it to complete production of all non-privileged ESI for the remaining seven custodians more than five months from now—by June 30—with no date for production of privilege logs, *see* Amazon Br. at 8, is not reasonable. The Government's proposed deadline for completion of *all* ESI production (excluding the one FIRREA-specific search string, *see* ECF No. 20 at 4-5), in February will allow OSHA to receive the information in a timeframe in which it can inform OSHA's decisions about any amendment to the citations and/or new citations.

Amazon's reliance on this Court's model ESI agreement is misplaced. *See* Amazon Br. at 9. As an initial matter, the model ESI agreement is merely a starting point for parties'

---

[8] Amazon took the position that it would only present witnesses to sit for testimony one time, regardless of the volume of additional materials produced for a particular witness after their depositions. *See* ECF No. 28 at 44.

SECRETARY'S COMBINED REPLY & OPPOSITION -10  
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
(206) 553-7970

discussions in civil discovery (not in the context of motion practice related to compliance with administrative subpoenas), and expressly recognizes that the actual ESI numbers are to be determined by "the complexity, proportionality and nature of the case." W.D. Wash. Model Agreement re: Discovery of ESI ("Model ESI Agreement") at 3, *available at* https://www.wawd.uscourts.gov/sites/wawd/files/ModelESIAgreement.pdf. Moreover, the specific provision on which Amazon relies—related to 250 megabytes of data or 400 unique documents—is optional and expressly states that it is "not intended to prejudge the merits of an overbreadth challenge." *Id.* at 4-5. OSHA's inspection relates to six large warehouse facilities and policies and procedures that were developed at the corporate level and implemented at these six facilities, as well as hundreds of other Amazon facilities of the same type across the country and impacting hundreds of thousands of Amazon warehouse workers nationwide. The ESI sought by OSHA here matches "the complexity, proportionality and nature of the case."[9]

Likewise, Amazon's attempt to shift the blame onto OSHA for its own slow compliance, by arguing that OSHA has created the problem by refusing to agree to toll the statute of limitations so as to provide Amazon additional time to respond to the subpoenas is unpersuasive. *See* Amazon Br. at 11. Given the serious hazards at issue affecting thousands of workers at just these six sites, there is nothing unreasonable about OSHA's refusal to delay its enforcement actions. Indeed, the OSH Act requires the Secretary to issue citations "with reasonable promptness" if, "upon inspection or investigation, the Secretary or his authorized representative believes that an employer has violated a requirement of section 654." 29 U.S.C. 658(a).

---

[9] For the same reasons, Amazon's repeated assertion that OSHA's discovery demands in this matter are "unique" or "unprecedented" (Amazon Br. at 1, 3, 4, 12) fails to appreciate the seriousness and scope of this matter.

SECRETARY'S COMBINED REPLY & OPPOSITION -11  
Case No. 2:22-cv-01815-JCC  
UNITED STATES ATTORNEY  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
(206) 553-7970

### b. The Documents Are Needed and Relevant Even After the Issuance of Citations at the First Three Sites

Contrary to Amazon's suggestion (Amazon Br. at 9), the ESI, ergonomic assessments, and depositions remain very much relevant even though OSHA has already issued citations for significant violations of the OSH Act at three of the facilities: "[i]f the documents responsive to the subpoena demonstrate additional bases for the existing citations, the Secretary may seek to amend the existing citations to include those matters or issue new citations." *Walsh v. R&L Carriers Shared Servs*, 21 MC.67 (SM), 2022 WL 3227666, at *5 (D.N.H. May 12, 2022) (internal citations omitted), *report and recommendation approved sub nom. US Dep't of Lab. v. R&L Carriers Shared Servs., LLC*, No. 21 Mc. 67 (SM), 2022 WL 3595180 (D.N.H. Aug. 19, 2022). Moreover, there are still three open inspections in Colorado, Idaho, and Albany, NY for which OSHA may issue additional citations. *See* Supp. Hennefeld Decl. ¶ 7.[10]

### CONCLUSION

For the foregoing reasons and those in the Secretary's opening brief, the Court should grant the Secretary's motion to compel Amazon to comply with the OSHA subpoenas, and deny Amazon's cross-motion for protective order on the OSHA subpoenas.

Respectfully submitted this 20th day of January, 2023.

DAMIAN WILLIAMS
United States Attorney,

---

[10] Amazon's suggestion that it could entirely refuse to comply with the subpoena now that OSHA has issued citations with respect to three of the Amazon facilities, *see* Amazon Br. at 3 n.3, is wrong and has been rejected by numerous courts. *See R&L Carriers*, 2022 WL 3227666, at *4 (rejecting argument that expiration of six-month statutory period moots enforcement of OSHA subpoena); *see also* Memorandum and Order on Respondent's Motion to Dismiss or in the Alternative to Transfer, *Secretary of Labor v. UHS of Fuller, Inc., et al.*, No. 1:19-mc-91541, ECF 20 at 4–5 (D. Mass. Jan. 30, 2020) (considering and rejecting respondents' argument that OSHA's subpoena had been mooted by the issuance of a citation and the expiration of the six-month statute of limitations); *Reich v. Hercules, Inc.*, 857 F. Supp. 367, 369 (D.N.J. 1994) (rejecting respondent's argument that OSHA's subpoena had been mooted by discovery requests served in an administrative proceeding based on citations OSHA issued while subpoena enforcement action was pending).

SECRETARY'S COMBINED REPLY & OPPOSITION -12
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Southern District of New York

By: /s/ Dominika Tarczynska
JEFFREY OESTERICHER
DOMINIKA TARCZYNSKA
JACOB LILLYWHITE
ELIZABETH KIM
ADAM GITLIN
Assistant United States Attorneys
United States Attorney's Office
86 Chambers Street
New York, NY 10007
Phone: (212) 637-2800
Email: dominika.tarczynska@usdoj.gov

NICHOLAS W. BROWN
United States Attorney, Western District of Washington

KAYLA C. STAHMAN, CA #228931
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
Fax:    206-553-4067
Email:  kayla.stahman@usdoj.gov

*Attorneys for the Secretary of Labor*

SECRETARY'S COMBINED REPLY & OPPOSITION -13
Case No. 2:22-cv-01815-JCC

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970