THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| Amazon.com Services, LLC,<br><br>　　　*Petitioner*,<br><br>　　　v.<br><br>United States Department of Justice,<br><br>　　　*Respondent*,<br><br>　　　and<br><br>Martin J. Walsh, Secretary of the United States Department of Labor,<br><br>　　　*Intervenor*. | **Case No. 2:22-cv-01815-JCC**<br><br>**PETITIONER'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR PROTECTIVE ORDER AND IN OPPOSITION TO SECRETARY'S MOTION TO COMPEL COMPLIANCE WITH OSHA SUBPOENAS**<br><br>AMAZON'S CROSS-MOTION NOTED ON MOTION CALENDAR: JANUARY 27, 2023 |

PETITIONER'S REPLY IN SUPPORT OF
CROSS MOTION FOR PROTECTIVE ORDER
(CASE NO. 2:22-CV-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ............................................................................................................................... 3

    I.    OSHA Failed To Satisfy The Applicable "Minimum Burden" Standard. .............. 3

    II.   OSHA's Remaining Critiques Of Amazon's Production Are Without Merit. ................................................................................................................... 6

CONCLUSION ............................................................................................................................ 6

PETITIONER'S REPLY IN SUPPORT OF
CROSS MOTION FOR PROTECTIVE ORDER - i
(CASE NO. 2:22-CV-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

# TABLE OF AUTHORITY

Page(s)

**CASES**

*Fed. Hous. Fin. Agency v. SFR Invs. Pool 1, LLC*,
   2018 WL 1524440 (D. Nev. Mar. 27, 2018) ...................................................................3

*Lawson v. Spirit AeroSystems, Inc.*,
   2020 WL 1813395 (D. Kan. Apr. 9, 2020) .....................................................................4

*Long Island Precast, Inc. v. U.S. Dep't of Labor, OSHA*,
   2014 WL 3735943 (E.D.N.Y. July 29, 2014) .................................................................3

*Martin v. Gard*,
   811 F. Supp. 616 (D. Kan. 1993) ...................................................................................3

*Oklahoma Press Pub. Co. v. Walling*,
   327 U.S. 186, 66 S. Ct. 494, 90 L. Ed. 614 (1946) ........................................................3

*Reich v. Montana Sulphur & Chem. Co.*,
   32 F.3d 440 (9th Cir. 1994) .......................................................................................3, 5

*United States v. Sturm, Ruger & Co.*,
   84 F.3d 1 (1st Cir. 1996) ................................................................................................3

**STATUTES**

29 U.S.C. § 657(b) .................................................................................................................5

29 U.S.C. § 657(d) ............................................................................................................3, 5

29 U.S.C. § 658(c) .................................................................................................................5

29 U.S.C. § 666 ......................................................................................................................5

PETITIONER'S REPLY IN SUPPORT OF
CROSS MOTION FOR PROTECTIVE ORDER - ii
(CASE NO. 2:22-CV-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

# INTRODUCTION

In its cross-motion, Amazon explained in detail why its requested schedule for producing electronically stored information ("ESI") and privilege logs, and participating in corresponding depositions, is necessary and reasonable. As Amazon's ESI expert makes clear, the ESI review and production process that Amazon has implemented is in line with industry standard practices designed to ensure the production of responsive documents and protection of privileged information. D.E. 24 at 9–15. Amazon is undertaking that review process at great expense and burden—including more than 100 lawyers and millions of dollars—to comply with OSHA's demands. It just needs a reasonable period of time to properly conduct and complete the process.

OSHA's opposition does not dispute the material facts set out in Amazon's cross-motion:

- The number of documents that Amazon *already* has produced to OSHA (nearly 50,000, spanning almost 200,000 pages) is unprecedented for an OSHA investigation;
- The number of depositions OSHA *already* has taken in this investigation far exceeds that permitted by both the Federal Rules of Civil Procedure and agency procedural rules and is also unprecedented for an OSHA investigation;
- The ESI now sought is unprecedented for an OSHA investigation in both scope and volume;
- The timeline sought by the government would require Amazon to review only those documents that hit on the search terms (only once) and not ever review "family" documents before production, which would be "unsound" and contrary to standard practice; and
- OSHA was able to issue citations for alleged "serious" ergonomic violations, recommend the "maximum" penalty, and close its investigations of three of the six facilities within the limitations period (and will do the same next week for the remaining three)—all *without* the remaining ESI that OSHA claims it "needs."

