UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM SERVICES LLC., <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Respondent, <br><br> and <br><br> MARTIN J. WALSH, SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR, <br><br> Intervenor-Cross Petitioner. | Case No. C22-1815-JCC <br><br> ORDER |

This matter is before the Court on referral from the Honorable John C. Coughenour of: (1) Petitioner Amazon.com Services LLC's ("Amazon") "Motion for Protective Order Pertaining to Subpoenas Issued Under the Financial Institutions Reform Recovery and Enforcement Act [("FIRREA")]" (dkt. # 7); (2) Secretary of the United States Department of Labor Martin J. Walsh's ( "Secretary") "Motion to Compel Compliance with OSHA Subpoenas" (dkt. # 15); and (3) Amazon's "Opposition to Secretary's Motion to Compel Compliance with OSHA Subpoenas

ORDER - 1

and Cross-Motion for Protective Order" (dkt. # 24). The Court heard oral argument from the parties on January 30, 2023.

In this case, the United States Department of Labor, Occupational Safety and Health Administration ("OSHA") and the U.S. Attorney's Office for the Southern District of New York ("SDNY") (collectively, "the Government") are investigating Amazon for workplace safety violations and potential false representations about injury numbers to obtain extensions of credit. In July and August 2022, OSHA opened investigations at six Amazon facilities, specifically at: (1) New Windsor, New York ("DYO1"); (2) Waukegan, Illinois ("MDW8"); (3) Deltona, Florida ("MCO2"); (4) Denver, Colorado ("DEN5"); (5) Albany, New York ("ALB1"); and (6) Nampa, Idaho ("BOI2"). (*See* Hennefeld Decl. (dkt. # 16) at ¶ 5.)

Pursuant to 29 U.S.C. § 658(c), the Secretary has six months from the occurrence of any violation to issue any citations and notifications of penalty for alleged violations of the Occupational Health and Safety Act ("OSH Act"). On January 17, 2023, OSHA issued three citations to Amazon for violations of § 5(a)(1) of the OSH Act at DYO1, MDW8, and MCO2 for failure to furnish a place of employment free from recognized hazards causing or likely to cause death or serious physical harm to employees. (*See* Supp. Hennefeld Decl. (dkt. # 32) at ¶ 7, Exs. F-H; *see also* OSHA, Release No. 23-63-NAT (2023)[1].) OSHA's investigations at DEN5, ALB1, and BOI2 remain ongoing, and any further citations arising out of those inspections must issue by February 1, 2023. (*See* Hennefeld Decl. at ¶ 28.)

Relatedly, in coordination with OSHA, SDNY is investigating Amazon under FIRREA regarding whether it engaged in a scheme to hide worker injuries and made false representations to lenders about such injuries and its safety record to obtain credit. (*See* Hennefeld Decl. at ¶ 7.)

---

[1] Available at: https://www.osha.gov/news/newsreleases/national/01182023 (last accessed January 30, 2023).

SDNY has issued subpoenas for documents and witness testimony specific to its FIRREA investigation, which incorporates by reference all documents requested by the OSHA Subpoenas. (*See id.* at ¶¶ 7-9.)

In sum, the parties' dispute in this matter largely concerns the timing and scheduling of Amazon's production regarding the Government-issued subpoenas. Amazon does not contest the enforceability of the Government's subpoenas—or otherwise argue that it will not comply with the subpoena requests—but instead seeks additional time to complete its review and production. (*See* dkt. ## 7 at 1-3, 24 at 1-3.) The Government counters that given the nature of its investigation, and the OSHA-issued citations issued thus far, Amazon should not be provided much additional time to respond due to the serious worker safety issues at stake. (*See* dkt. ## 15 at 1-2, 31 at 1-2, 8.)

Here, based on the record before the Court, it is clear that Amazon has undertaken a significant mobilization of its resources to respond to the Government's subpoena requests given the extensive scope of OSHA's investigation into Amazon's safety practices and the massive volume of requested documents. (*See* Bailey Decl. (dkt. # 25) at ¶¶ 3-6, 8, 11; Paul Decl. (dkt. # 26) at ¶¶ 4, 6, 8-10, 13; Nichols Decl. (dkt. # 27) at ¶¶ 66-75, 84-86; Stewart Decl. (dkt. # 28) at ¶¶ 2-5, 9-10.) Despite its efforts thus far, Amazon has credibly demonstrated it requires additional time to complete its review and production to provide responses to the Government's subpoena requests.

