The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM SERVICES, LLC,

    Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

    Respondent.

No. C22-1815-JCC-MLP

LIMITED PROTECTIVE ORDER

The Court, having reviewed the materials submitted in support of and in response to Petitioner Amazon.com Services, LLC's ("Amazon") Motion for a Protective/Confidentiality Order (Dkt. No. 53), hereby **GRANTS IN PART AND DENIES IN PART** Petitioner's motion.

**IT IS HEREBY ORDERED:**

1.     PURPOSES AND LIMITATIONS

Amazon's responses to the administrative subpoenas served on it by Respondent United States Department of Justice ("DOJ") on August 19, 2022, October 11, 2022, and November 17, 2022 (the "Amazon Subpoena Returns"), are likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the court enters the following Limited Protective Order ("Order") with respect to those Amazon Subpoena Returns. This Limited Protective Order does not confer blanket protection on all the

PROTECTIVE ORDER - 1
CASE NO. C22-1815-JCC-MLP

UNITED STATES ATTORNEY'S OFFICE
86 Chambers Street, Third Floor
New York, NY 10007
(212) 637-2800

Amazon Subpoena Returns; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and does not presumptively entitle parties to file confidential information under seal.

2. **CONFIDENTIAL MATERIAL**

Confidential material ("Confidential Material") shall include the following documents and tangible things produced as part of the Amazon Subpoena Returns if appropriately designated by Amazon pursuant to Paragraph 5 below and provided that Amazon has made reasonable efforts to maintain the secrecy of the information: employee medical and/or health information; confidential or proprietary information regarding Amazon's competitive strategic initiatives, business plans, financial position, nonpublic litigation information, the design or operation of Amazon's warehouses, or incoming and outgoing shipments or traffic at specific facilities; sensitive personal identifying information including, but not limited to, dates of birth, Social Security Numbers, home addresses, and personal phone numbers; and sensitive, personally identifiable employee information including performance evaluations, feedback and coaching, disciplinary records, and previous employment history.

3. **SCOPE**

The protections conferred by this Order cover the disclosure of documents or tangible things appropriately designated as Confidential Material and any copies or compilations of such documents, but not information derived from such Confidential Material or conversations referencing or quoting portions of Confidential Material. The protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise. This Order only governs such disclosure on and after the date of this Order by DOJ or, as to any Confidential Material disclosed by DOJ, to anyone who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

PROTECTIVE ORDER - 2
CASE NO. C22-1815-JCC-MLP

UNITED STATES ATTORNEY'S OFFICE
86 Chambers Street, Third Floor
New York, NY 10007
(212) 637-2800

4.      DISCLOSURE OF CONFIDENTIAL MATERIAL

    4.1     Basic Principles. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For the avoidance of doubt, and notwithstanding any provision to the contrary, this Order does not restrict DOJ from referencing or quoting a portion of Confidential Material in connection with its investigation.

    4.2     Disclosure of Confidential Material Generally. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material only to:

        (a)     the receiving party's counsel of record in the above-captioned proceeding, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)     employees and other staff of the receiving party to whom disclosure is reasonably necessary, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

        (c)     experts and consultants to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d)     the court, court personnel, and court reporters and their staff;

        (e)     copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

        (f)     witnesses during their testimony under oath in connection with DOJ's investigation;

PROTECTIVE ORDER - 3
CASE NO. C22-1815-JCC-MLP

UNITED STATES ATTORNEY'S OFFICE
86 Chambers Street, Third Floor
New York, NY 10007
(212) 637-2800

       (g)    other witnesses to whom disclosure is reasonably necessary, as well as counsel for such witnesses, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that such witnesses are not permitted to retain copies of any Confidential Material;

       (h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    4.3    <u>Other Voluntary Disclosure of Confidential Material</u>.

       (a)    Where the disclosure of Confidential Material is not authorized by another provision of this Order, including Paragraph 4.2, DOJ must notify Amazon at least ten business days before such a disclosure. The notification must (1) describe by Bates number the Confidential Material that DOJ intends to produce; and (2) identify the individual or entity to whom the information will be produced. If the parties are not able to reach agreement on whether the intended disclosure of Confidential Material is appropriate, Amazon may file a motion with this Court seeking appropriate protections. If this disclosure is permitted either by consent or Court order pursuant to this Paragraph, any individual or entity that obtains that Confidential Material must execute the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A unless excused by the Court.

