

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 12, 2024

<u>By ECF</u>

Honorable Michelle L. Peterson
United States Magistrate Judge
Western District of Washington
United States Courthouse
700 Stewart Street, Suite 12232
Seattle, WA 98101-9906

   Re: <u>*Amazon.com Service LLC v. U.S. Dept. of Justice, et al.*</u>, C22-1815-JCC

Dear Judge Peterson:

  This Office represents the United States in the above referenced matter. In accordance with the Court's Minute Order of June 11, 2024, Dkt. No. 94, and on behalf of counsel for Amazon, we write to submit a joint status report addressing whether this proceeding should be dismissed. For the reasons that follow, the United States believes this proceeding should be closed, while Amazon believes that the proceeding should remain open.

### **<u>United States' Position</u>**

  As set forth in the parties' prior joint status reports, *see* Dkt. Nos. 91, 93, because Amazon's two petitions for protective orders have been resolved by the Court, *see* Dkt. Nos. 37, 88, 89, and all deadlines set out in the Court's Orders in this matter have been met, the Government believes that the above-referenced proceeding should be closed.

  On June 11, 2024, the Court deferred its decision on whether this proceeding should be closed in order to "provide one more extension for the parties to continue their negotiations regarding the *original* subpoenas" that the Government issued to Amazon in 2022. Dkt. No. 94, at 1–2 (emphasis in original). As the Government advised the Court in the parties' May 31 joint status report and in the Government's June 13 letter, the parties are no longer engaged in negotiations regarding the original subpoenas because the Government is no longer seeking the production of additional documents pursuant to those subpoenas. Amazon has taken the position that it has no obligation to produce, in response to the Government's original, 2022 subpoenas, any documents or information created since those subpoenas were issued. While the Government disagrees with Amazon's position, to avoid unnecessary disputes, the Government determined it would issue new subpoenas to the extent it requires additional documents or information from Amazon. On July 10, 2024, the Government issued a new subpoena to Amazon.

  Below, Amazon asks the Court to keep this matter open because of the possibility of a future dispute related to a new subpoena that the Government issued to Amazon. But this is not court-supervised discovery in a civil action. This proceeding should be limited to Amazon's now-resolved petitions concerning the 2022 subpoenas, as the Court appeared to recognize when it granted the parties additional time to continue their negotiations regarding the "*original*

subpoenas." *Id.* (emphasis in original).  Amazon's assertion that the Government is trying to evade the Court's jurisdiction is simply wrong.  The Court has ruled on Amazon's prior petitions.  Accordingly, this matter should be closed.

### **Amazon's Position**

On July 10, 2024, the U.S. Attorney's Office for the Southern District of New York ("SDNY") served Amazon with a new subpoena requesting a broad category of digital information that is entered into or stored in a company-wide database over a multi-year period, including information post-dating SDNY's prior subpoena in 2022.  Amazon is still evaluating the new subpoena, but on its face the subpoena plainly relates to SDNY's prior subpoena.  In fact, SDNY did not even believe this new subpoena was necessary because—in the government's eyes—it covers the scope of the 2022 subpoena.  Indeed, SDNY contends that the 2022 subpoena imposes on Amazon an evergreen obligation to continue producing information until they unilaterally close their investigation.  Amazon anticipates that the parties will need a new confidentiality order or an agreement that the existing confidentiality order will apply to any new materials that Amazon produces.  Given the history of SDNY's positions in this matter, Amazon also anticipates that it might need further Court intervention should the parties' meet and confer efforts prove unsuccessful.  At this time, however, Amazon does not yet know what, if any, Court assistance might be necessary because SDNY served the new subpoena only 48 hours before this filing.  Any motion to modify or set aside the new subpoena would not be due for 20 days, *see* 18 U.S.C. § 1968(h), subject to any tolling agreement the parties might enter.

SDNY claims that its issuance of a new subpoena renders Amazon's petitions "now-resolved," but that obviously is not so.  If the government could evade a court's jurisdiction by simply replacing one subpoena with a second, concededly overlapping subpoena, the sleight of hand would render the judicial oversight provisions of 18 U.S.C. § 1968(h) and 12 U.S.C. § 1833a(g)(2) toothless.  Amazon therefore respectfully requests that the Court continue this matter to allow Amazon to fully evaluate SDNY's new subpoena and to permit the parties to meet and confer on next steps.

* * *

We thank the Court for its attention to this matter.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By:    */s/ Adam Gitlin*
       JACOB LILLYWHITE
       DOMINIKA TARCZYNSKA
       ELIZABETH J. KIM
       JEFFREY OESTERICHER
       ADAM GITLIN
       DAVID FARBER
       Assistant United States Attorneys
       86 Chambers Street, Third Floor
       New York, New York 10007
       (212) 637-2734
       adam.gitlin@usdoj.gov