Nor does OSHA address Amazon's argument (D.E. 24 at 8) that OSHA can only seek to enforce its subpoenas where an employer is refusing to comply. Indeed, not *one* of the handful of OSHA cases cited in OSHA's briefing involves a situation where, as here, the employer agreed to provide (and was in the midst of providing) the documents OSHA sought but simply needed a reasonable period of time to do so.

Instead—and in apparent recognition of the fact that it has not met its statutory obligations here—OSHA's brief focuses on disputing the standard for enforcing its administrative subpoenas. But as OSHA concedes (at 8 n.3), the Ninth Circuit has held the "minimum burden" standard applies to OSHA investigations, and that precedent governs notwithstanding OSHA's attempt to

PETITIONER'S REPLY IN SUPPORT OF
CROSS MOTION FOR PROTECTIVE ORDER - 1
(CASE NO. 2:22-CV-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

invoke non-binding, out of circuit decisions purportedly applying a more lenient standard. OSHA does not explain (much less actually establish) why its demands here (or in this sprawling investigation generally) comport with imposing the "minimum burden necessary." Nor could it given that (1) every aspect of this investigation—from the volume and scope of document, deposition, and ESI demands—is concededly unprecedented, and (2) OSHA's decision to reject tolling, issue citations, and close its inspections proves that the additional ESI and depositions at issue here are not "necessary" now, but instead are relevant to the forthcoming litigation, for which there is no urgency.

In fact, whether the Court applies the "minimum burden" standard, as is required, or only a "reasonableness" standard as OSHA wrongly suggests, the unrebutted record is clear that the expedited production schedule OSHA demands here—for a volume of additional ESI and depositions typically seen only in complex, multi-year federal court litigation—is neither. Amazon's expert, Mollie C. Nichols, is a former U.S. Department of Justice attorney who developed and *taught* ESI discovery trainings for judges and government attorneys, was a member of the Sedona Conference (the leading institution for the promulgation of best practices for ESI discovery), and was consulted by Federal Rules of Civil Procedure advisory committee. *Id.* ¶¶ 4, 6, 8, 15. Ms. Nichols reviewed Amazon's processes in detail and confirmed they are reasonable and reflect industry standards—including Amazon's rate of production and requested production schedule. *Id.* ¶¶ 66, 76–85. Ms. Nichols also testified that meeting OSHA's timelines would require a "not sound" approach to ESI review and "represent a breach of [counsel's] fiduciary and ethical duties" to protect Amazon's privileged and confidential information. *Id.* ¶ 87.

This evidence is unrebutted. In fact, OSHA's brief does not mention Ms. Nichols' affidavit at all. Instead of grappling with Ms. Nichols' opinion or *any* of the facts Amazon has laid out— and in stark contrast to the detail provided by Amazon—OSHA simply repeats its conclusory assertion, without any on-point case law, that its requested, expedited production schedule is reasonable and proportionate. That is not sufficient. As is clear from OSHA's concessions, OSHA is pursuing an unprecedented volume of investigative discovery here that exceeds anything contemplated by the OSH Act. Amazon remains willing to comply and is doing so. But Amazon

PETITIONER'S REPLY IN SUPPORT OF
CROSS MOTION FOR PROTECTIVE ORDER - 2
(CASE NO. 2:22-CV-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

needs adequate time to review and produce the unprecedented volume of ESI demanded here. Amazon respectfully requests that this Court grant Amazon's cross-motion for a protective order and deny OSHA's motion to compel.