Accordingly, having considered the parties' submissions, oral argument, the balance of the record, and the governing law, the Court hereby ORDERS that:

ORDER - 3

(1) The Secretary's Motion to Compel Compliance with OSHA Subpoenas (dkt. # 15) and Amazon's Cross-Motion for a Protective Order (dkt. # 24) are GRANTED in part, and DENIED in part, as follows:

    a. The Government's deadline to issue citations with regard to its investigations into DEN5, ALB1, and BOI2 will be equitably tolled from February 1, 2023 to **April 18, 2023**. *See e.g., Costa v. Ben E. Keith Co.*, 2019 WL 13218924, at *2 (W.D. Tex. June 18, 2019) (noting that Court has discretion to equitably toll statute of limitations provided by 29 U.S.C. § 658(c) for OSHA-issued citations); *Acosta v. Quality Constr. Inc.*, 2018 WL 7514591, at *2 (D. Colo. Dec. 21, 2018), *report and recommendation adopted*, 2019 WL 1077430 (D. Colo. Jan. 24, 2019) (enforcing OSHA-issued subpoena and tolling statute of limitations on OSHA-issued citations until full compliance); *see also Acosta v. Xcel Commun. of S. Alabama, Inc.*, 2019 WL 1370869, at *6 (S.D. Ala. Mar. 26, 2019) (tolling statute of limitations until date respondent fully complied with administrative subpoena). Should Amazon's production to the Government subpoena requests demonstrate additional bases for OSHA's issued citations, "the Secretary may seek to amend the existing citations to include those matters or issue new citations." *Walsh v. R& L Carriers Shared Servs.*, 2022 WL 3227666, at *5 (D.N.H. May 12, 2022) (collecting cases), *report and recommendation adopted*, 2022 WL 3595180 (Aug. 19, 2022).

    b. Amazon shall complete its production and provide a complete privilege log for the ergonomic hazard assessments on or before **February 3, 2023.**

    c. Amazon shall complete its review and production of all relevant electronically stored information ("ESI"), as well as produce complete privilege logs, for

ORDER - 4

the four initial custodians identified by the parties (Amazon's Global Medical Director, Director of Work Health and Safety Initiatives and Audits, Director of Recordkeeping, and Director of Global Work Health and Safety Ergonomics), and the fifth custodian identified by the parties (Amazon's Senior Manager for North America Ergonomics), on or before **March 1, 2023.** Amazon shall provide an initial privilege log for any withheld responsive documents as to these custodians on or before **February 3, 2023.**

        d.     Amazon shall produce the four initial custodians, and the fifth custodian, for joint depositions with OSHA and SDNY on mutually available dates on or before **March 15, 2023.**

        e.     Amazon shall complete its review and production of all other responsive ESI for the remaining custodians, as well as produce complete privilege logs for any withheld responsive documents on the OSHA Subpoena requests, on or before **June 30, 2023.** Amazon shall produce responsive documents on a rolling basis.

        f.     Amazon shall produce all other pending custodians and witnesses for joint depositions with OSHA and SDNY on mutually available dates on or before **June 30, 2023.**

        g.     Amazon shall provide privilege logs on a rolling basis for its subsequent productions to the Government for any withheld responsive documents until it has fully produced all responsive ESI and complete privilege logs on the OSHA Subpoena requests.

(2)     Amazon's Motion for a Protective Order re: FIRREA Subpoenas (dkt. # 7) is GRANTED in part and DENIED in part. Amazon shall provide its responses to the FIRREA-specific subpoena requests, and make any relevant witnesses available to SDNY for

ORDER - 5

deposition, by **July 31, 2023,** or otherwise within **thirty (30) days** of its provision of all responsive ESI and complete privilege logs regarding the OSHA Subpoena requests.

    (3)    A status hearing is set in this matter for **Tuesday**, **April 18, 2023 at 8 a.m.** The parties are directed to each submit status updates to the Court by **April 14, 2023**, regarding Amazon's compliance with the Court's deadlines and this Order, including Amazon's rolling production of items set forth in (1)(e).

    (4)    The Clerk is directed to send copies of this Order to the parties and to the Honorable John C. Coughenour.

Dated this 30th day of January, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6