       (b)    <u>*Ex parte* petitions</u>: If DOJ reasonably believes that following the procedures set out in this Paragraph 4.3(a) prior to making the intended disclosure would improperly interfere with a valid law enforcement purpose, DOJ may petition the Court to approve the disclosure on an *ex parte* basis.

    4.4    <u>Filing Confidential Material</u>. Before filing Confidential Material with the court, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed

PROTECTIVE ORDER - 4
CASE NO. C22-1815-JCC-MLP

UNITED STATES ATTORNEY'S OFFICE
86 Chambers Street, Third Floor
New York, NY 10007
(212) 637-2800

order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

4.5 <u>DOJ Complaint</u>. For the avoidance of doubt, and notwithstanding any provision in this Order to the contrary, this Order does not apply to any complaint filed by DOJ arising from its investigation, including a complaint that references or quotes portions of designated Confidential Material, provided it does not attach any documents designated as Confidential Material. DOJ remains subject to applicable law, including the Trade Secrets Act and the Privacy Act.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. In designating information or items for protection under this Order, Amazon must take care to limit any such designation to specific material that qualifies under the appropriate standards. Amazon must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

PROTECTIVE ORDER - 5
CASE NO. C22-1815-JCC-MLP

UNITED STATES ATTORNEY'S OFFICE
86 Chambers Street, Third Floor
New York, NY 10007
(212) 637-2800

unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to Amazon's attention that information or items that it designated for protection do not qualify for protection, then Amazon must promptly notify DOJ that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a)   <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), Amazon must affix the word "CONFIDENTIAL" to each page that contains Confidential Material. If only a portion or portions of the material on a page qualifies for protection, Amazon also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)   <u>Testimony given in deposition or in other pretrial proceedings</u>: Amazon must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to its right to so designate other testimony after reviewing the transcript. Amazon may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.

(c)   <u>Other tangible items</u>: Amazon must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, Amazon, to the extent practicable, shall identify the protected portion(s).

(d)   <u>Prior designations</u>: Amazon's blanket designations of all documents

PROTECTIVE ORDER - 6
CASE NO. C22-1815-JCC-MLP

UNITED STATES ATTORNEY'S OFFICE
86 Chambers Street, Third Floor
New York, NY 10007
(212) 637-2800

produced prior to the date of this Order as "CONFIDENTIAL TREATMENT REQUESTED" are of no force or effect with respect to this Order. If Amazon wishes to designate as Confidential Material appropriate material or testimony produced or provided prior to the date of this Order, Amazon may designate such information by following the following process: within 60 days of the entry of this Order, Amazon will identify to DOJ each document it has determined in good faith contains Confidential Material; within 30 days thereafter, Amazon shall reproduce all documents it has determined contain both Confidential Material and other material, with appropriate markings designating the Confidential Material.

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as Confidential Material does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

PROTECTIVE ORDER - 7  
CASE NO. C22-1815-JCC-MLP

UNITED STATES ATTORNEY'S OFFICE  
86 Chambers Street, Third Floor  
New York, NY 10007  
(212) 637-2800

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, Amazon may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on Amazon.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated as Confidential Material, that party must:

(a)     promptly notify Amazon at least ten business days in advance of any anticipated production in writing of the Confidential Material to be produced and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by Amazon whose Confidential Material may be affected.

8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify Amazon in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

PROTECTIVE ORDER - 8
CASE NO. C22-1815-JCC-MLP

UNITED STATES ATTORNEY'S OFFICE
86 Chambers Street, Third Floor
New York, NY 10007
(212) 637-2800

request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

10. **NON TERMINATION**

The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO ORDERED

DATED: November 20, 2023

MICHELLE L. PETERSON
United States Magistrate Judge

PROTECTIVE ORDER - 9
CASE NO. C22-1815-JCC-MLP

UNITED STATES ATTORNEY'S OFFICE
86 Chambers Street, Third Floor
New York, NY 10007
(212) 637-2800

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of Washington in the case of *Amazon.com Services LLC v. United States Department of Justice*, Case No. 2:22-cv-01815-JCC-MLP. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this proceeding.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

PROTECTIVE ORDER - 10
CASE NO. C22-1815-JCC-MLP

UNITED STATES ATTORNEY'S OFFICE
86 Chambers Street, Third Floor
New York, NY 10007
(212) 637-2800