## ARGUMENT

### I.   OSHA Failed To Satisfy The Applicable "Minimum Burden" Standard.

OSHA's opposition brief effectively concedes that OSHA made no attempt to satisfy the statutory minimum-burden standard applicable to OSHA's requests for employer information, and instead argues in footnotes (at 7 n.3 and 8 n.5) that the standard does not apply at all. OSHA's argument is foreclosed by binding Ninth Circuit precedent and the plain text of the statute.

The OSH Act specifically requires OSHA to impose the "minimum burden" for "[a]ny information obtained" from employers. 29 U.S.C. § 657(d). Although "especially" applicable to small businesses, the standard is not limited to small employers. *Id.* Nor is it optional. The statute speaks in mandatory terms, directing that "[a]ny information" in an investigation "*shall* be obtained" with a minimum burden. *Id.* (emphasis added).

The Ninth Circuit has squarely held that the OSH Act's minimum-burden standard applies to OSHA's investigative subpoenas. *See Reich v. Montana Sulphur & Chem. Co.*, 32 F.3d 440, 448 (9th Cir. 1994). In practice, this means OSHA's subpoenas must be limited to demands that are "*necessary* for a complete investigation." *Id.* (emphasis added). "These restrictions adequately bar enforcement of overbroad 'fishing trip' subpoenas. OSHA does not have an entirely free hand." *Id.* at 447. OSHA's suggestions (at 6–7) that this Court should apply a different standard for administrative subpoenas generally, based on out-of-circuit decisions and non-OSHA cases, is foreclosed by binding precedent.[1]

OSHA has failed to show that its unreasonable demands for expedited ESI production

---

[1] OSHA relies primarily on cases involving agencies not subject to the OSH Act's "minimum burden" standard. *See, e.g.*, *Fed. Hous. Fin. Agency v. SFR Invs. Pool 1, LLC*, 2018 WL 1524440, at *5 (D. Nev. Mar. 27, 2018) (FHFA); *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 66 S. Ct. 494, 90 L. Ed. 614 (1946) (Wage and Hour Division). Where it does cite OSHA cases, OSHA invokes non-binding out-of-circuit decisions that are inconsistent with Ninth Circuit precedent. *See, e.g.*, *Long Island Precast, Inc. v. U.S. Dep't of Labor, OSHA*, 2014 WL 3735943, at *5 (E.D.N.Y. July 29, 2014); *Martin v. Gard*, 811 F. Supp. 616, 620 (D. Kan. 1993); D.E. 31 at 7 n.3. In those cases, there is no indication that the litigants raised, or the courts considered, the statutory minimum-burden standard. In *United States v. Sturm, Ruger & Co.*, 84 F.3d 1, 4 (1st Cir. 1996), for example, the employer did not invoke the minimum-burden standard, and the First Circuit never addressed it. OSHA's reliance on these cases is misplaced.

PETITIONER'S REPLY IN SUPPORT OF
CROSS MOTION FOR PROTECTIVE ORDER - 3
(CASE NO. 2:22-CV-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

satisfy the minimum-burden standard. As proof that OSHA has demanded far more than is necessary for its investigation, OSHA has already issued citations proposing the "maximum statutory penalty" and will have closed all six of its facility investigations by Monday, January 30. *See* D.E. 31 at 5 n.2; Supp. Stewart Decl. ¶¶ 2–3. Obtaining additional ESI on an expedited timeframe would only prejudice Amazon by short-circuiting the ongoing review necessary to discharge counsel's fiduciary and ethical duties. D.E. 24 at 2, 10. And OSHA already has more than adequate information to issue its citations: nearly 50,000 documents to date, testimony from 22 deposition witnesses, multiple on-site inspections, and hundreds of witness interviews. D.E. 24 at 3–4. OSHA's more than 525 document requests seeking materials from more than 900 facilities and triggering review of more than 233,000 ESI documents are plainly excessive. Indeed, the ESI at issue is over 550 times that "presumed" overbroad by this district's base ESI agreement.[2] And OSHA's demand that Amazon complete its ESI productions by February 8 is both unreasonable and infeasible.[3] With citations issued, "expedited" production is unnecessary.

Seeking to elide the unreasonableness of its demands, OSHA points to Amazon's size and "worldwide operation" as somehow alleviating the burden, D.E. 31 at 9, but these attributes do not justify the extreme overbreadth and burden of OSHA's ESI requests or the impossibility of its demanded timeframe. As other courts have rightly recognized, if such factors were "determinative, 'they would eradicate proportionality considerations in every case against high-profile litigation targets with substantial resources.'" *Lawson v. Spirit AeroSystems, Inc.*, 2020 WL 1813395, at *9 (D. Kan. Apr. 9, 2020). If anything, the breadth of Amazon's operations increases the burden; OSHA has demanded ESI covering more than *900 facilities* nationwide. It is plainly unreasonable to expect collection, processing, review, logging, and production of such a volume of ESI on OSHA's preferred timeframe—and nothing in the OSH Act itself requires employers to do the impossible. To the contrary, Congress mandated statutory safeguards to

---

[2] OSHA's argument (D.E. 31 at 8) that this is an optional provision subject to negotiation (one of many in the model agreement) misses the point. The model agreement's starting point is exceeded here by 550 times. Yet Amazon is still not refusing to comply. It is not reasonable to expect Amazon to do so, at that scale, in a matter of weeks.

[3] Even if OSHA believes it needs more information to defend its citations from administrative challenge, it can seek more discovery from Amazon now that the post-citation litigation process has commenced. D.E. 26 ¶ 12.

PETITIONER'S REPLY IN SUPPORT OF
CROSS MOTION FOR PROTECTIVE ORDER - 4
(CASE NO. 2:22-CV-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

prevent oppressive demands of this sort—including the minimum-burden standard, 29 U.S.C. § 657(d), the six-month statute of limitations for issuing citations, *id*. § 658(c), and maximum penalties, *id*. § 666. These statutory "restrictions" (*Reich*, 32 F.3d at 448) provide a point of reference demonstrating the clear unreasonableness of OSHA's demands here.

Relatedly, OSHA offers no response to Amazon's argument that OSHA has not demonstrated "contumacy, failure, or refusal" by Amazon to abide by an OSHA subpoena. D.E. 24 at 8 (quoting 29 U.S.C. § 657(b)). Amazon has not refused or failed to do anything. The OSH Act does not permit enforcement in these circumstances.

Rather than address the statute, OSHA resorts to obfuscation and pejoratives. OSHA falsely claims (D.E. 31 at 11) that Amazon has not suggested a date for the production of final privilege logs for all ESI custodians. In fact, Amazon's cross-motion plainly requests that the Court set June 30 as the date for production of all ESI "and complete privilege logs for any withheld responsive documents." D.E. 24-1 at 1; *see also* D.E. 24 at 2. Nor does OSHA mention that Amazon even offered a proposed interim deadline of March 1 for the production of ESI *and* "complete privilege log[s]" for the five custodians (who had the smallest volume of ESI to review) subpoenaed for deposition by OSHA. *Id.* OSHA also baselessly accuses Amazon of "gamesmanship" in proposing a February 3 deadline for producing a privilege log for any withheld ergonomic assessments. D.E. 31 at 10–11. But Amazon has consistently demonstrated its good faith in providing OSHA the information it seeks. Amazon selected February 3 for production of initial privilege logs because that is 4 weeks after the agreed-upon date for Amazon to complete the production of non-privileged ergonomic assessments on January 6. Allowing a producing party 30 days to provide a privilege log is standard practice. D.E. 27 ¶ 49. And it bears repeating that Amazon offered to toll OSHA's limitations period to preserve OSHA's rights while Amazon completed its review, but OSHA refused to discuss Amazon's offer. D.E. 24 at 11. Even now, OSHA offers no explanation for its conclusory assertion (D.E. 15 at 12 n.11) that this admittedly unprecedented investigation does not involve "extraordinary circumstances" for tolling. The record refutes any claim that Amazon is engaging in "gamesmanship." Amazon is providing the requested ESI; it just needs reasonable time to do so.

PETITIONER'S REPLY IN SUPPORT OF
CROSS MOTION FOR PROTECTIVE ORDER - 5
(CASE NO. 2:22-CV-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

## II. OSHA's Remaining Critiques Of Amazon's Production Are Without Merit.

OSHA's remaining critiques of Amazon's production to date are similarly unfounded. OSHA complains (D.E. 31 at 2) that it has "no real visibility" into the documents Amazon is still reviewing, but OSHA ignores the comprehensive declarations addressing this point. *See* D.E. 27, 28. These declarations painstakingly describe Amazon's review process, and Ms. Nichols opined that Amazon's multi-tiered review and privilege review are standard practice, and that the pace of review is "reasonable." D.E. 27 ¶¶ 66, 76–85. Amazon also has consistently described its efforts in real-time correspondence with the government. *See* D.E. 8 at ¶¶ 3–6, 8–10, 15–17; *see also* D.E. 28 ¶¶ 12–13, 16, 19–23. The government is well aware of the status of Amazon's review.

OSHA speculates (D.E. 31 at 4), with no basis whatsoever, that Amazon is withholding non-privileged documents. That is false. Amazon has not made final privilege determinations. Rather, Amazon has explained that it has routed those documents that an attorney has identified as bearing clear indicia of privilege (i.e., an attorney is a recipient or it is labeled privileged) for further privilege diligence and review. D.E. 8, Ex. 1 at 12; D.E. 28, Ex. 4 at 52; D.E. 24 at 11. As Ms. Nichols details—and OSHA's own briefing (D.E. 31 at 7) underscores—this is a standard practice that is necessary to ensure counsel is taking an appropriately careful approach to withholding documents on privilege grounds. D.E. 27 ¶¶ 47–51, 68–71, 87–91. OSHA likewise ignores that the relevant custodians are high-ranking corporate officials who confer with in-house counsel on many legal issues. D.E. 28, Ex. 4 at 52. That these individuals' ESI would bear indicia of privilege requiring further review is hardly surprising.

OSHA quibbles (D.E. 31 at 3–4) with Amazon's use of the phrase "substantially completed," but its critique improperly conflates the total document review universe with the final production of responsive, non-privileged ESI. As is standard for a case with expedited productions and depositions like those OSHA demanded, Amazon completed its initial review and produced documents that did not bear indicia of privilege. D.E. 27 ¶ 90. That Amazon is still conducting further diligence for some documents does not mean its initial productions were deficient.

## CONCLUSION

This Court should grant Amazon's protective order and deny OSHA's motion to compel.

PETITIONER'S REPLY IN SUPPORT OF
CROSS MOTION FOR PROTECTIVE ORDER - 6
(CASE NO. 2:22-CV-01815-JCC)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave, Suite 3300
Seattle, WA 98104

| | |
|---|---|
| DATED: January 26, 2023 | Respectfully submitted, |
| | By: /s/ James E. Howard |
| | James E. Howard, WSBA# 37259<br>DAVIS WRIGHT TREMAINE LLP<br>920 Fifth Avenue, Suite 3300<br>Seattle, WA 98104<br>Telephone: +1 206.757.8179<br>Facsimile: +1 206.757.7179<br>Email: jeffreyyoumans@dwt.com |
| | GIBSON, DUNN & CRUTCHER LLP |
| | Jason C. Schwartz (*pro hac vice*)<br>Ryan C. Stewart (*pro hac vice*)<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>Telephone: +1 (202) 955-8500<br>jschwartz@gibsondunn.com |
| | Zainab N. Ahmad (*pro hac vice*)<br>Mylan L. Denerstein (*pro hac vice*)<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: +1 (212) 351-4000<br>zahmad@gibsondunn.com<br>mdenerstein@gibsondunn.com |
| | *Attorneys for Petitioner Amazon.com Services, LLC* |